**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Louis Merriweather,
   Petitioner

vs                                      Case No. C-1-02-369
                                              (Spiegel, J.; Hogan, M.J.)

James Erwin,[1]
   Respondent

**ORDER**

     Petitioner, who is incarcerated at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 1997 rape conviction and sentence imposed by the Hamilton County, Ohio, Court of Common Pleas upon petitioner's entry of a guilty plea. (Doc. 2).[2] This matter is before the Court on petitioner's motion for evidentiary hearing (Doc. 12), which is opposed by respondent (Doc. 15).

     It has long been recognized that the federal district court "always has in habeas cases" challenging state convictions the "discretion and 'inherent authority . . . to order

---

[1] In the petition, petitioner named Robert Hurt as respondent. (*See* Doc. 2). However, the proper party respondent is James Erwin, Warden of Chillicothe Correctional Institution where petitioner is incarcerated, because he is the individual who has custody of petitioner. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Accordingly, the caption of this case is hereby changed to reflect the proper party respondent.

[2] The petition, which was originally filed in the eastern division of this Court, was transferred to this Court for all further proceedings by Order issued May 13, 2002. (Doc. 3).

evidentiary hearings to settle disputed issues of material fact.'" *Sawyer v. Hofbauer,* 299 F.3d 605, 609-10 (6th Cir. 2002) (quoting *Abdur'Rahman v. Bell,* 226 F.3d 696, 706 (6th Cir. 2000), *cert. denied,* 534 U.S. 970 (2001)). Congress's April 26, 1996 enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) placed restrictions of this discretion to hold an evidentiary hearing. *Id.* at 610. Under the AEDPA, a petitioner who fails to develop the factual bases of his claims in state court proceedings is not entitled to a federal evidentiary hearing unless he satisfies certain "stringent requirements." *Id.* Specifically, the revised statute, 28 U.S.C. § 2254(e)(2), provides in relevant part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Supreme Court has interpreted the opening clause of § 2254(e)(2) as containing "its own 'diligence' requirement separate from that of § 2254(e)(2)(A)(ii)." *Hutchison v. Bell,* 303 F.3d 720, 729 (6th Cir. 2002), *cert. denied,* 123 S.Ct. 2608 (2003). In *Williams v. Taylor,* 529 U.S. 420, 435 (2000), the Supreme Court held that the phrase "failed to develop" contained in the opening clause of § 2254(e)(2) means:

> not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts. The purpose of the fault component of "failed" is to ensure the prisoner undertakes his own diligent search for evidence. Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state

      court[.]

Therefore, an evidentiary hearing is not precluded under § 2254(e)(2) unless there has been a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel" in failing to present the factual basis for a claim in the state court proceedings. *Id.* at 432; *see also Sawyer,* 299 F.3d at 610 (holding that the AEDPA's standard for an evidentiary hearing did not apply in case where the petitioner was diligent in pursuing his claim in the state courts). To satisfy the diligence requirement in "the usual case," petitioner must "at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Williams,* 529 U.S. at 437.

      In this case, petitioner never sought an evidentiary hearing in the state courts. Indeed, he waited until almost four years after his sentence was entered on June 18, 1997 before taking any action to challenge his conviction and sentence. On March 29, 2001, he filed a notice of appeal with the Ohio Court of Appeals, First Appellate District, which sua sponte dismissed the appeal as untimely. (*See* Doc. 9, Exs. 4-5). Thereafter, on June 14, 2001, petitioner filed a motion for leave to file a delayed appeal in the Ohio Court of Appeals, raising for the first time the claims that (1) he was not informed of his right of appeal by the trial court or his trial counsel; (2) his guilty plea was not knowingly or voluntarily made because he was under psychotropic medication at the time, which had an "adverse effect on his . . . mental state;" (3) he was denied access to the presentence investigation report "in a reasonable time before sentence was imposed;" (4) he was denied due process when he was adjudicated a "sexual predator" without a hearing; (5) he was denied due process when the court failed to grant his request for psychiatric examination before sentencing; (6) the trial court abused its discretion in sentencing him to the maximum sentence "without considering statutory factors;" and (7) his rights were violated by the investigating detectives who continued to question him while he was "in an alcoholic and drug state of mind." (*Id.,* Ex. 6). These claims correspond with the grounds for relief asserted in the instant federal habeas corpus petition. (*See* Doc. 2, pp. 5-6(B)). The Ohio Court of Appeals sua sponte struck petitioner's motion based on petitioner's failure to comply with a rule of appellate procedure requiring the "concurrent filing of the motion for delayed appeal and the Notice of Appeal." (Doc. 9, Ex. 8). When petitioner later rectified the problem by filing a Notice of Appeal with two motions for leave to file a delayed appeal in the Ohio Court of Appeals, the Ohio appellate court denied petitioner's motion for leave to file a delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.,* Ex. 10). A subsequent motion for reconsideration was denied without opinion. (*Id.,* Exs. 11-12). Moreover, the Ohio

Supreme Court denied petitioner's motion for leave to appeal when petitioner sought further review from that court and dismissed petitioner's appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 14).

It is clear from the record presented that petitioner never sought an evidentiary hearing and otherwise failed to develop in the state courts the factual bases of his claims for federal habeas corpus relief. When he finally attempted to bring his claims for relief to the state courts' attention by way of a motion for delayed appeal filed nearly four years after sentence was imposed, he failed to do so in a manner prescribed by state law because his filings were untimely. Petitioner argues that the untimeliness of his motion for delayed appeal was due to the fact that he was not informed or aware of his constitutional right of appeal in this case involving a guilty plea. However, the guilty plea form signed by petitioner, which expressly provided that petitioner understood his "right to appeal a maximum sentence" and that such appeal "must be filed within 30 days of . . . sentence" (*see id.,* Ex. 2), belies this assertion. Therefore, the Court concludes petitioner has not demonstrated he was diligent in his efforts to develop the factual bases of his claims in the state courts, which at minimum requires a request for an evidentiary hearing in accordance with state law.

Petitioner also has not shown that he meets the two exceptions listed in § 2254(e)(2)(A), which would permit the Court to hold a hearing despite petitioner's failure to develop the factual bases of his claims in the state courts. The factual predicate of petitioner's claims should have been discovered by petitioner in the exercise of due diligence long before he first sought to present them to the Ohio appellate courts by way of delayed appeal nearly four years after the time period had expired for filing an appeal of right from his conviction and sentence. In addition, it does not appear that any of petitioner's claims rely on a new rule of constitutional law.

Accordingly, in sum, the Court concludes petitioner has not established he is entitled to an evidentiary hearing under the applicable standard set forth in 28 U.S.C. § 2254(e)(2). In any event, respondent has raised significant statute of limitations and waiver issues in the return of writ. (*See* Doc. 9, Brief, pp. 8-16). If either of these procedural bars to habeas review of the merits of petitioner's grounds for relief is ultimately found to have merit, there would be no need to hold an evidentiary hearing on such claims.

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion for evidentiary hearing (Doc. 12) is DENIED.


Date: <u>09/11/03</u>                           <u> s/ Timothy S. Hogan            </u>
    cbc                                                    Timothy S. Hogan
                                                                     United States Magistrate Judge


P:\TSH\Law Clerks\02cv369ord.wpd