UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LOUIS MERRIWEATHER, | : | NO. 1:02-CV-00369 |
| | : | |
| Petitioner, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | |
| JAMES ERWIN, | : | |
| | : | |
| Respondent. | : | |

      This matter is before the Court on the Magistrate Judge's Order (doc. 18), to which Petitioner filed objections (doc. 20).

      Petitioner Louis Merriweather, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner challenges his 1997 rape conviction and sentence imposed by the Hamilton County Court of Common pleas upon entry of his guilty plea (Id.). Petitioner presently seeks an evidentiary hearing to determine whether the trial court adhered to proper procedure (doc. 12). The Magistrate Judge reviewed Petitioner's request for an evidentiary hearing and Respondent's Response in objection (doc. 15). The Magistrate Judge concluded that Petitioner has not established that he is entitled to an evidentiary hearing under the applicable standard set forth in 28 U.S.C. § 2254 (doc. 18).

The Magistrate Judge stated that under Section 2254(e)(2), as revised by the Antiterrorism and Effective Death Penalty Act, a petitioner is not entitled to a federal evidentiary hearing unless he made a reasonable attempt to investigate and pursue his claim in state court, thus showing diligence in developing the factual basis of such claim (Id.). Citing Williams v. Taylor, 529 U.S. 420, 437, the Magistrate Judge found that in "the usual case," a petitioner must "at a minimum, seek an evidentiary hearing in state court in a manner prescribed by state law" (Id.). Applying the law to the facts of this case, the Magistrate Judge found that Petitioner never sought an evidentiary hearing in the state courts, and actually waited four years after his sentence before taking any action to challenge his conviction and sentence (Id.). Consequently, the Magistrate Judge found that Petitioner has not demonstrated he was diligent in his efforts to develop the factual bases of his claims in the state courts (Id.). Moreover, the Magistrate Judge found that Petitioner has not met the two exceptions listed in Section 2254(e)(2)(A), which would permit the Court to hold a hearing despite Petitioner's failure to develop the factual bases of his claims in the state courts (Id.). These exceptions are not met, reasoned the Magistrate Judge, because Petitioner should have discovered the factual predicate of his claims long before he sought to present them to the Ohio appellate courts by way of his delayed appeal, and because it does

not appear that any of his claims rely on a new rule of constitutional law (Id.). Finally, the Magistrate Judge found that Respondent has raised significant statute of limitations and waiver issues in the return of writ, which if found to have merit, would preclude the need to hold an evidentiary hearing on Petitioner's claims (Id.).

Petitioner filed his objections to the Magistrate Judge's Order, outlining his ineffective assistance of counsel claim, and raising the question of his mental capacity to have pled guilty (doc. 20). Petitioner argues that whether he was diligent or not, the "real issue" is that the state and the trial court lacked jurisdiction over the subject matter and over himself personally (Id.). Finally, Petitioner argues that he raised his jurisdiction claim in his Petition to Amend Writ of Habeas Corpus, on September 2, 2003, and that Respondent failed to address or object to such argument in a timely manner (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Order thorough, thoughtful, well-reasoned, and correct. Petitioner's objections fail to address the Magistrate Judge's findings that he failed to meet the requirements of 28 U.S.C. § 2254. Similarly, the Court has reviewed Petitioner's arguments that the court lacks jurisdiction over the criminal case against him and finds that such arguments completely lack merit.

Accordingly, the Court AFFIRMS the Magistrate Judge's September 12, 2003 Order (doc. 18), and DENIES Petitioner's Motion for an Evidentiary Hearing (doc. 12).

SO ORDERED.

Date: <u>December 17, 2003</u>  <u>s/S. Arthur Spiegel</u>
                                S. Arthur Spiegel
                                United States Senior District Judge