UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LOUIS MERRIWEATHER,** | : | Case No. C1-02-369 |
| Petitioner, | : | |
| | : | Judge Spiegel |
| v. | : | Magistrate Judge Hogan |
| | : | |
| **JAMES ERWIN, WARDEN,** | : | |
| Respondent. | : | |

***RESPONDENT ERWIN'S SUPPLEMENTAL RETURN OF WRIT***

**I.    *INTRODUCTION***

Petitioner Louis Merriweather, # 348-451, (hereinafter "Merriweather"), has filed a federal habeas corpus petition to which Respondent has responded. Merriweather has subsequently filed a plethora of pleadings, including a motion to amend, purportedly based upon "newly discovered evidence". On April 28, 2004, this Court ordered Respondent to respond to the claims contained within said motion to amend.

Respondent believes that Merriweather's "newly discovered" claims can be fairly defined as follows:

1. Ineffective assistance of counsel – guilty plea induced without discovery.

2. Ineffective assistance of counsel – no investigation.

3. Subject matter jurisdiction violation – failure to timely respond to July 15, 2003 request for documents[1].

---

[1] Merriweather's third supplemental ground for relief is not a model of clarity. This Court has interpreted the claim as alleging the 1997 denial of a charging instrument. Respondent believes that Merriweather is instead merely displeased with the Common Pleas Court's response to a July 2003 request. Respondent's interpretation of Merriweather's allegations is based on the fact that in his motion to amend Merriweather complains, emphasis added, "….Upon request by Merriweather on **7/15/03**, the Clerk of Courts of Hamilton County **failed** to provide..…Clerk of Courts could only provide Merriweather with **another** copy….." In any event, for reasons discussed herein, neither interpretation of Merriweather's third ground for relief sets forth an actionable habeas corpus claim.

For reasons to follow, Respondent submits that Merriweather's motion to amend does not alter the untimely and procedurally defaulted status of this action.

II.  **ARGUMENT**

  1.  *This action is still time-barred*

As discussed in Respondent's previously filed return of writ, subsequent to his guilty plea, Merriweather chose **not** to timely appeal his conviction to the Ohio Court of Appeals. Because of Merriweather's failure to pursue a timely appeal, the AEDPA statute of limitations began to run on July 18, 1997, thirty (30) days subsequent to the date of Merriweather's conviction. Merriweather's AEDPA statute of limitations accordingly expired on July 18, 1998, almost four (4) years prior to the filing of this action.

Of course, in his motion to amend, Merriweather conveniently claims that his amended claims are based on "newly discovered evidence." However, absolutely nothing in Merriweather's pleadings or attachments support this conclusion. To the contrary, assuming *arguendo,* that Merriweather's guilty plea was somehow caused by defense counsel's failure to investigate or pursue discovery, then these claims were known, or should have been known, to Merriweather at the time that Merriweather tendered his guilty plea. Similarly if Merriweather's third amended ground for relief is that he was not provided with a charging instrument in 1997, then once again said claim could have been pursued at that time. Finally, if Merriweather's third amended ground for relief relates to an unsatisfactory response to Merriweather's 2003 document request, then this claim has no relationship to the constitutionality of Merriweather's 1997 conviction.

For reasons expressed in Respondent's return of writ, Respondent again submits that Merriweather is not entitled to any equitable tolling. Applying the standards set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), to Merriweather's "newly discovered" claims, Merriweather has failed to show that anything impaired his knowledge of his federal habeas time limitation, or made it impossible for him to present his "new" claims to the Ohio courts in the four (4) years subsequent to the date that his conviction became final. Moreover, Merriweather's amended petition does not offer any explanation whatsoever for the gross untimeliness of this action. In sum, Merriweather has failed to demonstrate entitlement to equitable tolling under *Dunlap, supra.*

Merriweather's limitations period to file the claims of his amended petition thus expired on July 18, 1998. Merriweather's amended grounds for relief are time-barred.

### 2. Merriweather has waived the right to bring his amended grounds for relief in federal habeas corpus.

As discussed in Respondent's return of writ, a federal habeas corpus petitioner is generally procedurally barred from litigating claims not fairly presented to the state courts, unless he can demonstrate cause to excuse his failure to present the claims in the state courts and actual prejudice resulting from the failure. *See*, *Coleman v. Thompson*, 501 U.S. 722, 723 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 89-90 (1977). In the Sixth Circuit, procedural default is generally analyzed under the four-part test articulated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The test asks: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the procedural sanction; (3) whether the state procedural bar is an adequate and independent state ground on which the state can foreclose federal

review; and (4) whether the petitioner can demonstrate cause for, and actual prejudice resulting from, the procedural default.

Here, Merriweather's amended habeas petition is comprised of allegations that Merriweather openly concedes have **not** been presented to a single state court. Since Merriweather no longer has a means by which to fairly present said claims to the Ohio appellate courts, the first and second factors of the *Maupin* test have been fully satisfied[2].

The third *Maupin* criteria has been met as the procedural rule of waiver is an adequate and independent state ground to bar habeas claims. The state procedural rule serves the State's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. *See, Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Fourth, since Merriweather has failed to present any of his grounds for relief to a single Ohio court, he is required to demonstrate both cause and prejudice. To date, Merriweather has not even attempted to establish cause or prejudice for his procedural default. The *Maupin* criteria has been entirely satisfied.

Beyond the four part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Murray*, 477 U.S. at 496. Not only do Merriweather's procedurally defaulted claims not raise an issue with respect to actual innocence, but Merriweather's freely signed "ENTRY

---

[2] Merriweather's amended claims would arguably be unexhausted rather than procedurally defaulted if Merriweather could still present them to the Ohio courts by means of a post-conviction petition. However since a post-conviction would be untimely under the dictates of Ohio Revised Code Section 2953.21(A)(2) and Merriweather has made no effort at showing that he was unavoidably presented from discovery of his amended claims as defined by Ohio Revised Code Section 2953.23(A)(1)(b), Respondent believes that Merriweather no longer has a means by which to **fairly** present his amended claims to the Ohio courts.

WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY" states:

> **I understand that my plea of guilty is a complete admission of my guilt of the charge(s).** I know the judge may either sentence me today or refer my case for a presentence report. I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.

Return of Writ, Exhibit 2, p. 2, emphasis added; *See also,* Return of Writ, Exhibit 15, Guilty Plea Transcript, Tr. 8-12. Merriweather has procedurally defaulted the right to pursue his amended grounds for relief in federal habeas corpus.

### III.   *CONCLUSION*

Merriweather's "new" claims must be dismissed as untimely and procedurally defaulted. No certificate of appealability should issue.

Respectfully submitted,

JIM PETRO  (002206)
Attorney General of Ohio

/s/Stuart A. Cole
Stuart A. Cole  (0020237)
Assistant Attorney General
Corrections Litigation Section
150 E. Gay St., 16th Floor
Columbus, Ohio  43215
614/644-7233
614/728-9327 - Fax
scole@ag.state.oh.us

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Supplemental Return of Writ was forwarded to Louis Merriweather, #348-451 at Chillicothe Correctional Institution, 15802 St. Rt. 104 North, Chillicothe, Ohio 45601, by U.S. mail, postage pre-paid this 3rd day of May, 2004.

/s/Stuart A. Cole
STUART A. COLE
Assistant Attorney General