UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Louis Merriweather,
    Petitioner

    vs                                                                   Case No. 1:02cv369
                                                                    (Spiegel, J.; Hogan, M.J.)

James Erwin,
    Respondent

**ORDER**

        Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1997 conviction and sentence imposed by the Hamilton County, Ohio, Court of Common Pleas upon petitioner's entry of a guilty plea to two counts of rape. (*See* Doc. 2; Doc. 9, Exs. 2-3). In the petition, as amended in accordance with this Court's Order of April 28, 2004 (*see* Doc. 23), petitioner alleges twelve grounds for relief, including claims that he was denied effective assistance of counsel and his right to an appeal because he was unaware of and was not informed of his right to appeal. (*See* Doc. 2, pp. 5-6(B); Doc. 17).

        In the return of writ and supplemental return of writ, respondent contends that the petition is barred from review on statute of limitations grounds. (*See* Doc. 9, Brief, pp. 8-10; Doc. 24, pp. 2-3). It is respondent's position that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) began to run on July 18, 1997, when the thirty-day period for filing a timely appeal from petitioner's conviction and sentence expired, and ceased running one year later. (Doc. 9, Brief, p. 9; Doc. 24, p. 2). Respondent further argues that petitioner's motion for delayed appeal, which was filed with the Ohio Court of Appeals almost three years after the statute of limitations had expired and which was denied by the state courts, could not serve to re-start the running of the statute. (*See* Doc. 9, Brief, p. 9). Alternatively, respondent claims that petitioner has waived his grounds for relief in large part due to his procedural default

in failing to pursue an appeal from his conviction until nearly four years after the imposition of sentence. (Doc. 9, Brief, pp. 10-16; Doc. 24, pp. 4-5).

Since the time respondent filed the return of writ and supplemental return of writ, petitioner has submitted evidence, which he avers was served on opposing counsel, indicating petitioner was *granted* a delayed appeal by the Ohio Court of Appeals, First Appellate District, on February 6, 2004 and that the matter has been placed on that court's "accelerated calendar." (*See* Doc. 25). This new evidence could significantly affect the resolution of the statute of limitations and waiver issues raised by respondent. Therefore, respondent should be provided with an opportunity to respond to petitioner's recent filing before the Court proceeds to dispose of this case. Moreover, as petitioner has pointed out in other pleadings, respondent has not submitted a copy of the transcript of petitioner's sentencing hearing where he was purportedly informed of his right to appeal his conviction and sentence. To the extent the Court may be required to address the merits of petitioner's claims that he was neither aware nor informed of his right to an appeal, a copy of the sentencing transcript should be included as part of the record before the Court.

Accordingly, respondent is hereby ORDERED to provide this Court with a copy of the transcript of petitioner's sentencing hearing within twenty (20) days of the date of filing of this Order. It is FURTHER ORDERED that within the requisite twenty-day period, respondent shall also file with this Court a copy of the state record regarding the delayed appeal recently granted to petitioner, as well as a brief stating his position as to whether or not, or how, the granting of the delayed appeal affects the resolution of the statute of limitations and waiver arguments that have been asserted as a defense in the return of writ and supplemental return of writ. Petitioner shall file any response to respondent's pleadings ordered herein within twenty (20) days of his receipt of such pleadings.

IT IS SO ORDERED.


Date: 7/26/04                                           s/Timothy S. Hogan
    cbc                                              Timothy S. Hogan
                                                                    United States Magistrate Judge

J:\BRYANCC\2004 habeas orders\02-369ord.info re pnding state delapp.wpd