# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **LOUIS MERRIWEATHER,** | : | Case No.  C1-02-369 |
| Petitioner, | : | |
| | : | Judge Spiegel |
| v. | : | Magistrate Judge Hogan |
| | : | |
| **JAMES ERWIN, WARDEN,** | : | |
| Respondent. | : | |

## RESPONDENT'S SECOND SUPPLEMENTAL RETURN OF WRIT

### I.   INTRODUCTION

Petitioner Louis Merriweather, # 348-451, (hereinafter "Merriweather"), has filed a federal habeas corpus petition to which Respondent has responded.  Merriweather subsequently filed a motion to amend, to which Respondent filed a supplemental return of writ on May 3, 2004.

On July 26, 2004, based upon Merriweather's representation that he had been granted a delayed appeal in the Ohio Court of Appeals for the First Appellate District, this Court issued an Order granting Respondent an opportunity to address the effect that Merriweather's recent state court filings have on this action.  This Court additionally ordered that the record be supplemented to include a copy of Merriweather's sentencing transcript and the state court record regarding Merriweather's delayed direct appeal.

For reasons to follow Respondent submits that, in addition to the reasons previously set forth for the dismissal of Meriweather's petition, it must also now be dismissed for failure to exhaust state court remedies.

## II.    <u>STATEMENT OF THE CASE</u>

Subsequent to the procedural history set forth in Respondent's previously filed return of writ, on December 26, 2003, Merriweather filed a notice of request for leave to file a delayed appeal in the Ohio Court of Appeals for the First Appellate District. (Exhibit 1).    On February 6, 2004, the appellate court granted Merriweather leave to appeal, but denied his motion for the appointment of counsel.  (Exhibit 2).    A briefing schedule was subsequently promulgated that required briefs by the respective parties to be filed by July 9, 2004 and August 10, 2004.  (Exhibit 3).

On July 16, 2004, Merriweather filed a revised brief that presented the following assignments of error[1]:

1. Trial counsel was ineffective when he allowed trial court to sentence defendant without presentence investigative report and psychiatric evaluation report.

2. Trial counsel was ineffective when he failed to protect Appellant's appellate right(s).

3. Trial counsel was ineffective at sentencing by allowing trial Court to impose maximum sentencing without complying with sentencing guidelines.

4. Trial counsel was ineffective for allowing defendant to be classified a sexual predator without requisite hearing.

5. Trial court abused it's discretion in sentencing by not formally advising defendant of his appellate rights.

6. Trial court abused its discretion by not formally advising defendant of a hearing as provided by R.C. §2950.09 (B)(1).

(Exhibit 5).   As of last week, the State has not yet filed its brief which is due today.

---

[1] The Court of Appeals struck a previously filed Merriweather brief on June 3, 2004, as a consequence of Merriweather's failure to attach a final appealable order.  (Exhibit 4).

III.    **ARGUMENT**

1.    **This action is still time-barred**

As discussed in Respondent's previously filed return of writ, subsequent to his guilty plea, Merriweather chose **not** to timely appeal his conviction to the Ohio Court of Appeals.  Because of Merriweather's failure to pursue a timely appeal, the AEDPA statute of limitations began to run on July 18, 1997, thirty (30) days subsequent to the date of Merriweather's conviction.  Merriweather's AEDPA statute of limitations accordingly expired on July 18, 1998, almost four (4) years prior to the filing of this action.

As further discussed in Respondent's previously filed supplemental return of writ, absolutely nothing in Merriweather's subsequently filed pleadings or attachments support Merriweather's assertion that his amended petition claims are based on "newly discovered evidence."  To the contrary, assuming *arguendo,* that Merriweather's guilty plea was somehow caused by defense counsel's failure to investigate or pursue discovery, then these claims were known, or should have been known, to Merriweather at the time that Merriweather tendered his guilty plea.  Similarly if Merriweather's third amended ground for relief is that he was not provided with a charging instrument in 1997, then once again said claim could have been pursued at that time.  Finally, if Merriweather's third amended ground for relief relates to an unsatisfactory response to Merriweather's 2003 document request, then this claim has no relationship to the constitutionality of Merriweather's 1997 conviction.

