D57391163

**EXHIBIT**

1

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

STATE OF OHIO

  Plaintiff-Appellee

-vs-

LOUIS MERRIWEATHER

C030948

C.A.N⦿. _____

Trial Court No. B-9702196

STATE OF OHIO, COUNTY OF HAMILTON, SS:

_____

NOTICE OF REQUEST FOR LEAVE TO FILE

DELAYED APPEAL UNDER APP.R.5(a)

_____

Now comes Appellate-defendant, Louis Merriweather, in pro se, an unlettered Appellant, and formally give notice for request for leave to file a delayed appeal under App.R. 5(a), from ruling or judgment entered in the above case from the Hamilotn county common pleas court on Sept.29,2003, without strictly compliEing with Ohio's Civil Rules of Procedure 5(a) and 58(B), "notice of service and or Post-card service" of ruling or judgment entered in the present case, denying Appellant the right to a timely direct appeal.

ORIG, COMP, PARTIE——UNS

( ) CERT MAIL ( ) SHERIFF ( ) WAVE

( ) PROCESS SERVER ( ) NONE

CLERKS FEES _____ TIC

SECURITY FOR COST _____

DEPOSITED BY ____29997____

FILING CODE ____A-117____

Respectfully Submitted

Louis Merriweather#342-451

P.O.Box 5500

Chillicothe,Ohio 45601-0990

FILED

GREGORY HARTMANN
CLERK OF COURT
HAM. CNTY

2003 DEC 26 P 3: 58

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this notice was forward by U.S.mail to Mr.Michael K.Allen,230 E.9th St.,Cincinnati,Ohio 45202,on this ___ day of _____ 2003.

Louis Merriweather

FILED
COURT OF APPEALS

DEC 2 6 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

—4—

## MEMORANDUM IN SUPPORT

Now comes Appellant-defendant,Louis Merriweather,in pro se,and respectfully moves this honorable court for leave to file a delayed appeal under App.Rule.5.(a),on a ruling/judgment that was issued on Sept.29,2003,in the Hamilton county common pleas court in the above case no.B-9.762/96,the reason for this rquest is that trial court and the Hamilton county clerk of courts failed to timely provide Appellant with"notice of service"on trial court's denial of peition filed under O.R.C.§2953.21,on a serious question of**"subject matter jurisdiction"**,which was raised on first time under**"new and discovered evidence"**.This petition was filed with Hamilton county clerk of courts on Sept.9,2003.

### FACTS OF CASE NO.B-9702/96

In March 1997,appellant was arrested without a warrant and without being properly orally informing Appellant of what he was being arrested for,during trial court proceeding**"without"**.(1) per-trial discover;(2)**without a proper complaint**;appellant was indured by trial counsel to plea guilty too 4 counts of rape without force or threat of force,in violaion of O.R.C.§2907.02(A)(1),in**"absence"**of a complaint and affidavit properly filed as provided by O.R.C.§2935.05 and **Rule** 4(E)(2)of the Ohio Rules of Criminal Procedure.

SECTION §2935.05;states in part;

When a person named in section §2935.05 of the Revised Code has arrested a person without a warrant the arresting officer shall without unnecessary delay,take the person arrested before a court or magistrate having jurisdiction of the offense,and shall file or cause to file an affidavit describing the offense for which the person was arrested.

RULE 4 (E)(2);PROVIDES IN PERTINENT PART;

### (2)Arrest without warrant:

"Where a person is arrested without a warrant the arresting officer shall,bring the arrested person without unnecessary delay befor a court having jurisdiction of the offense,and shall file or cause to be filed a complaint describing the offense for which the person was arrested.

Thus,under Ohio law the"complaints and affidavits"in the present case were"not"arrest warrants but were"charging instruments",As such,in absence of a complaint and affi-davit,did"not"strictly complie with the requirements of Rule 3 of the Ohio Rules of Criminal Procedure,which states;

"The complaint is a written statement of the essential facts constituting the offense charged.It shall also state the numerical designation of the applicable statute or ordinance.It shall be made upon oath before any person authorized by law to administ-er oaths.(Emphasis added)."[The] purpose and function of a complaint is to inform the accused of the crime of which he is charged.It forms the essential basis of the court's jurisdiction and the subsequent trial and judgment",City of Cleveland v.Weaver,10 Misc(2d) 15,461 N.E.2d.32(Muni,Cleveland 1983);City of New Albany v.Dalton,104 App.(3d),307,661 N.E.2d.1132(Franklin 1995);State v.Villagomez,44 App.(2d)209,211,337 N.E.2d.167.[The] properly filed complaint gives"Municipal Court"in Ohio jurisdiction in a criminal case,without a proper complaint as in the present case,municipal court lacked jurisdiction.

"[M]unicipal court did not acquire competent jurisdiction in criminal case when complaint and affidavit were not properly signed by complainant,"in absence of sufficient formal accusation,a court acquires"no"jurisdiction,and if it assumes juris-diction,a trial,conviction are nullity.State v.Miller,547 N.E.2d.399 (Hamiltton County 1988):In State v.Craig,(Mar.12,1986),Hamilton App.No.C-850444,unreported,1986 WL 3096,holding"The complaint is the jurisdictional instrument of the municipal court".

"The filing of a proper affidavit is pre-requisite to acquistion of jurisdiction by municipal court,and writing which purports to be affidavit is without any validity unless properlysworn to before some person possessing authority to administer oaths.South Euclid v.Samartini,(M.C.1965),5 Ohio Misc.38,31 O.O.2d.87,204 N.E.2d.425.Failure to have affidavit verified is jurisdictional,and such defect cannot be wavied.

The Ohio Constitution guarantees to every defendant the right to know the"nature and cause of the accusation against him",section 10.article 1,of the Ohio Constitution.The primary purpose of a charging instrument in a criminal prosecution is to inform the defendant of the nature of the offense with which he is charged.State v.Lindway,(1936),131 Ohio St.166,2.N.E.2d.490,cert.den.299 U.S.506,57 S.Ct.36,81 L.Ed.375;Holt v.State,(1923),107 Ohio St.307,140 N.E.2d.349;State v.Villagomez,(1974),44 Ohio App.209,337 N.E.2d.167;City of Toledo v.Kohlhofer,(1954),96 OHIO App.355,122 N.E.2d.20;See Schroeder-Katz,Ohio Criminal Law Vol.2,"Crim.R.3..Author's text's p.126;"Since under the Rules of Criminal Procedure the"complaint"serves the same function as the affidavit did in pre-rule days,the same standard for judging the sufficiency of an affidavit must be applied,unless some provision of the Rules of Criminal Procedure changes the rule that the complaint must state"all"the material elements of the crime charged.The state places great emphasis on the fact that Criminal Rule 3,states that the complaint should contain"essential"facts constituting the offense charged"and does not mention the term"elements of the crime"Crim.Rule 3 means at a minimum that the list of essential facts contained in the complaintt must state the essential elements of the crime charged.In the present case there appears aft\er over 4 years of requests to be"no"complaint"sworn"or"unsworn"listing all the essential facts.In New Albany v.Dalton,166 N.E2d.1132;The court ruled"an unsworn complaint[as in this case]is void,and any resulting conviction would be void.If a convictions under these conditions is too stand,its denies the defendant due process of law under the 14th amendment of the U.S.Constitution,and Article 1,Section 10,of the Ohio Constitution.

Failure to present properly sworn affidavit is defect that deprives court of subject matter jurisdiction and"**cannot**"be waived by defendant,Rules Crim.Proc. Rule 12.

## ISSUE ONE

On the question of subject matter jurisdiction filed and stamped by the Hamilton county clerk of courts for the first time on Sept.2,2003,under§**2953.21**[new and discovered evidence].The appearance docket of case no.B-**9702196** of 11/28/03 shows petittion under §**2953.21** was filed on 9/09/03 and denied on 9/29/03 without providing service to appellant.[Appearance docket of 11/28/03 is attached].On 10/27/03 the appellant in writing requested a copy of appearance docket for case no.B-9702196,this written request was not stamped received till Nov.4,2003 at 10:58 a.m.[see attached request].Appellant did not receive requested appearance docket though his instituttional legal mail system till Dec.3,2003[see attached envelope].The trial court nor the Hamilton county clerk of court"strictly"complied with Ohio Criminal Rule 5(a),or Civil Rule 58(B)"Post-Card notice"service should have been provided to Appellant to assure timely appeal,without such notice/service,Appellant was deliberately denied the right to file a timely appeal of the trial court's denial of 9/29/03.Notice/service should have been provided Appellant timely;Miamisburg Motel v.Huntiington Natl.Bank,623 N.E.2d.172,(Ohio App.2 Dist.1993),without such notice/service Appellant was denied"due process of law"cause Appellant alleges that his arrest,trial,conviction and sentence were"unlawful"thus Appellant's continue imprisonment is"unlawful"for the following reasons;(**1**)Appellant was"not"properly informed of the charges against him,(**2**)**Without** a proper complaint and affidavit,municipal court and Hamilton county common pleas courts were without proper jurisdiction of the subject matter,and such conviction and imprisonment is in strict violation of the Ohio Constitution,Article 1,Section 10.

## ISSUE TWO

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO
Plaintiff-Appellee

C030948

vs.

LOUIS MERRIWEATHER;
Defendant-Appellant;

CASE NO. B-9702196

### NOTICE OF APPEAL

Notice is herey given that Louis Merriweather, defendant-Appellant, hereby appeals to the court of Appeals of Hamilton County, Ohio, First Appellate District, from final judgment entered in this present action on the 29th day of Sept. 2003.

