IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JAMES BONINI
CLERK
2004 AUG 20 PM 12:10
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

Louis Merriweather

    Petitioner,

    Case No.C1-02-369

-vs-

    Judge Spiegel

James Erwin, Warden

    Magistrate Judge Hogan

    Respondent,

### PETITIONER'S OBJECTION TO RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE PETITIONER'S SENTENCING TRIAL COURT TRANSCRIPT OF JUNE 18, 1997

Now comes Petitioner and formally object to the Court granting Respondent <u>another</u> extension of time to file Petitioner's alleged sentencing transcript of June 18, 1997. Respondent's motion for extension of filing time <u>is not within the **perimeter** of good faith</u>.

### MEMORANDUM

### STATEMENT OF FACTS

On Dec.12, 2001 Petitioner filed a timely appeal before the Ohio Supreme Court, S.C.No.01-2152, consequently petitioner's leave for appeal was denied and dismissed on **3/04/02**. Then on or about April 11, 2002, Petitioner filed his Writ of Habeas Corpus before this court under 28 USC §2254, which was well within the <u>perimeter of the AEDPA statute of one year limitation.</u>

### OBJECTIONS

On June 3, 2002 this Court issued a <u>show cause order</u> to the Respondent. This show cause order was that within **sixty (60) days** of said order the Respondent was to, (1) certify the true cause of Petitioner's detention; (2) Show cause-supported by a detailed answer to petitioner's allegations, by **records, transcripts, affidavits**, and other documentary evidence-**why** a writ of habeas corpus **should not issue**.

Respondent was to cite those pages of the **trial transcripts** which Respondent rely to establish that there was sufficient evidence to justify a rational trier of fact to find "guilt beyond a reasonable doubt", indicate what transcripts of pretrial, **trial, sentencing** proceeding are available, and when they can be "furnished", and what proceedings have been recorded "**but not transcribed**". Instead of honoring the Courts' order to show cause, Respondent promptly on or about July 30, 2002, filed for a "**sixty day extension** up to and including October 2, 2002 to file response to Petitioner's Writ of Habeas Corpus. In Respondent's memorandum for extension of filing time Respondent plainly stated "In order to obtain the necessary documentations and adequately prepare the Respondent's return of Writ". **2½ years later** Respondent still has "**not**" furnished the Court with Petitioner's alleged sentencing transcript of June 18, 1997. Now Respondent deliberately provides this Court with **misinformation** stating "there "**has not**" been a previous extension granted Respondent to furnish Petitioner's sentencing transcript", which in fact this Court in "**good faith**" granted Respondent on July 30, 2002 a extension of 120 days to furnish the Court with all documentations including sentencing transcript of June 18, 1997. Respondent has **failed** even with the extension of 120 days filing time to come up with Petitioner's alleged sentencing trial court transcript of June 18, 1997. As Respondent so plainly and clearly pointed out in Respondent's **second** motion for extension of filing time for Petitioner's alleged sentencing transcript, "[In] an attempt to |¦ecure a copy of **Merriweather's** sentencing transcript, which "apparently" had "not" been previously transcribed, Respondent has "**repeatedly**" contacted the Court reporter still "no" sentencing transcript of June 18, 1997".

This Court has issued two orders for Petitioner's alleged sentencing transcript over 2½years period of time still "no" sentencing trial court transcript of June 18,1997.Respondent fully admitts that after "repeatedly" requests to the Court Reporter no Sentencing transcript for Petitioner has materialized.The issue now before this Court is "must Petitioner unlawful incarceration to the state of Ohio continue in absence of a proper trial court sentencing transcript?Petitioner does not have a constitutional right to an appeal however,when a state such as Ohio elects to grant such right,that right becomes a constitutional issue,there is as of 2½ years "no"real sentencing transcript or other real court documentations to date to "factually contradict" Petitioner's claim "that he was"not" orally directly,personally informed of Petitioner's righ to direct appeal of his alleged guilty pleas and sentencing by trial court",without such real evidence and sentencing transcript,must Petitioner remain unlawlly in prison in absence of due process? Respondent would have the court to believe that if granted another sixty days extension after 2½ years the alleged sentencing transcript will materialize,the granting of another extension to Respondent will "not assure" the Court of a trial court sentencing transcript but,would only serve to unlawlly continue Petitioner's unlawful sentence,must Petitioner continue to be punished become trial court and Respondent dropped the proper procdural book in the instance case at bar and denied Petitioner his Consitutional right to appellate right? After 2½years any sentencing transcript that might appear,now,must be should be considered as "tainted"-fruit-of-the-poisonous-tree. Would a prudent reasonable minded Court be persuaded that it takes [3 Court orders] 2 from this Court and over 2½years for proper production of Petitioner's alleged sentencing transcript of June 18,997.

