UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Louis Merriweather,
    Petitioner

vs                                  Case No. C-1-02-369
                                      (Spiegel, J.; Hogan, M.J.)

James Erwin,
    Respondent

## REPORT AND RECOMMENDATION

      This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion to voluntarily dismiss his petition. (Doc. 34). Other motions pending before the Court for ruling are petitioner's "Motion To Advance The Cause" (Doc. 32), as well as petitioner's motion to strike his previous motion for "newly discovered evidence" (Doc. 33), which this Court assumes refers to a prior pleading filed by petitioner entitled "Supplemental New And Discovered Evidence" (*see* Doc. 25).

      In his petition, petitioner challenges his state confinement based on his conviction in June 1997 upon entry of a guilty plea before the Hamilton County, Ohio, Common Pleas Court to two counts of rape as defined in Ohio Rev. Code § 2907.02(A)(1)(b). (*See* Doc. 2; Doc. 9, Exs. 1-3). Petitioner did not pursue a timely appeal from his conviction and sentence. Instead, approximately four years later, he attempted to file a delayed appeal with the Ohio Court of Appeals. (*See* Doc. 9, Exs. 4-6). When the Ohio courts refused to allow an appeal (*see id.*, Exs. 8-14), petitioner

initiated the instant federal habeas corpus action in April 2002, alleging the following grounds for relief in his petition:

> **Ground One:** Be[]ing induced/coerced while under psychotropic medication. I was under prescribed psychotropic medication during all trial court proce[e]ding[s]. [M]y defense counsel had full[] knowledge of this medication, but yet he still induced/coerced me into plea[d]ing guilty, nor did he orally inform me that I had a right to appeal[,] nor did I know I had the right to appeal guilty plea/sentencing.
>
> **Ground Two:** [Neither] tr[ia]l court nor defense counsel personally orally informed me that I had a[] right to appeal guilty plea agreement and sentencing, and I did not know that I had this right until I saw Davis V. Brigano Case No. C-1-98-686 (Beckwith, J.; Hogan, M.J.).
>
> **Ground Three:** Ineffective Assistance of Counsel . . . by not informing me of right to appeal [and] in[]ducing/coercing me into plea[d]ing guilty while knowing I was under psych medication. Allowing trial court to adjudicate me as a sexual predator w/out due process[.] Not permitting me to view Presentence Investigat[ion] Report in a reasonable time before sentencing . . . nor to comment on said report. [A]nd not persona[l]ly or[a]lly informing me that I had a[] right to appeal these violations. During the whole trial court proceeding defense counsel['s] conduct was unprofessional and in[e]ffective[] even permitting trial [court] to impose maximum sentence without trial court considering statutory factors and knowing that my crime was not the wors[t] of the offen[se], and failing to inf[or]m me that I had a right to appeal this violation[].
>
> **Ground Four:** Be[]ing adjudicated sexual predator without due process, being permitted to question [the] accuser and others as provided by O.R.C. Furthermore be[]ing adjudicated without clear and convincing evidence, there should have been a hearing before adjudic[a]ting me a sexual predator.
>
> **Ground Five:** Trial court abused its discretion in sentencing[.]

2

>**Ground Six:** Defendant should have been granted psychiatri[c] examination and such examination should have performed at Community Diagnostic and [T]reatment Center . . . pursuant to O.R.C. before sentencing. This examination was requested but was not performed.
>
>**Ground Seven:** Defendant was denied access to his p[re]-sentence report before sentencing within a reasonable time.
>
>**Ground Eight:** Statements made[] to investi[ga]ting officers[] on March 27, 1997 were induced/coerced while defendant was in a drug and alc[o]hol state of mind. . . . [T]herefore defendant[']s] statements were not willingly and voluntar[]ily [given]. . . .
>
>**Ground Nine:** Motion for judic[i]al release was untimely; O.R.C. 2929.20.

(Doc. 2, pp. 5-6(B)). On September 2, 2003, petitioner filed a motion to amend the petition to add three more grounds for relief, which was granted on April 28, 2004. *(See* Docs. 17, 23). The additional claims allowed by the Court are:

>**Ground T en:** Ineffective assistance of petitioner's trial counsel in inducing petitioner to plead guilty "without 'benefit' of discovery."
>
>**Ground Eleven:** Ineffective assistance of petitioner's trial counsel in failing to "reasonabl[y] investigate alleged eyewitnesses."
>
>**Ground Twelve:** The trial court lacked subject matter jurisdiction over the criminal case against petitioner because he was arrested and charged on March 27, 1997 and indicted on April 2, 1997 "without [being provided upon his request with a copy of] the charging instrument of an affidavit or complaint, listing all the alleged elements of the alleged offenses."

