IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JAMES BONINI
CLERK

05 SEP 16 PM 1:29

Louis Merriweather,
 Petitioner,

-vs-

Case Num.C-1-02-369

James Erwin
 Respondent,

(Spiegel,J.,Hogan,M.J.)

## PETITION FOR RENEWAL OF WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.§2254

Petitioner now comes before the court and request for renewal of petitioner's previously filed writ of habeas corpus,which was voluntarily dismissed by petitioner in order to exhaust petitioner recently granted delay appeal in state court.Petitioner's issues will remain the same.Petitioner's request is because petitioner did not receive the relief he sought in state court.(See attached Appellate Court judgment).Petitioner filed a timely notice of appeal before the Ohio Supreme Court.

## MEMORANDUM IN SUPPORT

Petitioner was granted a delay appeal before the First Appellate District Court of Appeals in Hamilton County,Ohio pursuant to Appellate Rule 5(a) to correct trial court's failure to provide petitioner with timely notice of service of trial court's judgment/orders.Petitioner filed two different motion before trial court;(1) On 12/20/2002 petitioner filed a motion for Post-Sentence Withdrawal of Guilty Plea pursuant to Crim.Rule 32.1,in his motion petitioner raised the issue of his guilty plea not being willingly,knowingly and voluntraily because during all of trial court proceeding petitioner was heavily medicated,and so informed trial court of his medication in open court,whereas petitioner state trial court should not have accepted petitioner's guilty plea and nor should trial court have denied petitioner's motion because of the issue of being heavily medicated during trial court proceeding.

The motion for Post-Sentence Withdrawal of Guilty Plea was denied 2/13/2005 without finding and conclusion of law and without providing petitioner with timely notice of service of denial in-order for petitioner to perfect timely appeal,denial of timely notice of service is provide for under Ohio's Civil R.5(a),a motion for post-sentence withdrawal of guilty plea is provide for under Ohio's Crim.R.32.1.Then on 4/09/2003,petitioner filed a motion for Evidentiary hearing to correct manifest injustice on the following issues;one,accepting guilty plea from a heavily medicated defendant without any investigation;two,imposing maximum sentence without trial court strictly complying with statutory sentencing guidelines,this motion also was denied without trial court providing petitioner with timely notice of service of trial court's judgment/order,without such notice a convicted defendant can not perfect a timely direct appeal.In respond to this denial of timely notice of service petitioner filed a judicial notice to trial court informing trial court of failure to provide timely notice of service and requesting that trial court provide petitioner with serivce pursuant to Ohio's Civil R.5(a),still trial court refused to provide petitioner with notice of service on trial court's judgment/order of denial.On 9/09/2003,petitioner filed a first time Post-conviction on a question of subject matter jurisdiction pursuant to R.C.§2953,under new and discover evidence,with a request for a evidentiary hearing.On 9/29/2003 trial court again denied petitioner motion without providing petitioner with either finding and conclusion of law and without providing petitioner with timely notice of service.For the a first time a convicted defendant can raise the issue of subject matter jurisdiction which is a collateral attack;

stated affirmatively,a collateral attack on a judgment is an attack made by or in an action or proceeding that has a independent purpose other than <u>impeaching</u> or <u>overturning</u> <u>the</u> <u>judgment</u>.Travis v.Travis' Estate,79 Wyo.329,334 P.2d508,510,(Black Law Dictionary Sixth Edition Centennial Edition (1891-1991),as a first time collateral attack this post-conviction should not have been dismissed without a evidentiary hearing.AGAIN trial court failed to provide petitioner timely notice of service of trial court's denial,petitioner filed another judicial notice to trial court,when trial court again refuse to provide petitioner with serivce of judgment/order,this time petitioner took these two denial of timely notice of service to the First Appellate District Court of Appeals in Hamilton County,Ohio,to correct these violations the First District Cort of Appeals granted petitioner a delay appeal pursuant to App.R.5(a).See attached petitioner's appellate brief.

The First Appellate Court errored,and this error denied petitioner due process of law,when the appellate court failed to address the first denial of timely notice of service from trial court.Trial court first denied petitioner's post-sentence withdrawal of guilty plea without timely service of judgment/order,court records will affirm that this was the"<u>first violation</u>"of Civil R.5(a).The post-sentence withdrawal of guilty plea was filed almost 6 months <u>before</u> the post-conviction.It is well estabished law in Ohio that a post-sentence withdrawal of guilty plea Crim.R.32.1 stands on its own and is a appealable issue "only" if the convicted defendant it provided timely notice of service of the trial court's judgment/order,this being correct,it was becoming upon the appellate court to first view the first denial of timely service rather then first entertain the second denial of timely notice of service.Petitioner's post-conviction petition was a <u>first time</u> petition on a question of subject matter jurisdiction,under new

and discover evidence which petitioner was prevented from discovery.

R.C.§2953.23 provides;(A) Whether a hearing is or not is held on a petition filed pursuant to section 2953.21 of Revised Code,a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief,or,subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or the filing of an early petition,the United States Supreme Court recognized a new federal or state right that applies retrocatively to persons in the petitioner's situation ,and the petitioner asserts a claim based on that right.

Clearly new and discover evidence falls within the meaning of unavoidabley prevented from discovery,therefore petitioner's petition for post-conviction should not have been dismissed.For the above reasons petitioner petition the court to reopen his writ of habeas corpus.

Petitioner will now put forth his arguments for relief from the court on his issues presented in petitioner's writ of habeas corpus.

### ISSUE ONE;UNCERTIFIED,UNWITNESS ALLEGED SENTENCING TRANSCRIPT.

Respondent presented to the court a uncertified  and unwitness alleged sentencing transcript which states;

1. The morning Session,June 18,2004,when in fact petitioner's judgment entry states petitioner was sentenced on June 18,1997,does the Respondent expect the court to believe that after petitioner has been requesting the sentencing transcript for over 8 years,this is a error in typing if so,let examine other sections of this alleged transcript to show inconsistency.Clearly this uncertified,unwitness transcript affirms petitioners' claims,however petitioner must show in what way.

