

$B^3$.

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO



ENTERED
APR 20 2005
27

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-030948 |
| | | TRIAL NO. B-9702196 ✓ |
| Plaintiff-Appellee, | : | |
| | | *JUDGMENT ENTRY.* |
| vs. | : | |
| | | RECEIVED |
| LOUIS MERRIWEATHER, 348-451 | : | |
| | | MAY 02 2005 |
| Defendant-Appellant. | : | CCI RECORD OFFICE |

This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).

Defendant-appellant, Louis Merriweather, appeals from the trial court's judgment dismissing his petition for postconviction relief. The record shows that the court entered a judgment of conviction in 1997. His petition for postconviction relief was filed on September 9, 2003.

Merriweather raises six assignments of error in which he cites various alleged errors including ineffective assistance of counsel, improper sentencing, and improprieties in a sexual-predator hearing. We need not discuss the merits of these assignments of error. Because Merriweather's petition was not filed within the time limits set forth in R.C. 2953.21(A)(2), the trial court properly dismissed his petition as untimely. See *State v.*

*Chillicothe - A 348451*

*Beaver* (1998), 131 Ohio App.3d 458, 722 N.E.2d 1046; *State v. Tatum*, 1st Dist. No. C-040296, 2005-Ohio-903.

Further, Merriweather has not demonstrated that he fell within one of the two exceptions set forth in the statute. He has not shown that he was unavoidably prevented from discovering the facts upon which the petition depended or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a); *Beaver*, supra; *Tatum*

Merriweather raises sentencing issues, and, arguably, *Blakely v. Washington* (2004), ___ U.S. ___, 124 S.Ct. 2531, and *United States v. Booker* (2005), ___ U.S. ___, 125 S.Ct. 738, set forth an applicable federal or state right. Nevertheless, those cases apply to "all cases on direct review or not yet final." *State v. Bruce*, 1st Dist. No. C-040421, 2005-Ohio-373. They do not apply retroactively to cases on collateral review. *Humphress v. United States* (C.A.6, 2005), 398 F.3d 855; *Green v. United States* (C.A.2, 2005), 397 F.3d 101. Consequently, we overrule Merriweather's six assignments of error and affirm the trial court's judgment.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

**DOAN, P.J., GORMAN** and **PAINTER, JJ.**

ENTERED
APR 2 0 2005
IMAGE 28

*To the Clerk:*

Enter upon the Journal of the Court on April 20, 2005

per order of the Court _____.
                              Presiding Judge M.P.

IN THE OHIO STATE COURT OF APPEALS
FOR HAMILTON COUNTY, OHIO
FIRST APPELLATE DISTRICT OF OHIO



D59906183

CASE NO. C-030948

STATE OF OHIO

Plaintiff-Appellee

vs.

LOUIS MERRIWEATHER

Defendant-Appellant

APPEAL FROM THE DECISION OF
COMMON PLEAS COURT OF HAMILTON COUNTY
CRIMINAL DIVISON

REVISED BRIEF OF APPELLANT LOUIS MERRIWEATHER

LOUIS MERRIWEATHER, #348-451
CHILLICOTHE CORRECTIONAL INSTITUTION
P.O. BOX 5500
CHILLICOTHE, OHIO 45601-0990

Defendant-Appellant In Pro-Se

FILED
2004 JUL 16 P 3 32
GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

EXHIBIT

5

FILED
COURT OF APPEALS

JUL 1 6 2004

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

# TABLE OF CONTENTS
## AND
## ASSIGMENT OF ERRORS

STATEMENT OF THE CASE                                                    PAGE

a)Procedural Posture.......................................................

b)Statement of Facts.......................................................

FIRST ASSIGMENT OF ERROR(S)...............................................1

(A) Presentence Investigative Report......................................1

(B)Psychiatric Evaluation Report..........................................2

Trial counsel was ineffectived when he allowed trial court to sentence defendant without presentence investigative report and psychiatric evaluation report.

ISSUE(S) PRESENTED FOR REVIEW.............................................3

(1) When defense counsel's [Prommise(s)]to Appellant are broken,[Appellant's guilty pleas],which were based upon defense counsel's promise(s),were "not" voluntarily, willingly,knowingly and freely.

(2)When defense counsel failed to protect his promise(s),and to defend court ordered clinical evaluation,and PSI,defense counsel denied Appellant fundmental fairness at trial court proceeding,and denied Appellant due process protection,and rendered defense counsel's assistance ineffective.

## AUTHORITIES

State v.Dietz,89 O.App.3d.69,623 N.E.2d.613...............................1

U.S.v.Barrett,890 F.2d.855(6th.Cir.1989).................................1

U.S. v.Stevens,851 F.2d.140-143(6th.Cir.1988)............................1

U.S.v.Silverman,976 F.2d.1502(6th.Cir.1992)..............................1

U.S. v.Herrera,928 F.2d.769(6th.Cir.1991)................................1

Alabama v.Smith,490 U.S.794,109 S.Ct.2201;104 L.Ed.2d.865(1989)..........1

Robert,455 U.S.at 556,100 S.Ct.1362......................................1

U.S.v.Evans,891 F.2d.686-688(8th.Cir.1989),cert.denied,848,U.S.1074,108 S.Ct.1047, ,98 L.Ed.1010(1988),cert.,denied,495 U.S.932,110 S.Ct.2170,109 L.Ed.499(1990)..1

R.C.§2947.25(A)..........................................................2

State v.Lee,56 O.App.2d.57,10 OO3d.64,383 N.E.2d.342.....................2

Johnson v.Zerbst,304 U.S.458,468,58 C.Ct.1019,1025,82 L.Ed.1461(1938)..........2

Brady v.U.S.742,758,90 S.Ct.1463,1474,25 L.Ed.2d.747(1970)....................2

Godinez v.Moran,113 S.Ct.at 2694.........................................2

Drope,(1975),420 U.S.at 176,95 S.Ct.at 906...............................3

Jackson v.Indiana,406 U.S.715,739,92 S.Ct.1845,1858;32 L.Ed.435(1972)..........3

Riggins,504 U.S.at 142,112 S.Ct.at 1818-1819(1992)..........................3

Strickland,(1984),466 U.S.at 693-698;104 S.Ct.2052..........................3

Combs v.Coyle,205 F2d.369 (2002).........................................3

Lockhart v.Fretwell,506 U.S.364,372,113 S.Ct.838,122 L.Ed.2d.180(1993)..........3

SECOND ASSIGNMENT OF ERROR...............................................3

Trial counsel was ineffectived,when he failed to protect defendant's appellate rights.

