UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LOUIS MERRIWEATHER,** | : | Case No.  C1-02-369 |
| Petitioner, | : | |
| | : | Judge Spiegel |
| v. | : | Magistrate Judge Hogan |
| | : | |
| **JAMES ERWIN, WARDEN,** | : | |
| Respondent. | : | |

*RESPONDENT ERWIN'S RESPONSE TO MERRIWEATHER'S
"PETITION FOR RENEWAL"*

I.    **INTRODUCTION**

Petitioner Louis Merriweather, #348-451 (hereinafter "Merriweather"), filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. Section 2254 on May 13, 2002.  In response, Respondent filed a return of writ which took the position that Merriweather's petition was untimely and that Merriweather had additionally forfeited the right to bring his claims in federal corpus as a consequence of his failure to pursue a timely appeal.

Since the filing of his original petition, Merriweather has simultaneously filed a multitude of pleadings in both the Ohio and federal courts challenging his conviction.  Now, however, as reflected by his recently filed "Petition for Renewal of Writ of Habeas Corpus", Merriweather has apparently ceased his state court litigations.  For reasons to follow, Respondent respectfully submits that the waiver and statute of limitation arguments contained within Respondent's Return of Writ, remain valid with respect to all of Merriweather's grounds for relief.

As a convenience to this Court, Respondent has incorporated a full procedural history of Merriweather's previous litigation in this pleading.

## II.    PROCEDURAL HISTORY

### 1.    *State Action – Trial*

Merriweather was indicted by the 1997 Term of the Hamilton County Grand Jury on four (4) counts for the crime of rape with specification in violation of Ohio Revised Code Section 2907.02.  (Return of Writ, Exhibit 1).  Upon arraignment Merriweather entered a plea of not guilty and plea bargaining ensued.  On May 15, 1997, Merriweather pled guilty to two counts of Rape with specification.  (Return of Writ, Exhibit 2).  On June 18, 1997, Merriweather was convicted and sentenced to concurrent ten year terms of imprisonment on each count.  (Return of Writ, Exhibit 3, Case No. B9702196).

### 2.    *Direct Appeal/Delayed Appeal*

Merriweather chose **not** to pursue a timely direct appeal from his conviction.

Almost four years subsequent to his conviction, on March 29, 2001, Merriweather filed a notice of appeal with the First District Court of Appeals.  (Return of Writ, Exhibit 4).  On May 4, 2001, the Court of Appeals *sua sponte* dismissed the appeal as untimely.   (Return of Writ, Exhibit 5, Case No. C010232).

On June 14, 2001, Merriweather filed a memorandum arguing that he was entitled to a delayed appeal.  (Return of Writ, Exhibit 6).  The State filed a Memorandum in Opposition on July 20, 2001.  (Return of Writ, Exhibit 7).  On

July 20, 2001, the Court of Appeals *sua sponte* struck the motion based upon Merriweather's failure to comply with the Ohio Rules of Appellate Procedure. (Return of Writ, Exhibit 8, Case No. C-010232).

On September 28, 2001, Merriweather filed a Notice of Appeal and two Motions for Leave to File Delayed Appeal in the First Appellate District Court of Appeals alleging that he was not informed of his right to appeal. (Return of Writ, Exhibit 9). On November 2, 2001, the Court of Appeals overruled the motion, based upon Merriweather's failure to provide sufficient reasons to explain his delay in filing his appeal. (Return of Writ, Exhibit 10, Case No. C010638). A subsequent Merriweather motion for reconsideration, (Return of Writ, Exhibit 11), was denied on February 8, 2002. (Return of Writ, Exhibit 12, Case No. C-010638).

Meanwhile, on December 12, 2001, Merriweather appealed to the Ohio Supreme Court and filed a memorandum in support of jurisdiction in which he asserted the following proposition of law:

> 1.    It is Plain Error for the Court of Appeals to Overrule a Motion to Reconsider & Certify when it is brought to its attention that the overruling of Appellant's Motion for Leave to Appeal was in conflict with other Appellate Courts of this State. Thus, violating Article IV, Section 3(B)(4) of the Ohio Constitution.