For reasons expressed in Respondent's previous pleadings, Respondent again submits that Merriweather is not entitled to any equitable tolling.  Applying the standards

set forth in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), to Merriweather's "newly discovered" claims, Merriweather has failed to show that anything impaired his knowledge of his federal habeas time limitation, or made it impossible for him to present his "new" claims to the Ohio courts in the four (4) years subsequent to the date that his conviction became final.

Moreover, the **only** explanation offered to date by Merriweather for the gross untimeliness of this action is set forth within Merrweather's delayed appeal motion. Specifically, Merriweather asserts at Exhibit 1, p. 2, emphasis added:

> The reason for this request is that the trial court and the Hamilton County Clerk of Courts failed to timely provide Appellant with "notice of service" on the trial court's denial of petition filed under O.R.C. Section 2953.21, on a serious question of "subject matter jurisdiction", which was raised on **first time** under "new and discovered evidence". **This petition was filed with Hamilton County clerk of Courts on Sept. 9, 2003.**

As thus explicitly conceded by Merriweather himself, the alleged September 3, 2003, "impediment" to Merriweather occurred over five (5) years **subsequent** to the July 18, 1998 expiration date of Merriweather's AEDPA statute of limitations.  Since Merriweather cannot demonstrate entitlement to equitable tolling under *Dunlap, supra,* this action is time-barred.

**2.    In light of Merriweather's current state court litigation, this habeas petition must be dismissed for failure to exhaust state court remedies.**

It is well established that before proceeding in federal court with a claim in habeas corpus, a state prisoner must exhaust the judicial remedies available to him at the state level.  The state courts must be granted the opportunity to adjudicate the claims presented in a federal habeas corpus action.  28 U.S.C. Section 2254(b), (c); *Castille v. Peoples*, 489

U.S. 346 (1989); *Duckworth v. Serrano*, 454 U.S. 1 (1981); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Picard v. Connor*, 404 U.S. 270 (1971).

Although Merriweather's current state court pleadings are not a model of clarity, Respondent believes that at least two (2) of the delayed direct appeal claims that Merriweather is now litigating in the Ohio Court of Appeals are also a part of this action. Specifically Merriweather's fourth delayed direct appeal claim (unconstitutional sexual predator determination) would appear to correspond to his fourth habeas corpus ground for relief, and Merriweather's fifth delayed direct appeal claim (failure to inform of appellate rights) would appear to correspond to his second habeas corpus ground for relief[2].

In light of the above it would appear that Merriweather is now in the process of exhausting his state court remedies with respect to at least two of his habeas corpus grounds for relief. Since, under these circumstances Merriweather has yet to fulfill his exhaustion requirement, these claims must be dismissed.

Moreover, Merriweather's failure to fully exhaust his habeas corpus claims mandates the dismissal of Merriweather's entire habeas corpus petition pursuant to the dictates of the United States Supreme Court in *Rose v. Lundy,* 455 U.S. 509 (1982). In *Rose v. Lundy, supra,* the Court adopted a "total exhaustion" rule requiring district courts to dismiss every habeas corpus petition that contains both exhausted and unexhausted claims. Such a rule, the Court stated, promotes comity and furthers the purposes underlying the exhaustion doctrine as codified in 28 U.S.C. Sections 2254(b) and (c), of protecting the state court's role in the enforcement of federal law and preventing the

---

[2] Merriweather's remaining delayed direct appeal claims appear to either be new claims or a claims based upon the alleged ineffectiveness of defense counsel.

disruption of the state judicial proceedings. *Kilby v. Jones*, 809 F.2d 324, 325 (6th Cir. 1987); *See also, Bowen v. State of Tennessee,* 698 F.2d 241 (6th Cir.1983). Since Merriweather has failed to fully exhaust his habeas corpus grounds for relief, this entire habeas corpus petition must be dismissed[3].

### 3. Merriweather has waived the right to bring the grounds for relief that he is not currently litigating in the Ohio appellate courts.

As discussed in Respondent's return of writ and supplemental return of writ, a federal habeas corpus petitioner is generally procedurally barred from litigating claims not fairly presented to the state courts, unless he can demonstrate cause to excuse his failure to present the claims in the state courts and actual prejudice resulting from the failure. *See*, *Coleman v. Thompson*, 501 U.S. 722, 723 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 89-90 (1977). In the Sixth Circuit, procedural default is generally analyzed under the four-part test articulated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The test asks: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the procedural sanction; (3) whether the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review; and (4) whether the petitioner can demonstrate cause for, and actual prejudice resulting from, the procedural default.