Respectfully Submitted;

Louis Merriweather, #348-451
P.O. box 5500
Chillicothe, Ohio 45601-0990

### CERTIFICATE OF SERVICE

I hereby certify that atrue and correct copy of the foregoing notice of appeal was forward to the Hamilton County Clerk of court at 1000 Main St. CinCinnati, Ohio 45202 on this 17th day of Dec. 2003

Louis Merriweather

FILED
COURT OF APPEALS

DEC 2 A 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

-3-

## IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

STATE OF OHIO–PALINTIFF–APPELLE

FILED
COURT OF APPEALS

DEC 2 6 2003

GREGORY. HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

LOUIS MERRIWEATHER–DEFENDANT–APPELLANT

TRIAL COURT NO. B–9 7 0 2 1 9 6

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO

### TABLE OF CONTENTS AND ASSIGNMENTS OF ERRORS

NOTICE OF APPEAL COMMON PLEAS — PAGE-3

NOTICE FOR LEAVE TO FILE DELAYED APPEAL — -4

CERTIFICATE OF SERVICE — -4

MEMORANDUM IN SUPPORT — -5

FACTS — -5

O.R.C.§2953.21,AND §2935.05 — -5

CRIMINAL RULE OF PROCEDURE 4(E)(2) — -5

CRIM.R.4(E)(2) — -6

CITY OF CLEVELAND V.WEAVER,10 MISC.(2D)15,461 N.E.2D.32(MUNI.CLEVELAND 1983) — -6

CITY OF NEW ALBANY V.DALTON,104 App.(2D),307,661N.E.2D.1132(FRANKLIN 1995) — -6

STATE V.VILLAGOMEZ,44 App.(2D)209,211,337 N.E.2D.167 — -6

STATE V.MILLER,547 N.E.2D.399 HAMILTON COUNTY 1988) — -6

NO COMPLAINT OR IMPROPER COMPLAINT — -7

EUCLID V.SAMARTINI,(M.C.1965),5 OHIO MISC.38,31 O.O.2D.87,204 N.E.2D.425 — -7

OHIO CONSTITUTION — -7

STATE V.LINDWAY,(1936),131 OHIO ST.166,2.N.E.2D.490,(CERT DEN.)299 U.S.506,57,S.CT.36,81 L.ED.375 — -7

HOLT V.STATE,(1923),107 OHIO ST.307,140 N.E.2D.349 — -7

STATE V.VILLAGOMEZ,(1974),44 OHIO App.209,337 N.E.2D.167 — -7

CITY OF TOLEDO V.KOHLHOFER,(1954),96 OHIO App.355,122 N.E.2d.20 — -7

SCHROEDER-KATZ,OHIO CRIMINAL LAW VOL.2.CRIM.R.3,AUTHOR'S TEXT'S P.126 — -7

COMPLAINT SWORN AND UNSWORN — -7

NEW ALBANY V.DALTON,166 N.E.2D.1132 — -7

ASSIGNMENT OF ERROR ONE — -8

FAILURE TO PROVIDE SERVICE CIVIL R. 5(a) and 58(B) — -8

MIAMISBURG MOTEL V.HUNTINGTON NATL.BANK,623 N.E.2D.172(OHIO App.2 DISTRICT 1993) — -8

ASSIGNMENT OF ERROR TWO — -8

PRIOR JUDICIAL NOTICE OF FAILURE TO COMPLIE WITH CIVILR.5(a)& 58(B) — -9

//

2 of 2

OHIO CRIM.RULES OF PRACTICE & PROCEDURE (2 ED.1989)29,SECTION 7.101 _____ -9

OHIO JURISPRUDENCE 3D.(1981)491,CRIM.LAW,SECTION 729 _____ -9

CITY OF CINCINNATI V.GARDNER,580 N.E.2D.545 _____ -9

SUBJECT MATTER JURISDICTION _____ -10

FOX V.EATON CORP.(1976),48 OHIO ST.2D.236,238,2 O.O.3D.408,409,358 N.E.2D.536,537 -10

CONCLUSION _____ -11

LAW OF CASE DOCTRINE _____ -11

STATE EX.REL.SHARIF V.MCDONNELL,741 N.E.2D.127 OHIO _____ -11

CERTIFICATE OF SERVICE _____ -11

AFFIDAVIT _____ -12

AFFIDAVIT OF INDIGENCY _____ -13

## EXHIBITS

A-REQUEST FOR APPEARANCE DOCKET

B-REQUEST ANSWERED BY HAMILTON COUNTY CLERK OF COURT'S

C-ENVELOPE POST MARKED DEC.1,2003

D-APPEARANCE DOCKET_____11/28/03

E-APPEARANCE DOCKET........8/14/03 WITH JUDICIAL NOTICE OF 5/15/03

*/11*

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO

STATE OF OHIO                          :

      Plaintiff/Appellee        :        APPEAL NO. _____

      v.                        :

Louis Merriweather                    :        TRIAL NO. B-9702196

      Defendant/Appellant       :

                                :        AFFIDAVIT OF INDIGENCY


State of Ohio    )
                 } ss
County of Hamilton )

Louis Merriweather, the undersigned, being first duly sworn and cautioned,
deposes and states as follows:

1. That he is the Defendant in the above styled case;

2. That he is a citizen of the State of Ohio;

3. That he is indigent and unable to pay the costs and charges involved in the
   within matter;

4. That he is entitled to the redress that is sought in the above styled action
   to the best of his knowledge and belief.

FURTHER AFFIANT SAITH NAUGHT.

_____
Louis Merriweather - Defendant/Appellant - Indigent

SWORN TO AND SUBSCRIBED BEFORE ME, A NOTARY PUBLIC IN AND FOR THE COUNTY AND
STATE THIS _9th_ DAY OF _Dec_, 2003

_____
NOTARY PUBLIC

*Maria L. B. Hitchens*
*Notary, State of Ohio*
*License No. 3239*
*Commission Expires 3/3/2004*

— 14 —

# Informal Complaint Resolution

Institution: _[signature]_

*Top section to be completed by inmate, within 14 days of incident.*
*Inmate will forward the White & Canary copies to the **supervisor** of the staff person or department most responsible for complaint; Forward Pink copy to the **Inspector;** and keep the Goldenrod copy.*

| Submitted To: Hamilton County Common Plea Clerk of Courts | | Date Submitted: 10/27/03 |
|---|---|---|
| Inmate Name: Louis Merriweather | Number: 348 451 | Housing Assignment: B-3-113 |

**Complaint Regarding:**

The Hamilton County Common Pleas
Clerk of Court

Ref: Docket Statement For Trail No. B-9702196

(1) Please promptly forward to me a current
docket statement of My Case No. B-9702196

Respectfully Submitted

_[signature] Merriweather_

GREGORY HARTMANN
CLERK OF COURTS
HAM
2003 NOV -4  A 10:55

---

*Lower Section to be completed by the supervisor of the staff person or department most responsible for complaint.*
*Return Canary copy to inmate within 7 calendar days. Send White copy to the Inspector.*

**Action Taken** (*Cite appropriate policy, procedure or regulation in response*):

(A)

| Staff Member's Signature and Title: | Date: |
|---|---|

*Complaints not resolved may be addressed in accordance with 5120-9-31.*



*(5 Copies
Each )12/4/03*

**HAMILTON COUNTY CLERK OF COURTS**
HAMILTON COUNTY COURTHOUSE
COMMON PLEAS RECORDS DESK
1000 MAIN STREET, ROOM 315
CINCINNATI, OHIO 45202

Person Requesting Records: *Louis Merriweather*  Number: _____

Institution: _____  Date Request Received: _____

### (1.) WE HAVE FILLED THE FOLLOWING RECORDS REQUEST:

*Copy of Appearance Docket*

_____

_____

_____

_____

_____

_____

### (2.) YOUR RECORDS REQUEST HAS BEEN ANSWERED BY:

First Name of Deputy Clerk: *Yvette*       Badge #: *0637*

Telephone Number: (513) *946-5671*    Fax Number: (513) *946-5670*

Mailing Address:    Hamilton County Courthouse
1000 Main Street, Room 315
Cincinnati, OH /45202

Date Request Answered: *12/1/2003*    Answer Sent By: *Yvette*

*(B)*

**MANY OF THE RECORDS YOU ARE REQUESTING MAY BE
AVAILABLE FREE-OF-CHARGE, 24 HOURS PER DAY ON
OUR WEBSITE
www.courtclerk.org**

Attachment: Copy of Records Request Received by the Clerk of Courts



**GREGORY HARTMANN**
CLERK OF COURTS
1000 MAIN ST · ROOM 315
CINCINNATI, OH 45202-1206

Mr. Louis Merriweather #348451
P.O. Box 5500
Chillicothe, Ohio 45601-0990

45601+0390  50

```
TODAY'S DATE:11/28/2003          HAMILTON COUNTY CLERK OF COURTS          PAGE    1
      CASE:B 9702196             COMMON PLEAS DIVISION                    CMSR5155
                                 Criminal Appearance Report
---------------------------------------------------------------------------
                           A P P E A R A N C E   D O C K E T

Attorney - Plaintiff
Attorney - Defendant    JACK C RUBENSTEIN            6200
Cur Judge -             ROBERT S KRAFT               15

STATE OF OHIO vs. LOUIS MERRIWEATHER


    Total Deposits            $.00
       Total Costs            $0.00


 STATE OF OHIO
      vs.
LOUIS MERRIWEATHER
213   BOSNICK  AV                         Municipal #: ,,,
CINTI                    OH  45210


   Race: B  Age: 49  Sex: M

Filed: 4/02/1997  0005 - WARRANT ON INDICTMENT
 Count:1  Disposition:3DOC DEPARTMENT OF CORRECTIONS     Date: 6/18/1997
 Count:2  Disposition:3DOC DEPARTMENT OF CORRECTIONS     Date: 6/18/1997
 Count:3  Disposition:3DOC DEPARTMENT OF CORRECTIONS     Date: 6/18/1997
 Count:4  Disposition:3DOC DEPARTMENT OF CORRECTIONS     Date: 6/18/1997
```