It strongly appears that something <u>morally and horribly</u> went wrong in the instance case during trial court proceeding and now this Court is in position with the power to correct this manifest of injustice and grant Petitioner relief from his unlawful incarceration.Therefore Respondent in the full interest of justice "<u>should not be granted another extension of time for a sentencing transcript which is in actuality over 3½ years over due,the Court should immediately proceed to properly dispose of this matter in favor of Petitioner</u>,"and grant Petitioner's Writ for immediate release from Petitioner's unlawful incarceration.

**HISTORY OF FORMAL AND OFFICIAL REQUESTS FOR PETITIONER'S SENTENCING TRANSCRIPT WITH NON-PRODUCTION OF SENTENCING TRANSCRIPT.**

CASE NO.B-9702196

1. 2/14/2001,Motion for Production of transcript of June 18,1997,by indigent *defendant*.
2. 4/10/01,Motion to dismiss request For Transcript,by Hamilton County Prsecutor.
3. 4/26/01 Entry Granting Motion to Dismiss Request For Transcripts.

APPEAL NO-C-0100232

1. 4/17/01-Appellate's motion to prepare transcripts of proceeding at state's expense.
2. 6/14/01,Motion to Prepare Transcripts of proceeding at state's expense.

APPEAL NO.C-030948

April 15,2004,Order by First Appellate Court of Appeals for complete transcripts of trial court proceeding.

June 3,2004,trial Court documentations provided ,**excluding** transcript of proceeding June 18,1997.

Feb.9,2004,Appellant's Praecipe (attached)

July 24,2004,Appellant's second Praecipe,(attached)

Aug.2,2004-Petitioner filed trial transcript of May 15,1997 with Appellate COURT this is the plea hearing Trial court transcript.

Aug.9,2004-Petitioner filed another Praecipe to Official Court Reporter/Recorder [ see attached Praecipe].

When Petitioner filed his first leave for delay appeal in State Court of Appeals Case NO.C-0100232, sentencing transcript should have been furnished Petitioner in 2001.The Supreme Court of Ohio has held that an indigent prisoner is entitled to a relevant portions of a transcripts upon inter alia,appeal or in seeking post-conviction relief.State,Ex.Rel.Greene v.Enright,63 Ohio St.3d.729;State,Ex.rel.Partee v.McMahon,1963,175 Ohio St.243,24 O.O.2d.386,193 N.E.2d.266.However,the right is subject to limts.One limit previously established is that an appeal or post-conviction action must be pending at the time the transcript is sought.State,ex rel.Catlino v.Clerk of Courts,1976,9 Ohio St.2d.101,38 O.O3d.65,406 N.E.2d.130;State,Ex.Rel.Clark v.Marshall,1980,63 Ohio St.2d.107,17 O.O.3d.65,406 N.E.2d.1128.Petitioner 2½years later in this Court is still without the alleged sentencing transcript,in State Court of Appeals 3½ years later Petitioner is "still without" the alleged sentencing Transcript of June 18,1997.Petitioner is completely unlettered in law however,even Petitioner now realizes that after these many years and three (3) Court orders there is a very serious question as too whether such sentencing transcript actually exist,and to grant Respondent another extension would only serve to extend Petitioner's unlawful incarceration.

Respectfully Submitted:
Louis Merriweather,#348-451

CERTIFICATE OF SERVICE

I,HEREBY CERTIFY THAT A CORRECT COPY OF PETITIONER'S OBJECTIONS WAS FORWARD BY U.S. MAIL PER-PAID TO STUART A.COLE AT 150 GAY ST.16H FLOOR/COLUMBUS,OH.43215 ON THIS 13 DAY OF Aug 2004.

-5-