*(See* Doc. 17).

In his pleading entitled "Supplemental New And Discovered Evidence" (Doc. 25), petitioner indicated that he was granted a delayed appeal on February 6, 2004 by

3

the Ohio Court of Appeals, First Appellate District, and that his appeal was placed on that court's "accelerated calendar." Respondent has submitted additional evidence showing that indeed petitioner was allowed an accelerated appeal by the state appeals court and that the final brief was due by August 10, 2004. (Doc. 27, Exs. 2-3). No further information has been submitted by either party regarding the current status of the state appeal proceedings.

After filing his pending motion to "advance the cause" to resolve the instant petition at the "earliest date" (*see* Doc. 32), petitioner filed his motions to strike and to voluntarily dismiss the petition without stating any reasons in support of these motions (*see* Docs. 33, 34). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides: "The Federal Rules of Civil Procedure, to the extent they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Fed. R. Civ. P. 41(a)(2) provides that the Court may dismiss an action "at the plaintiff's instance" upon "such terms and conditions as the court deems proper." Unless otherwise specified in the dismissal order, a dismissal under Fed. R. Civ. P. 41(a)(2) is without prejudice.

Because the Court has not been informed of the current status of petitioner's state appeal and because petitioner has not provided any explanation as to why he is seeking a dismissal of his petition at this time, the Court is unable to determine the basis for his motion to dismiss the petition. A few possible explanations are that petitioner plans to exhaust his pending state appeal first before seeking federal habeas relief; that at this juncture he has obtained the relief he desires from the state courts; or that he has concluded his most significant grounds for relief are baseless in light of respondent's recent submission of the sentencing transcript, which clearly indicates that petitioner was informed of and expressed his understanding of his "constitutional rights of appeal" and to appointed counsel on appeal (*see* Doc. 29, Tr. 22-23).

Nevertheless, pursuant to Fed. R. Civ. P. 41(a)(2), this Court RECOMMENDS that petitioner's motion to voluntarily dismiss his petition (Doc. 34) be GRANTED, and that the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Docs. 2, 17) be DISMISSED without prejudice under the following terms and conditions but only to the extent (1) petitioner seeks a dismissal in order to exhaust his pending state remedies, and (2) the original petition is not found, as argued by respondent in the instant action (*see* Doc. 9, pp. 8-10; Doc. 24, pp. 2-3; Doc. 27, pp.

4

3-4), to be time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d):

> In order to avoid potential statute of limitations issues arising from the dismissal of the petition without prejudice so that petitioner may exhaust his pending state remedies, the one-year period in which a habeas corpus action must be commenced pursuant to 28 U.S.C. § 2244(d) shall be TOLLED effective April 15, 2002, the earliest possible date the petition could have been submitted to prison authorities for mailing to the Court. (*See* Doc. 1, p. 7). The tolling of the limitations period is conditioned on petitioner's filing a renewed petition for writ of habeas corpus with this Court within thirty (30) days after exhausting his state appeal remedies that are currently pending before the state courts.

To the extent petitioner seeks to voluntarily dismiss the petition based on reasons other than exhaustion grounds, the Court RECOMMENDS that the dismissal be with prejudice, particularly given that the case is now ripe for disposition after petitioner has been allowed to amend the petition to add new claims and respondent has been required to submit a number of pleadings in addition to the initial return of writ in order to complete the record and to respond to petitioner's additional allegations.

Moreover, because the Court has recommended herein that petitioner's motion to voluntarily dismiss the petition be granted, IT IS FURTHER RECOMMENDED that petitioner's motion to "advance the cause" (Doc. 32) and petitioner's motion to strike (Doc. 33) be DENIED as moot.

Date: 1/3/05

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Louis Merriweather,
    Petitioner,

    v.

James Erwin,
    Respondent.

Case No. 1:02cv369
(Spiegel, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Louis Merriweather<br>#348-451<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH<br>45601 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:   ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7002 0860 0000 1410 0629 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:02cv369
doc. # 35