In the Court's recommendation of Jan.1,2005,the court states,that one of the reasons why petitioner may wish to voluntarily dismiss his writ of habeas corpus is because the sentencing transcript submitted by Respondent clearly indicates that petitioner was informed of his constitutional right to appeal and expressed his understanding,with appointment of counsel on appeal which would render petitioner's claim of denial of appellate rights baseless"...[I]t would be plain error and grossly unjust for the court or any court to give "affirmation" to a court document such as a sentencing transcript,which **"must"** be certified and witness under oath of certificate,to affirm its' reliability.The court <u>speaks</u> through its' court transcripts,wherefore its' "<u>accuracy</u> and <u>artistic</u>" **must** be beyond question.The courts have determined that certifying and given witness under oath with certificate greatly dispel any questions of a transcript being unreliable.The sentencing transcript in this case can make or break petitioner's claims of constitutional violations,therefore it"<u>can not</u>" be accepted in good faith without,one,being properly certified and witness by the Court Reporter with a oath of certification.An uncertified,unwitnessed sentencing transcript should not be <u>accepted</u> or affirmed in any court.Ohio's App.Rule 9(B)(3) states"no uncertified unwitnessed transcript without oath of certification will be acknowledged.Secondly,the <u>accuracy</u> and <u>artistic</u> of a uncertified,unwitnessed sentencing transcript should be seriously questioned.This petitioner is greatly disturbed when a State with Respondent would knowingly,willingly voluntarily submitt an uncertified,unwitness sentencing transcript to the court and quote from this unreliable transcript to disprove petitioner's claims of constitutional violations,which such claim appears to be with merit.

This uncertifieded,unwitnessed sentencing transcript should in the interest of justice be Sua Sponate dismissed from the records as"fruit-of-the-posionous-tree"as petitioner had been claiming from the start.[T.r.22,lines 20-25] states: The Court: Okay.All right,then,if there is nothing further to offer,the Court will proceed by advising the defendant that he has certain constitutional rights of appeal.If you're not satified with the (continued on T.R.23,lines 1-8] proceeding of the court,and you wish to enter an appeal,sir,you're instructed to tell your attorney immediately.If you cannot afford an attorney,the Court has the duty to provide you with an attorney and also provide you with a written copy of the proceeding at no cost to you...Do you understand that,sir?

The Defendant: Yes,your Honor.

The Respondents' rests their case on the above trial court's colloquy as substantial compliance with "all" of Ohio's Crim.Rule 32(B)(2).Ohio's Crim.R.32(B)(2),states there "must"be substantial compliance by trial court with all,not partial compliance of Crim,R.32(B)(2).

Crim.R.32(B)(2);Notification of Right to Appeal provides;

(2) After imposing sentence in a serious offense,the Court shall advise the defendant of the defendant's right,where applicable,to appeal or to seek leave to Appeal the **sentence** imposed.

(3) If a right to appeal or right to seek leave to appeal applies under division(B)(1) or(B)(2) of this rule,the Court "**must**" also advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal,the defendant has the right to appeal without payment:

(b) That if the defendant is unable to obtain Counsel for an appeal,Counsel will be appointed without cost:

(c) That if the defendant is unable to pay the cost of documents necessary to an appeal,the documents will be provided without cost:

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

Crim.R.32(B)(2) <u>does</u> <u>not</u> grant a defendant the right to appeal the "<u>proceeding</u>",nor does it authorize a sentencing Court to advise a defendant of a right which does not exist with-in the statutory requirements,neither does Crim.R.32(B)(2) authorizies a sentencing Court to instruct a defendant to inform his or her attorney if he or she are not satified with the out come of the proceeding,this advisement from the sentencing court strongly appears to give a defendant a right which was <u>not</u> granted to defendant by the statute.For the sentencing court to advise a defendant of a right which does not exist within the statute is plain error and noncompliance with statutory requirements.The State Court is the[executor]appointed to carry out statutory requirements and not the framers of the statutes,therefore the State Court is not inpowered to grant a defendant a right which has not been granted in the statute.

There <u>must</u> <u>be</u> <u>substantial</u> <u>compliance</u> with all statutory requirements.

**Granted** a sentencing Court does not have to employ the **exact** language in its'**colloquy,**however the language <u>must</u> be in substantial compliance with statutory requirements for the defendant to have a full meaning of the requirements.In this case the sentencing Court grossly departed from the <u>must</u> requirement of Crim.R.32(B(2).The framers'employment of the words"**shall** and **must**"denotes a serious obligation instilled in the statute that the executor [state court] must substantially comply with.In this,to substantially comply with <u>all</u> the requirements of Crim.R.32(B)(2).Crim.R.32(B)(2) leaves <u>no</u> room for partial compliance nor does it give the sentencing court the authority to grossly depart from <u>all</u> of the requirements.Here the Respondent would have the Federal Court to

concede that the mere fact that the sentencing Court partially complied with Crim.R.32(B)(2),adquately satisfies the substantial compliance requirements of Crim.R.32(B)(2),if a Federal Court is greatly persuaded by the Respondents' arguments then the executor becomes the framer and there would be no need for executor to scrupulosly adhere to Crim.R.32(B)(2) or any other statutory requirements.Statutory requirements were supposedly designed to protect a defendant rights and safeguard the State & Federal Constituional rights.The federal constitution is violated when state courts do not substantailly comply with its' own statutory and constitutional requirements.In this issue there can be no further doubt that the sentencing Court failed to substantially comply with all of Crim.R.32(B)(2) and to safeguard petitioner's constitutional rights.

## SECOND: ISSUE OF NONCOMPLIANCE WITH STATUTORY REQUIREMENTS

Vere the sentencing court imposed the maximum sentence on petitioner without substantial compliance with Ohio's statutory requirements.T.r.23,lines 10-25;The Court: All right.The sentence of the Court,then,will be that the defendant be ordered confined to the Department of Corrections of the State of Ohio on Count 1 and Count 2 for ten years on each count.You are ordered to pay the cost of prosecution;The sentence are to run concurrently.The sentencing transcript is silent as too any further colloquy from sentencing court as to substantial compliance with all statutory sentencing guidelines..[O]hio Court's as of 1996,are required to substantially comply with statutory sentencing guidelines and procedures set forth under Ohio's Revised Codes §2929.11 through §2929.14(A)(1);2929.14(C);2929.14(B);2929.14(E)..Under Ohio's sentencing guidelines the maximum sentence is "reserved" for those offenders who had committed the **worst form** of the offense or posed the **greatest** likelihood of recidivism.