ISSUE PRESENTED FOR REVIEW...............................................5

When defense counsel failed to protect Appellant's appellate's rights,defense counsel's assistance was ineffectived and fell well below reasonably standards and denied Appellant"due process protect",under the 14th Amendment to the U.S.Constitution,and defense counsel's misconduct"adversely"affected Appellant's plea(s) and plea hearing outcome.

**AUTHORITIES**

Criminal Rule 11........................................................4

State v.Buchanan,43 O App.2d.93,72 OO2 2d.307;344 N.E.2d.503(1974).............4

State v.Kelly,(1991),57 Ohio St.3d.127,129,566 N.E.2d.658-600..................4

Smith v.Robbins,120 S.Ct.746,772 (2002).................................4

Criminal Rule 32 (B)(2).................................................5

R.C.§2953.05...........................................................5

Griffin v.Illinios,(1956),351 U.S.12,76 S.Ct.585,100 L.Ed.891.................5

Burns v.Ohio,(1959),360 U.S.252,79 S.Ct.1164,3 L.Ed.2d.1209..................5

Smith v.McMann,(1969);417 F2d.648,654,certiorani denied,397 U.S.925,90 S.Ct.929,90 S.Ct.929,25 L.Ed.105............................................................5

LaChance v.Loudemill,470 U.S.532-542 (1985)............................5

Goodwin v.Cardwell,432 F2d.521,522-523(6th.Cir.1970)..................5

Lovelace v.Haskins,474 F2d.1254-1255,(1973)..........................5

Swenson v.Boslen,(1967),386 U.S.258,at 260;87 S.Ct.at 997,18 L.Ed.2d.33.........5

**THIRD ASSIGNMENT OF ERROR**.................................................6

Trial counsel was ineffective at sentencing by allowing trial court to impose maximum sentenceing without complying with sentencing guidelines.

**ISSUE PRESENTED FOR REVIEW**................................................6

Defense counsel was ineffective in allowing trial court to impose maximum sentence without complying with sentencing guidelines,his assistance was not reasonably,and his ineffectiveness"**adversely**"affected Appellant's sentenc,and denied Appellant"**due process protect**".

**AUTHORITIES**

O.R.C. Section(s) §2929.11 through §2929.12(C),§2929.19(B)(2)(e) and §2929.14(C), with§2951.02(B)............................................................6

State v.Kershaw,132,Ohio App.3d.243(Hamilton Cty.1991),724 N.E.2d.1176.........6

State v.Sheppard,(Hamilton,Cty.1997),124 Ohio App.3d.66;705 N.E.2d.411.........6

State v.Comer,99 Ohio St.3d.463,793 N.E.2d.473................................6

R.C.§2853.08 (A)(a)........................................................6

**FOURTH ASSIGNMENT OF ERROR**...............................................6

Trial counsel was ineffective for allowing defendant to be classified a sexual predator without requisite hearing.

**ISSUE PRESENTED FOR REVIEW**................................................7

Defense counsel was ineffectived in failing to object,when trial court failed to provide Appellant with a hearing under sexual predator guidelines,defense counsel's assistance was"not"within the bounds of reasonably,and"did not protect"Appellant's due process rights under R.C.§2950.09

**AUTHORITIES**

R.C.§2950.09(B)(1)........................................................7

State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881(2000).......................7

State v.Cook,(1998),83 Ohio St.423-426......................................7

**FIFTH ASSIGNMENT OF ERROR.**........................................................7

Trail court abused its' discretion in sentencing by not formally advising defendant of his appellate rights.

**ISSUE PRESENTED FOR REVIEW.**......................................................8

Trial court abused its'discretion by not orally,directly formally advising Appellant of his appellate rights,trial court's abuse denied Appellant due process protection,and this abuse denied Appellant a fair and impartial trial court proceeding,and a right to direct appeal.

**AUTHORITIES**

Criminal Rule 32(B)(2),[Passim]............................................5&7

State v.Sims,272 N.E.2d.at 88-89(Ohio 1971)...............................7

Evitts v.Lucey,469 U.S.387,393 (1985).....................................7

Douglas v.California,372 U.S.353m356-57(1963)..............................7

Griffin v.Illinios,[Passim]...............................................5&8

Burkett v.Cunningham,826 F2d.1208,1221 (8th.Cir.1987)......................8

Stephenson,501 F.Supp.840,842 (M.D.N.C.1981)..............................8

**SIXTH ASSIGNMENT OF ERROR.**........................................................8

Trial court abused its'discretion by not formally advising defendant of a hearing as provided by R.C.¶2950.09 (B)(1).

**ISSUE PRESENTED FOR REVIEW.**......................................................9

Trial court abused its'discretion and denied Appellant due process protection,by not formally providing Appellant a sexual predator hearing,with clear and convincing evidence before adjudicating Appellant a sexual predator.

**AUTHORITIES**

R.C.§2950.09 (B)(1),[Paasim]..............................................7&8

State v.Eppinger,[Passim].................................................7&8

R.C.§2050.01 (F)..........................................................8

State v.Cook,[Passim].....................................................7&8

State v.Gowdy,(2000),88 Ohio St.3d.387,389,727 N.E.2d.579-589................8

Britt v.North Carolina,(1971),404 U.S.226,227,92 S.Ct.431-433;30 L.Ed.400-403.8

Conclusion.......................................................9-10

Certificate of Service...........................................10

## PRIOR SUBMITTED EXHIBITS

IMAGE-241[Ordering probation investigtion report]

IMAGE-19 [May 16,1997]appointing CDTC for clinical examination]

IMAGE-130 [entry waiver trial by jury

IMAGE-124 [withdrawing guilty pleas May 15,1991

IMAGE-124-A [the 4"is"altered,May 15,1997

IMAGE-225[judgment entry,June 16,1997,Crim.Rule 32(A)(2) was not applicable at plea
        hearing in 1997.