(Return of Writ, Exhibit 13). On March 4, 2002, the Ohio Supreme Court *sua sponte* dismissed Merriweather's appeal as not involving any substantial constitutional question. (Return of Writ, Exhibit 14, Case No. 01-2152).

### 3.    Federal Habeas Corpus

This action was initiated by a Merriweather May 13, 2002 application for

writ of habeas corpus pursuant to 28 U.S.C. Section 2254 that alleged the following grounds for relief:

1.   Being induced/coerced while under psychotropic medication during all trial court proceedings. My defense counsel had full knowledge of this medication, but yet he still induced/coerced me into pleading guilty, nor did he orally inform me that I had a right to appeal nor did I know I had the right to appeal guilty plea/sentencing.

2.   Trial court nor defense counsel personally orally informed me that I had an right to appeal guilty plea agreement and sentencing, and I did not know that I had this right until I saw Davis v. Brigano, case no. C-1-98-686 (Beckwith, J.; Hogan, M.J.)

3.   Ineffective assistance of counsel, defense counsel by not informing me of right to appeal was infective, having, inducing/coercing me into pleading guilty while knowing that I was under psyche medication, allowing trial court to adjudicate me as a sexual predator w/out due process, not permitting me to view in a reasonable time before sentencing, nor to comment on said report, and not personally orally informing me that I had an right to appeal these violations.

4.   Being adjudicated sexual predator without due process, being permitted to be questioned by accuser and others as provided by O.R.C., furthermore being adjudicated without clear and convincing evidence. There should have been a hearing before adjudicating me a sexual predator.

5.   Trial court abused it's discretion in sentencing.

6.   Defendant should have been granted psychiatric examination and such examination should have performed at community diagnostic and treatment center [c.d./t.c.] pursuant to O.R.C. before sentencing. This examination-was requested but was not performed.

7.   Defendant was denied access to his pre-sentence report before sentencing within a reasonable time.

8.   Statements made to investigating officers on March 27, 1997, were induced/coerced while defendant was in a drug and alcohol state of mind which has an adverse effect on

defendant's state of mind. Therefore, defendant's statements were not willingly and voluntarily.  It is unconceivable in the normal frame work of criminal interrogation that two (2) trained and experienced detectives as Rick Malone and Roger Webster could not or did detect the distinct strong odor of beer and marijuana from the defendant in close quarters during the period of defendant's interrogation and alleged confession.

9.    Motion for judicial release was untimely; O.R.C. 2929.20

In response, Respondent filed a return of writ which took the position that Merriweather's petition was untimely and that Merriweather had additionally forfeited the right to bring his claims in federal corpus as a consequence of his failure to pursue a timely appeal.

### 4. Post-conviction Petition

On September 9, 2003, while his habeas corpus action was pending in this Court, Merriweather simultaneously challenged his conviction by filing a post-conviction petition in the Hamilton County Common Pleas Court.  (Exhibit A).  On September 29, 2003, the Common Pleas Court denied Merriweather's post-conviction petition as untimely.  (Exhibit B, Case No. B9702196).

Almost two (2) months subsequent to the denial of his untimely post-conviction petition, on December 23, 2003, Merriweather filed an **untimely** notice of appeal.  (Exhibit C).  On January 30, 2004, the Court of Appeals *sua sponte* dismissed Merriweather's appeal as untimely.  (Exhibit D, Case No. C-030940).