Here, but for the unexhausted claims that Merriweather is currently litigating in his Ohio delayed direct appeal, Merriweather's remaining claims are comprised of allegations that Merriweather openly concedes have **not** been presented to a single

---

[3] While the foregoing is dispositive of the entire petition, Respondent will discuss the procedural posture of Merriweather's remaining claims in order that this action might be expedited in the event that Merriweather chooses to "amend" his petition so as to delete his unexhausted claims. *Rose v. Lundy*, *supra*.

state court.  Since Merriweather no longer has a means by which to fairly present said claims to the Ohio appellate courts, the first and second factors of the *Maupin* test have been fully satisfied.

The third *Maupin* criteria has been met as the procedural rule of waiver is an adequate and independent state ground to bar habeas claims.  The state procedural rule serves the State's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.  *See, Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Fourth, since but for the unexhausted claims that Merriweather is currently litigating in his Ohio delayed direct appeal, Merriweather has failed to present any of his remaining grounds for relief to a single Ohio court, he is required to demonstrate both cause and prejudice.  To date, Merriweather has not even attempted to establish cause or prejudice for his procedural default.  The *Maupin* criteria has been entirely satisfied.

Beyond the four part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ."  *Murray*, 477 U.S. at 496.  Not only do Merriweather's procedurally defaulted claims not raise an issue with respect to actual innocence, but Merriweather's freely signed "ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY" states:

> **I understand that my plea of guilty is a complete admission of my guilt of the charge(s).**  I know the judge may either sentence me today or refer my case for a presentence report.  I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.

Return of Writ, Exhibit 2, p. 2, emphasis added; *See also,* Return of Writ, Exhibit 15, Guilty Plea Transcript, Tr. 8-12.  But for the unexhausted claims that Merriweather is

currently litigating in his Ohio delayed direct appeal, Merriweather has procedurally defaulted the right to pursue his remaining grounds for relief in federal habeas corpus.

## IV.    CONCLUSION

As a consequence of Merriweather's pending delayed direct appeal in the Ohio Court of Appeals, this action must be dismissed for failure to exhaust state court remedies.  Additionally, Merriweather's habeas petition is time-barred under the AEDPA statute of limitations and Merriweather has further procedurally defaulted the right to bring all but his delayed direct appeal claims in federal habeas corpus.  No certificate of appealability should issue.

Upon receipt, the transcript of Merriweather's sentencing hearing will be forwarded to the Court under separate cover.

Respectfully submitted,

JIM PETRO  (002206)
Attorney General of Ohio


/s/Stuart A. Cole_____
Stuart A. Cole  (0020237)
Assistant Attorney General
Corrections Litigation Section
150 E. Gay St., 16th Floor
Columbus, Ohio  43215
614/644-7233
614/728-9327 - Fax
scole@ag.state.oh.us

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Second Supplemental Return of Writ** was forwarded to Louis Merriweather, #348-451 at Chillicothe Correctional Institution, 15802 St. Rt. 104 North, Chillicothe, Ohio 45601, by U.S. mail, postage pre-paid this 10th day of August, 2004.

/s/Stuart A. Cole
STUART A. COLE
Assistant Attorney General

**INDEX**

**ITEM**                                                                      **EXHIBIT**

Merriweather Delayed Appeal Motion
    Hamilton County Court of Appeals
    Case No. C030948 ...................................................................................1

Entry Granting Leave to Appeal
    Hamilton County Court of Appeals
    Case No. C030948 ...................................................................................2

Accelerated Scheduling Order
    Hamilton County Court of Appeals
    Case No. C030948 ...................................................................................3

Entry Striking Brief and Extending Time to File
    Hamilton County Court of Appeals
    Case No. C030948 ...................................................................................4

Revised Brief
    Hamilton County Court of Appeals
    Case No. C030948 ...................................................................................5

Docket Sheet
    Hamilton County Court of Appeals
    Case No. C030948 ...................................................................................6