| IMAGE | DATE | DESCRIPTION | AMOUNT |
|-------|------|-------------|--------|
| | 4/02/1997 | INDICTMENT REPORTED AND FILED. INDICTMENT FOR RAPE 2907.02A1b R.C. W/ SPEC. (4CNTS) | |
| | 4/02/1997 | PRECIPE FOR WARRANT FILED AND WARRANT ISSUED. | |
| | 4/03/1997 | SIMON L. LEIS JR., SHERIFF: I HAVE IN CUSTODY AND HAVE SERVED COPY OF INDICTMENT ON SAID DEFENDANT BY SNOWDEN, SR. DEPUTY | |
| 230 | 4/10/1997 | ORDER TO SEAL ENTRY | |
| 110 | 4/11/1997 | WAIVER OF PRESENCE OF DEFENDANT AT ARRAIGNMENT 100,000 | |
| | 4/11/1997 | COUNSEL ASSIGNED DANIEL F BURKE JR | |
| 159 | 4/24/1997 | ENTRY OF CONTINUANCE 5/7/97 | |
| 40 | 4/25/1997 | ORDER TO SEAL ENTRY | |
| | 4/30/1997 | WRITTEN REQUEST FOR BILL OF PARTICULARS. | |
| | 4/30/1997 | DEFENDANT'S DEMAND FOR DISCOVERY. | |
| 52 | 5/07/1997 | ENTRY OF CONTINUANCE 5/15/97 | |
| | 5/14/1997 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ERICA PARRISH | |
| | 5/15/1997 | SUBPOENA FOR WITNESS ISSUED TO ERICA PARRISH | |
| 124 | 5/15/1997 | ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY CT 1 & 2 RAPE F-1 2907.02 DISMISS CT 3 & 4 & SEXUAL PREDATORS SPEC, CTS 3 & 4 | |
| 130 | 5/15/1997 | ENTRY ON WAIVER OF TRIAL BY JURY. | |
| 241 | 5/15/1997 | ENTRY ORDERING PROBATION INVESTIGATION AND REPORT. CLINIC EVAL.REPORT ORDERED. REMANDED. SENT SET 6/18/97 | |
| 19 | 5/16/1997 | ENTRY APPOINTING COMMUNITY DIAGNOSTIC AND TREATMENT CENTER FOR EXAMINATION | |
| 65 | 6/18/1997 | ENTRY ADJUDICATING OFFENDER AS A: SEXUAL PREDATOR | |

D-1

HAMILTON COUNTY CLERK OF COURTS
TODAY'S DATE:11/28/2003          COMMON PLEAS DIVISION          PAGE    2
CASE B 9702196          Criminal Appearance Report          CMSR5155

-------------------------------------------------------------------------------

A P P E A R A N C E   D O C K E T

| | | |
|---|---|---|
| 66 | 6/18/1997 | ENTRY ORDERING PROCESSING OF OFFENDER |
| 225 | 6/18/1997 | JUDGMENT ENTRY: INCARCERATION |
| | | DOC 10YRS ON EACH CTS 1 & 2 CONCUR. |
| | | TO EACH OTHER WITH CREDIT FROM 3/23/97 |
| | | THRU 6/18/97. REMANDED. PAY COURT |
| | | COSTS. FOUND TO BE A SEXUAL PREDATOR |
| 564 | 6/28/1997 | ENTRY APPROVING COUNSEL FEES |
| | | $300 |
| | 5/06/1998 | CRIMINAL STATE COSTS SATISFIED |
| | 12/06/2000 | MOTION |
| | | FOR JUDICIAL RELEASE. |
| 209 | 12/21/2000 | ENTRY OVERRULING JUDICIAL RELEASE |
| | 2/14/2001 | AFFIDAVIT OF INDIGENCY |
| | 2/14/2001 | MOTION |
| | | FOR PRODUCTION OF TRANSCRIPTS BY |
| | | INDIGENT DEFENDANT. |
| | 3/08/2001 | MOTION |
| | | FOR APPOINTMENT OF COUNSEL. |
| | 3/08/2001 | AFFIDAVIT OF INDIGENCY |
| | 3/29/2001 | NOTICE OF APPEAL FILED |
| | | NO. C0100232 COPY SENT TO HAMILTON |
| | | COUNTY PROSECUTOR |
| | 3/29/2001 | DOCKET STATEMENT FILED. |
| | | B9702196 |
| | 4/10/2001 | MOTION TO DISMISS |
| | | REQUEST FOR TRANSCRIPTS |
| 135 | 4/26/2001 | ENTRY GRANTING MOTION |
| | | TO DISMISS REQUEST FOR TRANSCRIPTS |
| | 5/04/2001 | ENTRY OF DISMISSAL |
| | | 05/04/01 IMAGE# 3 |
| | | C0100232 |
| | | **COPY SENT TO DOC AND DEFENDANT ON |
| | | 05/21/01 RSR** |
| | 6/14/2001 | DOCKET STATEMENT FILED. |
| | | C-010232 |
| | 9/28/2001 | NOTICE OF APPEAL FILED AND MOTION FOR |
| | | DELAYED APPEAL |
| | | NO.C0100638 COPY SENT TO HAMILTON |
| | | COUNTY PROSECUTOR |
| | 9/28/2001 | DOCKET STATEMENT FILED. |
| | 10/01/2001 | DOCKET STATEMENT FILED. |
| | | C01000638 |
| | 10/02/2001 | DOCKET STATEMENT FILED. |
| | | C-010638 |
| | 11/02/2001 | ENTRY OVERRULING MOTION FOR LEAVE TO |
| | | APPEAL |
| | | C0100638 |
| | | 11/02/01 IMAGE# 4 |
| | | ***COPY SENT TO DOC AND DEFENDANT ON |
| | | 11/19/01 RSR*** |
| | 12/18/2001 | NOTICE OF APPEAL OF APPELLANT L. |
| | | MERRIWEATHER FILED IN THE SUPREME |
| | | COURT OF OHIO ON 12/12/01, SC# 01-2152 |
| | 2/19/2002 | MOTION |
| | | FOR JAIL TIME CREDIT PURSUANT TO |
| | | O.R.C. #2967.191 |
| 252 | 3/04/2002 | ENTRY GRANTING MOTION FOR JAIL TIME |
| | | CREDIT |
| | 3/19/2002 | COPY OF ENTRY DENYING LEAVE TO APPEAL |
| | | AND DISMISSING APPEAL, FILED IN THE |
| | | SUPREME COURT OF OHIO ON 03/04/02, SC |
| | | # 01-2152 |
| | 7/29/2002 | MOTION |
| | | TO SUSPEND INCARCERATION/JUDICIAL |
| | | RELEASE O.R.C. 2929.20 |
| | 8/23/2002 | MOTION |
| | | TO STAY FURTHER PROCEEDING OF #2929.20. |
| | 8/27/2002 | MOTION |
| | | FOR DECLARATORY RELIEF OF SENTENCING. |

D-2

```
TODAY'S DATE:11/28/2003          COMMON PLEAS DIVISION        PAGE    3
       CASE:B 9702196            Criminal Appearance Report   CMSR5155
-------------------------------------------------------------------------
                     A P P E A R A N C E   D O C K E T
         10/08/2002 MOTION
                    TO STRIKE FROM RECORDS
         11/22/2002 MOTION
                    FOR RECUSAL OF SENTENCING JUDGE
         12/20/2002 MERRIWEATHER'S MOTION FOR
                    POST-SENTENCE WITHDRAWAL OF GUILTY
                    PLEAS.
          1/10/2003 FILING
          1/17/2003 MOTION
                    TO AMEND POST-SENTENCE WITHDRAWAL OF
                    GUILTY PLEAS.
284       2/13/2003 ENTRY
                    DENYING MOTION FOR POST SENTENCE
                    WITHDRAWAL OF GUILTY PLEA
285       2/13/2003 ENTRY
                    DENYING MOTION FOR RECUSAL OF
                    SENTENCING JUDGE
          3/04/2003 MOTION
                    TO SUSPEND FURTHER INCARCERATION UNDER
                    JUDICIAL RELEASE O.R.C. #2929.20
354       3/06/2003 ENTRY OVERRULING
                    MOTION FOR JUDICIAL RELEASE
          4/09/2003 MOTION
                    FOR EMERGENCY DECLARATORY JUDGMENT.
          4/09/2003 MOTION
                    FOR EVIDENTIARY HEARING TO CORRECT
                    MANIFEST INJUSTICE UNDER CRIM. R. 32.1
234       4/11/2003 ENTRY DENYING:
                    MOTIONS
          5/15/2003 JUDICIAL NOTICE.
          9/09/2003 MOTION
                    FOR EVIDENTIARY HEARING PURSUANT TO
                    R.C. #2953.22
459       9/29/2003 ENTRY DENYING:
                    MOTION
```

D-3

```
                         HAMILTON COUNTY CLERK OF COURTS
TODAY'S DATE: 8/14/2003          COMMON PLEAS DIVISION           PAGE   1
     .  CASE:B 9702196          Criminal Appearance Report         CMSR5155
---------------------------------------------------------------------------
                    A P P E A R A N C E   D O C K E T
```

Attorney - Plaintiff
Attorney - Defendant  JACK C RUBENSTEIN                 6200
Cur Judge -           ROBERT S KRAFT                     15

STATE OF OHIO vs. LOUIS MERRIWEATHER

```
Total Deposits              $.00
   Total Costs            $0.00
```