See R.C.§2929.14(C) and the court "must" specially enumerate why this particular alleged offense were the worst forms of the offense and deserving maximum sentence.In this case the sentencing transcript is silent as too whether trial court made such finding on the record,in open court at the time of sentencing,this noncompliance in imposition of maximum sentence constitute "plain error".On noncompliance of statutory sentencing guidelines and improper imposition of maximum sentence see State-v-Kershaw,12 Ohio App.3d.34(Hamilton,Cty.1991),724 NE.2d.1176;State-v-Comer,99 Ohio St.3d.463,793 NE2d.473;State-v-Bruce,1st.Dist.No.040421-2005-Ohio-373.In light of recent United States Supreme Court Ruling which held"...[U]nder the Sixth Amendment [other] than the fact of a prior conviction,any fact that "increases"the penalty for a crime beyond the prescribed statutory maximum sentence must be submitted to a jury,and proven beyond a reasonable doubt.In Bruce the First Appellate District held "that R.C.§2929.14(A)(1) and 2929.14(C) are unconstitutional to the extent that they permit a sentencing Court to impose a sentence "exceeding" the maximum term authorized by the facts admitted by the defendant or proven to a jury beyond a reasonable doubt.In the present case at bar,the Court's imposition of maximum sentence on Petitioner was in strict violation of Ohio's statutory sentencing guidelines.Admittedly,even if a defendant had a prior conviction,the trial court would be within its' statutory guidelines to impose a sentence on a defendant up until 9 years on a conviction of violation of a 1st degree felony,but,not beyond the 9 years without a jury..In Blakely-v-Washington (2004)-U.S.124 S.Ct.2531,the Court held,"statutory maximum"not as the longest term the defendant can receive under the circumstances,but as "the maximum sentence"a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

Id.at 2536.As it stands now trial court's imposition of maximum sentence of ten years on Petitioner was prohibited by the Sixth Amendment on the imposition of longest term of imprisonment which is a Constitutional violation per se,now that the First Appellate Court of Appeals has ruled also the statutes R.C.§2929.14(A),and (C) are unconstitutional Petitioner is serving a sentence which has been ruled by U.S.Supreme Court as Plain error and a State Appellate Court as unconstitutional.In its' present form Ohio's sentencing statutes are"<u>defective</u>",because it fail to extent to <u>some</u> group their constitutional benefit such as in Petitioner's case,receiving maximum sentence without trial Court substantially complying <u>all</u> of Ohio's statutory sentencing guidelines.In this instance case petitioner is imprison for over 8 years on a"**<u>unlawful</u>**"sentence which is contrary to Ohio's sentencing scheme.This unlawful act has been brought to the attention of Ohio's Courts,State and Appellate more than three times,each time petitioner filed before  Courts he was hit with either wrong procedure or wrong vehicle,it should matter not what procedure or vehicle petitioner employs seeking redress of his unlawful sentence,or are the Courts saying that its' just for a State Court to employ the wrong procedure to place one in prison and deliberately depart from statutory requirements.And when the convicted defendant/petitioner seeks to have this manifest injustice corrected he or she is hit with procedural default,as a unlettered Petitioner I'm confused,my reasoning is such that if the Courts' employ wrongful procedure to place a person in prison,why can't that person employ the same wrongful procedure to seek redress of their unjust sentence?...It can't be that its'within the means of justice for the Courts to use unjust means to place a person in prison,but wrong for prisoner seeking his freedom.Laws were framed for the people by the people.

## THIRD ISSUE OF NONCOMPLIANCE;DENIAL OF SEXUAL PREDATOR HEARING;

Petitioner raised the claim of being denied a sexual predator hearing pursuant to R.C.§2950.(B)(1) and that defense counsel was ineffective in not protecting or objecting to trial court not providing petitioner with a timely notice of hearing and a hearing.The sentencing transcript will affirm that petitioner was adjudicated a sexual predator without such hearing or notice of hearing.T.r.19.lines 17-25;**The Court:**Staple those all together.Let the reporter mark them as Exhibit 1 for the purpose of the sexual offenders's hearing...**Mr.GreenBerg:**Your Honor,it's my understanding that there was not going to be a hearing on this issue.It's my(continued on T.r.20,lines 17-25),understanding that the defendant pled guilty to Count 1,Count 2,and he pled guilty to the specifications,that he is a sexually violent predator.That's what the plea bargain was...And we dismissed Count 3 and Count 4 with the specifications.**Mr.GreenBerg:** Well,I'm just saying that I expect the Court to make that finding and not consider the lesser classifications of sexually motivated offender or habitual offender...**The Court:**I think,even though we have the sexual predator specification in the indictment--those are in the indictment,right? **Mr.GreenBerg:**Yes,sir,...**The Court:**I think we may still have to make s separate finding.Doesn't the specification in the indictment simply make the sentences(continued on T.r.21.lines 1-25),mandatory?**Mr.Burke:**No,your Honor.**Mr.Greenberg:**There is no mandatory time required.**The Court:**That's what I mean.The sexual predator specification don't do anything to the underlying sentences?..**Mr.GreenBerg:**No...**The Court:**What do you think,Mr.Burke;I still have to make a separate finding?..**Mr.Burke:**I think you have to make a separate finding,and I understand what Mr.Greenberg is saying.**The Court:**There needs to be no further evidence presented?**Mr.GreenBerg:**Right,becaused he pled guilty to the specifications.