IMAGE-135,[April,26,1997,entry granting motion to dismiss defendant's request.for
            transcripts.

T.P.(1),March 21,2001,Request for view of presentencing investigation report to
        Hamilton County Probation Department.

T.P.(2),ORINGIAL,respond from Hamilton County Prosecuting Office for request to
        view presentence report.

T.P.(3),ORINGIAL,motion to dismiss request for transcripts,April 10,2001.

IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT OF OHIO
HAMILTON COUNTY,OHIO

STATE OF OHIO

    Plaintiff-Appellee

-VS-

No.C-030948

LOUIS MERRIWEATHER

    Defendant-Appellant

### REVISED BRIEF OF DEFENDANT-APPELLANT

#### STATEMENT OF THE CASE

a) Procedural Posture

Defendant-Appellant,Louis Merriweather,was named in a four (4) count indictment returned by a Hamilton County Grand Jury,in April of 1997,alleging Appellant forced a minor girl child into sexual conduct [cunninlingus],in violation of R.C.§2907.02(A)(1).In less then 45 days from indictment,Appellant's defense counsel induced/coerced Appellant into pleading guilty too two(2) counts of the indictment on [promise(s)] from defense counsel,a maximum sentence of 10 years on each count,to run current to each other was imposed upon Appellant for his pleas,with sexual predator specifications to each count.

From the judgment of the trial court,Appellant Merriweather now appeals to this court.

#### STATEMENT OF THE FACTS

b) This is a classic case of she said,she heard.The state based its' arrest and charges on Kisha Parrish and Erica Parrish Black(Kisha is Erica's Aunt),who in the past

vi

charged Appellant with raping her (kisha) on two difference alleged occasions in two (2) difference states. What the alleged victim does not tell the court and allow it to reflect in their charges is that on the morning of March 23,1997,and two days prior to the alleged offends,Kisha and the Appellant had voluntarily engaged in drugs and aclohol,including sexual acts of oral and intercourse personally with each other,at 1535 Pleasant St.in the county of Hamilton and the city of Cincinnati,prior to Kisha calling the police on the morning in question,and personally orally telling police that Kisha was a living resident of 1535 Pleasant St. There is "no" dispute that the minor child Erica was raped,[it is common knowledge with-in the immediate Black and Parrish family members],that Erica was raped months prior too the alleged complaints against Appellant,but,"not by Appellant".

## FIRST ASSIGMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED,WHEN HE ALLOWED TRIAL COURT TO SENTENCE APPELLANT
WITH-OUT PRESENTENCE INVESTIGATIVE REPORT[PSI] AND PSYCHIATRIC EVALUAION [PE].

### ARGUMENT(S)

Trial court documentations affirms that defendant [alleged]induced pleas too 2
counts of violation of R.C.§2907.02(A)(1),on the promise(s) from defense
counsel,promise(s) of presentence investigative report,[PSI]and psychiatric
evaluation [PE].[T.p.page 11,lines 10-15.However the PSI did not materialize,if one
infact had,defendant was"not"permitted to personally review PSI in a reasonable
time before sentencing to correct any misinformation,the PSI was court
ordered.(T.p.page 11,lines 10-13).Defendant was entitled to access to PSI report in
a reasonable time before sentencing.State v.Dietz,89 O.App.3d.69,623 N.E.2d.613,to
correct any material misinformation.U.S.Barrett,890.F.2d.855(6th Cir.1989).The
extent of a defendant's constitutional right is not"to be sentenced on the basis of
invalid      information".U.S.v.Stevens,851      F.2d.140-143(6th.Cir.1988);U.S.v
Silverman,976 F2d.1502(6th.Cir.1992).[A]ny information may be considered so long as
it had"[sufficient indicia of reliabliity to support its accuracy"].U.S.v.
Herrera,928 F2d.769(6th.Cir.1991);Alabama v.Smith,490 U.S.794,109 S.Ct.2201,104
L.Ed.2d.865(1989).Sentence imposed on the basis of material misinformation under
some circumstances,however,may violate due process.Robert,455 U.S.at 556,100
S.Ct.1362;U.S.v Evans,891 F2d.686-688(8h.Cir.1989),cert.,denied,848 U.S.1074,108
S.Ct.1047,98 L.Ed.2d.1010(1988),cert.,denied,495 U.S.931,110 S.Ct.2170,109
L.Ed.2d.499(1990).See also T.p.Image 241.

-1-

On the same day of May 15,1997,in open court,the promise of psychiatric evaluation was made to defendant for defendant's induced pleas by defense counsel.[T.p.page 11,lines 10-15;T.p.page 13,lines 2-25;T.p.page 14,lines 1-25;T.p.page 15,lines 1-25;T.p.page 16,lines 1-5].Defense counsel also gave trial court misinformation on defendant's suicide watch,T.p.page 13,lines 20-25;T.p.page 14,lines 1-7],and on the administration simultaneously of several different anti-psychotropic medication which had an adverse effect on defendant's mental state'his will too knowingly enter into guilty plea agreement.[T.p.page 13,lines 1-25;T.p.page 14,lines 1-5].This court ordered PE would have put to rest whether defendant was infact mentally competent to enter a guilty plea.Defense counsel promise was broken.[there was"no" court ordered PE as defense counsel promised],and defense counsel was ineffectived.[T.p.page 16,lines 11-22;T.p.Image 19].Defense counsel's promise(s) to defendant was"not"in good faith",and his ineffectiveness was prejudicial toward defendant and a serious breach of trust between defense counsel and defendant. The presentence PE mandated by [fromer R.C.§2947.25(|A)],is part of the sentencing process and"cannot"be waived by the defendant or his counsel. [A]ny sentence imposed with-out compliance with fromer R.C.§2947.25(A),is void.State v.Lee,56 O.App.2d.57,10 003d.64,383 N.E.2d.342.Defense counsel should have maded reasonable investigation to assure that clincial examination was performed as defense counsel promised."[A] criminal defendant may not waive his constiutional rights,his right to counsel or plead guilty unless he does so"competenly"and"intelligently".Johnson v.Zerbst,304 U.S.458,468,58 S.Ct.1019,1025,82 L.Ed.1461(1938).Brady v.U.S.,397 U.S.742,758,90 S.Ct.1463,1474,25 L.Ed.2d.747(|1970).Godinez v.Moran,113 S.Ct.at 2694.