Meanwhile, on December 26, 2003, Merriweather filed a request for leave to pursue a delayed appeal from the denial of his post-conviction petition in the Ohio Court of Appeals for the First Appellate District.  (Exhibit E).   On February 6, 2004, the appellate court granted Merriweather leave to appeal the denial of

his untimely post-conviction petition, but denied his motion for the appointment of counsel.  (Exhibit F).  On July 16, 2004, Merriweather filed a revised brief that presented the following assignments of error[1]:

> 1. Trial counsel was ineffective when he allowed trial court to sentence defendant without presentence investigative report and psychiatric evaluation report.
>
> 2. Trial counsel was ineffective when he failed to protect Appellant's  appellate right(s).
>
> 3. Trial counsel was ineffective at sentencing by allowing trial Court to impose maximum sentencing without complying with sentencing guidelines.
>
> 4. Trial counsel was ineffective for allowing defendant to be classified a sexual predator without requisite hearing.
>
> 5. Trial court abused it's discretion in sentencing by not formally advising defendant of his appellate rights.
>
> 6. Trial court abused its discretion by not formally advising defendant of a hearing as provided by R.C. §2950.09 (B)(1).

(Exhibit G).  The State filed a response.  (Exhibit H).  On April 20, 2005, the Court of Appeals affirmed the trial court's judgment dismissing Merriweather's post-conviction petition as untimely.  (Exhibit I, Case No. C-030948).

Merriweather then appealed to the Ohio Supreme Court and filed a memorandum in support of jurisdiction in which he asserted the following proposition of law:

> 1. Complying with statutory sentencing guidelines R.C.'s §2929.11 through 2929.14(1) and (C).

(Exhibit J).  The State filed a response.  (Exhibit K).  On September 7, 2005, the Ohio Supreme Court *sua sponte* dismissed Merriweather's appeal as not

---

[1] The Court of Appeals struck a previously filed Merriweather brief on June 3, 2004, as a consequence of Merriweather's failure to attach a final appealable order.

involving any substantial constitutional question.  (Exhibit L, Case No. 05-0904).

### 5.    Recent Delayed Appeals

On July 27, 2005, Merriweather filed yet another notice of appeal in the Court of Appeals for the First Appellate District that he candidly admitted was "untimely".  (Exhibit M).  On August 31, 2005, the Court of Appeals *sua sponte* dismissed Merriweather's appeal as untimely.  (Exhibit N, Case No. C-050596).

On August 2, 2005, the ever litigious Merriweather filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A) in the Ohio Court of Appeals for the First Appellate District.  (Exhibit O).  On August 31, 2005, the Court *sua sponte* dismissed the appeal as untimely.  (Exhibit P, Case No. C-050619).

Merriweather has subsequently chosen **not** to appeal either of the above appeals to the Ohio Supreme Court.

### 6.    Petition for Renewal of Writ of Habeas Corpus

Merriweather has now filed a "Petition for Renewal of Writ of Habeas Corpus", in which he sets forth the following grounds for relief:

1.    Uncertified, unwitness alleged sentencing transcript.

2.    Issue of noncompliance with statutory requirements.

3.    Denial of sexual predator hearing.

4.    Denial of right to view presentence investigation report in a reasonable time before sentencing to correct any misinformation.

5.    Whether to accept a heavily medicated defendant's guilty pleas without question when it is brought to the court's attention in open court.

6.    Defense counsel acceptance of petitioner's alleged confession to police without any means of verification to

determine its origin.

7.      Defense counsel was ineffective in allowing a member of the Hamilton County probation department to strongly recommend a lengthy prison term for petitioner, especially when probation department was not a part of plea bargain.

8.      Trial court's failure to substantially comply with criminal rule 11(C)(2)(A).

9.      Whether petitioner is in procedural default.

Merriweather's petition and petition for renewal of writ must be dismissed for reasons to follow.

### III.    STATUTE OF LIMITATIONS

> ***1.    Merriweather filed his habeas petition years after the expiration of the one-year period of limitation under 28 U.S.C. § 2244(d).***

The AEDPA one-year statute of limitations set forth in 28 U.S.C. §2244 states, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

The United States Supreme Court has held that direct review is generally viewed as including the ninety-day period for seeking *certiorari*.  *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989).  Thus, cases will become final on direct review for purposes of §2244(d)(1)(A) when *certiorari* is denied or time to file a *certiorari* petition expires.