STATE OF OHIO
    vs.
ЉOUIS MERRIWEATHER
:13   BOSNICK  AV                    Municipal #: ,,,
:INTI             OH 45210

     ace: B  Age: 49  Sex: M

Filed: 4/02/1997  0005 - WARRANT ON INDICTMENT
Count:1  Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997
Count:2  Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997
Count:3  Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997
Count:4  Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997

| IMAGE | DATE | DESCRIPTION | AMOUNT |
|-------|------|-------------|--------|
| | 4/02/1997 | INDICTMENT REPORTED AND FILED. INDICTMENT FOR RAPE 2907.02A1b R.C. W/ SPEC. (4CNTS) | |
| | 4/02/1997 | PRECIPE FOR WARRANT FILED AND WARRANT ISSUED. | |
| | 4/03/1997 | SIMON L. LEIS JR., SHERIFF: I HAVE IN CUSTODY AND HAVE SERVED COPY OF INDICTMENT ON SAID DEFENDANT BY SNOWDEN, SR. DEPUTY | |
| 23ᴼ 1 | 4/10/1997 | ORDER TO SEAL ENTRY | |
| | 4/11/1997 | WAIVER OF PRESENCE OF DEFENDANT AT ARRAIGNMENT 100,000 | |
| | 4/11/1997 | COUNSEL ASSIGNED DANIEL F BURKE JR | |
| 159 | 4/24/1997 | ENTRY OF CONTINUANCE 5/7/97 | |
| 40 | 4/25/1997 | ORDER TO SEAL ENTRY | |
| | 4/30/1997 | WRITTEN REQUEST FOR BILL OF PARTICULARS. | |
| | 4/30/1997 | DEFENDANT'S DEMAND FOR DISCOVERY | |
| 52 | 5/07/1997 | ENTRY OF CONTINUANCE 5/15/97 | |
| | 5/14/1997 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ERICA PARRISH | |
| | 5/15/1997 | SUBPOENA FOR WITNESS ISSUED TO ERICA PARRISH | |
| 124 | 5/15/1997 | ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY CT 1 & 2 RAPE F-1 2907.02 DISMISS CT ? & 4 & SEXUAL PREDATORS SPEC CTS 3 & 4 | |
| 130 | 5/15/1997 | ENTRY ON WAIVER OF TRIAL BY JURY. | |
| 241 | 5/15/1997 | ENTRY ORDERING PROBATION INVESTIGATION AND REPORT. CLINIC EVAL.REPORT ORDERED. REMANDED. SENT SET 6/18/97 | |
| 19 | 5/16/1997 | ENTRY APPOINTING COMMUNITY DIAGNOSTIC AND TREATMENT CENTER FOR EXAMINATION | |
| 65 | 6/18/1997 | ENTRY ADJUDICATING OFFENDER AS A: SEXUAL PREDATOR | |
| 66 | 6/18/1997 | ENTRY ORDERING PROCESSING OF OFFENDER | |

*E-1*

```
                         A P P E A R A N C E   D O C K E T
225         6/18/1997 JUDGMENT ENTRY: INCARCERATION
                      DOC 10YRS ON EACH CTS 1 & 2 CONCUR.
                      TO EACH OTHER WITH CREDIT FROM 3/23/97
                      THRU 6/18/97. REMANDED. PAY COURT
                      COSTS. FOUND TO BE A SEXUAL PREDATOR
564         6/28/1997 ENTRY APPROVING COUNSEL FEES
                      $300
            5/06/1998 CRIMINAL STATE COSTS SATISFIED
           12/06/2000 MOTION
                      FOR JUDICIAL RELEASE.
209        12/21/2000 ENTRY OVERRULING JUDICIAL RELEASE
            2/14/2001 AFFIDAVIT OF INDIGENCY
            2/14/2001 MOTION
                      FOR PRODUCTION OF TRANSCRIPTS BY
                      INDIGENT DEFENDANT.
            3/08/2001 MOTION
                      FOR APPOINTMENT OF COUNSEL.
            3/08/2001 AFFIDAVIT OF INDIGENCY
            3/29/2001 NOTICE OF APPEAL FILED
                      NO. C0100232 COPY SENT TO HAMILTON
                      COUNTY PROSECUTOR
            3/29/2001 DOCKET STATEMENT FILED.
                      B9702196
            4/10/2001 MOTION TO DISMISS
                      REQUEST FOR TRANSCRIPTS
135         4/26/2001 ENTRY GRANTING MOTION
                      TO DISMISS REQUEST FOR TRANSCRIPTS
            5/04/2001 ENTRY OF DISMISSAL
                      05/04/01 IMAGE# 3
                      C0100232
                      **COPY SENT TO DOC AND DEFENDANT ON
                      05/21/01 RSR**
            6/14/2001 DOCKET STATEMENT FILED.
                      C-010232
            9/28/2001 NOTICE OF APPEAL FILED AND MOTION FOR
                      DELAYED APPEAL
                      NO.C0100638 COPY SENT TO HAMILTON
                      COUNTY PROSECUTOR
            9/28/2001 DOCKET STATEMENT FILED.
           10/01/2001 DOCKET STATEMENT FILED.
                      C01000638
           10/02/2001 DOCKET STATEMENT FILED.
                      C-010638
           11/02/2001 ENTRY OVERRULING MOTION FOR LEAVE TO
                      APPEAL
                      C0100638
                      11/02/01 IMAGE# 4
                      ***COPY SENT TO DOC AND DEFENDANT ON
                      11/19/01 RSR***
           12/18/2001 NOTICE OF APPEAL OF APPELLANT L..
                      MERRIWEATHER FILED IN THE SUPREME
                      COURT OF OHIO ON 12/12/01, SC# 01-2152
            2/19/2002 MOTION
                      FOR JAIL TIME CREDIT PURSUANT TO
                      O.R.C. #2967.191
            3/04/2002 ENTRY GRANTING MOTION FOR JAIL TIME
                      CREDIT
            3/19/2002 COPY OF ENTRY DENYING LEAVE TO APPEAL
                      AND DISMISSING APPEAL, FILED IN THE
                      SUPREME COURT OF OHIO ON 03/04/02, SC
                      # 01-2152
            7/29/2002 MOTION
                      TO SUSPEND INCARCERATION/JUDICIAL
                      RELEASE O.R.C. 2929.20
            8/23/2002 MOTION
                      TO STAY FURTHER PROCEEDING OF #2929.20
            8/27/2002 MOTION
                      FOR DECLARATORY RELIEF OF SENTENCING.
           10/08/2002 MOTION
                      TO STRIKE FROM RECORDS ..
```

E-2

HAMILTON COUNTY CLERK OF COURTS
TODAY'S DATE: 8/14/2003          COMMON PLEAS DIVISION          PAGE    3
     CASE:B 9702196          Criminal Appearance Report          CMSR5155

-------------------------------------------------------------------------

                          A P P E A R A N C E   D O C K E T

|       | 11/22/2002 | MOTION |
|-------|------------|--------|
|       |            | FOR RECUSAL OF SENTENCING JUDGE |
|       | 12/20/2002 | MERRIWEATHER'S MOTION FOR |
|       |            | POST-SENTENCE WITHDRAWAL OF GUILTY. |
|       |            | PLEAS. |
|       | 1/10/2003  | FILING |
|       | 1/17/2003  | MOTION |
|       |            | TO AMEND POST-SENTENCE WITHDRAWAL OF |
|       |            | GUILTY PLEAS. |
| 284   | 2/13/2003  | ENTRY |
|       |            | DENYING MOTION FOR POST SENTENCE |
|       |            | WITHDRAWAL OF GUILTY PLEA |
| 285   | 2/13/2003  | ENTRY |
|       |            | DENYING MOTION FOR RECUSAL OF |
|       |            | SENTENCING JUDGE |
|       | 3/04/2003  | MOTION |
|       |            | TO SUSPEND FURTHER INCARCERATION UNDER |
|       |            | JUDICIAL RELEASE O.R.C. #2929.20 |
| 35    | 3/06/2003  | ENTRY OVERRULING |
|       |            | MOTION FOR JUDICIAL RELEASE |
|       | 4/09/2003  | MOTION |
|       |            | FOR EMERGENCY DECLARATORY JUDGMENT. |
|       | 4/09/2003  | MOTION |
|       |            | FOR EVIDENTIARY HEARING TO CORRECT |
|       |            | MANIFEST INJUSTICE UNDER CRIM. R. 32.1 |
| 234   | 4/11/2003  | ENTRY DENYING: |
|       |            | MOTIONS |
|       | 5/15/2003  | JUDICIAL NOTICE. |

E-3



**IN THE COURT OF APPEALS**

**FIRST APPELLATE DISTRICT OF OHIO**

**HAMILTON COUNTY, OHIO**

STATE OF OHIO                         APPEAL NO. C-030948
                                      TRIAL NO. B-9702196

      Appellee,

Vs                                    ENTRY GRANTING LEAVE TO
                                      APPEAL AND EXTENDING TIME

LOUIS MERRIWEATHER

      Appellant,

    This cause came on to be considered upon the PRO SE motions of the appellant filed herein for leave to appeal and for the appointment of counsel, and

    The Court, upon consideration thereof, finds that the motion for leave to appeal is well taken and is granted; however, the motion for the appointment of counsel is not well taken and is overruled.

    Wherefore, upon consideration thereof, the appellant shall have until February 27, 2004 to file the docket statement.

**To The Clerk:**

Enter upon the Journal of the Court on _2/6/04_ per order of the Court.

By: _Ragon Winchen_ (Copies sent to all counsel)
        **Presiding Judge**

**ENTERED**
FEB - 6 2004
**IMAGE** 36

**EXHIBIT**
2

# COURT OF APPEALS

**Judges:**
Rupert A. Doan
Lee H. Hildebrandt, Jr.
Robert H. Gorman
Mark Philip Painter
J. Howard Sundermann, Jr.
Ralph Winkler

**FIRST APPELLATE DISTRICT OF OHIO**
William Howard Taft Law Center
12th Floor, 230 East Ninth Street
Cincinnati, Ohio  45202-2138

Thomas J. Rottinghaus
Court Administrator

Mark E. Combs
Assistant Administrator

(513) 946-3500
Fax: (513) 946-3411

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

    VS.                                              :

LOUIS MERRIWEATHER,              :

    Defendant-Appellant.            :

APPEAL NO. C-030948
TRIAL NO. B-9702196

## ACCELERATED CALENDAR SCHEDULING ORDER

Having reviewed the notice of appeal and docket statement filed herein, and pursuant to Local Rule 12(2), it is the Order of this Court that this cause be placed on the Court's accelerated calendar.