R.C.§2950.09(B)(1),provides,"[B]efore a defendant can be adjudicated a voilent sexual predator,it must be by clear and convincing evidence with expert witnesses on the likelihood of future sexually oriented offenses and at the hearing,the offender and the prosecutor shall have an opportunity to tesify,and to present evidence,call and examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.[The] offender shall have the right to have counsel appointed to represent the offender.State-v-Cook,(1998),83 Ohio St.3d.423-426.Petitioner should have had the appointment of expert psychologist or psychiatrist to evaluate petitioner prior to the hearing,this denial,effectively precluded petitioner from presenting evidence on his own behalf on the issue of whether petitioner is"likely to engage in the future"in one or more sexually oriented offenses..The Respondent contents that petitioner plea agreement was based on petitioner pleading guilty to the sexual predator specifications in the indictment,the defense counsel contents that petitioner pleaded guilty on the promise that defense counsel would request for a presentence investigation report and psychiatric evaluation.In the May 15,1997 proceeding T.r.11,lines 6-24;Regardless of the fact,petitioner was denied a timely notice of hearing and a hearing as provided by the statue.A plea agreement is a contract supposedly entered by all parties in good faith as such when the contract is breached either by the State or the Defendant,then the contract becomes invalid.Both parties Mr.Burke and Mr.GrreenBerg for the State agrees there was a contract,that petitioner was pleading guilty to count 1&2 with violent sexual predator specifications,with this agreement there should have been a separate hearing with substanial compliance with statutory requirements.

In Cook,83 Ohio St.3d.at 407,700 NE2d.at 574,the Court held that trial court's denial was so prejudicial that it amounted to plain error,to earn the most severe designation of sexual predator,the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be "likely to engage in the future in one or more sexually oriented offenses"R.C.§2950.01(E),the statute is clear and unambiguous in its provision.The Court has already recognized that these requirements have grave consequences.At a sexual offender classification hearing,decision are made regarding classification,registration,and notification that will have profound impact on a defendant's life.State-v-Cowdy,(2000),88 Ohio St.3d.387,398,727 NE2d.579-589,the Supreme Court held"[We] noted in Cowdy the"danger"of making the sexual offender classification hearing **"prefunctory in nature"**,which would deny defendant the rights guaranteed him under the statute,Id.at 398,727 NE2d.at 589."[T]he state must,as a matter of equal protection,provide indigent defendants with the basic tools of an adequate defense when those tools are available for a price to other defendants".Britt-v-North Carolina,(1971),404 U.S.226,227,92 S.Ct.431-433,30 L.Ed.2d.400-403.

**FOURTH ISSUE:**Denial of Right to View Presentence Investigation Report in a reasonable time before sentencing to correct any misinformation:

Crim.R.32.2..Presentence Investigation Report

In felony cases the court **shall** order a presentence investigation report.

Petitioner claim is that he was denied the right to personally view the presentence investigation report in a reasonable time before sentencing to correct any misinformation in the report.The certified pled transcript of May 15,1997,affirms defense counsel orally,directly informing trial court in open court and on the records that one of the reasons petitioner pleaded guilty was for a presentence investigation report

-13-

.The May 15,1997 transcript is certified and witnessed with certficate;(T.r. 11 lines 6-24);**The Court:**Now,did he make other promises to you in return for your signing a plea other than what I've just stated on the record?..**Mr.Burke:**Judge,yes,I have.I made the promise that we would ask for a presentence investigation from this court.Included in the presentence investigation would be a psychiatric evaluation of this man's conduct during this incident..**The Court:**Is that correct,sir?..**The Defendant:**Yes,Your Honor..**The Court:**Was there anything else,then,that your attorney said that you might consider a special promise or representation,sir?..**The Defendant:**No..**The Court:**Was there anything else?..**Mr.Burke:**No,that was it,sir...In the uncertified,unwitnessed sentencing transcript,(T.r.4,lines 24-25);**Mr.Burke:**Judge,yes,I have a few things.(T.r.5 lines 1-3 Mr.Burke continue);I thank the court for ordering a presentence report and the evaluation by Dr.Chiappone.(T.r.17 lines 22-25);**The Court:**Mr.Prosecutor,as far as the determination is concerned,can we place on the record the information provided in the presentence report (continue T.r.18,lines 1-25),concerning prior convictions for sexual offenses.Is that going to be adequate,do you think?..**Mr.GreenBerg:**I think it would.I think we can enter into a stipulation to the information in the presentence investigation..**The Court:**Mr.Burke,would you concur in that without further evidence in the record that information provided in the presentence report would be acceptable?...**Mr.Bruke:**As long as the presentence report,Judge,that you're accepting includes his treatment----clinic evaluation.I would like that to be included as evidence..**The Court:**That would be an additional exhibit.I think what we ought to do is mark the presentence report.Did you get a copy of that presentence report,or not?...Mr.Burke:**No**.Judge,I got a copy,(continued on T.r.19.lines 1-13),of the clinic report..

**The Court:** Do you have an extra copy of the presentence report? Do you have an extra copy?..All right. What I would like to do is have the presentence report, the victim impact statement, and the arresting officer's statement and the clinic report jointly marked as exhibit 1 for the purpose of the record.

Defense counsel affirms in open court, on the records that he promised petitioner for his guilty pleas, that defense counsel would ask the Court for presentence investigation report. A presentence investigation report is "**mandated**" by Crim.Rule 32.2, this is what defense counsel failed to tell petitioner. The question here is would a reasonable competent defense counsel persuade his heavily medicated client to plea guilty to 2 very serious 1st degree felonies on the condition of a presentence investigation report which is mandated by law?..State-v-Koons,140 O App.3d.289,14 OBR 345,470 NE2d.922. This kind of malconduct is invalid and sticks at the core of ineffective assistance of counsel and renders petitioner's guilty pleas as not knowingly, willingly and voluntarily..It is well settle law in Ohio that a convicted defendant does not have a right to his presentence investigation report after sentencing, however, the defendant <u>must</u> be allowed in a reasonable time before sentencing to personally view the presentence investigation report to correct any misinformation and the sentencing Courts' records <u>must</u> reflect that the Court afforded petitioner and his Counsel the opportunity to personally view the presentence investigation report. Both transcripts are silent as to whether petitioner and his counsel were afforded this opportunity. The sentencing Court's summary acceptance of presentence report, in this rape case was insufficient especially since the Court records do not show that the court made any offering to petitioner to view PSI, before imposing sentence. This denial is in strict violation of Fed.Rules Cr.Proc.Rule 32(C)(3)(A),18 U.S.C.A."Before a court imposes a sentence, the Court must verify that the defendant and his counsel have read and discussed the presentence report filed in defendants' case.