Drope,420 U.S.at 176,95 S.Ct.at 906.See also Jackson v.Indiana,406

U.S.715,739,92 S.Ct.1845,1858,32 L.Ed.2d.435(1972);Riggins,504

U.S.at 142,112 S.Ct.at 1818-1819(1992). In order to show prejudice,

defendant need only show that there is a reasonable probability

that,but counsel's errors,the fact finder would have had a reasonable

doubt about defendant's guilt.Strickland,466 U.S.at 693-698,104 S.

Ct.2052.Combs v.Coyle,205 F2d.369(6th.Cir.2002);Lockhart v.Fretwell

,506 U.S.364,372,113 S.Ct.838,122 L.Ed.2d.180(1993).

## ISSUE(S) PRESENTED FOR REVIEW

(1) WHEN DEFENSE COUNSEL'S PROMISE(S) TO APPELLANT ARE
BROKEN,[APPELLANT'S GUILTY PLEAS],WHICH WERE BASED UPON DEFENSE
COUNSEL'S PROMISE(S),WERE"NOT"VOLUNTARILY,WILLINGLY,KNOWINGLY AND
FREELY.

(2) WHEN DEFENSE COUNSEL FAILED TO PROTECT HIS PROMISE(S),AND TO
DEFEND COURT ORDERED CLINICAL EVALUATION,AND PSI,DEFENSE COUNSEL
DENIED APPELLANT FUNDMENTAL FAIRNESS AT TRIAL COURT PROCEEDING,AND
DENIED APPELLANT DUE PROCESS PROTECTION,AND RENDERED DEFENSE
COUNSEL'S ASSISTANCE INEFFECTIVED.

## SECOND ASSIGMENT OF ERROR

Trial counsel was ineffectived,when he failed to protect defendant's
appellate rights.

### ARGUMENT

At plea hearing of May 15,1997,in open court the guilty plea

agreement(s) were presented to defendant,defendant affirms his

signature.[T.p.page 7,lines 14-21],however defendant's personal

-3-

signature"does not"appear on,T.p.Image 124,defendant's signature appears on T.p.page Image 124A;[T.p.page 8,lines 19-25;T.p.page 9, lines 1-25;T.p.page 10,lines 1-17]. The court transcript of May 15,1997,is **"silent"**as too trial court or defense counsel orally,directly adhereing to criminial rule 11;**Criminal Rule 11**,is concern with a defendant's rights upon entering a plea and also sets forth the procedure to be followed when such plea is taken.Criminal Rule 11,includes all of the defendant's constitutional rights as stated in the fifth and sixth amendments of the U.S.Constitution.In order for a plea of guilty to be valid in a felony case"all"of the the procedural requirements of Criminal R.11,**"must"** be scrupulously adhere too,otherwise,the guilty plea is void.State v.Buchanan.43 O. App.2d.93,72 002 2d.307,344 N.E.2d.503,(1974).It was defense couns-el's responsibility to assure that defendant was appraised of"all" his appellate rights and that trial court strictly complied with criminal rule 11. In reviewing the records on appeal,the appellate court should inquire as to whether the defendant voluntarily and knowingly waived his constitutional right(s).This inquiry intails a review of the records to ensure that criminal rule 11,was followed by the trial court upon defendant's guilty plea.State v.Kelly,57 Ohio St.3d.127,129,566 N.E.2d.658,660.Smith v.Robbins,120 S.Ct.746,772 (2000). In adsence of sentencing transcript of June 18,1997,Appellant maintains that defense counsel nor trial court in a personal oral manner informed Appellant of his appellate rights,pursuant to

-4-

Criminal Rule |(B)|(2),before,after or during sentencing.Defense counsel"did not"make a reasonable effort to protect Appellant's appellate rights either orally,directly and personally during trial court proceeding.[R]ight to appeal from conviction in state court is"not" an absolute right,but where opportunity to appeal is granted,as in Ohio,an indigent conviction defendant"cannot"be deprived of his opportunity to appeal by his impecunious condition,R.C.§2953.05,Griffin v.Illinois,|(1956),351 U.S.12,76 S.Ct.585,100 L.Ed.891,Burns v.Ohio,|(1959),360 U.S.252,79 S.Ct.1164,3 L.Ed.2d.1209.Smith v.McMann,|(1969),417 F2d.648,654,certiorani denied,397 U.S.925,90 S.Ct.929,,90 S.Ct.929,25 L.Ed.2d.105.The Federal Constitution is violated if a convicted defendant is denied an appeal"by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal,with the aid of counsel".LaChance v.Erickson,522 U.S.262,266|(1998),City of Cleveland Board of Education v.Loudemill,470 U.S.532-542|(1985);Goodwin v.Cardwell,432 F2d.521,522-523|(6th.Cir.1970).[T]he indigent defendant need only"show" that he"was not"informed of his right to direct appeal.Lovelace v.Haskins,474 F2d.1254-1255(1973);[T.p..page 8,lines 13-25;T.p.page 9,lines 1-25;T.p.page 10,lines 1-20;T.p.page 16,lines 7-22] Over several years Appellant has attempted to get sentencing transcript of June 18,1997;See also T.P.Image 135;T.p.1;T.p.2;T.p.3.[T]he right to appeal exists even in the absence of a request.Swenson v.Boslen,|(1967),386 U.S.258,at 260,87 S.Ct.at 997,18 L.Ed.2d.33.