In *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001), the Sixth Circuit explicitly

recognized that once it has expired, subsequent prisoner litigation **cannot** retrigger the AEDPA statute of limitations. In so ruling the Sixth Circuit held at 519:

> In declining to find that the statute of limitations under AEDPA was 'retriggered' by the denial of Searcy's motion for a delayed appeal, the district court relied on the rationale of a sister court from the Second Circuit:
>
> > This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.
>
> *Raynor v. Dufrain*, 28 F.Supp.2d 896, 898 (S.D.N.Y.1998). We agree with this rationale and hold, as did the district court, that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.

*See also, Bronaugh v.* Ohio, 235 F.3d 280, 285 (6th Cir. 2000).

Here, Merriweather chose **not** to timely appeal his conviction to the Ohio Court of Appeals. As a consequence of Merriweather's failure to pursue a timely appeal, the AEDPA statute of limitations began to run on July 18, 1997, thirty (30) days subsequent to the date of Merriweather's conviction. Merriweather's AEDPA statute of limitations accordingly expired on July 18, 1998.

Of course, almost three years subsequent to the expiration of the AEDPA statute of limitations, Merriweather filed a motion for delayed appeal. Also, additionally and more recently, Merriweather has continued to flood the Ohio appellate courts with a delayed appeals and post-conviction actions. However, as discussed above, the Sixth Circuit has held that a delayed appeal may not re-start the limitations period. *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Similarly, the Court recently recognized in *Pace v. DiGuglielmo*, 125 S.Ct. 1807 (2005) that when a state court dismisses a collateral action as untimely, it is not properly filed and does not toll.

Respondent finally notes that Merriweather is not entitled to any equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, (6th Cir. 2001), the Sixth Circuit limited equitable tolling to the rare case where an inmate has satisfied the following factors set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988):

> 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing ones rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* The Petitioner has the burden of demonstrating a majority of these factors on balance to be entitled to equitable tolling.

Of course, in his "Petition for Renewal", Merriweather conveniently claims that his claims are based on "newly discovered evidence." However, absolutely nothing in Merriweather's pleadings or attachments support this conclusion. To the contrary, assuming *arguendo,* that Merriweather's guilty plea was somehow caused by defense counsel's failure to investigate or pursue discovery, then

these claims were known, or should have been known, to Merriweather at the time that Merriweather tendered his guilty plea. Similarly if Merriweather's believes that he was not provided with a charging instrument in 1997, then once again said claim could have been pursued at that time.

For the foregoing reasons, Merriweather's limitations period to file this action expired on July 18, 1998. The instant petition, filed May 13, 2002, is time-barred.

## IV.    PROCEDURAL DEFAULT

### 1.    Introduction

A petitioner is generally procedurally barred from litigating claims not fairly presented to the state courts, unless he can demonstrate cause to excuse his failure to present the claims in the state courts and actual prejudice resulting from the failure. *See*, *Coleman v. Thompson*, 501 U.S. 722, 723 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 89-90 (1977). In the Sixth Circuit, procedural default is generally analyzed under the four-part test articulated in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The test asks: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the state courts actually enforced the procedural sanction; (3) whether the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review; and (4) whether the petitioner can demonstrate cause for, and actual prejudice resulting from, the procedural default.

In extreme cases, a federal habeas court may hear a defaulted constitutional claim where cause and prejudice cannot be shown if the petitioner

shows that his conviction is the result of a fundamental miscarriage of justice. A fundamental miscarriage of justice is the conviction of one who is "actually innocent." *See Coleman v. Thompson*, *supra* at 750.

### 2. Merriweather has waived the right to bring his grounds for relief in federal habeas corpus.

Here, not only did Merriweather fail to pursue a direct appeal from his conviction, but Merriweather thereafter waited over three and half years before even attempting to file a motion for delayed appeal in the Court of Appeals. As a result, Merriweather procedurally defaulted his opportunity to present his claims in Ohio's Courts.