It is Ordered that the complete record of this action be filed on or before <u>06/09/2004.</u>
(See paragraphs one and two of the enclosed.)

The appellant's brief shall be filed on or before <u>07/09/2004.</u>
The appellee's brief shall be filed on or before <u>08/10/2004.</u>
(See paragraph four of the enclosed.)

Counsel who wish to submit the appeal to the Court without oral argument should submit a written request to the court at least three working days prior to the hearing.

NOTE:  Enclosed with this Order are several admonitions.  These admonitions should be reviewed.

To The Clerk:

Enter upon the Journal of the Court on <u>April 15, 2004</u> per order of the Court.

By: _____        (Copy sent to counsel)
       Presiding Judge

**EXHIBIT**

3

COURT OF APPEALS. FIRST APPELLATE
DISTRICT. HAMILTON COUNTY, OHIO

Per Rule 11B Appellate Procedure you are hereby notified that the record

has been filed this __3rd__ day of _____June_____ 2004

in case number _C 030948_ (excluding transcript of proceedings)

B-9702196
State
-vs-
Merriweather

Gregory Hartmann
Clerk of Courts

By _____B.M._____Deputy



**IN THE COURT OF APPEALS**

**FIRST APPELLATE DISTRICT OF OHIO**

**HAMILTON COUNTY, OHIO**

STATE OF OHIO

       Appellee,

vs.

LOUIS MERRIWEATHER

       Appellant,

APPEAL NO. C-030948

ENTRY STRIKING BRIEF AND
EXTENDING TIME TO FILE
AMENDED BRIEF UNTIL 6/16/04

This cause came on to be considered upon the brief of the appellant filed herein on 5/26/04, and

The Court upon consideration thereof *sua sponte* strikes said brief for the reason that it does not contain a final order.  See Local Rule 6(B)(1)(b).

Wherefore, upon consideration thereof the appellant shall have until  to file an amended brief in conformance with the rules of this Court.

**To The Clerk:**

**Enter upon the Journal of the Court on** ___6/3/04___ **per order of the Court.**

**By:** _Ralph Winkler_          **(Copies sent to all counsel)**
       **Presiding Judge**

genenty1.doc

ENTERED
JUN - 3 2004
IMAGE 31

EXHIBIT
4



IN THE OHIO STATE COURT OF APPEALS
FOR HAMILTON COUNTY, OHIO
FIRST APPELLATE DISTRICT OF OHIO

D59906183

---

CASE NO. C-030948

---

**STATE OF OHIO**

Plaintiff-Appellee

vs.

**LOUIS MERRIWEATHER**

Defendant-Appellant

---

APPEAL FROM THEE DECISION OF
COMMON PLEAS COURT OF HAMILTON COUNTY
CRIMINAL DIVISON

---

**REVISED BRIEF OF APPELLANT LOUIS MERRIWEATHER**

---

LOUIS MERRIWEATHER, #348-451

CHILLICOTHE CORRECTIONAL INSTITUTION

P.O. BOX 5500

CHILLICOTHE, OHIO 45601-0990

<u>Defendant-Appellant In Pro-Se</u>

FILED

2004 JUL 16 P 3:32

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH



**EXHIBIT**

5

**FILED**
**COURT OF APPEALS**

JUL 1 6 2004

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

## TABLE OF CONTENTS
## AND
## ASSIGMENT OF ERRORS

STATEMENT OF THE CASE                                                    PAGE

a)Procedural Posture...................................................

b)Statement of Facts...................................................

FIRST ASSIGMENT OF ERROR(S)............................................1

(A) Presentence Investigative Report...................................1

(B)Psychiatric Evaluation Report.......................................2

   Trial counsel was ineffective when he allowed trial court to sentence defendant
without presentence investigative report and psychiatric evaluation report.

ISSUE(S) PRESENTED FOR REVIEW..........................................3

(1) When defense counsel's [Prommise(s)]to Appellant are broken,[Appellant's guilty
pleas],which were based upon defense counsel's promise(s),were "not" voluntarily,
willingly,knowingly and freely.

(2)When defense counsel failed to protect his promise(s),and to defend court ordered
clinical evaluation,and PSI,defense counsel denied Appellant fundmental fairness
at trial court proceeding,and denied Appellant due process protection,and
rendered defense counsel's assistance ineffectived.

**AUTHORITIES**

State v.Dietz,89 O.App.3d.69,623 N.E.2d.613....................................1

U.S.v.Barrett,890 F.2d.855(6th.Cir.1989).......................................1

U.S. v.Stevens,851 F.2d.140-143(6th.Cir.1988)..................................1

U.S. v.Silverman,976 F.2d.1502(6th.Cir.1992)...................................1

U.S. v.Herrera,928 F.2d.769(6th.Cir.1991)......................................1

Alabama v.Smith,490 U.S.794,109 S.Ct.2201;104 L.Ed.2d.865(1989)...............1

Robert,455 U.S.at 556,100 S.Ct.1362...........................................1

U.S.v.Evans,891 F.2d.686-688(8th.Cir.1989),cert.denied,848,U.S.1074,108 S.Ct.1047,

,98 L.Ed.1010(1988),cert.,denied,495 U.S.932,110 S.Ct.2170,109 L.Ed.499(1990)..1

R.C.§2947.25(A)..................................................................2

State v.Lee,56 O.App.2d.57,10 003d.64,383 N.E.2d.342............................2

Johnson v.Zerbst,304 U.S.458,468,58 S.Ct.1019,1025,82 L.Ed.1461(1938)...........2

Brady v.U.S.742,758,90 S.Ct.1463,1474,25 L.Ed.2d.747(1970)......................2

Godinez v.Moran,113 S.Ct.at 2694................................................2

Drope,(1975),420 U.S.at 176,95 S.Ct.at 906......................................3

Jackson v.Indiana,406 U.S.715,739,92 S.Ct.1845,1858;32 L.Ed.435(1972)...........3

Riggins,504 U.S.at 142,112 S.Ct.at 1818-1819(1992)..............................3

Strickland,(1984),466 U.S.at 693-698;104 S.Ct.2052.............................3

Combs v.Coyle,205 F2d.369 (2002)................................................3

Lockhart v.Fretwell,506 U.S.364,372,113 S.Ct.838,122 L.Ed.2d.180(1993)..........3

**SECOND ASSIGNMENT OF ERROR**......................................................3

Trial counsel was ineffectived,when he failed to protect defendant's appellate
rights.

**ISSUE PRESENTED FOR REVIEW**......................................................5

When defense counsel failed to protect Appellant's appellate's rights,defense
counsel's assistance was ineffectived and fell well below reasonably standards and
denied Appellant"due process protect",under the 14th Amendment to the U.S.Consti-
tution,and defense counsel's misconduct**"adversely"**affected Appellant's plea(s) and
plea hearing outcome.

**AUTHORITIES**

Criminal Rule 11...............................................................4

State v.Buchanan,43 O App.2d.93,72 002 2d.307;344 N.E.2d.503(1974)..............4

State v.Kelly,(1991),57 Ohio St.3d.127,129,566 N.E.2d.658-600..................4

Smith v.Robbins,120 S.Ct.746,772 (2002).......................................4

Criminal Rule 32 (B)(2).......................................................5

R.C.§2953.05..................................................................5

Griffin v.Illinios,(1956),351 U.S.12,76 S.Ct.585,100 L.Ed.891..................5

Burns v.Ohio,(1959),360 U.S.252,79 S.Ct.1164,3 L.Ed.2d.1209...................5

Smith v.McMann,(1969),417 F2d.648,654,certiorani denied,397 U.S.925,90 S.Ct.929,90

S.Ct.929,25 L.Ed.105..........................................................5

LaChance v.Loudemill,470 U.S.532-542 (1985)..............................5

Goodwin v.Cardwell,432 F2d.521,522-523(6th.Cir.1970)...........................5

Lovelace v.Haskins,474 F2d.1254-1255,(1973)...................................5

Swenson v.Boslen,(1967),386 U.S.258,at 260;87 S.Ct.at 997,18 L.Ed.2d.33.........5

**THIRD ASSIGNMENT OF ERROR**...........................................................6

Trial counsel was ineffective at sentencing by allowing trial court to impose maximum sentenceing without complying with sentencing guidelines.

**ISSUE PRESENTED FOR REVIEW**.......................................................6

Defense counsel was ineffective in allowing trial court to impose maximum sentence without complying with sentencing guidelines,his assistance was not reasonably,and his ineffectiveness**"adversely"**affected Appellant's sentenc,and denied Appellant**"due process protect"**.

**AUTHORITIES**

O.R.C. Section(s) §2929.11 through §2929.12(C),§2929.19(B)(2)(e) and §2929.14(C),

with§2951.02(B)........................................................................6

State v.Kershaw,132,Ohio App.3d.243(Hamilton Cty.1991),724 N.E.2d.1176..........6

State v.Sheppard,(Hamilton,Cty.1997),124 Ohio App.3d.66;705 N.E.2d.411..........6

State v.Comer,99 Ohio St.3d.463,793 N.E.2d.473..................................6

R.C.§2853.08 (A)(a)............................................................6

**FOURTH ASSIGNMENT OF ERROR**...............................................................6

Trial counsel was ineffectived for allowing defendant to be classified a sexual predator without requisite hearing.

**ISSUE PRESENTED FOR REVIEW**.......................................................7

Defense counsel was ineffectived in failing to object,when trial court failed to provide Appellant with a hearing under sexual predator guidelines,defense counsel's assistance was"not"within the bounds of reasonably,and"did not protect"Appellant's due process rights under R.C.§2950.09

**AUTHORITIES**

R.C.§2950.09(B)(1)..............................................................7

State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881(2000).........................7

State v.Cook,(1998),83 Ohio St.423-426.........................................7

**FIFTH ASSIGNMENT OF ERROR**.....................................................7

Trail court abused its' discretion in sentencing by not formally advising defendant of his appellate rights.