A trial judge need not expressly ask the defendant if he and his counsel have read and discussed the report:instead,"the court need only somehow determine that defendant and counsel have had an opportunity to read and discuss the [presentence report]." United States-v-Stevens,851 F2d.140,143(6th Cr.1988)(emphasis in original).However,the fact that a defendant and his counsel may have discussed issues contained in the report is insufficient-there must be evidence on the record that the defendant and his counsel have read and discussed the report.See United States-v-Mitchell,243 F.3d 953,955 (6th Cir.2001)(holding that it was not enough that counsel had read the report and had discussed issue therein with the defendant):In this case because of the inaccurate information in the presentence report Petitioner's stated prison sentence of definite was changed by DRC to mandatory,the May 15,1997 transcript affirms "no mandatory time"T.r.3,lines 4-25:the sentencing transcript also clearly confirms "no mandatory time"T.r.20,lines 21-25 and T.r.21,lines 1-9.However the Department of Corrections states that the presentence report language indicates a mandatory sentence for the serious violence inflicted upon the alleged victim,(regardless of the fact that petitioner's indictment and judgment states,without force or threat of force).Petitioner is being denied lower security.Worst of all petitioner was denied **"bed side visitation to his mother** and then denied the right to attend her "funeral"because of the listed violent nature of petitioner's alleged crime.These denials have been addressed within the official Departmental grievance procedure and denied,(by prison officials changing petitioner's stated sentence from definite to mandatory denies petitoner earned credit under SB-2,for programs,vo cational education,PTSD treatment and other programs to rehabilitate petitioner,these are some examples of the inaccurate information in the presentence report.In sentencing

T.r. 17,lines 22-25;T.r.18,lines 1-3;where the Court speaks of prior"**convictions**

for **sexual offenses** in the presentence investigation report,the Court summary

accepting the presentence investigation report without allowing petitioner a

reasonable opportunity to personally view the report to **correct** this

misinformation.State-v-Dietz,89 O.App.3d 69,623 N.E.2d.613."[T]he extent of a

defendant's Constitutional right is " not to be sentence on the basis of invalid

information" and the defendant **"must"** be given an opportunity to rebut any

challenged information"ld.at 865(emphasis added),United States-v-Barrett,890

F2d.855(6th.Cir.1989).See also United States-v-Stevens,851 F2d.140-

143(6th.Cir.1988).The mere fact that Petitioner was not allowed to personally

view the presentence investigation report,it's accuracy is placed in serious

jeopardy,a defendant has a"constitutional right"to be sentence on reliable

corroborated evidence.United States-v-Silverman,976

F2d.1502(6th.Cir.1992)..Literal compliance with Fed.Rule 32(c)(1)'helps to ensure

that defendants are sentenced on the basis of accurate information and provides a

clear record for appellates courts,prison officials,and administrative agenices

who may later be involved in the case"United States-v-Tackett,113 F3d.603,613-

14(6th.Cir.1997);United States-v-Osborne,291 F.3d 908(6th.Cir.2002).

**B.** Defense counsel also directly informs trial court in open court of the second

promise to petitioner,for petitioner's plea of guilty was for a psychiatric

evaluation,however,pursuant to the former R.C.§2947.25(A)holding"Presentence

psychiatric examination mandated by statute is part of sentencing process

and"cannot"be waived by defendant or his counsel any sentsence imposed without

compliance with statute is void.State-v-Lee,56 Ohio App.2d 57,381 NE2d

342.Therefore defense counsel representation for petitioner,for petitioner's

pleas was ineffectived,because counsel's promises were invalid and violated

"fiduciary duty".

**Note**\*\*May 15,1997,transcrip;T.r.5,line 3,affirms "No Mandatory Sentence".

**SIXTH ISSUE:**WHETHER TO ACCEPT A HEAVILY MEDICATED DEFENDANT'S GUILTY PLEAS WITHOUT
            QUESTION WHEN IT IS BROUGHT TO THE COURT'S ATTENTION IN OPEN COURT:

Petitioner maintains that when he openly in open court directly informed the court
that petitioner was under the influence of more than three (3) anti-psychotropic
medications simultaneously(other than a mile anti-depressant)trial court should
not have accepted Petitioner's guilty pleas without some fact finding on the
medications and their effect on petitioner's mental ability during trial court
proceeding.May 15,1997 T.r.13,lines 1-25;**The Court:**You do not appear to be under
the influence of any drugs or alcohol at this time.Am I correct?**The Defendant:**I'm
under medication.**The Court:**What kind of medication?**The Defendant:**I don't know what
kind.**The Court:**You don't know what it is?.**The Defendant:**It's 50 milligrams of
one,and it's two more involved in there.**The Court:**All right.What,generally,is it
being prescribed for?What kind of problems?**The Defendant:**Because at one time I was
hearing voices,and then they prescribed this medication for me,plus
antidepressant.**Mr.Burke:**I don't know the drug.It's an antidepressant drug based
on--after his arrest he was despondent about the crimes charged here,and he was
very depressed when they brought him into the justice center.He was not on
suicide(continued T.r.14,lines 1-25) watch or anything.They gave him some
antidepressant drugs at one time.He's still on them,but the doseage is down.During
the times I've talked to Mr.Merriweather,he's been clear and responsible.He's an
educated man that does understand what is going on today.Respondent will base
their objections on the fact that petitoner,one,appears on the records to have
entered into colloquy with trial court,secondly,that trial court was not obligated
to hold hearing on the issue of whether defendant's guilty pleas was voluntarily
given,where neither defense,prosecution,nor trial court raised any issue as to
defendant's competence to stand trial.Sentencing transcript,(hereafter
S.T.)T.r.8,lines 19-25;**The Court:**Do you want to add anything,sir,to what your
attorney has said?**The Defendant:**Yes,your Honor.I am taking medication that makes
my mouth dry.