### ISSUE PRESENTED FOR REVIEW

WHEN DEFENSE COUNSEL FAILED TO PROTECT APPELLANT'S APPELLATE RIGHTS,DEFENSE COUNSEL'S ASSISTANCE WAS INEFFECTIVED AND FELL WELL BELOW REASONABLY STANDARDS,AND DENIED APPELLANT DUE PROCESS PROTECTTION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND DEFENSE COUNSEL'S MISCONDUCT ADVERSELY AFFECTED APPELLANT'S PLEA HEARING OUTCOME.

<u>THIRD ASSIGNMENT OF ERROR</u>

TRIAL COUNSEL WAS INEFFECTIVED AT SENTENCING,BY ALLOWING TRIAL COURT TO IMPOSE
MAXIMUM SENTENCING WITH-OUT STRICTLY COMPLYING WITH SENTENCING GUIDELINES.

### ARGUMENT

Defense counsel knowingly allowed trial court to impose maximum sentence on

defendant with-out complying with sentencing guidelines.[Ohio]Courts as of 1996,are

required to comply with the sentencing guidelines and procedures set forth under

Ohio's Revised Codes §2929.11 through §2929.14||C) and R.C's §2951.02||B);

§2929.12||C) with §2929.19(B)||2)||e),with trial court making and"<u>specially</u>

<u>enumerating</u>"why this particular alleged offense were the "worst forms"of the offense

and deserving maximum sentence.State v.Kershaw,132,Ohio App.3d.243||Hamilton

Cty.1991),724 N.E.2d.1176;State v.Sheppard,||Hamilton,Cty.1997),124 Ohio

App.3d.66;705 N.E.2d.411;State v.Comer,99 Ohio St.3d.463,793 N.E.2d.473.Defendant

who received maximum sentence for offense"<u>is entitled</u>"to de novo review of sentence

by court of appeals.R.C.§2953.08(A)(a).

### ISSUE PRESENTED FOR REVIEW

DEFENSE COUNSEL WAS INEFFECTIVE IN ALLOWING TRIAL COURT TO IMPOSE MAXIMUM SENTENCE
WITH-OUT COMPLYING WITH SENTENCING GUIDELINES,HIS ASSISTANCE WAS"NOT"REASONABLY
,AND COUNSEL'S INEFFECTIVENESS ADVERSLY AFFECTED APPELLANT'S SENTENCE,AND DENIED
APPELLANT DUE PROCESS PROTECTTION.

<u>FOURTH ASSIGNMENT OF ERROR</u>

TRIAL COUNSEL WAS INEFFECTIVED FOR ALLOWING DEFENDANT TO BE CLASSIFIED AS A SEXUAL
PREDATOR WITH-OUT REQUISITE HEARING.

### ARGUMENT

Defense counsel was ineffective at plea hearing and sentencing of May 15,1997 and

June 18,1997,when he ||counsel) knowingly allowed trial court to classify defendant

-6-

a sexual predator with-out requisite hearing.[T.p.page 7,lines 1-12;T.p.page 7,lines 23-25;T.p.page 8 lines 1-14;T.p.page 10,lines 21-25;T.p.page 11,lines 1-4;T.p.page 17,lines 16-25]. Defendant was adjudicated with-out clear and convincing evidence and in absence of R.C.§2950.09||B)||1).State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881 ||2000);State v.Cook,||1998),83 Ohio St.3d.423-426.

### ISSUE PRESENTED FOR REVIEW

DEFENSE COUNSEL WAS INEFFECTIVED IN FAILING TO OBJECT,WHEN TRIAL COURT FAILED TO PROVIDE APPELLANT WITH A HEARING UNDER SEXUAL PREDATOR GUIDELINES,DEFENSE COUNSEL'S ASSISTANCE WAS NOT WITHIN THE BOUNDS OF REASONABLY,AND "DID NOT"PROTECT APPELLANT'S DUE PROCESS RIGHTS UNDER R.C.§2950.09.

### FIFTH ASSIGMENT OF ERROR

TRIAL COURT ABUSED ITS' DISCRETION IN SENTENCING BY NOT FORMALLY ADVISING DEFENDANT OF HIS APPELLANT RIGHTS.

### ARGUMENT

Trial court abused its' discretion by not orally directly and personally informing defendant of his appellate rights during sentencing in absence of Criminal Rule 32||B)||2).Trial court transcript of May 15,1997 is silent.Trial court "did not"in an oral dialogue inform defendant of his appellate rights,which should have been personal and in a reasonably intelligible manner."[I]f one's right to direct appeal and his right to court-appointed counsel for such appeal are to be viable,it is imperative that there be such a determination of such rights by the appellate court".State v.Sims,272 N.E.2d.at 88-89(Ohio 1971);Evitts v.Lucey,469 U.S.387,393||1985);Douglas v.California,372 U.S.353,356-57||1963). The purpose of the first appeal provided as of right by a state is to determine whether the individual defendant has been "lawfully" incarcerated and to ensure a correct adjudication of guilt or innocence.

Griffin    v.Illinois,351    U.S.12,18(1956).Burkett    v.Cunningham,826 F2d.1208,1221(8th.Cir.1987);Stephenson,510    F.Supp.840,842|(M.D.N.C.1981).Equal protection concerns are implicated when the state treats a class of defendants' differently for purpose of offering them a meaningful appeals.Evitts,469 U.S.at 405.

### ISSUE PRESENTED FOR REVIEW

TRIAL COURT ABUSED ITS' DISCRETION BY NOT ORALLY,DIRECTLY FORMALLY ADVISING APPELLANT OF HIS APPELLATE RIGHTS,TRIAL COURT'S ABUSE DENIED APPELLANT DUE PROCESS PROTECTION,AND THIS ABUSE DENIED APPELLANT A FAIR AND IMPARTIAL TRIAL COURT PROCEEDING,AND A RIGHT TO DIRECT APPEAL.

### SIXTH ASSIGMENT OF ERROR

TRIAL COURT ABUSED ITS' DISCRETION BY NOT FORMALLY ADVISING DEFENDANT OF A HEARING AS PROVIDED BY R.C.§2950.09|(D)|(1).