Merriweather made at least six untimely and belated attempts at a delayed appeal. (Return of Writ, Exhibits 4, 6, 9; Response to Pet. for Habeas Renewal, Exhibits C, E, M, O). His first two attempts, filed on March 29, 2001 and June 14, 2001, were both dismissed for failure to comply with the Ohio Rules of Appellate Procedure. (Return of Writ, Exhibits 5, 8). Specifically, Merriweather's first filing was simply a notice of appeal that was filed out of time, whereas his second attempt was a memorandum in support of a delayed appeal without the requisite accompanying notice of appeal. (Return of Writ, Exhibits 5, 8).

Merriweather's third attempt, while in compliance with the Ohio Rules of Appellate Procedure, nonetheless did not provide sufficient justification to explain his excessive delay in filing an appeal. As such, the Court of Appeals denied the motion without considering the merits of Merriweather's claims. (Return of Writ, Exhibit 10). Similarly the Ohio Supreme Court was not fairly presented with

Merriweather's claims when they subsequently dismissed the appeal *sua sponte* as not involving a substantial constitutional question. (Return of Writ, Exhibit 14).

Since the filing of the instant federal habeas petition, Merriweather has litigated three more untimely and procedurally improper state court actions which once again failed to constitute a fair presentation of his instant claims. Specifically in its dismissal of Merriweather's untimely post-conviction petition the Court of Appeals explicitly relied upon Merriweather's procedural default as it held at Exhibit D, p. 1-2:

> We need not discuss the merits of [Merriweather's] assignments of error. Because Merriweather's petition was not filed with the time limits set forth in R.C. 2953.21(A)(2), the trial court properly dismissed his petition as untimely. See, *State v. Beaver* (1998), 131 Ohio App.3d 458, 722 N.E.2d 1046; *State v. Tatum,* 1st Dist. No. C-040296, 2005-Ohio-903.

> Further, Merriweather has not demonstrated that he fell within one of the two exceptions set forth in the statute. He has not shown that he was unavoidably prevented from discovering the facts upon which the petition depended or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.21(A)(1)(a); *Beaver,* supra; *Tatum.*

Finally both Exhibits N and P reflect the dismissal of grossly untimely and procedurally deficient Merriweather filings on procedural grounds. ["the Court *sua sponte* dismisses the appeal for failure of the appellant to comply with the Ohio Rules of Appellate Procedure to wit: the appeal was not timely filed.]

As thus demonstrated, the Court of Appeals exerted a procedural bar when it denied Merriweather's delayed appeal requests and untimely post-conviction petition, finding that he did not provide sufficient justification to excuse

his failure to perfect a timely appeal of right.  Because a procedural bar both existed and was applied to Merriweather, the first two prongs of the *Maupin* test have been satisfied.

Additionally, the provisions of Ohio's Appellate Rule 5, requiring that a motion for delayed appeal be overruled if a petitioner does not provide a sufficient reason to explain his delay is firmly established and regularly followed. As such, application of the procedural sanction to Merriweather's case, where he had waited over three and a half years to file a motion for a delayed appeal, is an adequate and independent state ground on which the state relied to foreclose judicial review of his claims.  The third prong of the *Maupin* test has been satisfied.

Of course, if Merriweather could demonstrate both cause for his procedural default and prejudice, then his claims would be entitled to consideration in habeas corpus.  In his petition Merriweather candidly conceded that his "memory is somewhat foggy about the trial court proceeding," before nevertheless asserting that the trial court failed to inform him of his right to appeal.  (Petition, p. 5).

The Merriweather sentencing transcript, which was attached as Exhibit A to Respondent's Third Supplemental Return of Writ in this action, explicitly repudiates Merriweather's allegations at Tr. 22-23:

> THE COURT:     Okay.  All right, then, if there is nothing further to offer, the Court will proceed by advising the defendant that he has certain constitutional rights of appeal.