**ISSUE PRESENTED FOR REVIEW**.....................................................8

Trial court abused its'discretion by not orally,directly formally advising Appellant of his appellate rights,trial court's abuse denied Appellant due process protection,and this abuse denied Appellant a fair and impartial trial court proceding,and a right to direct appeal.

**AUTHORITIES**

Criminal Rule 32(B)(2),[Passim]..........................................5&7

State v.Sims,272 N.E.2d.at 88-89(Ohio 1971)...............................7

Evitts v.Lucey,469 U.S.387,393 (1985)....................................7

Douglas v.California,372 U.S.353m356-57(1963).............................7

Griffin v.Illinios,[Passim]..............................................5&8

Burkett v.Cunningham,826 F2d.1208,1221 (8th.Cir.1987)......................8

Stephenson,501 F.Supp.840,842 (M.D.N.C.1981)..............................8

**SIXTH ASSIGNMENT OF ERROR**.....................................................8

Trial court abused its'discretion by not formally advising defendant of a hearing as provided by R.C.¶2950.09 (B)(1).

**ISSUE PRESENTED FOR REVIEW**.....................................................9

Trial court abused its'discretion and denied Appellant due process protection,by not formally providing Appellant a sexual predator hearing,with clear and convincing evidence before adjudicating Appellant a sexual predator.

**AUTHORITIES**

R.C.$2950.09 (B)(1),[Paasim]..............................................7&8

State v.Eppinger,[Passim].................................................7&8

R.C.$2050.01 (F)..........................................................8

State v.Cook,[Passim].....................................................7&8

State v.Gowdy,(2000),88 Ohio St.3d.387,389,727 N.E.2d.579-589.................8

Britt v.North Carolina,(1971),404 U.S.226,227,92 S.Ct.431-433;30 L.Ed.400-403.8

Conclusion.................................................................9-10

Certificate of Service.......................................................10

## PRIOR SUBMITTED EXHIBITS

IMAGE-241[Ordering probation investigation report]

IMAGE-19 [May 16,1997]appointing CDTC for clinical examination]

IMAGE-130 [entry waiver trial by jury

IMAGE-124 [withdrawing guilty pleas May 15,1991

IMAGE-124-A [the 4"is"altered,May 15,1997

IMAGE-225[judgment entry,June 18,1997,Crim.Rule 32(A)(2) was not applicable at plea
        hearing in 1997.

IMAGE-135,[April,26,1997,entry granting motion to dismiss defendant's request.for
        transcripts.

T.P.(1),March 21,2001,Request for view of presentencing investigation report to
      Hamilton County Probation Department.

T.P.(2),**ORINGIAL**,respond from Hamilton County Prosecuting Office for request to
      view presentence report.

T.P.(3),**ORINGIAL**,motion to dismiss request for transcripts,April 10,2001.

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY,OHIO

STATE OF OHIO

    Plaintiff-Appellee                         No.C-030948

-VS-

LOUIS MERRIWEATHER

    Defendant-Appellant

## REVISED BRIEF OF DEFENDANT-APPELLANT

## STATEMENT OF THE CASE

**a) Procedural Posture**

Defendant-Appellant,Louis Merriweather,was named in a four (4) count indictement returned by a Hamilton County Grand Jury,in April of 1997,alleging Appellant forced a minor girl child into sexual conduct [cunninlingus],in violation of R.C.§2907.02(A)(1).In less then **45 days** from indictment,Appellant's defense counsel induced/coerced Appellant into pleading guilty too two(2) counts of the indictment on [promise(s)] from defense counsel,a maximum sentence of 10 years on each count,to run current to each other was imposed upon Appellant for his pleas,with sexual predator specifications to each count.

    From the judgment of the trial court,Appellant Merriweather now appeals to this court.

## STATEMENT OF THE FACTS·

**b)** This is a classic case of she said,she heard.The state based its' arrest and charges on Kisha Parrish and Erica Parrish Black(Kisha is Erica's Aunt),who in the past

charged Appellant with raping her (kisha) on two difference alleged occasions in two (2) difference states. What the alleged victim does not tell the court and allow it to reflect in their charges is that on the morning of March 23,1997,and two days prior to the alleged offends,Kisha and the Appellant had voluntarily engaged in drugs and aclohol,including sexual acts of oral and intercourse personally with each other,at 1535 Pleasant St.in the county of Hamilton and the city of Cincinnati,prior to Kisha calling the police on the morning in question,and personally orally telling police that Kisha was a living resident of 1535 Pleasant St. There is "no" dispute that the minor child Erica was raped,[it is common knowledge with-in the immediate Black and Parrish family members],that Erica was raped months prior too the alleged complaints against Appellant,but,"not by Appellant".

## FIRST ASSIGMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED,WHEN HE ALLOWED TRIAL COURT TO SENTENCE APPELLANT
WITH-OUT PRESENTENCE INVESTIGATIVE REPORT[PSI] AND PSYCHIATRIC EVALUAION [PE].

### ARGUMENT||S)

Trial court documentations affirms that defendant [alleged]induced pleas too 2
counts of violation of R.C.§2907.02||A)||1),on the promise||s) from defense
counsel,promise||s) of presentence investigative report,[PSI]and psychiatric
evaluation [PE].[T.p.page 11,lines 10-15.However the PSI did not materialize,if one
infact had,defendant was"not"permitted to personally review PSI in a reasonable
time before sentencing to correct any misinformation,the PSI was court
ordered,(T.p.page 11,lines 10-13).Defendant was entitled to access to PSI report in
a reasonable time before sentencing.State v.Dietz,89 O.App.3d.69,623 N.E.2d.613,to
correct any material misinformation.U.S.Barrett,890.F.2d.855||6th Cir.1989).The
extent of a defendant's constitutional right is not"<u>to be sentenced on the basis of</u>
<u>invalid        information</u>".U.S.v.Stevens,851      F.2d.140-143||6th.Cir.1988);U.S.v
Silverman,976 F2d.1502||6th.Cir.1992).[A]ny information may be considered so long as
it had"[sufficient indicia of reliabliity to support its accuracy"].U.S.v.
Herrera,928 F2d.769||6th.Cir.1991);Alabama v.Smith,490 U.S.794,109 S.Ct.2201,104
L.Ed.2d.865||1989).Sentence imposed on the basis of material misinformation under
some circumstances,however,may violate due process.Robert,455 U.S.at 556,100
S.Ct.1362;U.S.v Evans,891 F2d.686-688||8h.Cir.1989),cert,denied,848 U.S.1074,108
S.Ct.1047,98 L.Ed.2d.1010(1988),cert.,denied,495 U.S.931,110 S.Ct.2170,109
L.Ed.2d.499(1990).See also T.p.Image 241.

On the same day of May 15,1997,in open court,the promise of psychiatric evaluation was made to defendant for defendant's induced pleas by defense counsel.[T.p.page 11,lines 10-15;T.p.page 13,lines 2-25;T.p.page 14,lines 1-25;T.p.page 15,lines 1-25;T.p.page 16,lines 1-5].Defense counsel also gave trial court misinformation on defendant's suicide watch,T.p.page 13,lines 20-25;T.p.page 14,lines 1-7],and on the administration simultaneously of several different anti-psychotropic medication which had an adverse effect on defendant's mental state'his will too knowingly enter into guilty plea agreement.[T.p.page 13,lines 1-25;T.p.page 14,lines 1-5].This court ordered PE would have put to rest whether defendant was infact mentally competent to enter a guilty plea.Defense counsel promise was broken,[there was"no" court ordered PE as defense counsel promised],and defense counsel was ineffectived.[T.p.page 16,lines 11-22;T.p.Image 19].Defense counsel's promise(;s) to defendant was"not"in good faith",and his ineffectiveness was prejudicial toward defendant and a serious breach of trust between defense counsel and defendant. The presentence PE mandated by [fromer R.C.§2947.25||A)],is part of the sentencing process and"cannot"be waived by the defendant or his counsel. [A]ny sentence imposed with-out compliance with fromer R.C.§2947.25(A),is void.State v.Lee,56 O.App.2d.57,10 003d.64,383 N.E.2d.342.Defense counsel should have maded reasonable investigation to assure that clincial examination was performed as defense counsel promised."[A] criminal defendant may not waive his constiutional rights,his right to counsel or plead guilty unless he does so"competenly"and"intelligently".Johnson v.Zerbst,304 U.S.458,468,58 S.Ct.1019,1025,82 L.Ed.1461(1938).Brady v.U.S.,397 U.S.742,758,90 S.Ct.1463,1474,25 L.Ed.2d.747||1970).Godinez v.Moran,113 S.Ct.at 2694.

Drope,420 U.S.at 176,95 S.Ct.at 906.See also Jackson v.Indiana,406

U.S.715,739,92 S.Ct.1845,1858,32 L.Ed.2d.435(1972);Riggins,504

U.S.at 142,112 S.Ct.at 1818-1819(1992). In order to show prejudice,

defendant need only show that there is a reasonable probability

that,but counsel's errors,the fact finder would have had a reasonable

doubt about defendant's guilt.Strickland,466 U.S.at 693-698,104 S.

Ct.2052.Combs v.Coyle,205 F2d.369(6th.Cir.2002);Lockhart v.Fretwell

,506 U.S.364,372,113 S.Ct.838,122 L.Ed.2d.180(1993).

## ISSUE(S) PRESENTED FOR REVIEW

**(1)** WHEN DEFENSE COUNSEL'S PROMISE(S) TO APPELLANT ARE BROKEN,[APPELLANT'S GUILTY PLEAS],WHICH WERE BASED UPON DEFENSE COUNSEL'S PROMISE(S),WERE"NOT"VOLUNTARILY,WILLINGLY,KNOWINGLY AND FREELY.