Contrary to defense counsel's inaccurate information to trial court in open court and on the records;The Ohio State Mental Health Services records will factually affirm,**one,**that Petitioner was prescribed more than three(3)anti-psychotropic medications during"all"of trial court proceeding,these medications were administer simultaneously,(one medication was Millaril),which is commonly known to "affect the user's thought processes,which can undermine the defendant's desire for self-preservation,which is necessary to engage the defendant in his own defense in preparation for his trial".**Riggins,**504 U.S.at 142,112 S.Ct.at 1818-1819(1992);**Jackson-v-Indiana,**406 U.S.715,739,92 S.Ct.1845-1858,32 L.Ed.435(1972)..**Secondly,**that petitioner was placed on "suicide"watch in the Hamilton County Justice center immediately upon arrival for more than 48 hours..**Thirdly,**as a result of the placement on suicide watch and complaints of psychiatric problems,the Ohio State Mental Health Services promptly diagnosed petitioner with suffering from "post-traumatic stress disorder"(**PTSD**),antipsychotropic medications were immediately prescribed and adminsitered to petitioner three times a day during trial court proceeding.Had defense counsel attempt a reasonable investigation of petitioner's claim of being heavily medicated,these facts would have been uncovered.(T)here is a reasonable probability that,"but for petitioner's counsel's failure to investigate the PTSD defense,"the result of the proceeding would have been different".**Jennings-v-Woodford,**290 F.3d 1006(9th.Cir.2002).Psychiatric and medical tesimony could have enabled trial court to indentify petitioner's medications and their adverse side effects.Petitioner does not claim that the evidence regarding his PTSD would have provided affirmative mental state defense.Rather,petitioner asserts that PTSD evidence his counsel failed to unearth would have factually indenified the psychotropic medications in question and their adverse side effects on Pettioner.

**Aguirre-v-Alameida**,120 Fed.Appx.721(9th.Cir.2005).In(S.T.)T.r.5,lines 13-
25;**Mr.Burke** speaks of psychiatirc problems,but neither,defense counsel or
Dr.Chiappone correctly indentifies petitioner's psychiatric problems,nor does
Dr.Chiappone's alleged psychiatric **"treatment"** and evaluation address the issue of
petitioner's anti-psychotropic medications or the the diagnosed PTSD;T.r.7,lines 1-
25;T.r.8,lines 1-21.Petitioner states in T.r.8,line 25;T.r.9,lines 1-13;that
petitioner's psychiatric problems for 28years were derived from being in Vietnam at
an early age.Petitioner's mother in T.r.10,lines 1-25;**The Defendant's Mother:** and
his problem started--his behavior changed after he came out of the service.He went
in the service at 16.T.r.11,lines 1-25;**The Defendant's Mother:**He never talked about
his problem.He never talked about what happened to him in the service.Only one time
he did write me that,"mom,we are killing kids over here,and they were his age.Other
than that,he never talked about it.If I would say something to him about it,he
would clam up."To be "Competent"to stand trial,it is not enough that defendant is
oriented to time and place and has some recollection of events;test is whether
defendant has sufficient present ability to consult with his attorney,with
reasonable degree of rational understanding,and whether defendant has rational as
well as faccual understanding of proceeding against him.Trial judge who formulates
his own expert opinion regarding defendant's competency to stand trial,based on
impressions gathered during colloquy  with defendant,should at the very least
explain what he has discovered factually and how he has analyzed those facts,and
provide defendant with opportunity to respond to his findings and diagnosis.**Layway-
v-Dallman**,806 F.Supp.1322 (N.D.Ohio 1992).Requirement that accused be competent to
stand trial is aspect of substantive due process.Const.Amend.14.

During petitioner's sentencing phase it was defense counsel's duty to raise the issues of petitioner's anti-psychotropic medications and PTSD."Counsel was ineffective for failing to explain effects of petitioner's mental/psychiatric impairments in penalty phase.**Smith-v-Mullins,**379 F3d.919(10th.Cir.2004).

**SEVENTH ISSUE:**DEFENSE COUNSEL ACCEPTANCE OF PETITIONER'S ALLEGED CONFESSION TO
      POLICE WITHOUT ANYMEANS OF VERIFICATION TO DETERMINE IT'S ORIGIN:

Petitioner maintains that his alleged confession to Cincinnati detective Rick Malone was not lawful for the following reasons;**One,**Petitioner upon arrival at Cincinnati Police Personal Abuse station promptly,personally inform officer Malone and his Partner that petitioner was under the immmedate influence of alc[o]hol and drugs,with this revelation the officers began to play the good cop bad game;**Secondly,**petitioner states affirmly(which the police report should affirm),that petitioner was deprived and restrained of his liberties at 1535 Pleasant St.and was verbally told by Cincinnati police "not to move"after about 30 mintues,petitioner was then placed in handcuffs and placed in the back of a Cincinnati police car without being orally,directly formally informed of the reason of his arrest,petitioner further states that when he was deprived and restrained of liberties at 1535 Pleasant St.,Miranda came into play and without Miranda there should not been any interrogation.The Fifth Amendment privilege against self-incrimination provides the "[n]o person...shall be compelled in any criminal case to be a witness against himself.Malloy-v-Hogan,378 U.S.1,8(1964).**Police** interrogation of a suspect in custody threatens the exercise of this Fifth Amendment privilege because officers might **actively** compel **confessions** through overtly coercive interrogation,or passively compel them by exposing suspects to the "inherently coercive'environment created by custodial interrogation..

**New York-v-Quarles,**467 U.S.649,645 (1984).In Miranda -v-Arizona,the Supreme Court

established a prophylactic,procedural mechanism that safeguards a defendant's

Fifth Amendment privilege against the inherently coercive nature of custodial

interrogations.384 U.S.436,444 (1966).The court held that unless the defendant

was informed of Fifth Amendment rights before questioning,any pretrial statement

elictied from the defendant during custodial interrogation were inadmissible at

trial.Miranda warning are only required when a suspect is both in custody and

subjected to state interrogation.Under Miranda,custody involves the deprivation

of "freedom of action in any significant way".**U.S.-v-Henley,**984 F.2d

1040,1042(9th.Cir.1993)(custody because suspect was handcuffed and placed in the

back of police car,although suspect told was not under arrest):In this case

defense counsel made no reasonable investigation into petitioner's prior claim

that petitioner's alleged voluntarily confession was"not voluntarily

given",instead defense counsel summarily accepted police account that the alleged

confession was real and voluntarily introduced the alleged confession to the

court,in open court,on the records and instructed the court to "personally"view

the alleged confession as affirmation of petitioner's guilt.T.r.5,lines 6-

19;T.r.7,lines 8-22;Defense counsel has a duty to reasonable ascertain whether

his medicated client's alleged voluntarily confession was infact given under pure

voluntarily conditions and "Not"to assume or to factually accept the police's

words,there must be some determination on the counsel's part as to affirmation of

his client's alleged confession,and when custody and deprivation of petitioner's

freedom actually came into being.This alleged confession was entered into the

presentence investigation report,and played a part in petitioner's sentence,there

exist a probability,but,for the alleged confession court finding might have been

different.