### ARGUMENT

Trial court abused its' discretion by adjudicating defendant a sexual predator,in absence of R.C.§2950.09.|(B)|(1),and with evidence which was "not"clear and convincing.State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881."To [earn] the most severe designation of sexual predator,the defendant"must"have been convicted of or pleaded guilty to committing a sexually oriented offense and"must"be likely to engage in the future in one or more sexually oriented offenses".R.C.§2050.01(F),State v.Cook,83 Ohio St.3d.at 407;700 N.E.2d.at 574.A sexual offender classification will have a profound impact on a defendant's life,it must be impartial and fair.State v.Gowdy,|(2000),88 Ohio St.3d.387,389;727 N.E.2d.579-589.The state "must",as a matter of equal protection,provide indigent prisoners with the basis tools of an adequate defense when those tools are available for a price to other prisoners".Britt v.North Carolina,|(1971),404 U.S.226,227;92 S.Ct.431,433;30 L.Ed.2d.400,403.

<u>ISSUE PRESENTED FOR REVIEW</u>

TRIAL COURT ABUSED ITS' DISCRETION AND DENIED APPELLANT DUE PROCESS PROTECTION,BY
NOT FORMALLY PROVIDING APPELLANT A SEXUAL PREDATOR HEARING,WITH CLEAR AND
CONVINCING EVIIDENCE BEFORE ADJUDICATING APPELLANT A SEXUAL PREDATOR.

T.p.page 5,lines 11-25;T.p.page 6,lines 1-25;T.p.page 7,lines 1-12;T.p.page 7,lines

23-25;T.p.page 8,lines 1-14;T.p.page 17,lines 16-25].

## C O N C L U S I O N

The Sixth and Fourteenth Amendments guarantee a person accused of a crime the right

to the aid of a lawyer in preparing and presenting his defense,the right to counsel

is the right to effective assistance of counsel with adequate legal assistance.In

Strickland v.Washington,[passim] at 2074-2075,Justice Marshall dissented and filed

this opinion in part" to tell lawyers and the lower courts that counsel for a

criminal defendant "must" behave"<u>reasonably</u>"and must act like"<u>a reasonable</u>

<u>competent attorney</u>",.ante,at2065,"<u>is to tell them nothing</u>".It is an unfortunate but

undenial fact that a person of means,by selecting a lawyer and paying him enough to

ensure he perpares thoroughly,usually can obtain better representation than that

available to an indigent defendant,who must rely on appointed counsel,who in

turn,has limited time and resources to devote to a given case.[I]s a reasonably

competent attorney,a reasonably competent adequately paid retained attorney or a

reasonably competent appointed attorney? It is also a fact that the quality of

representation avaliable to ordinary defendants in different parts of the country

varies significantly.Should the standard of performance mandated by the Sixth

Amendment vary by local"? [A]ppellant maintains that in absence of proper procedure

and in strict violation of Ohio's and the U.S.Constitutions,Appellant was <u>sold</u>

<u>into</u>"<u>involuntary servitude/slavery</u>"to the state of Ohio for 10 years for the tune

of $300.00 dollars.

In 1865,the thirteenth    Amendment was adoped which,["prohibits slavery and involuntary  servitude],the  Fourteenth  Amendment"extended  the  privileges  of citizenship to"African Americans" and  forbids  the  states  from  "abridging"the privileges or immunities of citizens of the United States,it also forbids the states from depriving any person of life,liberty,or property without "due process of law",or of denying any person the equal protection of the law. In the instance case at bar "three" [3] laws are in conflict,the,laws of Hamilton County,the Ohio and the U.S.Constitution,Hamilton County's laws have illegally kept Appellant in involuntary  servitude  to  the  state  of  Ohio  against  Appellant's  will  and deliberately denied Appellant due process protection.For 7½years Appellant has been imprisoned under infirm conditions,with undue mental and physical pressure imposed against him,without the benefit of due process protection and still with the strong belief in the American justice system which has tho so far failed him".Appellant has been delieratley denied the personal privileges of his loved ones',his family "structure"has been broken,his  family  members  have  suffered  the  personal humiliation with mental and physical pain from Appellant's wrongful incarceration. Delayed justice must not continue to incarcerate Appellant without due process of law.

It is therefore prays that delayed justice be granted Appellant.

### CERTIFICATE OF SERVICE

I hereby certify that a correct copy of this revised appellatte brief was forward to Michael K.Allen,at 230 E.9th.S./Cinti,Ohio 48202; on this 2 day of Aug 2004 by per-paid first class mail.

Louis Merriweather, #348-451
P.O.Box 5500
Chillicothe,Ohio 45601-0990

SEP 2 9 2003

**COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO**

**STATE OF OHIO,**

Plaintiff

vs.

**LOUIS MERRIWEATHER,**

Defendant.

Case No. B9701195

Judge Beth A. Myers

**ENTRY DENYING MOTION**

Upon consideration of Defendant's Motion, the Court hereby denies Defendant's Motion and his request for evidentiary hearing. Pursuant to § 2953.21 and 2953.23 of the Ohio Revised Code, Defendant's Motion was not timely filed. Further, the Court finds that no grounds exist for the relief requested.

Judge Beth A. Myers

**ENTER**

SEP 2 9 2003

**BETH A. MYERS, JUDGE**

note: This entry was provided to Petitioner by first App. Court Administrator not by Clerk of Courts as provided by Civ. R. 5, 58(B) LM.

```
                     Criminal Appearance Report
-----------------------------------------------------------------
              A P P E A R A N C E   D O C K E T
```

```
 Attorney - Plaintiff
 Attorney - Defendant  JACK C RUBENSTEIN              6200
 Cur Judge -           ROBERT S KRAFT                 15
```