> If you're not satisfied with the proceedings of the Court, and you wish to enter an appeal, sir, you're instructed to tell your attorney immediately.
>
> If you cannot afford an attorney, the Court has the duty to provide you with an attorney and also provide you with a written copy of the proceedings at no cost to you.   Do you understand that, sir?

THE DEFENDANT: Yes, your Honor.

Additionally, Merriweather seems to have conveniently forgotten that he freely signed an "ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY" that states:

> I understand that my plea of guilty is a complete admission of my guilt of the charge(s).  I know the judge may either sentence me today or refer my case for a presentence report.  ***I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.***

(Return of Writ, Exhibit 2, p. 2, emphasis added).

Merriweather signed and initialed the form and explained to the Court that he understood the form and it's contents during an extended colloquy[2].  (Return of Writ, Exhibit 2, p. 2; Tr.  7-12).  The record also reflects that Merriweather is an educated man who is able to read and write without difficulty.  (Tr. 15-16).  As such, there is no question that Merriweather was apprised of his right to appeal and the time frame within which to do so.

---

[2] The transcript of proceedings of Merriweather's plea has been filed in this Court as Return of Writ, Exhibit 15.

Nevertheless, Merriweather has also asserted in his many pleadings that he was under psychotropic drugs at the time of the hearing.  However, upon being informed that he was on a prescribed medication, the trial court made certain that Merriweather was **not** influenced by the drugs and that he was fully cognizant of what he was doing and what was happening.  The discussion between the Court and Merriweather was as follows:

| | |
|---|---|
| The Court: | You do not appear to be under the influence of any drugs or alcohol at this time.  Am I correct? |
| The Defendant: | I'm under medication. |
| The Court: | What kind of medication? |
| The Defendant: | I don't know what kind. |
| The Court: | You don't know what it is? |
| The Defendant: | It's 50 milligrams of one, and it's two more involved there. |
| The Court: | All right.  What generally, is it being prescribed for?  What kind of problems? |
| The Defendant: | Because at one time I was hearing voices, and then they prescribed this medication for me, plus antidepressant. |
| Mr. Burke: | I don't know the drug.  It's an antidepressant drug based on - - after his arrest he was despondent about the crimes charged here, and he was very depressed when they brought him into the Justice Center.  He was not on suicide watch or anything.  They gave him some antidepressant drugs at one time.  He's still on them, but the dosage is down.  During the times I've talked to Mr. Merriweather, he's been clear and responsible.  He's an educated man that does understand what is going on today. |

The Court:          That was going to be my next question.  How long have you been locked up, sir?

The Defendant:      Since March 23rd.

The Court:          Tell me where you are this morning.

The Defendant:      In your courtroom, sir.

The Court:          What is my name?

The Defendant:      Judge Robert Kraft.

The Court:          And have you been in the room before, or is this the first time?

The Defendant:      This is the first time.

The Court:          And who is the gentleman standing to your left?

The Defendant:      My attorney.

The Court:          Do you know his name?

The Defendant:      Daniel Burke.

The Court:          Was he appointed or retained, sir?

The Defendant:      Appointed.

The Court:          You've been satisfied with his services up to this time?

The Defendant:      Yes, I have.

The Court:          How old are you, Mr. Merriweather?

The Defendant:      Forty-nine.

The Court:          And can you read and write; is that correct?

The Defendant:      Yes, your Honor.