**(2)** WHEN DEFENSE COUNSEL FAILED TO PROTECT HIS PROMISE(S),AND TO DEFEND COURT ORDERED CLINICAL EVALUATION,AND PSI,DEFENSE COUNSEL DENIED APPELLANT FUNDMENTAL FAIRNESS AT TRIAL COURT PROCEEDING,AND DENIED APPELLANT DUE PROCESS PROTECTION,AND RENDERED DEFENSE COUNSEL'S ASSISTANCE INEFFECTIVED.

## SECOND ASSIGMENT OF ERROR

Trial counsel was ineffectived,when he failed to protect defendant's appellate rights.

### ARGUMENT

At plea hearing of May 15,1997,in open court the guilty plea

agreement(s) were presented to defendant,defendant affirms his

signature.[T.p.page 7,lines 14-21],however defendant's personal

-3-

signature"does not"appear on,T.p.Image 124,defendant's signature
appears on T.p.page Image 124A;[T.p.page 8,lines 19-25;T.p.page 9,
lines 1-25;T.p.page 10,lines 1-17]. The court·transcript of May
15,1997,is"**silent**"as too trial court or defense counsel
orally,directly adhereing to criminial rule 11;**Criminal Rule 11**,is
concern with a defendant's rights upon entering a plea and also sets
forth the procedure to be followed when such plea is taken.Criminal
Rule 11,includes all of the defendant's constitutional rights as
stated in the fifth and sixth amendments of the U.S.Constitution.In
order for a plea of guilty to be valid in a felony case"all"of the
the procedural requirements of Criminal R.11,"**must**" be scrupulously
adhere too,otherwise,the guilty plea is void.State v.Buchanan.43 O.
App.2d.93,72 002 2d.307,344 N.E.2d.503,(1974).It was defense couns-
el's responsibility to assure that defendant was appraised of"**all**"
his appellate rights and that trial court strictly complied with
criminal rule 11. In reviewing the records on appeal,the appellate
court should inquire as to whether the defendant voluntarily and
knowingly waived his constitutional right(s).This inquiry intails
a review of the records to ensure that criminal rule 11,was followed
by the trial court upon defendant's guilty plea.State v.Kelly,57 Ohio
St.3d.127,129,566 N.E.2d.658,660.Smith v.Robbins,120 S.Ct.746,772
(2000). In adsence of sentencing transcript of June 18,1997,Appellant
maintains that defense counsel nor trial court in a personal oral
manner informed Appellant of his appellate rights,pursuant to

-4-

Criminal Rule ||B)||2),before,after or during sentencing.Defense counsel"did not"make

a reasonable effort to protect Appellant's appellate rights either orally,directly

and personally during trial court proceeding.[R]ight to appeal from conviction in

state court is"not" an absolute right,but where opportunity to appeal is granted,as

in Ohio,an indigent conviction defendant"cannot"be deprived of his opportunity to

appeal by his impecunious condition,R.C.§2953.05,Griffin v.Illinois,||1956),351

U.S.12,76 S.Ct.585,100 L.Ed.891,Burns v.Ohio,||1959),360 U.S.252,79 S.Ct.1164,3

L.Ed.2d.1209.Smith v.McMann,||1969),417 F2d.648,654,certiorani denied,397 U.S.925,90

S.Ct.929,,90 S.Ct.929,25 L.Ed.2d.105.The Federal Constitution is violated if a

convicted defendant is denied an appeal"by reason of his lack of knowledge of his

right and the failure of his counsel or the court to advise him of his right to

appeal,with the aid of counsel".LaChance v.Erickson,522 U.S.262,266||1998),City of

Cleveland Board of Education v.Loudemill,470 U.S.532-542||1985);Goodwin

v.Cardwell,432 F2d.521,522-523||6th.Cir.1970).[T]he indigent defendant need

only"show" that he"was not"informed of his right to direct appeal.Lovelace

v.Haskins,474 F2d.1254-1255(1973);[T.p..page 8,lines 13-25;T.p.page 9,lines 1-

25;T.p.page 10,lines 1-20;T.p.page 16,lines 7-22] Over several years Appellant has

attempted to get sentencing transcript of June 18,1997;See also T.P.Image

135;T.p.1;T.p.2;T.p.3.[T]he right to appeal exists even in the absence of a

request.Swenson v.Boslen,||1967),386 U.S.258,at 260,87 S.Ct.at 997,18 L.Ed.2d.33.

## ISSUE PRESENTED FOR REVIEW

WHEN DEFENSE COUNSEL FAILED TO PROTECT APPELLANT'S APPELLATE RIGHTS,DEFENSE
COUNSEL'S ASSISTANCE WAS INEFFECTIVED AND FELL WELL BELOW REASONABLY STANDARDS,AND
DENIED APPELLANT DUE PROCESS PROTECTTION UNDER THE 14TH AMENDMENT TO THE U.S.
CONSTITUTION AND DEFENSE COUNSEL'S MISCONDUCT ADVERSELY AFFECTED APPELLANT'S
PLEA HEARING OUTCOME.

**THIRD ASSIGMENT OF ERROR**

TRIAL COUNSEL WAS INEFFECTIVED AT SENTENCING,BY ALLOWING TRIAL COURT TO IMPOSE
MAXIMUM SENTENCING WITH-OUT STRICTLY COMPLYING WITH SENTENCING GUIDELINES.

### ARGUMENT

Defense counsel knowingly allowed trial court to impose maximum sentence on

defendant with-out complying with sentencing guidelines.[Ohio]Courts as of 1996,are

required to comply with the sentencing guidelines and procedures set forth under

Ohio's Revised Codes §2929.11 through §2929.14||C) and R.C's §2951.02||B);

§2929.12||C) with §2929.19(B)||2)||e),with trial court making and"specially

enumerating"why this particular alleged offense were the **"worst forms"**of the offense

and deserving maximum sentence.State v.Kershaw,132,Ohio App.3d.243||Hamilton

Cty.1991),724 N.E.2d.1176;State v.Sheppard,||Hamilton,Cty.1997),124 Ohio

App.3d.66;705 N.E.2d.411;State v.Comer,99 Ohio St.3d.463,793 N.E.2d.473.Defendant

who received maximum sentence for offense**"is entitled"**to de novo review of sentence

by court of appeals.R.C.§2953.08(A)(a).

### ISSUE PRESENTED FOR REVIEW

DEFENSE COUNSEL WAS INEFFECTIVED IN ALLOWING TRIAL COURT TO IMPOSE MAXIMUM SENTENCE
WITH-OUT COMPLYING WITH SENTENCING GUIDELINES,HIS ASSISTANCE WAS"NOT"REASONABLY
,AND COUNSEL'S INEFFECTIVENESS ADVERSLY AFFECTED APPELLANT'S SENTENCE,AND DENIED
APPELLANT DUE PROCESS PROTECTTION.

**FOURTH ASSIGMENT OF ERROR**

TRIAL COUNSEL WAS INEFFECTIVED FOR ALLOWING DEFENDANT TO BE CLASSIFIED AS A SEXUAL
PREDATOR WITH-OUT REQUISITE HEARING.

### ARGUMENT

Defense counsel was ineffective at plea hearing and sentencing of May 15,1997 and

June 18,1997,when he ||counsel) knowingly allowed trial court to classify defendant

a sexual predator with-out requisite hearing.[T.p.page 7,lines 1-12;T.p.page 7,lines 23-25;T.p.page 8 lines 1-14;T.p.page 10,lines 21-25;T.p.page 11,lines 1-4;T.p.page 17,lines 16-25]. Defendant was adjudicated with-out clear and convincing evidence and in absence of R.C.§2950.09||B)||1).State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881 ||2000);State v.Cook,||1998),83 Ohio St.3d.423-426.

### ISSUE PRESENTED FOR REVIEW

DEFENSE COUNSEL WAS INEFFECTIVED IN FAILING TO OBJECT,WHEN TRIAL COURT FAILED TO PROVIDE APPELLANT WITH A HEARING UNDER SEXUAL PREDATOR GUIDELINES,DEFENSE COUNSEL'S ASSISTANCE WAS NOT WITHIN THE BOUNDS OF REASONABLY,AND "DID NOT"PROTECT APPELLANT'S DUE PROCESS RIGHTS UNDER **R.C.§2950.09**.

### FIFTH ASSIGMENT OF ERROR

TRIAL COURT ABUSED ITS' DISCRETION IN SENTENCING BY NOT FORMALLY ADVISING DEFENDANT OF HIS APPELLANT RIGHTS.

### ARGUMENT

Trial court abused its' discretion by not orally directly and personally informing defendant of his appellate rights during sentencing in absence of Criminal Rule 32||B)||2).Trial court transcript of May 15,1997 is silent.Trial court "did not"in an oral dialogue inform defendant of his appellate rights,which should have been personal and in a reasonably intelligible manner."[I]f one's right to direct appeal and his right to court-appointed counsel for such appeal are to be viable,it is imperative that there be such a determination of such rights by the appellate court".State v.Sims,272 N.E.2d.at 88-89(Ohio 1971);Evitts v.Lucey,469 U.S.387,393||1985);Douglas v.California,372 U.S.353,356-57||1963). The purpose of the first appeal provided as of right by a state is to determine whether the individual defendant has been "<u>lawfully</u>" incarcerated and to ensure a correct adjudication of guilt or innocence.

Griffin     v.Illinois,351     U.S.12,18(1956).Burkett     v.Cunningham,826

F2d.1208,1221(8th.Cir.1987);Stephenson,510     F.Supp.840,842||M.D.N.C.1981).Equal

protection concerns are implicated when the state treats a class of defendants'

differently for purpose of offering them a meaningful appeals.Evitts,469 U.S.at

405.