**EIGHTH ISSUE:**DEFENSE COUNSEL WAS INEFFECTIVE IN ALLOWING A MEMBER OF THE HAMILTON COUNTY PROBATION DEPARTMENT TO STRONGLY RECOMMEND A LENGTHY PRISON TERM FOR PETITIONER,ESPECIALLY WHEN PROBATION DEPARTMENT WAS NOT A PART OF PLEA BARGAIN;

Since just recently receiving the uncertified sentencing transcript,petitioner

has just discovered that the Hamilton County Probation Department,( herein after

HCPD) actually praticipated in petitioner's sentencing phase and made a strong

recommendation for a lengthy prison sentence.The Ohio Probation Department is

within its'jursidiction to make recommendations on programs for offenders,but is

not inpowered to make or suggest any range on sentencing in felony

sentencing,especially since there was an alleged prior plea

agreement.T.r.15,lines 3-19.This petitioner can find no listed authority granted

to the Probation Department to enter into a defendant's sentencing phase,when the

Probation Dept'was not part of the original plea.Since maximum sentence was

imposed,it strongly appears from the records that trial court g ave the Probation

Department recommendation serious consideration.Defense counsel should have

strongly objected to the Probation Dept'making any recommendation on sentencing

while defense counsel stood mute.

**NINTH ISSUE:** TRIAL COURT'S FAILURE TO SUBSTANTIALLY COMPLY WITH CRIMINAL RULE 11(C)(2)(a):

Criminal Rule 11 (C)(2)(a) provides;In felony cases the court may refuse to

accept a plea of guilty or a plea of no contest without first addressing the

defendant personally and doing all of the following:**(a)**Determining that the

defendant is making the plea voluntarily,with understanding of the nature of the

charges and of the maximum penalty involved,and,if applicable,that the defendant

is not eligible for probation or for the imposition of community control

sanctions at the sentencing hearing.

In trial court's colloquy with petitioner on accepting petitioner's guilty pleas the court was to do the following;**One**,orally,directly inform petitioner whether he was either eligible or ineligible for probation and the records <u>must</u> reflect in some manner in open court that trial court substantially complied with Crim.Rule 11(C)(2)(a) on notification of petitioner eligibility or ineligibility of probation during plea hearing.In May 15,1997 plea hearing,during trial court's colloquy T.r.9-21;the transcript is"<u>completely silent</u>"as to whether trial orally,directly inform petitioner whether he was eligibile or ineligible for probation before accepting petitioner's guilty pleas in open court."Failure to inform the defendant of his ineligibility for probation,under certain circumstances,may be prejudicial error requiring the vacation of the defendant's plea.**State-v-Colbert**,71 Ohio App.3d.734,595 NE2d 401(1991).Criminal Rule 11(C)(2) requires the performance of specific acts by a trial judge before the acceptance of a guilty plea in a felony case."[T]he performance of those acts is "<u>**mandatory**</u>" and not discretionary;**State-v-Young**,46 Ohio App.2d.269,75 Ohio Op.2d 420,349 NE2d 322(1981).**Secondly**,Crim.R.11(C)(2)(a),provides for trial court before sentencing to orally inform defendant of maximum sentence,and that Post-release Control (PRC)is part of the defendant's sentence,this must be done in open court and on the records.The trial court must satisfy itself that the defendant knows the maximum penalty applicable to the offense involved before accepting a plea of guilty.**State-v-Gibson**,34 Ohio App.3d 146,517 NE2d 990(1986).R.C.§2967.28(B)(1) provides for the imposition of 5 years post-release control on a violation of felony sexual offense if that offense is a 1st degree felony,and the notification of post-release control must be in open court and the defendant <u>must be directly</u> told that PRC <u>is</u> part of his or her sentence.

R.C.§2967.28(B)(1) provides in 1st degree felonies violations 5 years PRC
is"Mandatory" and part of the offender's sentence and part of the maximum
penalty.**State-v-Jordan**,(2004),104 Ohio St.3d 21,2004-Ohio-6085;**State-v-
Finger**,(2004),104 Ohio St.3d 157,2004-Ohio-6390;**Woods-v-Telb**,89 Ohio St.3d 504,733
NE2d 1103;**State-v-Lamb**,(2004)156 Ohio App.3d 128,804 NE2d 1027;Both transcripts are
completely silent as to trial court in a oral dialogue telling petitioner either
about PRC or Community Control Sanctions as mandated by Criminal R.11(C)(2)."An
error committed by a trial court,in "failing"to inform a defendant of"any"of the
proceduural safeguards provided by Crim.R.11,is **"inherently prejudicial"** and
renders void any "waiver"made by the accused;**State-v-Walton**,50 Ohio App.2d 386,4
Ohio Op.3d 356,363 NE2d 782(1977)."[A] court is not in compliance with
Crim.R.11(C)(2) when it fails to inform the defendant in oral dialogue of the
maximum penalties of the offense to which he pleads guilty,even thought the
defendant sign a written plea of guilty which recites those penalties:**State-v-
Wilson**,55 Ohio App.2d 64,9 Ohio Op.3d 223,379 NE2d 273(1978).Crim.R.11(C)(2)
defendant must be personally informed that he is not eligible for probation or for
the imposition of community control sanctions at the sentencing
hearing.There"**must**"be a substantial compliance with the requirements of
Crim.R.11(C).In addition in trial court's colloquy the court failed to orally
inform Petitioner that the presumption in favor of a prison term could be
"rebutted"R.C.§2929.13(C)(d).In the court's colloquy with Petitioner the court
speaks of modify of sentencing,T.r.25-26.R.C.§2953.08 does not authorize trial
court to modify a sentence after it has been imposed and defendant transferred to
prison,only the **Appellate Court** has the power,trial court can grant early release
from incarceration pursuant to R.C.§2929.20,for the court to tell convicted
defendant in open court and on the records is prejudicial.**State-v-Ward**,135 Ohio
App.3d 76,732 NE2d 1055(1999).