STATE OF OHIO vs. LOUIS MERRIWEATHER

```
  Total Deposits          $.00
      Total Costs      $109.00
```

```
 STATE OF OHIO
      vs.
LOUIS MERRIWEATHER
213   BOSNICK  AV              Municipal #: ,,,
CINTI              OH   45210
```

```
   Race: B  Age: 49  Sex: M
```

```
 Filed: 4/02/1997  0005 - WARRANT ON INDICTMENT
 Count:1  Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
 Count:2  Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
 Count:3  Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
 Count:4  Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
```

| IMAGE | DATE | DESCRIPTION | AMOUNT |
|---|---|---|---|
| | 4/02/1997 | INDICTMENT REPORTED AND FILED. INDICTMENT FOR RAPE 2907.02A1b R.C. W/ SPEC. (4CNTS) | |
| | 4/02/1997 | PRECIPE FOR WARRANT FILED AND WARRANT ISSUED. | |
| | 4/03/1997 | SIMON L. LEIS JR., SHERIFF: I HAVE IN CUSTODY AND HAVE SERVED COPY OF INDICTMENT ON SAID DEFENDANT BY SNOWDEN, SR. DEPUTY | |
| 230 | 4/10/1997 | ORDER TO SEAL ENTRY | |
| 110 | 4/11/1997 | WAIVER OF PRESENCE OF DEFENDANT AT ARRAIGNMENT 100,000 | |
| | 4/11/1997 | COUNSEL ASSIGNED DANIEL F BURKE JR | |
| 159 | 4/24/1997 | ENTRY OF CONTINUANCE 5/7/97 | |
| 40 | 4/25/1997 | ORDER TO SEAL ENTRY | |
| | 4/30/1997 | WRITTEN REQUEST FOR BILL OF PARTICULARS. | |
| 52 | 4/30/1997 | DEFENDANT'S DEMAND FOR DISCOVERY | |
| | 5/07/1997 | ENTRY OF CONTINUANCE 5/15/97 | |
| | 5/14/1997 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ERICA PARRISH | |
| | 5/15/1997 | SUBPOENA FOR WITNESS ISSUED TO ERICA PARRISH | |
| 124 | 5/15/1997 | ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY CT 1 & 2 RAPE F-1 2907.02 DISMISS CT 3 & 4 & SEXUAL PREDATORS SPEC CTS 3 & 4 | |
| 130 | 5/15/1997 | ENTRY ON WAIVER OF TRIAL BY JURY. | |
| 241 | 5/15/1997 | ENTRY ORDERING PROBATION INVESTIGATION AND REPORT CLINIC EVAL.REPORT ORDERED. REMANDED. SENT SET 6/18/97 | |
| 19 | 5/16/1997 | ENTRY APPOINTING COMMUNITY DIAGNOSTIC AND TREATMENT CENTER FOR EXAMINATION | |
| 65 | 6/18/1997 | ENTRY ADJUDICATING OFFENDER AS A: SEXUAL PREDATOR | |
| 66 | 6/18/1997 | ENTRY ORDERING PROCESSING OF OFFENDER | |

```
                          A P P E A R A N C E   D O C K E T
225        6/18/1997 JUDGMENT ENTRY: SENTENCE:
                     INCARCERATION
                     DOC 10YRS ON EACH CTS 1 & 2 CONCURR.
                     TO EACH OTHER WITH CREDIT FROM 3/23/97
                     THRU 6/18/97. REMANDED. PAY COURT
                     COSTS. FOUND TO BE A SEXUAL PREDATOR
564        6/28/1997 ENTRY APPROVING COUNSEL FEES
                     $300
           5/06/1998 CRIMINAL STATE COSTS SATISFIED
          12/06/2000 MOTION
                     FOR JUDICIAL RELEASE.
209       12/21/2000 ENTRY OVERRULING JUDICIAL RELEASE
           2/14/2001 AFFIDAVIT OF INDIGENCY
           2/14/2001 MOTION
                     FOR PRODUCTION OF TRANSCRIPTS BY
                     INDIGENT DEFENDANT.
           3/08/2001 MOTION
                     FOR APPOINTMENT OF COUNSEL.
           3/08/2001 AFFIDAVIT OF INDIGENCY
           3/29/2001 NOTICE OF APPEAL FILED
                     NO. C0100232 COPY SENT TO HAMILTON
                     COUNTY PROSECUTOR
           3/29/2001 DOCKET STATEMENT FILED.
                     B9702196
           4/10/2001 MOTION TO DISMISS
                     REQUEST FOR TRANSCRIPTS
135        4/26/2001 ENTRY GRANTING MOTION
                     TO DISMISS REQUEST FOR TRANSCRIPTS
           5/04/2001 ENTRY OF DISMISSAL
                     05/04/01 IMAGE# 3
                     C0100232
                     **COPY SENT TO DOC AND DEFENDANT ON
                     05/21/01 RSR**
           6/14/2001 DOCKET STATEMENT FILED.
                     C-010232
           9/28/2001 NOTICE OF APPEAL FILED AND MOTION FOR
                     DELAYED APPEAL
                     NO.C0100638 COPY SENT TO HAMILTON
                     COUNTY PROSECUTOR
           9/28/2001 DOCKET STATEMENT FILED.
          10/01/2001 DOCKET STATEMENT FILED.
                     C01000638
          10/02/2001 DOCKET STATEMENT FILED.
                     C-010638
          11/02/2001 ENTRY OVERRULING MOTION FOR LEAVE TO
                     APPEAL
                     C0100638
                     11/02/01 IMAGE# 4
                     ***COPY SENT TO DOC AND DEFENDANT ON
                     11/19/01 RSR***
          12/18/2001 NOTICE OF APPEAL OF APPELLANT L.
                     MERRIWEATHER FILED IN THE SUPREME
                     COURT OF OHIO ON 12/12/01, SC# 01-2152
           2/19/2002 MOTION
                     FOR JAIL TIME CREDIT PURSUANT TO
                     O.R.C. #2967.191
252        3/04/2002 ENTRY GRANTING MOTION FOR JAIL TIME
                     CREDIT
           3/19/2002 COPY OF ENTRY DENYING LEAVE TO APPEAL
                     AND DISMISSING APPEAL, FILED IN THE
                     SUPREME COURT OF OHIO ON 03/04/02, SC
                     # 01-2152
           7/29/2002 MOTION
                     TO SUSPEND INCARCERATION/JUDICIAL
                     RELEASE O.R.C. 2929.20
           8/23/2002 MOTION
                     TO STAY FURTHER PROCEEDING OF #2929.20
           8/27/2002 MOTION
                     FOR DECLARATORY RELIEF OF SENTENCING.
          10/08/2002 MOTION
                     TO STRIKE FROM RECORDS
```