The Court:          How far did you go in school, sir?

| The Defendant: | One and a half years of college. |
| The Court: | Are you on probation or parole for anything at this time? |
| The Defendant: | No, your Honor. |
| The Court: | And do you have any other cases that have to come to trial? |
| The Defendant: | No, your Honor. |
| The Court: | And you do appear to be clear this morning and communicating with me coherently.   Is there anything that you want to tell me about how you feel right now other than the fact that you're on medication and it seems to be giving you some relief?  Is that the idea? |
| The Defendant: | Yes, sir. |
| The Court: | And, Mr. Burke, are you appointed or retained? |
| Mr. Burke: | I'm appointed, Judge, he's correct. |
| The Court: | And based upon the discussion you've had with your client privately and those we've had on the record, do |
| | you feel he is knowingly, intelligently and voluntarily proceeding today? |
| Mr. Burke: | Yes.  As stated earlier, he's an educated man. We've had good conversation about the nature of the crimes charged here and the allegations alleged, and I think he knowingly, intelligently, and voluntarily waives all his rights today. |

(T. pp. 13-16).

As thus demonstrated Merriweather was informed of his right to appeal and the time frame within which to do so.  It is similarly clear that Merriweather's medication did not hinder his ability to fully understand the proceedings during

his plea hearing.    Merriweather has completely failed to establish cause or prejudice to excuse his procedural default.

Because all four prongs of the *Maupin* test have been satisfied, Merriweather has procedurally defaulted all of the grounds raised in this petition.

## V.    <u>CONCLUSION</u>

Based upon the aforementioned reasons stated within this Response to Merriweather's "Petition for Renewal", as well as Respondent's previously filed pleadings, Merriweather's petition for writ of habeas corpus must be dismissed because it is untimely and comprised of claims that are procedurally defaulted. No certificate of appealability should issue.

Respectfully submitted,

JIM PETRO (0022096)
Attorney General

s/Stuart A. Cole
STUART A. COLE (0020237)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
(614) 728-9327 (Fax)
scole@ag.state.oh.us

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Respondent Erwin's Response to Merriweather's Petition for Renewal"* was forwarded to Louis Merriweather, #348-451 at Chillicothe Correctional Institution, 15802 St. Rt. 104 North, Chillicothe, Ohio 45601, by U.S. mail, postage pre-paid this 21st day of October, 2005.

s/Stuart A. Cole
STUART A. COLE
Assistant Attorney General

## INDEX

**ITEM**                                                                                 **EXHIBIT**

Post-Conviction Petition
    Hamilton County Common Pleas Court
    Case No. B9702196 ....................................................................................A

Entry
    Hamilton County Common Pleas Court
    Case No. B9702196 ....................................................................................B

Notice of Appeal
    Court of Appeals, First Appellate District
    Case No. C030940 ....................................................................................C

Entry of Dismissal
    Court of Appeals, First Appellate District
    Case No. C030940....................................................................................D

Notice of Delayed Appeal
    Court of Appeals, First Appellate District
    Case No. C030948....................................................................................E

Entry Granting Leave to Appeal
    Court of Appeals, First Appellate District
    Case No. C030948....................................................................................F

Revised Brief of Merriweather
    Court of Appeals, First Appellate District
    Case No. C030948....................................................................................G

Brief of State of Ohio
    Court of Appeals, First Appellate District
    Case No. C030948....................................................................................H

Entry
    Court of Appeals, First Appellate District
    Case No. C030948....................................................................................I

Notice of Appeal
    Ohio Supreme Court
    Case No. 05-0904 ....................................................................................J

# INDEX

**ITEM**                                                                          **EXHIBIT**

Memorandum in Response
      Ohio Supreme Court
      Case No. 05-0904 ......................................................................................K

Entry
      Ohio Supreme Court
      Case No. 05-0904 ......................................................................................L

Notice of Appeal
      Court of Appeals, First Appellate District
      Case No. C050596 .....................................................................................M

Entry of Dismissal
      Court of Appeals, First Appellate District
      Case No. C050596 .....................................................................................N

Motion for Delayed Appeal
      Court of Appeals, First Appellate District
      Case No. C050619 .....................................................................................O

Entry of Dismissal
      Court of Appeals, First Appellate District
      Case No. C050619.......................................................................................P

Docket Sheets ....................................................................................................Q