### ISSUE PRESENTED FOR REVIEW

TRIAL COURT ABUSED ITS' DISCRETION BY NOT ORALLY,DIRECTLY FORMALLY ADVISING
APPELLANT OF HIS APPELLATE RIGHTS,TRIAL COURT'S ABUSE DENIED APPELLANT DUE PROCESS
PROTECTION,AND THIS ABUSE DENIED APPELLANT A FAIR AND IMPARTIAL TRIAL COURT
 PROCEEDING,AND A RIGHT TO DIRECT APPEAL.

### SIXTH ASSIGMENT OF ERROR

TRIAL COURT ABUSED ITS' DISCRETION BY NOT FORMALLY ADVISING DEFENDANT OF A HEARING
AS PROVIDED BY R.C.§2950.09|B)||1).

### ARGUMENT

Trial court abused its' discretion by adjudicating defendant a sexual predator,in

absence of R.C.§2950.09.||B)||1),and with evidence which was "not"clear and

convincing.State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881."To [earn] the most

severe designation of sexual predator,the defendant"must"have been convicted of or

pleaded guilty to committing a sexually oriented offense and"must"be likely to

engage in the future in one or more sexually oriented

offenses".R.C.§2050.01(F),State v.Cook,83 Ohio St.3d.at 407;700 N.E.2d.at 574.A

sexual offender classification will have a profound impact on a defendant's life,it

must be impartial and fair.State v.Gowdy,||2000),88 Ohio St.3d.387,389;727

N.E.2d.579-589.The state "must",as a matter of equal protection,provide indigent

prisoners with the basis tools of an adequate defense when those tools are

available for a price to other prisoners".Britt v.North Carolina,||1971),404

U.S.226,227;92 S.Ct.431,433;30 L.Ed.2d.400,403.

## ISSUE PRESENTED FOR REVIEW

TRIAL COURT ABUSED ITS' DISCRETION AND DENIED APPELLANT DUE PROCESS PROTECTION,BY NOT FORMALLY PROVIDING APPELLANT A SEXUAL PREDATOR HEARING,WITH CLEAR AND CONVINCING EVIIDENCE BEFORE ADJUDICATING APPELLANT A SEXUAL PREDATOR.

T.p.page 5,lines 11-25;T.p.page 6,lines 1-25;T.p.page 7,lines 1-12;T.p.page 7,lines 23-25;T.p.page 8,lines 1-14;T.p.page 17,lines 16-25].

## C O N C L U S I O N

The Sixth and Fourteenth Amendments guarantee a person accused of a crime the right to the aid of a lawyer in preparing and presenting his defense,the right to counsel is the right to effective assistance of counsel with adequate legal assistance.In Strickland v.Washington,**[passim]** at 2074-2075,Justice Marshall dissented and filed this opinion in part" to tell lawyers and the lower courts that counsel for a criminal defendant "must" behave**"reasonably"**and must act like**"a reasonable competent attorney"**,.ante,at2065,"is to tell them nothing".It is an unfortunate but undenial fact that a person of means,by selecting a lawyer and paying him enough to ensure he perpares thoroughly,usually can obtain better representation than that available to an indigent defendant,who must rely on appointed counsel,who in turn,has limited time and resources to devote to a given case.[I]s a reasonably competent attorney,a reasonably competent adequately paid retained attorney or a reasonably competent appointed attorney? It is also a fact that the quality of representation avaliable to ordinary defendants in different parts of the country varies significantly.Should the standard of performance mandated by the Sixth Amendment vary by local"? [A]ppellant maintains that in absence of proper procedure and in strict violation of Ohio's and the U.S.Constitutions,Appellant was sold into**"involuntary servitude/slavery"**to the state of Ohio for 10 years for the tune of **$300.00 dollars.**

In **1865**,the thirteenth    Amendment was adoped which,["prohibits slavery and involuntary servitude],the Fourteenth Amendment"extended   the   privileges   of citizenship to"**African Americans**" and forbids the states from "abridging"the privileges or immunities of citizens of the United States,it also forbids the

states from depriving any person of life,liberty,or property without "due process of law",or of denying any person the equal protection of the law. In the instance case at bar "**three**" [3] laws are in conflict,the,laws of Hamilton County,the Ohio and the U.S.Constitution,Hamilton County's laws have illegally kept Appellant in involuntary servitude to the state of Ohio against Appellant's will and deliberately denied Appellant due process protection.For 7½years Appellant has been imprisoned under infirm conditions,with undue mental and physical pressure imposed against him,without the **benefit** of due process protection and still with the **strong belief in the American justice system which has tho so far failed him**".Appellant has been delieratley denied the personal privileges of his loved ones',his family **"structure"**has been broken,his family members have suffered the personal humiliation with mental and physical pain from Appellant's wrongful incarceration. Delayed justice must not continue to incarcerate Appellant without due process of law.

It is therefore prays that delayed justice be granted Appellant.

**CERTIFICATE OF SERVICE**

I hereby certify that a correct copy of this revised appellatte brief was forward to Michael K.Allen,at 230 E.9th.S./Cinti,Ohio 45202; on this 24 day of Aug,2004 by per-paid first class mail.

Louis Meriweather, #348-451
P.O.Box 5500
Chillicothe,Ohio 45601-0990

ENTERED &
SCANNED
SEP 2 9 2003
469

### COURT OF COMMON PLEAS
### HAMILTON COUNTY, OHIO

STATE OF OHIO,

     Plaintiff

vs.

LOUIS MERRIWEATHER,

     Defendant.

Case No. B9702196

Judge Beth A. Myers

**ENTRY DENYING MOTION**

Upon consideration of Defendant's Motion, the Court hereby denies Defendant's Motion and his request for evidentiary hearing. Pursuant to § 2953.21 and 2953.23 of the Ohio Revised Code, Defendant's Motion was not timely filed. Further, the Court finds that no grounds exist for the relief requested.

                          _____
                          Judge Beth A. Myers

**ENTER**

SEP 2 9 2003

BETH A. MYERS, JUDGE

Schedules          Document Listing

APPEARANCE DOCKET

C 0300948

Attorney - Plaintiff              PRO SE              Z9997
Attorney - Defendant    HAMILTON COUNTY PROSECUTOR    Z9990
Judge -

STATE OF OHIO   vs.   LOUIS MERRIWEATHER

Filed: 12/29/2003 A117 - MOTION TO FILE DELAYED APPEAL - POVERTY AFFIDAVIT

Total Deposits $0.00              Total Costs $89.00

LOUIS MERRIWEATHER #348-451

Appellant(s)

vs.

STATE OF OHIO

Appellee(s)

| IMAGE | DATE | DESCRIPTION | AMOUNT |
|---|---|---|---|
| Doc | 12/26/2003 | NOTICE OF APPEAL FILED. | |
|  | 12/26/2003 | NOTICE OF APPEAL FILED AND MOTION FOR DELAYED APPEAL NO. C030948 COPY SENT TO HAMILTON COUNTY PROSECUTOR | |
| Doc | 12/26/2003 | AFFIDAVIT | |
| Doc | 12/26/2003 | MOTION TO APPOINT COUNSEL | |
|  | 12/29/2003 | MOTION TO FILE DELAYED APPEAL | |
|  | 12/29/2003 | NO DEPOSIT REQUIRED-POV.AFF. LOUIS MERRIWEATHER | 0.00 |
|  | 12/29/2003 | COMMON PLEAS TRIAL COURT # B-9702196 | |
| 16 | 2/6/2004 | ENTRY GRANTING LEAVE TO APPEAL AND EXTENDING TIME | |
| Doc | 2/10/2004 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| 8 | 3/5/2004 | ORDER TO SHOW CAUSE | |
| Doc | 3/10/2004 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| Doc | 3/12/2004 | CERTIFICATE OF SERVICE | |
| Doc | 4/2/2004 | BRIEF OF APPELLANT LOUIS MERRIWEATHER | |
| Doc | 4/2/2004 | DOCKET STATEMENT FILED. B-9702196 | |
| 4 | 4/15/2004 | ACCELERATED CALENDAR SCHEDULING ORDER, ENTERED. 06/09/04 RECORD DUE. 07/09/04 APPELLANT'S BRIEF DUE. 08/10/04 APPELLEE'S BRIEF DUE. | |
| Doc | 4/16/2004 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |

EXHIBIT

6

| | | |
|---|---|---|
| oc | 4/21/2004 | MOTION FOR EXTENSION OF ACCELERATED BRIEF BEYOND THE 15 PAGE LIMIT TO 30 PAGES |
| ; | 5/14/2004 | ENTRY OVERRULING MOTION TO ENLARGE PAGE LIMITS FOR APPELLANT'S BRIEF |
| oc | 5/19/2004 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. |
| oc | 5/26/2004 | REVISED BRIEF OF APPELLANT LOUIS MERRIWEATHER |
| oc | 6/3/2004 | TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES FILED |
| | 6/3/2004 | NOTICE OF FILING OF RECORD EXCLUDING TRANCRIPT OF PROCEEDINGS MAILED TO MICHAEL K. ALLEN AND LOUIS MERRIWEATHER |
| :1 | 6/3/2004 | ENTRY STRIKING AND EXTENDING TIME TO FILE AMENDED BRIEF UNTIL 6/16/04 |
| oc | 6/7/2004 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. |
| oc | 6/21/2004 | REQUESTED FILING OF FINAL ORDER PER LOCAL RULE 6 (B) (1) (B) CASE NO. C-030948 |
| oc | 7/6/2004 | LETTER FROM LOUIS MERRIWEATHER |
| oc | 7/12/2004 | APPELLANT'S REQUEST FOR ORAL ARGUMENT |
| oc | 7/16/2004 | REVISED BRIEF OF APPELLANT LOUIS MERRIWEATHER |
| oc | 7/16/2004 | MOTION TO EXTEND TIME |
| ; | 7/22/2004 | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEF AND ACCEPTING BREIF AS TIMELY FILED |
| oc | 7/27/2004 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. |
| oc | 8/2/2004 | TRANSCRIPT OF PROCEEDINGS B-9702196 1 VOL. |