PRC and community control sanctions were not issues in petitioner's prior filing,however onces the Respondent finally furnished petitioner with said sentencing transcript,petitioner right was to diligently explore and challenge every inconsistent exchange.This uncertified,unwitnessed without certification sentencing transcript is riddled with non-compliance of statutory requirements,Constitutional violations State,Federal and U.S.These violations are so plain and **"numerous"**that they contravenes fundamental principles of fairness and impugns the integrity of our criminal justice system"..Defendant's due process rights include,at the very least,fair trial and fair opportunity to defend against state's accusations.U.S.C.A.Const.Amends.5,14.In this case petitioner's appellate review and due process rights were violated by trial court failure to preserve for the records all and any writtten instructions certified under oath of certification.**State-v-Smith**,87 Ohio App.3d 480,622 NE2D 677.What this uncertified transcript tells the court is that one,trial Court was not in substantial compliance with Crim.R.32(B)(2).Crim.R.11(C)(2)(a),Crim.R.32.2,R.C.§2929.11-2929.19;R.C.§2967.28(B)(1) and R.C.§2950.09(B)(1),(B)(2),(B)(3) and that petitioner is continuity being restrained of his liberties and freedom in absence of due process and in strict violations of statutory procedurals.In absence of due process wrongful procedurals petitioner is being denied a direct review of his unlawful sentence and unlawful conviction. "(A) rule may not abridge,enlarge or modify any substantive right and a statute will **"control"** on matters of substantive law;In this context,**"substantive"** means that body of law which creates,defines and regulates the right of the parties,while"Procedural"refers to the methods of **enforcing** such rights or obtaining redress.Ohio Const.Art.4,§5(B).
Therefore,this conviction and sentence must be reversed in the interest of justice and fundamental fairness.

**TENTH ISSUE:**WHETHER PETITIONER IS IN PROCEDURAL DEFAULT.

Respondent claims that petitioner has waived his grounds for relief in large part due to his procedural default in failing to pursue an appeal from petitioner's conviction and sentencing until nearly four years after the imposition of sentence.(Doc.9,Brief,pp.10-16;Doc.24,pp.4-5).Petitioner now states that Respondent claims maybe correct in part for the following reasons;**(A)**.In order for any defendant to timely appeal a conviction or imposition of a sentence two procedures "<u>must</u>" be substantially complied with,**one,**the defendant must be orally directly informed of the right to appeal with timely notice of appeal,**two,**defendant and"<u>all</u> <u>parties</u> <u>must</u>" be <u>properly</u> <u>timely</u> <u>provided</u> with notice of service of the Court's judgment or order,pursuant to Civil Rules 5,58(E),without a proper notice of service of a appealable judgment or order the defendant"**cannot**"perfect a timely appeal."Right to appeal is a civil matter,notice of service of judgment or order,Civ.R.5,58(E),"<u>must</u>"be provided.**Definie-v-Broadview HTS,**76 Ohio App.3d 209,601 NE2d 199(Ohio App.8 Dist.1991).In this instance matter at bar **"8½ years"** after conviction and imposition of sentence petitioner"<u>has</u> <u>not</u>"been officially provided timely proper notice of service of trial court's judgment or order of conviction and sentence.Petitioner's Appearance Docket sheet of 1/06/2005 "**does not**"reflect or affirm that proper timely notice of service was properly,officially served upon peitioner or his defense counsel,and the a appellate court is without jurisdiction to entertain an appeal without a appealable judgment or order.A defendant's conviction and sentence does not become <u>**final**</u> without proper timely notice of service.In **Atkinson-v-Grumman Ohio Corp.523 NE2d at 853,**the Supreme Court held"The right to file an appeal,as it is defined in the

Appellate Rules,is a property interest and a litigant **"may not"** be deprived of that interest without <u>due process of law</u>",we stated in **Moldavan-v-Guyahoga Cty.Welfare Dept.**(1986),25 Ohio St.3d 293,295,25 OBR 343,345,496 NE2d 466-467,"That the opportunity to file a timely appeal pursuant to App.R.4(a) is rendered meanless when reasonable notice of an appeal order is not given,promulgated the procedures that should be followed in order to comply with Civ.R.5,58(B),"For our purposes,we beleive that the following Rules will meet the due process requirements contemplated by **Mallance-v-Central Hanover Bank& Trust Co.**(1950),399 U.S.306,70 S.Ct.652,94 L.Ed.865;these rules are to be applied in**"all"Courts of this State** in the exercise of civil jurisdiction at law,or in equity,except as stated in Civ.R.1(C);The Rules are,**(A)** Within 3 days of the entry of any final appealable judgment or order,the Clerk of Courts **"shall"** serve a notice of the entry in any manner provided in Civ.R.5,upon every party who is not in default for failure to appear;**(B)**The Clerk shall make a notation in the case Docket indicating that the require services has been made;**(C)**Once the Clerk has entered the appealable notation in the Docket,the notation shall be deemed to have been served.The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal".Procedures as enunciated by the Atkinson court must be **"mandatoryly"** complied with in order to satisfy the due process requirements of what constitutes proper notice of a **"final"** appealable order.Reasonable notice of <u>final</u> order is required to be given to parties by deciding Court to protect parties' right to appeal.Fed.R.Civ.Proc.,Rule 77(d),28 U.S.C.A.,Rules App.Proc.,Rule 4(a);Ohio Const:Art.1,§16;Right to appeal is property interest that cannot be deprived.U.S.C.A.Const.Amends.5,14;Const:Art.4,§3(B),(B)(1),(f),R.C.§2505.03.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forward to

Hamilton County Prosecutor's office at 230 E.9th.St.Cincinnati,Oh.45202,on

this _10th_ day of _Sept_.2005,by first class per-paid U.S.Mail.

C.C. Ohio Attorney General
Office

_Petitioner_

Please find attacted the following;

1.Judgment/Order from First Appellate Dist.

2.Brief of Petitioner to First Appellate Dist.

**Note\*\*** There were two (2) briefs filed in the First Dist,one 30 pages,the other 15

pages,please find 15 page brief attached.

3. Appearance Docket of 1/06/2005.