HAMILTON COUNTY CLERK OF COURTS
COMMON PLEAS DIVISION

TODAY'S DATE 10/22/2005

CASE B 9702196      Criminal Appearance Report

PAGE 3
CMSR5155

```
                     A P P E A R A N C E   D O C K E T
           11/22/2002 MOTION
                      FOR RECUSAL OF SENTENCING JUDGE
           12/20/2002 MERRIWEATHER'S MOTION FOR
                      POST-SENTENCE WITHDRAWAL OF GUILTY
                      PLEAS.
            1/10/2003 FILING
            1/17/2003 MOTION
                      TO AMEND POST-SENTENCE WITHDRAWAL OF
                      GUILTY PLEAS.
284         2/13/2003 ENTRY
                      DENYING MOTION FOR POST SENTENCE
                      WITHDRAWAL OF GUILTY PLEA
285         2/13/2003 ENTRY
                      DENYING MOTION FOR RECUSAL OF
                      SENTENCING JUDGE
            3/04/2003 MOTION
                      TO SUSPEND FURTHER INCARCERATION UNDER
                      JUDICIAL RELEASE O.R.C. #2929.20
354         3/06/2003 ENTRY OVERRULING
                      MOTION FOR JUDICIAL RELEASE
            4/09/2003 MOTION
                      FOR EMERGENCY DECLARATORY JUDGMENT.
            4/09/2003 MOTION
                      FOR EVIDENTIARY HEARING TO CORRECT
                      MANIFEST INJUSTICE UNDER CRIM. R. 32.1
234         4/11/2003 ENTRY DENYING:
                      MOTIONS
            5/15/2003 JUDICIAL NOTICE.
            9/09/2003 MOTION
                      FOR EVIDENTIARY HEARING PURSUANT TO
                      R.C. #2953.22
459         9/29/2003 ENTRY DENYING:
                      MOTION
           12/15/2003 FILING
           12/23/2003 NOTICE OF APPEAL FILED
                      NO. C030940 COPY SENT TO HAMILTON
                      COUNTY PROSECUTOR
           12/26/2003 NOTICE OF APPEAL FILED AND MOTION FOR
                      DELAYED APPEAL
                      NO. C030948 COPY SENT TO HAMILTON
                      COUNTY PROSECUTOR
            1/30/2004 ENTRY OF DISMISSAL
                      (C030940 1/30/04 #22)
                      ***COPY SENT TO DOC AND DEFENDANT ON
                      03/22/04, RSR***
            3/01/2004 PRAECIPE
            4/07/2004 PRAECIPE
            6/03/2004 COURT OF APPEALS OF HAMILTON COUNTY
                      CASE NO.
                      C-030948
            7/30/2004 PRAECIPE
            8/02/2004 TRANSCRIPT OF PROCEEDINGS
                      C-030948
            8/06/2004 PRAECIPE
           10/22/2004 COMPLETE TRANSCRIPT OF PROCEEDINGS
                      C-030948
                      1VOL.
           11/04/2004 CLERK'S TRANSCRIPT FEE FOR AN INDIGENT
                      DEFENDANT - FILED
           11/30/2004 MOTION
                      FOR CERTIFICATION OF SENTENCING WORDING
238        12/02/2004 ENTRY OVERRULING
                      MOTION FOR CERTIFICATION OF SENTENCING
                      WORDING
```



*B3*

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO



ENTERED
APR 2 0 2005
27

STATE OF OHIO,                          :          APPEAL NO. C-030948

    Plaintiff-Appellee,          :          TRIAL NO. B-9702196 ✓

    vs.                                  :          *JUDGMENT ENTRY.*

LOUIS MERRIWEATHER, 348-451      :

    Defendant-Appellant.         :

RECEIVED

MAY 0 2 2005

CCI RECORD OFFICE

       This appeal is considered on the accelerated calendar under App.R. 11.1(E) and

Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court

pursuant to S.Ct.R.Rep.Op. 3(A).

       Defendant-appellant, Louis Merriweather, appeals from the trial court's judgment

dismissing his petition for postconviction relief. The record shows that the court entered a

judgment of conviction in 1997. His petition for postconviction relief was filed on

September 9, 2003.

       Merriweather raises six assignments of error in which he cites various alleged errors

including ineffective assistance of counsel, improper sentencing, and improprieties in a

sexual-predator hearing. We need not discuss the merits of these assignments of error.

Because Merriweather's petition was not filed within the time limits set forth in R.C.

2953.21(A)(2), the trial court properly dismissed his petition as untimely. See *State v.*

*Chillicothe - A 348451*

## OHIO FIRST DISTRICT COURT OF APPEALS

*Beaver* (1998), 131 Ohio App.3d 458, 722 N.E.2d 1046; *State v. Tatum*, 1st Dist. No. C-040296, 2005-Ohio-903.

Further, Merriweather has not demonstrated that he fell within one of the two exceptions set forth in the statute. He has not shown that he was unavoidably prevented from discovering the facts upon which the petition depended or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a); *Beaver*, supra; *Tatum*

Merriweather raises sentencing issues, and, arguably, *Blakely v. Washington* (2004), ___ U.S. ___, 124 S.Ct. 2531, and *United States v. Booker* (2005), ___ U.S. ___, 125 S.Ct. 738, set forth an applicable federal or state right. Nevertheless, those cases apply to "all cases on direct review or not yet final." *State v. Bruce*, 1st Dist. No. C-040421, 2005-Ohio-373. They do not apply retroactively to cases on collateral review. *Humphress v. United States* (C.A.6, 2005), 398 F.3d 855; *Green v. United States* (C.A.2, 2005), 397 F.3d 101. Consequently, we overrule Merriweather's six assignments of error and affirm the trial court's judgment.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

DOAN, P.J., GORMAN and PAINTER, JJ.

To the Clerk:

Enter upon the Journal of the Court on April 20, 2005

per order of the Court _____

Presiding Judge

ENTERED
APR 2 0 2005
IMAGE 28

2