IN THE COURT OF COMMON PLEAS

FOR HAMILTON COUNTY, OHIO

STATE OF OHIO, PLAINTIFF                    RE:

-vs-

LOUIS MERRIWEATER, DEFENDANT:               JURISDICTIONAL QUESTION

                                            Case No.B-9702196

                                            Judge Robert S.Kraft

MOTION FOR EVIDENTIARY HEARING

PURSUANT TO R.C.§2953.22

[P]etition to vacate and set a-side the judgment of conviction and sentence as being void under the Ohio Constitution and the United States Constitution for lack of statutory subject matter jurisdiction, pursuant to R.C.'s §2953.21(B)(2),§2937.02,§2935.09,§2935.17(B) and Criminal Rule(3).

STATE OF OHIO

ROSS COUNTY

                                            VERIFIED PETITION

Now comes Petitioner Louis Merriweather,in pro se and petitions this honorable court for post-conviction relief pursuant to R.C.§2953.21 and the reason for this petition are,there were such denials and infringments of the Petitioner's rights in his State trial conviction,as to render all of the pre-trial proceedings and the judgment of his conviction void under both the Ohio Constitution Art.1,Section 10,and the United States Constitution,14th Amendments.



FILED

COURT OF APPEALS

SEP - 9 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

Respectfully Submitted,

Louis Merriweather,#348-451, In Pro Se
P.O.Box 5500
Chillicothe,Ohio 45601-0990

D56102315



## AFFIDAVIT OF VERITY

STATE OF OHIO

ROSS COUNTY   SS:

      I Petitioner,Louis Merreather,being duty deposed in according with the law,do hereby state that I have never been served with an original State seal process from any Ohio court of records,and that I was never formally accused in according to the laws of the state of Ohio,and that no person has asserted a claim of right for any injury done them in violation of the statutory criminal laws of the State Ohio.

Further,that my trial,conviction and sentence are void as a matter of State law,and that I was not afforded the due process of the laws in Ohio,but,prosecuted under a common law statute by virtue of office,without benefits of law. In addition,my rights,privileges and immunities have been unsurped under color of State Law.

Further Affiant saying naught.

                       Louis Merriweather,#348-451, In Pro Se

Sowrn to and subscribed before me this      day of         2003.


NOTARY PUBLIC

*Marta L. B. Hitchens*
*Notary, State of Ohio*
*License No. 5239*
*Commission Expires 3/3/2004*

## STATEMENT OF FACTS:

(1) On March 27,1997.in Hamilton county,city of Cincinnati,the Cincinnati police came to 1535 Pleasant St,and detained Petitioner of his liberty ,then arrested,and charged Petitioner with rape,then on April 2,1997,the Hamilton county grand jury and the Hamilton county prosecutor's office,returned an indictment charging Petitioner with four(4) counts of Rape[§2907.02,(A)(1)(b)]cummilingus,with specification as a sexually violent predator.

(2) On May 15,1997,defense counsel induced Petitioner while under several prescrided psychotropic medication,and without benefit of discovery to pleas guilty to all counts of the indictment.

(3) Petitioner was represented throughtout trial proceeding by court appointed counsel of record who prossessed a conflict of interest.

(4) On June 18,1997,in the court of common pleas in the court room of Judge Robert S.Kraft,in an alleged sentencing hearing ,Judge kraft allegelly accepted Petitioner's alleged voluntarily guilty pleas,and sentence Petitioner to the maximum sentence of 10 years,which violated Petitioner's due process protections.

(5)No court documenation,court records or sentencing transcript had been produced by either the trial court,clerk of courts and the 1st Appellate court and no items of discovery.

(6)No timely appeal was filed,because trial court nor defense counsel informed Petitioner in an oral direct manner of his right to a timely appeal of guilty plea agreements and sentencing in case#B-9702196.

(7) In absence of due process and in violation of Petitioner's rights under the Ohio Constitition,and Petitioner's fifth,sixth and 14th Amendmends rights to the United States Constitution in trial court case No.B-9702196,Petitioner was/is in voluntarily servitude to the State of Ohio and illegelly.restrained of his liberty and freedom.

-3-

(8) All charged under the common law statute,which by State law has been abrogated by the general assembly in 1960,pursuant to R.C.'s section(s) §2901.03(A-B),2937.02,2935.09,2935.17(B) and Criminal Rule(3).

## JURISDICTIONAL FACTS:

(9) This court have subject matter jurisdiction pursuant to R.C.§2953.21(A) and§2953.23(B)(2),to answer all questions of a State statutory constitutional violation on state law,that would render a judgment of conviction void under both the Ohio and U.S.Constitution.State v.Perry,226 N.E.2d.104 at paragraph(4-5).

(10) Petitioner's Merriweather's states that in his petition for post-conviction relief,he is placing this court on notice of an error of law,and facts,that this trial court has made in convicting him on common law offenses,and by statutory law should be corrected,pursuant to Ohio law,Crimal Rule(s) 12(B)(2) and 52(B),because this court was without the authority to hear,decide,and lawfully sentence Petitioner under a common law statute,in doing so,this court has"error"and inflicted upon the Petitioner a manifest of injustice",as Petitioner was not accused or charged by the criminal statutory statutes of Ohio law,"which renders all of the proceedings held against him under common law void",Statev.Dowell,108 Ohio App.6.8.155N.E.2d.482;Key v.Vattier,1 Ohio 132:Winn v.State,10 Ohio 345;Allen v.State,10 Ohio St.287;Smith v.State,12 Ohio St.466;Mitchell v.State,42 Ohio St.383;Johnson,v.State,66 Ohio St.59 and State v.Mullins,705N.E.2d.709(1997),111 S.ct.1693(1991),Hunter v.State of New Mexico,916 F.2d.595 at paragraph(9).

## FIRST CLAIM FOR RELIEF:

(11) Petitioner's conviction and sentence are void as he was denied due process rights under both the statutory due process of Article 1,Section 10.of the Ohio Constitution,and his 5th,6th,and 14th amendments rights to the U.S.Constitution,at common pleas court[case No.B-9702196],grand jury proceedings,and the common pleas court's trial proceedings,in assuming statutory subject matter jurisdiction over common law statutes,charge within the complaint/indictment ,and was not supported with any"criminal affidavit/complaints",and was not filed or properly executed in the manner of the statutory mandates of R.C.'s§2937.02,2935.09,and 2935.17(B) and criminal Rule 3.

## STATEMENTS OF FACTS SUPPORTING THE CLAIM:

Petitioner was arrested on March 27,1997,and charged by indictment on April 2,1997,in the Hamilton county common pleas court,upon request of the prosecutor's of Hamilton county,for violating a common law statute sexual offense.A nol grand jury,under case No.#B-9702196,without any public interest or any sufficient formal accusation by a **person,citzen or police officer**,on a criminal **affidavity/complaint**,on a sworn,filed,pre-indictment of a crime being commited in Hamilton county in any court of record,or with the Hamilton county prosecutor's attorney office,as mandated by the Ohio Legislatives in 1960 in the statutory criminal statutes of R.C.'s §2935.05,2935.09,2935.17(B) and Criminal Rule 3,see also,State v.Brown,442 N.E.2d.475;State v.Graig,(Mar.12,1986)App.No.C-85044,unreported;City of New Albany v.Dalton,661 N.E.2d.1132(Franklin Co.1995);State v,.Miller,47 App.3d.113-114.The Hamilton county common pleas court does not have jurisdiction over common law statutes,R.C.§2901.03(A),charged within a State indictment.111 S.CT.1693(1991).Id.

## O.R.C.§2901.03(A) MANDATES:

(1) NO conduct in the state of Ohio constitutes a criminal act,unless,it is a offense against the Revised Code:

(2) Common law crimes has been abrogated by the general assembly pursuant to section(s)R.C.'s §2901.03(A),§2935.09,§2937.02,§2935.17(B) and Criminal R.3.

## O.R.C.'S §2937.02 AND §2935.09 MANDATES:

(1) These criminal statutory statutes places an affirmative duty on the trial court to follow certain procedures,"before accepting a plea of guilty or not guilty in felonies and misemeanors"by passing R.C.'s§2937.02,2937.07,§2935.03,§2935.10,which becamse effected also in 1960 along with O.R.C.§2901.03(A).The Ohio legislature has enumerated what standards shall the court incorporate in determining its lawfully statutory subject matter jurisdiction,and the citzens of the State of Ohio beleive that the rights contained in R.C.'s §2937.02,§2935.09,are **fundamental**,the rights contained within R.C.'s§2937.02,and §2935.09,are not only"statutory",but constitutional guarantees under Ohio's due course of law,and thus cannot be presume from a silent record that a court,"did"or did not"have statutory subject matter jurisdiction,because it would **deprive** the accuse of due course of law.

Amend.14th.Criminal Rule(55).In State v.Barnes,454 N.E.2d.572;the court of appeals held,"where the proceedings in the court granting change of venue are so irregular as to be wholly void,the court to which the case is taken aquires No jurisdiction at all,and the question may be raised at any time in the course of the proceedings in that court,or first time on appeal as stated infra,§1676:petitioner argue that,he cannot be charged,or found guilty of violating a"common law statute",in a prosector attorney indictment which is not a criminal violation of Ohio law,R.C.§2901.03(A),see Watson v.Jago,558 F2d.330-338(6th Cir.1977),in that case,the grand jury indictment charged Petitioner with deliberate and premeditated murder in the first degree,at trial Petitioner was forced to defend against a charge of felony murder,in holding,the,Petitioner due process were violted,the court stated"To enable the prosecution to seek a convictioon on a charge not brought by the grand jury unquestionably constitutes a denial of due process,by not giving Petitioner fair notice of the criminal charges to be brought against him;558 F.2d.at 334-339,see also Koontz v.Glossa,the court of appeals affirmed the granting of a writ of habeas corpus,"because the charging instrument alleging the crime cited the wrong state statute",the statute under which the prosecution proceeded was substantively different,the court found a due process violation,because the Petitioner in that case had not been given sufficient notice of the charges against him.Hunterv.State of N.M.,916 F.2d.595.In the Petition herein,the reflects that the Petitioner"was not charged at all under the statutory laws of the state of Ohio,but,was arrested,charged,indicted,convicted,and sentence to 10 years,for violating a common law statute,"in a prosecutor's constructive,amended indictment",to and from the Hamilton county grand jury".See State v.Mullins,805 N.E.2d.709(Warren 1997),that court held,that"the trial court's constructive amendment to the complaint,by convicti ng appellate of an offense with which he was never charged,amounts to a change in the name and identity of the crime charged",by substituting no charge and amending a charge,violates criminal Rule 7(D) because,under the common law statute in Ohio,the swearing of a complaint under oath was not required,however,the common law rule is embodies in R.C.§2935.17(A)(B),which provides that all affidavits and complaints forms,and under former procedure,an unsworn statement filed with a Judge,clerk or magistrate was a valid charging instrument,while prior law allowed for unsworn complaints,the Ohio Constitution then as now require sworn affidavits to support an arrest warrant.

—

-6-

State    v.Palider,1987    WL    6964,No.1255(9thDist.Ct.App.Summit,2-18-87),state
v.Btretz,1993 WL 334249,No.92-P-0008(11th Dist.Ct.App.Portage,8-27-93).In state
v.Robinette,693 N.E.2d.305(Jackson 1997),the court held,"[T]he basis of the
complaint's function is to advise the defendant of the offense with which he is
being charged,and to provide the basis for invoking the jurisdiction of the
court".A hearing is required in the instant case based upon the substantive issues
presented within claim number one(1) for relief, and the supporting
documentation,[the docket sheet],and the filies and records of the case does not
negate the Petitioner's claim for relief,a hearing is required to afford the
Petitioner an opportunity if necessary to further adduce evidence in support of
this claim,futher,failure to hold an **evidentiary hearing or void the judgment** of
conviction will constitute another error of law on this court",pursuant to
R.C.§2953.21(E),because,when a Petitioner filed a petition for post-conviction
relief under R.C.§2935.21,and alleges grounds for relief,and,the records of the
original criminal prosecution does not fully rebut the allegations,the Petitioer
is **"entitled"**to a evidentiary hearing or if the decision would void his
conviction,**"he is entitled to his release"**;State v.Perry,226 N.E.2d.104;State
v.Williams,(1996)8 Ohio App.2d.135,220 N.E.2d.837;[T]he hearing is ordered in which
the Petitioner is provided with opportunity to prove his allegations",because,the
word"hearing"as used in R.C.§2935.21,means the hearing under paragraph (E) of
R.C2953.21 and,means"the introduction of testimony or documents in addition to the
records in the case";State v.Johnson,(1971)29 Ohio App.2d.219,280
N.E.@d.393,because,when a trial court considers**"only"**the records in a case,as set
out in paragraph(C) of R.C.§2953.21,**"it is not"**a hearing within the meaning of
R.C.§2935.21 and R.C.§2953.22,Id.

## SECOND CLAIM FOR RELIEF:

(12) Petitioner was denied his due process and his equal protection rights of the
laws in his State prosecution in Hamilton county Ohio,under indictment number#
B_9702196,at the Hamilton county grand jury proceedings and the Hamilton county
Common pleas court,not to be deprived of his life,liberty or his property **without**
the statutory procedural due process of a fair hearing,and to not be **unlaw.fully**
restrained of his liberty under the 14th amendment of the U.S.Constitution and his
4th,5th,6th,8th,13th,

and 14th amendment of the U.S.Constitution.

STATEMENT OF THE FACTS SUPPORTING THE CLAIM:

Petitioner was arrested,charged,convicted,and sentence unequally and purposefully classified and prosecuted"**differently**" from other individuals,when he was accused of violating a common law statute,which is not a crime in Hamilton county Ohio or any other county in the State of Ohio,the prosecuting attorney and One court,with the Hamilton county grand jury"arbitraryly"ignored their responsibility in Petitioner's case,as government agents of both the executive branch and the judicial branch,surprisingly they charged,and prosecuted Petitioner under the common law statute,"which is not criminal in the State of Ohio and,has been abrogated by the general assembly in 1960,pursuant to section,R.C.§2901.03(A).They also prosecuted Petitioner with"no"government or state interest,thereby violating the"separation of power clause",U.S.Const.Am.14th."which demands that no state shall deny any person within its jurisdiction the"**equal protection of the laws**";see,Harper v.Virginia State Bd.of Elections,383 U.S.663-681,86 S.Ct.1079,6 Led(2d)169(1966),because,the Petitioner has a Liberty interest in the State of Ohio as a citzen guarnteen and enumerated in the Bill Of Rights,here,are nine cases cited and one attached,where Petitioner were charged under common law,and filed on the same jurisdictional questions as is the Petitioner,and were granted their due process and relief,and there are many more decisions as in these cases;State v.Bretiz,No.92-P-0008;State v.Green,(1988),48 O.App.3d.121;State v.Zdovc,(1958)106 O.App.481,;South Euclid v.Samartini,(M.C.1965);State v.Brown,2 O.App.3d.400 2 OBR 475,442 N.E.2d.475;State v.Graig,(Mar.12,1986)App.No.C-850444,unreported;City of New Albany v.Dalton,104 O.App.3d.307,661N.E.2d.1132(Franklin Co.1995);State v.Miller,47 O.App.3d.113-114;State v.Brock,(O.App.3d.1996)675 N.E.2d.18.The United States Supreme Court holds"[T]hat it is a violation of due process to convict a person on insufficient of the evidence of all the essential elements of the offenses,Jackson v.Virginia,(1979),443 U.S.307-316,and the law in Ohio is that jurisdiction"**must**"be established with the same degree of proof as the criminal conduct".Ohio Revised Code sections §2937.02,§2935.09,sets fort the provision that a criminal case"**shall**"be held in the court which has the"<u>proper subject matter jurisdiction</u>":Therefore,since Petitioner has been charged with criminal misconduct acts under Common law statute,

-8-

and not the statutory statutes of R.C.'s§2901.03(A),§2937.02,§2935.09"not one of
the elements of that crime was actually committed in Hamilton county ,Ohio on March
267,1997,in case at bar,the common law subsection which prosecuting made applicable
in Petitioner case,does not establish thata crime was committed in itself,in a
criminal action in the state of Ohio,under the common statute,916 F2d.595 at
paragraph(9).Id.,in light of this it appears that this honorable court has no
choice but to void Petitioner common law conviction,for no other reason then it
violates Petitioner equal protection rights to the laws in the state of Ohio,and
immediately dismiss the common law action pursuant to R.C.§2935.21(E),or grant
Petitioner a hearing as set out in paragraph(C-E)of R.C.§2935.21,for reasons that
the prosector of Hamilton county or the courts',cannot prove"beyond a reasonable
doubt"supported by the records of Petitioner's case,that he was not prosecuted
under the common law statute";

## THIRD CLAIM FOR RELIEF:

(13) Petitioner conviction and sentence are void for reasons he was denied
constructive,effective assistance of legal counsel;[T]he right to an impartial
judge,and the right to a public trial,are a denial of Petitioner's 5th,6th,and 14th
amendments to the U.S.Constitution.

## STATEMENTS OF THE FACTS SUPPORTING THE CLAIM:

(A) [P]etitioner's trial attorney,the court,with prosecuting attorney's of Hamilton
county,allowed Petitioner to be arrested,charged,indicted,and convicted without
any"public interest"upon the request of the Hamilton county Prosecutor's office,who
accused Petitioner of violating a common law statute,under case #B-9702196,and for
reasons of the"fundamental defects involves,which resulted in a complete
"miscarriage"of justice,but,for the constitional errors,"no"reasonable jurors would
have founded Petitioner guilty of the underlying offense(s) in the counts within
the indictment,for reasons that Petitioner is actually innocent of the alleged
offense(s).See,Murray v.Carrier,106 S.Ct.2639,the Petitioner's conviction
is"contrary" to clearly establihed U.S.Supreme court precedents,and,"involved an
unreasableeness" of the Supreme court interpretation of the sixth amendment in
Strickland v.Washington,466 U.S.688(1984)"[T]rial counsel was ineffectived for
failure to prevent the court from convicting Petitioner for a violation of a common
law statute that is not a criminal,

-9-

violation in the State of Ohio.On an indictment that was not supported by the criminal complaints charging instruments,from a citzen,police officer,or state attorney.In the instant case,the Petitioner was denied the right to reasonable effectived asistance of counsel,the right to an impartial judge,with the right to a public trial,and as such,is"contrary'to Arizona v.Fulminate,499 U.S.279,310-311 (1991),the Petitioner's complete trial process was infected as a matter of law,the court is to take"judicial notice",and"must"take cogizance of the same and void the purported indictment,because it fails to state a criminal violation of R.C§2901.03(A),under statutory law R.C.'s §2935.02,§2935.09,and criminal Rule[3].

(B) In this instant case defense counsel induced Petitioner to plea guilty to two(2) very serious felonies without"benefit"of discovery which was prejudicial to Petitioner and denied Petitioner reasonable assistance of counsel.Kimmelman v.Morrison,479 U.S.365-385(1986)["ineffective assistance of counsel,when counsel failed to conduct any pre-trial discovery and failed to file timely motion to suppress illegally seized evidence because unreasonable and below prevailing professional norms];Counsel failed to reasonably investigate alleged eyewitnesses;Bryant v.Scott,28F.3d.1411-1418(5th Cir.1994),in this case the court helded that"it is ineffective assistance when counsel failed to investigate alibi witnesses and eyewitnesses,because alibi witnesses known and eyewitnesses testimony important to prosecute case"];In addition counsel in this instant case at bar failed before and after plea agreement to orally,directly inform Petitioner of his right to direct appeal,even after Petitioner and his mother asked counsel about direct appeal,and notice of timely appeal;Lozada v.Deeds,964 F.2d.956,958-59(9th Cir.1992),this court ruled that"[C]ounsel's failure to notify defendant of decision not to file notice of appeal actual denial of assistance of counsel;prejudice to defendant presumed:]With,Hollenback v.U.S.987 F.2d.1272-1276(7th Cir.1993);U.S.v.Peak,992 F.2d.39,41(4th(1993),this court went further and helded"it is ineffective assistance when counsel failed to file direct appeal notwithstanding liklihood of success of appeal";U.S. v.Gipson,985 F.2d.212,215-16(5th Cir.1993),this court ruled"ineffective assistance"to be determined on remand when counsel failed to inform defendant of 10-day deadline for filing an appeal after defendant expressed desire to appeal conviction";William v.Lockhart,849 F.2d.1134,1137-38(8th Cir.1988)"defendant entitled to evidentiary hearing on ineffective assistance when claimed she asked trial counsel to file notice of appeal and counsel did not".Immediately after sentencing in trial court Petitioner asked counsel to file appeal

[T]he 6th amendment to the U.S.Constitution guarantees a person accused of a crime the right to effective assistance of counsel,the U.S.Supreme Court has adopted a two(2) prong test for determining whether counsel's representation of a criminal defendant at trial is so deficient as to deny him his constitutional right to effective assistance of counsel and to require reversal of his convictions:First,the defendant must show that counsel's performance was deficient,this requires showing that counsel made errors so"serious" that counsel was not functioning as the"counsel"guaranteed the defendant by the 6th amendment.Second,the defendant must show that the deficient performance prejudiced the defense,this requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial,a trila whose result is"reliable",Strickland v.Washington,(1984),466 U.S.668-667;The state of Ohio has adopted essentially the same standard,"[W]hen considering as allegation of ineffective assistance of counsel,a two(2) step process is usually employed,First,there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential"duties"to his client;Next,and analytically separate from the question of whether the defendant's 6th amendment rights were violated,there"must"be a determination as to whether the defense was perjudiced by counsel.State v.Bradley,(1989),42 Ohio St.3d.136-141.In this case,not only is there ample evidence that Petitioner trial attorney allowed him to be convicted under the common law statute,but,also,there is evidence available to show that his(Petitioner's) trial counsel permitted the prosecutor's attorney office to prosecute Petitioner without any public interest or any State government interest,and"given the"crucial"import of the statutory subject matter jurisdiction issues"Petitioner's counsel's conduct"fell well below a reasonable standard of Professional representation,1997 U.S.App.Lexis 20746 at 11.,because,counsel's action permitted Petitioner to be convicted/plea  to a void statute,that"is not criminal in the state of Ohio".City of New Albany v.Dalton,104 O App.3d.307,661 N.E.2d.(Franklin Co.1995);State v.Miller,47 O.App.3d.113-114;Middletown v.Blevings,35  O App.3d.65,519  N.E.2d.846(Bulter  Co.1987);State  v.Mullins,124 O.App.3d.112-114,705 N.E.2d.709(Warren 1997).The 12th District court of appeals held that trial court's"constuctive amendment"to the complaint by convicting the defendant to a"structural defect"and a plain error of law,and rules of criminal Procedure 52(B)

Petitioner realizes that there is a presumption that a licensed attorney provides effective representation,however,but,the errors in Petitioner's case are so"egregious"that it should be plain that substantial justice was not done.As the 8th circuit federal court of appeals stated in,Thomas v.Lockhurt,738 F.2d.304(8th Cir.1984)"Just as hinsight cannot be used to condemn counsel's performance,it cannot be used to justify it"738 F.2d.at 309.These several cases cited in the claim herein have found sufficient operative facts to either warrant a hearing under R.C.§2935.22,or warrant the conviction being void,pursuant to R.C.§2935.21 of section(E),as none of Petitioner's claims have been submitted,and there is no contridict issues of facts to the existence of this evidence,and,that the post-conviction is not the legal proper remedy to raise such constitutional violations,as stated in Perry supra at 104,when a Petitioner challenges a void judgment as here,"a Petitioner need not show that counsel's deficient conduct more likely than not altered the outcome of the case",because,"[T]he lack of statutory subject matter of jurisdiction is a structural defect",Arizona v.Fulminate,499 U.S.279,310-311(1991),and renders"all proceedings held against Petitioner void.Barnes v.Wichell,105 F.3d.1111,(6th Cir.     )

[P]etitioner was detained of his liberty at 1535 Pleasant St.in Hamilton county,Ohio then arrested without be orally informed why,charged,indicted for violating a common law statute,and since his arrest,he has been continuelly deprived of his libery,and freedom pursuant to a"sham legal process and fraud",by the alleged party plaintiff,ecting in"bad faith",because,there is"no record"in Petitioner files or the clerk of court records of any invocation of the public or the State government interest,also, there is"no records"of the State of Ohio government action being committed in Hamilton county,Ohio on or after March 27,1997,or the dates/year in the prosector's indictment setting forth under"oath"or affirmation that a crime was committed and that Petitioner committed it,pursuant to R.C.'s§2901.03(A),§2937.02,§2935.09,§2935.17(B),and,§309.08,these statutes must be read together in parta materia,for reasons in claims one through(3) three,that Petitioner has committed "no" crime pursuant to R.C.§2901.03(A),and,is being held"unlawfully" by both the judicial and executive branchs of the State's givernments without any"lawful"judicial action appearing on the face of his records as mandated by Criminal Rule 55,or the cause of the lawful action being filed in any court of records in the State Ohio as required by R.C.'c§2937.02,§2935.09,§2935.17(B),§309.08,to give the prosecutor's of Hamilton county the"lawful commission"to act as a party-plaintiff in the instant matters.

-12-

They are without the lawful authority to act on any common law criminal violations,without an pre-indictment[affidavit/complaint],joining them in a criminal action against Petitioner,R.C.§2901.03(A)(B).They are erroneously name plaintiff is totally without lawful standing at the grand jury proceedings,or any court proceedings,and this post-conviction proceedings,before this court,are prohibited by state and federal law from joining with Petitioner as a lawful party,"as they represent"no"real party in interest"[A victim of a crime],citing Art.1.Section 10.and U.S.v.McElroy,164 U.S.54 17 S.Ct.19,furthermore,as they[the State of Ohio],are not properly and lawfully joined in a state criminal matter against Petitioner,to exercise the state of Ohio statutory duty to lawfully invoke the statutory criminal[branch]subject matter jurisdiction on a prosecutor indictment along,pursuant to R.C.'s§2931.02,§2931.03,§2901.03(A),"made mandatory"by the state legislature to cause the arrest and prosecution,by the enactment of R.C.'s§2937.02,§2935.09,§2935.17(B),and,empower this court of record on any and all felony complaints return in a true bill from Hamilton county grand jury,pursuant to R.C.'s§2935.09,§2935.10,§2939.20 and §2939.22;These statutes must be read together in pari materia,Petitioner,by state statutory law,was not brought lawful prosecution as required by the due process,in our 14th amendment of the U.S.Constitution,"as he have never be lawfully placed in Jeopardy",[no criminal affidavit or complaint filed against him],as required by the statutory laws in the state of Ohio in R.C.'s§2901.03(A),§2935.09,§2935.17(B),citing in RE Frinz,152 O.S.164,and this court was not invoked with the statutory subject matter jurisdiction over the charges of common law statutes within the constructive indictment return from the void proceedings held by the Hamilton county grand jury,because, by"statute,the lawful and mandatory",statutory,subject matter jursidiction of this court's general jurisdiction and the power of the Hamilton county prosecuting attorneys office is only granted upon the statutory criminal statutes and by the state legislative's acts",and not Ex Officio as what was done in the instant case,or by rules of the Supreme court,[Criminal Rule[3].This court nor the prosecution attorneys,"may usurp"or change the intents of the state legislative enactments which is the law in the state of Ohio,on the instant jurisdiction question,before this court on review.

[T]herefore,Petitioner moves this court to proceed with tha law and the Rules of R.C.'s§2935.22,§2935.22,§2953.21(C)(E),in according with the statutory laws.

-13-

in State v.Perry,10 Ohio st.2d.175.266 N.E.2d.104 Id.Even though Petitioner was convicted under a common law statute,and his judgment of conviction was void.Furthermore,since 6½ years have pasted since his arrest on March 27,1997,"to void judgment of conviction as as may any more presumptively prejudicial and injustice in case of;State v.Louis Merriweather,case#B-9702196,"It is not the Petitioner's fault that Hamilton county,and the state of Ohio did not follow proper procedure and violated Petitioner's Ohio and U.S.Constitutional rights,and arrested,charged and indicted Petitioner,then involuntarily placed him in prison without due process of Ohio"s laws.

### CERTIFICATE OF SERVICE

I Petitioner,Merriweather,do hereby certify that copies of the foregoing Petition for post-conviction on subject matter jurisdiction was forward by first class pre-paided U.S.mail to ↳ the Hamilton Clerk of Court's records Desk,at _230 E 9th_ ,Cincinnati,Ohio _45603_,on this day of _Aug_ 2003. _25th Aug._

It is further requested any decision upon this petition being promptly forward to Petitioner.

_____
Louis Merriweather,#348-451,In Pro Se,
P.O.Box 5500
Chillicothe,Ohio, 45601-0990

Sworn to and Subscribed in my Presence on this day _25th_ of _Aug_ 2003

_____
NOTARY PUBLIC

Marta L. B. Hitchens
Notary, State of Ohio
License No. 5239
Commission Expires 3/3/2004

-14-

IN THE COURT OF COMMON PLEAS
FOR HAMILTON COUNTY, OHIO

STATE OF OHIO-PALINTIFF:

-vs-

LOUIS MERRIWEATHER,-DEFENDANT-PETITIONER:

Case No. B-9702196

Judge Robert S. Kraft

### AFFIDAVIT OF INDIGENT

I, **Louis Merriweather**, do hereby state that I am without the necessary funds to pay the costs of this action for the following reasons:

I am currently incarcerated at the Chillicothe Corrections, and I have been incarcerated since June 30,1997, I do not work within the Institution, because of medical conditions and I receive about $6.00 dollars a month in state pay.

Pursuant to Rule XV, Section 3, of the Rules of Practice of the Supreme Court of Ohio, I am requesting that the filing fee and security deposit, if applicable, be waived.

AFFIANT

Sworn to, or affirmed, and subscribed in my presence this 25th day of Aug, 2003.

NOTARY PUBLIC

*Marta L. B. Hitchens*
*Notary, State of Ohio*
*License No. 5239*
*Commission Expires 3/3/2004*

-15-

FORM B

B970219b

**HAMILTON COUNTY CLERK OF COURTS**
HAMILTON COUNTY COURTHOUSE
COMMON PLEAS RECORDS DESK
1000 MAIN STREET, ROOM 315
CINCINNATI, OHIO 45202

Person Requesting Record: *Louis Merriweather*     Number: **348451**

Institution: _____     Date Request Received: _____

**(1.) WE HAVE FILLED THE FOLLOWING RECORDS REQUEST:**

*Copy of Appearance Docket — Mr.*
*Merriweather Upon Demand for Discovery*
*was filed on 4/30/1997 —*
*After Checking the appearance docket —*
*I did not locate any further information*
*on your Demand for Discovery.*
*This is a Court of Appeals Case — (See next*
*page)*

**(2.) YOUR RECORDS REQUEST HAS BEEN ANSWERED BY:**

First Name of Deputy Clerk: *Yuette*     Badge #: **0637**

Telephone Number: (513) **946-5671**     Fax Number: (513) **946-5670**

Mailing Address:     Hamilton County Courthouse
1000 Main Street, Room 315
Cincinnati, OH 45202

Date Request Answered: **6/13/2003**     Answer Sent By: *Yuette*

**MANY OF THE RECORDS YOU ARE REQUESTING MAY BE
AVAILABLE FREE-OF-CHARGE, 24 HOURS PER DAY ON
OUR WEBSITE <http://www.courtclerk.org>**

Attachment: Copy of Records Request Received by the Clerk of Courts

R:\courtdesk\form 8 12/26/00 2:10 PM

JUNE 24 , 2003

HAMILTON COUNTY
CLERK OF COURT OF APPEAL
CINCINNATI, OHIO  45202


DEAR. SIR  LOUIS MERRIWEATHER # 348-451


LOOKING OVER THE CRIMINAL DOCKET FOR B-9702196
THE DISCOVERY IS SOMETHING THAT SHOULD HAVE
BEEN FILED . UNDER  B-9702196 CASE HERE IS A PRINTOUT
OF THE APPELLATE DOCKET # C0100232 IT DOES NOT SHOW ANY
DISCOVERY FILED THIS CASE .



CLERKS OFFICE
HAMILTON COUNTY APPELLATE

Hamilton County Court System

```
                        APPEARANCE DOCKET              C 0100232
Print Date:  6/23/2003                                      Page 1
                                                        CMSR5143


Attorney -              PRO SE                    Z9997
Attorney -
   Judge -


              STATE OF OHIO  vs. LOUIS MERRIWEATHER

Filed: 3/29/2001 A105 - NOTICE OF APPEAL - CRIMINAL - POVERTY AFFIDAVIT

Total Deposits $0.00              Total Costs $0.00


   9705928         LOUIS MERRIWEATHER
                   Appellant(s)
                   vs.
   9705927         STATE OF OHIO
                   Appellee(s)
```

CAL
AVAIL.  IMAGE     | DATE        DESCRIPTION                        AMOUNT
------------------|-----------------------------------------------------
  N               | 3/29/2001  NO DEPOSIT REQUIRED-POV.AFF.          0.00
                  |            LOUIS MERRIWEATHER
  N               | 3/29/2001  APPEAL - ON QUESTIONS OF LAW
  N               | 3/29/2001  NOTICE OF APPEAL FILED.
  N               | 3/29/2001  COMMON PLEAS TRIAL COURT #
                  |            B9702196
  N               | 3/29/2001  COPY SENT BY ORDINARY MAIL TO
                  |            HAMILTON COUNTY PROSECUTOR
  N               | 3/29/2001  DOCKET STATEMENT FILED.
                  |            B9702196
  N               | 3/29/2001  APPLICATION AND AFFIDAVIT BY
                  |            INCARCERATED PERSON TO
                  |            PROCEED WITHOUT PREPAYMENT OF
                  |            FEES
  Y               | 4/17/2001  MOTION TO APPOINT COUNSEL
  Y               | 4/17/2001  MOTION TO PREPARE TRANSCRIPT
                  |            OF PROCEEDINGS AT STATE
                  |            EXPENSE
  Y        3      | 5/04/2001  ENTRY OF DISMISSAL B9702196
                  | 5/04/2001  NOTICE OF ORDER OR JUDGMENT
                  |            SENT BY ORDINARY MAIL TO ALL
                  |            PARTIES REQUIRED BY LAW.
  Y               | 6/14/2001  MOTION TO PREPARE TRANSCRIPT
                  |            OF PROCEEDING AT STATE EXPENSE
  Y               | 6/14/2001  MOTION FOR LEAVE TO FILE
                  |            DELAYED APPEAL AS OF RIGHT
  Y               | 6/14/2001  MOTION FOR LEAVE TO APPEAL
  Y               | 6/14/2001  AFFIDAVIT AFFIFAVIT
  Y               | 6/14/2001  MOTION TO APPOINT COUNSEL
  Y               | 6/14/2001  AFFIDAVIT AFFIDAVIT OF
                  |            INDIGENCY
  Y               | 6/14/2001  DOCKET STATEMENT FILED.
                  |            B-9702196
  Y               | 7/20/2001  MEMORANDUM IN OPPOSITION TO
                  |            DEFENDANTS MOTION FOR DELAYED
                  |            APPEAL
  Y        6      | 7/20/2001  ENTRY STRIKING MOTIONS FOR
                  |            LEAVE TO APPEAL
                  | 7/25/2001  NOTICE OF ORDER OR JUDGMENT
                  |            SENT BY ORDINARY MAIL TO ALL
                  |            PARTIES REQUIRED BY LAW.

GREGORY A. COHEN
*Attorney at Law*

THE CITADEL

114 East Eighth Street
Cincinnati, Ohio 45202
Phone: (513) 621-9016
Fax: (513) 621-2525
rugbyatty@cs.com

May 19, 2003

Louis Merriweather. #345-451
Chillicothe Corrections
P.O. Box 5500
Chillicothe, Ohio 45601-0990

Dear Mr. Merriweather:

I have reviewed your letter and I have also discussed your letter with a fellow attorney. I have moved my practice away from the post-conviction and habeas corpus pleadings because of my busy trial practice.

I believe that you may have cause of action and may benefit from the assistance of an attorney. Therefore, I am enclosing the card of William R. Gallagher who is an outstanding appellate and post-conviction attorney as well as a former President of the Greater Cincinnati Criminal Defense Lawyers association. I am returning your correspondence so that you can cross out my name and replace it with another attorney's name.

I have also enclosed a copy of the docket statement and I am mystified how or why any lawyer would plead a client out to serious charges prior to receiving a Discovery Response from the State. You were Indicted on April 2nd and entered a Plea approximately 45 days later without the benefit of effective assistance of counsel

I wish you luck with this matter and I am competent that if anything can be done on your behalf, Mr. Gallagher is the man to do it.

Sincerely,

Gregory A. Cohen
Attorney at Law

GAC/aeo
Enclosure

. Merriweather
#348-451
P.O. Box 5500
Chillicothe, Ohio
45601-0990
7/15/03

Re: MC #97CRA9740A, — App Docket B-9702196

Please forward to me, The Complaint/Sworn affidavit filed against me under The above MC number.

② Warrant on Indictment

③ Disposition of Community Diagnostic Treatment Center examination, Entered 5/16/1997

④ Request For Bill of Particulars — 4/30/1997

⑤ Subpoena For Witnesses issued — 5/15/1997

Respectfully Submitted
. Merriweather
#348-451

FORM B



# HAMILTON COUNTY CLERK OF COURTS
## HAMILTON COUNTY COURTHOUSE
### COMMON PLEAS RECORDS DESK
#### 1000 MAIN STREET, ROOM 315
#### CINCINNATI, OHIO 45202

Person Requesting Records: *Louis Merriweather*    Number: _____

Institution: _____    Date Request Received: _____

**(1.)  WE HAVE FILLED THE FOLLOWING RECORDS REQUEST:**

*Copy of Indictment, Judgment Sentence, Appearance Docket/plea.*

_____

_____

_____

_____

_____

**(2.)  YOUR RECORDS REQUEST HAS BEEN ANSWERED BY:**

First Name of Deputy Clerk: *Kuttle*    Badge #: *0037*

Telephone Number: (513) *946-5671*  / Fax Number: (513) *946-5670*

Mailing Address:    **Hamilton County Courthouse**
**1000 Main Street, Room 315**
**Cincinnati, OH  45202**

Date Request Answered: *8/14/2003*    Answer Sent By: *Kuttle*

### MANY OF THE RECORDS YOU ARE REQUESTING MAY BE AVAILABLE FREE-OF-CHARGE, 24 HOURS PER DAY ON OUR WEBSITE
#### www.courtclerk.org

Attachment:  Copy of Records Request Received by the Clerk of Courts.

```
                        HAMILTON COUNTY CLERK OF COURTS
TODAY'S DATE: 8/14/2003        COMMON PLEAS DIVISION            PAGE   1
          CASE:B 9702196      Criminal Appearance Report        CMSR5155
-----------------------------------------------------------------------
                    A P P E A R A N C E   D O C K E T

Attorney - Plaintiff
Attorney - Defendant   JACK C RUBENSTEIN                   6200
Cur Judge -            ROBERT S KRAFT                      15

STATE OF OHIO vs. LOUIS MERRIWEATHER

  Total Deposits              $.00
      Total Costs            $0.00


STATE OF OHIO
     vs.
LOUIS MERRIWEATHER
213   BOSNICK  AV                      Municipal #: ,,,
CINTI                   OH  45210
```

ace: B  Age: 49  Sex: M

```
Filed: 4/02/1997  0005 - WARRANT ON INDICTMENT
Count:1   Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
Count:2   Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
Count:3   Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
Count:4   Disposition:3DOC DEPARTMENT OF CORRECTIONS    Date: 6/18/1997
```

| IMAGE | DATE | DESCRIPTION | AMOUNT |
|-------|------|-------------|--------|
| | 4/02/1997 | INDICTMENT REPORTED AND FILED. INDICTMENT FOR RAPE 2907.02A1b R.C. W/ SPEC. (4CNTS) | |
| | 4/02/1997 | PRECIPE FOR WARRANT FILED AND WARRANT ISSUED. | |
| | 4/03/1997 | SIMON L. LEIS JR., SHERIFF: I HAVE IN CUSTODY AND HAVE SERVED COPY OF INDICTMENT ON SAID DEFENDANT BY SNOWDEN, SR. DEPUTY | |
| 230 | 4/10/1997 | ORDER TO SEAL ENTRY | |
| 1 | 4/11/1997 | WAIVER OF PRESENCE OF DEFENDANT AT ARRAIGNMENT 100,000 | |
| | 4/11/1997 | COUNSEL ASSIGNED DANIEL F BURKE JR | |
| 159 | 4/24/1997 | ENTRY OF CONTINUANCE 5/7/97 | |
| 40 | 4/25/1997 | ORDER TO SEAL ENTRY | |
| | 4/30/1997 | WRITTEN REQUEST FOR BILL OF PARTICULARS. | |
| | 4/30/1997 | DEFENDANT'S DEMAND FOR DISCOVERY | |
| 52 | 5/07/1997 | ENTRY OF CONTINUANCE 5/15/97 | |
| | 5/14/1997 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ERICA PARRISH | |
| | 5/15/1997 | SUBPOENA FOR WITNESS ISSUED TO ERICA PARRISH | |
| 124 | 5/15/1997 | ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY CT 1 & 2 RAPE F-1 2907.02 DISMISS CT 3 & 4 & SEXUAL PREDATORS SPEC CTS 3 & 4 | |
| 130 | 5/15/1997 | ENTRY ON WAIVER OF TRIAL BY JURY. | |
| 241 | 5/15/1997 | ENTRY ORDERING PROBATION INVESTIGATION AND REPORT. CLINIC EVAL.REPORT ORDERED. REMANDED. SENT SET 6/18/97 | |
| 19 | 5/16/1997 | ENTRY APPOINTING COMMUNITY DIAGNOSTIC AND TREATMENT CENTER FOR EXAMINATION | |
| 65 | 6/18/1997 | ENTRY ADJUDICATING OFFENDER AS A: SEXUAL PREDATOR | |
| 66 | 6/18/1997 | ENTRY ORDERING PROCESSING OF OFFENDER | |

```
                              HAMILTON COUNTY CLERK OF COURTS
TODAY'S DATE: 8/14/2003         COMMON PLEAS DIVISION           PAGE   2
        CASE:B 9702196          Criminal Appearance Report      CMSR5155
-------------------------------------------------------------------------
              A P P E A R A N C E   D O C K E T
225       6/18/1997 JUDGMENT ENTRY: INCARCERATION
                    DOC 10YRS ON EACH CTS 1 & 2 CONCUR.
                    TO EACH OTHER WITH CREDIT FROM 3/23/97
                    THRU 6/18/97. REMANDED. PAY COURT
                    COSTS. FOUND TO BE A SEXUAL PREDATOR
564       6/28/1997 ENTRY APPROVING COUNSEL FEES
                    $300
          5/06/1998 CRIMINAL STATE COSTS SATISFIED
         12/06/2000 MOTION
                    FOR JUDICIAL RELEASE.
209      12/21/2000 ENTRY OVERRULING JUDICIAL RELEASE
          2/14/2001 AFFIDAVIT OF INDIGENCY
          2/14/2001 MOTION
                    FOR PRODUCTION OF TRANSCRIPTS BY
                    INDIGENT DEFENDANT.
          3/08/2001 MOTION
                    FOR APPOINTMENT OF COUNSEL.
          3/08/2001 AFFIDAVIT OF INDIGENCY
          3/29/2001 NOTICE OF APPEAL FILED
                    NO. C0100232 COPY SENT TO HAMILTON
                    COUNTY PROSECUTOR
          3/29/2001 DOCKET STATEMENT FILED.
                    B9702196
          4/10/2001 MOTION TO DISMISS
                    REQUEST FOR TRANSCRIPTS
135       4/26/2001 ENTRY GRANTING MOTION
                    TO DISMISS REQUEST FOR TRANSCRIPTS
          5/04/2001 ENTRY OF DISMISSAL
                    05/04/01 IMAGE# 3
                    C0100232
                    **COPY SENT TO DOC AND DEFENDANT ON
                    05/21/01 RSR**
          6/14/2001 DOCKET STATEMENT FILED.
                    C-010232
          9/28/2001 NOTICE OF APPEAL FILED AND MOTION FOR
                    DELAYED APPEAL
                    NO.C0100638 COPY SENT TO HAMILTON
                    COUNTY PROSECUTOR
          9/28/2001 DOCKET STATEMENT FILED.
         10/01/2001 DOCKET STATEMENT FILED.
                    C01000638
         10/02/2001 DOCKET STATEMENT FILED.
                    C-010638
         11/02/2001 ENTRY OVERRULING MOTION FOR LEAVE TO
                    APPEAL
                    C0100638
                    11/02/01 IMAGE# 4
                    ***COPY SENT TO DOC AND DEFENDANT ON
                    11/19/01 RSR***
         12/18/2001 NOTICE OF APPEAL OF APPELLANT L.
                    MERRIWEATHER FILED IN THE SUPREME
                    COURT OF OHIO ON 12/12/01, SC# 01-2152
          2/19/2002 MOTION
                    FOR JAIL TIME CREDIT PURSUANT TO
                    O.R.C. #2967.191
252       3/04/2002 ENTRY GRANTING MOTION FOR JAIL TIME
                    CREDIT
          3/19/2002 COPY OF ENTRY DENYING LEAVE TO APPEAL
                    AND DISMISSING APPEAL, FILED IN THE
                    SUPREME COURT OF OHIO ON 03/04/02, SC
                    # 01-2152
          7/29/2002 MOTION
                    TO SUSPEND INCARCERATION/JUDICIAL
                    RELEASE O.R.C. 2929.20
          8/23/2002 MOTION
                    TO STAY FURTHER PROCEEDING OF #2929.20
          8/27/2002 MOTION
                    FOR DECLARATORY RELIEF OF SENTENCING.
         10/08/2002 MOTION
                    TO STRIKE FROM RECORDS
```

```
                             HAMILTON COUNTY CLERK OF COURTS
TODAY'S DATE: 8/14/2003         COMMON PLEAS DIVISION           PAGE    3
       CASE:B 9702196         Criminal Appearance Report       CMSR5155
-----------------------------|------------------------------------------------
                                    A P P E A R A N C E  D O C K E T
            11/22/2002 MOTION
                       FOR RECUSAL OF SENTENCING JUDGE
            12/20/2002 MERRIWEATHER'S MOTION FOR
                       POST-SENTENCE WITHDRAWAL OF GUILTY
                       PLEAS.
             1/10/2003 FILING
             1/17/2003 MOTION
                       TO AMEND POST-SENTENCE WITHDRAWAL OF
                       GUILTY PLEAS.
284          2/13/2003 ENTRY
                       DENYING MOTION FOR POST SENTENCE
                       WITHDRAWAL OF GUILTY PLEA
285          2/13/2003 ENTRY
                       DENYING MOTION FOR RECUSAL OF
                       SENTENCING JUDGE
             3/04/2003 MOTION
                       TO SUSPEND FURTHER INCARCERATION UNDER
                       JUDICIAL RELEASE O.R.C. #2929.20
35           3/06/2003 ENTRY OVERRULING
                       MOTION FOR JUDICIAL RELEASE
             4/09/2003 MOTION
                       FOR EMERGENCY DECLARATORY JUDGMENT.
             4/09/2003 MOTION
                       FOR EVIDENTIARY HEARING TO CORRECT
                       MANIFEST INJUSTICE UNDER CRIM. R. 32.1
234          4/11/2003 ENTRY DENYING:
                       MOTIONS
             5/15/2003 JUDICIAL NOTICE.
```

AUG.14'2003 11:02

#6435 P.001/001

# BA 97-02196
## LOUIS MERRIWEATHER

APR 1 1 1997

### ARRAIGNMENT
### Plea of not Guilty Entered

May 15, 1997
Plea Guilty FG RApe, 2907.02(A)(1)(b) R.C.
(P-1) in Cts. #1 and #w (under 13/no force);
(Cts. #3 and #4 and specs. to Cts. #1, #2, #3
and #4 dismissed). P.S.I. & Clinic Evaltn.
report ordered. Def. remanded pending sentence
set for 6/18/97 at 9:00 A.M.

Kraft,J.

June 18, 1997
Sentence: ODC for 10 yrs. on each of Cts. #1 and
#2 to run concurrently to each other w/credit days
given from 3/23/97 thru 6/18/97. Def. remanded.
Def. to pay CC. (Def. found to be a sexual
predator).

Kraft,J.

ENTERED &
SCANNED
SEP 2 9 2003
IMAGE 469

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **STATE OF OHIO,** | * | Case No. B9702196 |
| Plaintiff | * | Judge Beth A. Myers |
| vs. | * | |
| **LOUIS MERRIWEATHER,** | * | ***ENTRY DENYING MOTION*** |
| Defendant. | * | |

Upon consideration of Defendant's Motion, the Court hereby denies Defendant's Motion and his request for evidentiary hearing. Pursuant to § 2953.21 and 2953.23 of the Ohio Revised Code, Defendant's Motion was not timely filed. Further, the Court finds that no grounds exist for the relief requested.

Judge Beth A. Myers

**ENTER**

SEP 2 9 2003

**BETH A. MYERS, JUDGE**

B

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

STATE OF OHIO

   Plaintiff

vs.

LOUIS MERRIWEATHER

   Defendant



D57348654

C030940

Case NO.B-9702196

*Original*

## NOTICE OF APPEAL

Notice is hereby given that Louis Merriweather,defendant,hereby appeals to the Court of Appeals of Hamilton County,Ohio,First Appellate District from final judgment entered in this action on the 29th day of Sept.2003.

**FILED**
**COURT OF APPEALS**

DEC 2 3 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

Respectfully Submitted;

Louis Merriweather,#348-451
P.O.Box 5500
Chillicothe,Ohio 45601-0990

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this notice of Appeal was forward per-paid to the clerk of Court's Hamilton County Common pleas,at 1000 Main St.Cincinnati,Ohio 45202, on this 17 day of Dec, 2003.

Louis Merriweather

ORIG, COMP, PARTIES, SUMMONS
( ) CERT MAIL ( ) SHERIFF ( ) WAVE
( ) PROCESS SERVER ( ) NONE
CLERKS FEES _____ TIC
SECURITY FOR COST _____
DEPOSITED BY _29997_
FILING CODE _A-105_



2003 DEC 23 A 11: 26
GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH
**FILED**

CLERK OF COURTS

DEC 2 3 2003

RECEIVED BY_____



C

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

### HAMILTON COUNTY, OHIO



D57842475

STATE OF OHIO

       Appellee,

vs.

LOUIS MERRIWEATHER

       Appellant.

APPEAL NO. C-030940
TRIAL NO. B-9702196

ENTRY OF DISMISSAL

This cause came on to be considered upon the appeal from the trial court, and

The Court *sua sponte* dismisses the appeal for failure of the appellant to comply with the Ohio Rules of Appellate Procedure to wit: the Notice of Appeal was not timely filed.

It is further Ordered that a certified copy of this judgment shall constitute the mandate to the trial court pursuant to Rule 27, Ohio Rules of Appellate Procedure.

**To The Clerk:**

**Enter upon the Journal of the Court on** _1/30/04_ **per order of the Court.**

By: _Ralph Winkler_         (Copy sent to counsel)

       **Presiding Judge**

ENTERED
JAN 3 0 2004
IMAGE 22

dis-ss4.doc

D



D57391163

**EXHIBIT**
_____

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO

STATE OF OHIO

  **Plaintiff-Appellee**

-vs-

LOUIS MERRIWEATHER

C030948

C.A.NO. _____

Trial Court No.B-9702196

STATE OF OHIO, COUNTY OF HAMILTON, SS:

_____

### NOTICE OF REQUEST FOR LEAVE TO FILE
### DELAYED APPEAL UNDER APP.R.5(a)

_____

Now comes Appellate-defendant, Louis Merriweather, in pro se, an unlettered Appellant, and formally give notice for request for leave to file a delayed appeal under App.R. 5(a), from ruling or judgment entered in the above case from the Hamilotn county common pleas court on Sept.29,2003, without strictly compliering with Ohio's Civil Rules of Procedure 5(a) and 58(B),"notice of service and or Post-card service" of ruling or judgment entered in the present case, denying Appellant the right to a timely direct appeal.

Respectfully Submitted,

Louis Merriweather#340-451
P.O.Box 5500
Chillicothe,Ohio 45601-0990

ORIG. DUMP, PARTIE UNS
( ) CERT MAIL ( ) SHERIFF ( ) WAVE
( ) PROCESS SERVER      ( ) NONE
CLERKS FEES _____ TIC
SECURITY FOR COST _____
DEPOSITED BY ___ 29997
FILING CODE ___ A-117

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this notice was forward by U.S.mail to Mr.Michael K.Allen,230 E.9th St.,Cincinnati,Ohio 45202,on this 12th day of July 2003.

Louis Merriweather

FILED
COURT OF APPEALS

DEC 2 6 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

2003 DEC 26 P 3:58

GREGORY HARTMANN
CLERK OF COURT
HAM. CNTY OHIO

F I L E D

—4—

E

## MEMORANDUM IN SUPPORT

Now comes Appellant-defendant,Louis Merriweather,in pro se,and respectfully moves this honorable court for leave to file a delayed appeal under App.Rule 5 (a),on a ruling/judgment that was issued on Sept.29,2003,in the Hamilton county common pleas court in the above case no.B-9702196,the reason for this rquest is that trial court and the Hamilton county clerk of courts failed to timely provide Appellant with"notice of service"on trial court's denial of peition filed under O.R.C.§2953.21,on a serious question of"**subject matter jurisdiction**",which was raised on first time under"new and discovered evidence".This petition was filed with Hamilton county clerk of courts on Sept.9,2003.

## FACTS OF CASE NO.B-9702196

In March 1997,appellant was arrested without a warrant and without being properly orally informing Appellant of what he was being arrested for,during trial court proceeding"without".(1) per-trial discover;(2)without a proper complaint;appellant was indured by trial counsel to plea guilty too 4 counts of rape without force or threat of force,in violaion of O.R.C.§2907.02(A)(1),in"absence"of a complaint and affidavit properly filed as provided by O.R.C.§2935.05 and Rule 4(E)(2)of the Ohio Rules of Criminal Procedure.

SECTION §2935.05;states in part;

When a person named in section §2935.05 of the Revised Code has arrested a person without a warrant the arresting officer shall without unnecessary delay,take the person arrested before a court or magistrate having jurisdiction of the offense,and shall file or cause to file an affidavit describing the offense for which the person was arrested.

RULE 4 (E)(2);PROVIDES IN PERTINENT PART;

## (2)Arrest without warrant:

"Where a person is arrested without a warrant the arresting officer shall,bring the arrested person without unnecessary delay befor a court having jurisdiction of the offense,and shall file or cause to be filed a complaint describing the offense for which the person was arrested.

Thus,under Ohio law the"complaints and affidavits"in the present case were"not"arrest warrants but were"charging instruments",As such,in absence of a complaint and affi-davit,did"not"strictly complie with the requirements of Rule 3 of the Ohio Rules of Criminal Procedure,which states;

"The complaint is a written statement of the essential facts constituting the offense charged.It shall also state the numerical designation of the applicable statute or ordinance.It shall be made upon oath before any person authorized by law to administer oaths.(Emphasis added)."[The] purpose and function of a complaint is to inform the accused of the crime of which he is charged.It forms the essential basis of the court's jurisdiction and the subsequent trial and judgment",City of Cleveland v.Weaver,10 Misc(2d) 15,461 N.E.2d.32(Muni,Cleveland 1983);City of New Albany v.Dalton,104 App.(3d),307,661 N.E.2d.1132(Franklin 1995);State v.Villagomez,44 App.(2d)209,211,337 N.E.2d.167.[The] properly filed complaint gives"Municipal Court"in Ohio jurisdiction in a criminal case,without a proper complaint as in the present case,municipal court lacked jurisdiction.

"[M]unicipal court did not acquire competent jurisdiction in criminal case when complaint and affidavit were not properly signed by complainant,"in absence of sufficient formal accusation,a court acquires"no"jurisdiction,and if it assumes juris-diction,a trial,conviction are nullity.State v.Miller,547 N.E.2d.399 (Hamiltton County 1988):In State v.Craig,(Mar.12,1986),Hamilton App.No.C-850444,unreported,1986 WL 3096,holding"The complaint is the jurisdictional instrument of the municipal court".

"The filing of a proper affidavit is pre-requisite to acquistion of jurisdiction by municipal court,and writing which purports to be affidavit is without any validity unless properlysworn to before some person possessing authority to administer oaths.South Euclid v.Samartini,(M.C.1965),5 Ohio Misc.38,31 O.O.2d.87,204 N.E.2d.425.Failure to have affidavit verified is jurisdictional,and such defect cannot be wavied.

The Ohio Constitution guarantees to every defendant the right to know the"nature and cause of the accusation against him",section 10.article 1,of the Ohio Constitution.The primary purpose of a charging instrument in a criminal prosecution is to inform the defendant of the nature of the offense with which he is charged.State v.Lindway,(1936),131 Ohio St.166,2.N.E.2d.490,cert.den.299 U.S.506,57 S.Ct.36,81 L.Ed.375;Holt v.State,(1923),107 Ohio St.307,140 N.E.2d.349;State v.Villagomez,(1974),44 Ohio App.209,337 N.E.2d.167;City of Toledo v.Kohlhofer,(1954),96 OHIO App.355,122 N.E.2d.20;See Schroeder-Katz,Ohio Criminal Law Vol.2,"Crim.R.3..Author's text's p.126;"Since under the Rules of Criminal Procedure the"complaint"serves the same function as the affidavit did in pre-rule days,the same standard for judging the sufficiency of an affidavit must be applied,unless some provision of the Rules of Criminal Procedure changes the rule that the complaint must state"all"the material elements of the crime charged.The state places great emphasis on the fact that Criminal Rule 3,states that the complaint should contain"essential"facts constituting the offense charged"and does not mention the term"elements of the crime"Crim.Rule 3 means at a minimum that the list of essential facts contained in the complaintt must state the essential elements of the crime charged.In the present case there appears after over 4 years of requests to be"no"complaint"sworn"or"unsworn"listing all the essential facts.In New Albany v.Dalton,166 N.E2d.1132;The court ruled"an unsworn complaint[as in this case]is void,and any resulting conviction would be void.If a convictions under these conditions is too stand,its denies the defendant due process of law under the 14th amendment of the U.S.Constitution,and Article 1,Section 10,of the Ohio Constitution.

Failure to present properly sworn affidavit is defect that deprives court of subject matter jurisdiction and"**cannot**"be waived by defendant,Rules Crim.Proc. Rule 12.

## ISSUE ONE

On the question of subject matter jurisdiction filed and stamped by the Hamilton county clerk of courts for the first time on Sept.2,2003,under§2953.21[new and discovered evidence].The appearance docket of case no.B-9702196 of 11/28/03 shows petittion under §2953.21 was filed on 9/09/03 and denied on 9/29/03 without providing service to appellant.[Appearance docket of 11/28/03 is attached].On 10/27/03 the appellant in writing requested a copy of appearance docket for case no.B-9702196,this written request was not stamped received till Nov.4,2003 at 10:58 a.m.[see attached request].Appellant did not receive requested appearance docket though his instituttional legal mail system till Dec.3,2003[see attached envelope].The trial court nor the Hamilton county clerk of court"strictly"complied with Ohio Criminal Rule 5(a),or Civil Rule 58(B)"Post-Card notice"service should have been provided to Appellant to assure timely appeal,without such notice/service,Appellant was deliberately denied the right to file a timely appeal of the trial court's denial of 9/29/03.Notice/service should have been provided Appellant timely;Miamisburg Motel v.Huntiington Natl.Bank,623 N.E.2d.172,(Ohio App.2 Dist.1993),without such notice/service Appellant was denied"due process of law"cause Appellant alleges that his arrest,trial,conviction and sentence were"unlawful"thus Appellant's continue imprisonment is"unlawful"for the following reasons;(1)Appellant was"not"properly informed of the charges against him,(2)**Without** a proper complaint and affidavit,municipal court and Hamilton county common pleas courts were without proper jurisdiction of the subject matter,and such conviction and imprisonment is in strict violation of the Ohio Constitution,Article 1,Section 10.

## ISSUE TWO

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO
Plaintiff-Appellee

C030948

vs.

LOUIS MERRIWEATHER;
Defendant-Appellant;

CASE NO. B-9702196

### NOTICE OF APPEAL

Notice is herey given that Louis Merriweather, defendant-Appellant, hereby appeals to the court of Appeals of Hamilton County, Ohio, First Appellate District, from final judgment entered in this present action on the 29th day of Sept. 2003.

Respectfully Submitted;

Louis Merriweather, #348-451
P.O. box 5500
Chillicothe, Ohio 45601-0990

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing notice of appeal was forward to the Hamilton County Clerk of court at 1000 Main St. CinCinnati, Ohio 45202 on this 17th day of Dec 2003

Louis Merriweather

FILED
COURT OF APPEALS

DEC 2 8 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

-3-

<u>IN THE COURT OF APPEALS</u>

<u>FIRST APPELLATE DISTRICT OF OHIO</u>

<u>STATE OF OHIO−PALINTIFF−APPELLE</u>

FILED
COURT OF APPEALS

DEC 2 6 2003

GREGORY.HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

<u>LOUIS MERRIWEATHER−DEFENDANT−APPELLANT</u>

TRIAL COURT NO.B−9 7 0 2 1 9 6

IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT OF OHIO

TABLE OF CONTENTS AND ASSIGNMENTS OF ERRORS

NOTICE OF APPEAL COMMON PLEAS _____ PAGE-3

NOTICE FOR LEAVE TO FILE DELAYED APPEAL _____ -4

CERTIFICATE OF SERVICE _____ -4

MEMORANDUM IN SUPPORT _____ -5

FACTS _____ -5

O.R.C.§2953.21,AND §2935.05 _____ -5

CRIMINAL RULE OF PROCEDURE 4(E)(2) _____ -5

CRIM.R.4(E)(2) _____ -6

CITY OF CLEVELAND V.WEAVER,10 MISC.(2D)15,461 N.E.2D.32(MUNI.CLEVELAND 1983) _____ -6

CITY OF NEW ALBANY V.DALTON,104 App.(2D),307,661N.E.2D.1132(FRANKLIN 1995) _____ -6

STATE V.VILLAGOMEZ,44 App.(2D)209,211,337 N.E.2D.167 _____ -6

STATE V.MILLER,547 N.E.2D.399 HAMILTON COUNTY 1988) _____ -6

NO COMPLAINT OR IMPROPER COMPLAINT _____ -7

EUCLID V.SAMARTINI,(M.C.1965),5 OHIO MISC.38,31 O.O.2D.87,204 N.E.2D.425 _____ -7

OHIO CONSTITUTION _____ -7

STATE    V.LINDWAY,(1936),131    OHIO    ST.166,2.N.E.2D.490,(CERT    DEN.)299
U.S.506,57,S.CT.36,81 L.ED.375 _____ -7

HOLT V.STATE,(1923),107 OHIO ST.307,140 N.E.2D.349 _____ -7

STATE V.VILLAGOMEZ,(1974),44 OHIO App.209,337 N.E.2D.167 _____ -7

CITY OF TOLEDO V.KOHLHOFER,(1954),96 OHIO App.355,122 N.E.2d.20 _____ -7

SCHROEDER-KATZ,OHIO CRIMINAL LAW VOL.2.CRIM.R.3,AUTHOR'S TEXT'S P.126 ___ -7

COMPLAINT SWORN AND UNSWORN _____ -7

NEW ALBANY V.DALTON,166 N.E.2D.1132 _____ -7

ASSIGNMENT OF ERROR ONE _____ -8

FAILURE TO PROVIDE SERVICE CIVIL R. 5(a) and 58(B) _____ -8

MIAMISBURG MOTEL V.HUNTINGTON NATL.BANK,623 N.E.2D.172(OHIO App.2 DISTRICT 1993) -8

ASSIGNMENT OF ERROR TWO _____ -8

PRIOR JUDICIAL NOTICE OF FAILURE TO COMPLIE WITH CIVILR.5(a)& 58(B) ____ -9

//

2 of 2

OHIO CRIM.RULES OF PRACTICE & PROCEDURE (2 ED.1989)29,SECTION 7.101 _____ -9

OHIO JURISPRUDENCE 3D.(1981)491,CRIM.LAW,SECTION 729 _____ -9

CITY OF CINCINNATI V.GARDNER,580 N.E.2D.545 _____ -9

**SUBJECT MATTER JURISDICTION** _____ -10

FOX V.EATON CORP.(1976),48 OHIO ST.2D.236,238,2 0.0.3D.408,409,358 N.E.2D.536,537 -10

**CONCLUSION** _____ -11

**LAW OF CASE DOCTRINE** _____ -11

STATE EX.REL.SHARIF V.MCDONNELL,741 N.E.2D.127 OHIO _____ -11

CERTIFICATE OF SERVICE _____ -11

AFFIDAVIT _____ -12

AFFIDAVIT OF INDIGENCY _____ -13

## EXHIBITS

A—REQUEST FOR APPEARANCE DOCKET

B—REQUEST ANSWERED BY HAMILTON COUNTY CLERK OF COURT'S

C—ENVELOPE POST MARKED DEC.1,2003

D—APPEARANCE DOCKET_____11/28/03

E—APPEARANCE DOCKET.........8/14/03 WITH JUDICIAL NOTICE OF 5/15/03

///

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO

STATE OF OHIO            :

      Plaintiff/Appellee    :     APPEAL NO. _____

                                 :

      v.                      :

                                 :

Louis Merriweather       :     TRIAL NO. B-9702196

      Defendant/Appellant   :

                                 :     AFFIDAVIT OF INDIGENCY

State of Ohio       )

                  ) ss

County of Hamilton )

Louis Merriweather, the undersigned, being first duly sworn and cautioned, deposes and states as follows:

1. That he is the Defendant in the above styled case;

2. That he is a citizen of the State of Ohio;

3. That he is indigent and unable to pay the costs and charges involved in the within matter;

4. That he is entitled to the redress that is sought in the above styled action to the best of his knowledge and belief.

FURTHER AFFIANT SAITH NAUGHT.

_____

Louis Merriweather - Defendant/Appellant - Indigent

SWORN TO AND SUBSCRIBED BEFORE ME, A NOTARY PUBLIC IN AND FOR THE COUNTY AND STATE THIS _9th_ DAY OF _Dec._____, 2003

_____
NOTARY PUBLIC

*Maria L. B. Hitchens*
*Notary, State of Ohio*
*License No. 5239*
*Commission Expires 3/3/2004*

— 14 —

# Informal Complaint Resolution

Institution: *[handwritten]*

*Top section to be completed by inmate, within 14 days of incident.*

*Inmate will forward the White & Canary copies to the supervisor of the staff person or department most responsible for complaint. Forward Pink copy to the Inspector; and keep the Goldenrod copy.*

| Submitted To: Hamilton County Common Plea Clerk of Courts | Date Submitted: 10/27/03 |
|---|---|

| Inmate's Name: Louis MERRIWEATHER | Number: 348 451 | Housing Assignment: B-3-113 |
|---|---|---|

**Complaint Regarding:**

To: Hamilton County Common Pleas
Clerk of Court

Ref: Docket statement For Trail No. B-9702196

(a) Please promptly forward to me a current
docket statement of my case No. B-9702196

Respectfully Submitted

*[signature] Merriweather*

GREGORY HARTMANN
CLERK OF COURTS
HAM.

2003 NOV -4 A 10:50

---

*Lower Section to be completed by the supervisor of the staff person or department most responsible for complaint.*
*Return Canary copy to inmate within 7 calendar days. Send White copy to the Inspector.*

**Action Taken** (*Cite appropriate policy, procedure or regulation in response*):

(A)

| Staff Member's Signature and Title: | Date: |
|---|---|

*Complaints not resolved may be addressed in accordance with 5120-9-31.*



*(5 Copies) Back )12/4/03*

## HAMILTON COUNTY CLERK OF COURTS
### HAMILTON COUNTY COURTHOUSE
### COMMON PLEAS RECORDS DESK
### 1000 MAIN STREET, ROOM 315
### CINCINNATI, OHIO 45202

Person Requesting Records: *Louis Merriweather*    Number: _____

Institution: _____    Date Request Received: _____

### (1.) WE HAVE FILLED THE FOLLOWING RECORDS REQUEST:

*Copy of Appearance Docket*

_____

_____

_____

_____

_____

_____

### (2.) YOUR RECORDS REQUEST HAS BEEN ANSWERED BY:

First Name of Deputy Clerk: *Yvette*    Badge #: *0637*

Telephone Number: (513) *946-5671*    Fax Number: (513) *946-5670*

Mailing Address:    **Hamilton County Courthouse**
**1000 Main Street, Room 315**
**Cincinnati, OH 45202**

Date Request Answered: *12/1/2003*    Answer Sent By: *Yvette*

**MANY OF THE RECORDS YOU ARE REQUESTING MAY BE
AVAILABLE FREE-OF-CHARGE, 24 HOURS PER DAY ON
OUR WEBSITE
www.courtclerk.org**

Attachment: Copy of Records Request Received by the Clerk of Courts



**GREGORY HARTMANN**
CLERK OF COURTS
1000 MAIN ST - ROOM 315
CINCINNATI, OH 45202-1206

U.S. POSTAGE

DEC 01 '03

Mr. Louis Merriweather
#348451
P.O. Box 5500
Chillicothe, Ohio 45601-0990

45601+0990 50

```
TODAY'S DATE:11/28/2003                COMMON PLEAS DIVISION           PAGE    1
      CASE:B 9702196              Criminal Appearance Report            CMSR5155
---------------------------------------------------------------------------------
                       A P P E A R A N C E   D O C K E T
```

Attorney - Plaintiff
Attorney - Defendant  JACK C RUBENSTEIN                    6200
Cur Judge -           ROBERT S KRAFT                       15

STATE OF OHIO vs. LOUIS MERRIWEATHER

    Total Deposits              $.00
        Total Costs            $0.00


    STATE OF OHIO
        vs.
    LOUIS MERRIWEATHER
    213  BOSNICK AV                          Municipal #: ,,,
    CINTI                  OH  45210


    Race: B  Age: 49  Sex: M

Filed: 4/02/1997  0005 - WARRANT ON INDICTMENT
Count:1   Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997
Count:2   Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997
Count:3   Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997
Count:4   Disposition:3DOC DEPARTMENT OF CORRECTIONS      Date: 6/18/1997

| IMAGE | DATE | DESCRIPTION | AMOUNT |
|-------|------|-------------|--------|
|  | 4/02/1997 | INDICTMENT REPORTED AND FILED. INDICTMENT FOR RAPE 2907.02A1b R.C. W/ SPEC. (4CNTS) | |
|  | 4/02/1997 | PRECIPE FOR WARRANT FILED AND WARRANT ISSUED. | |
|  | 4/03/1997 | SIMON L. LEIS JR., SHERIFF: I HAVE IN CUSTODY AND HAVE SERVED COPY OF INDICTMENT ON SAID DEFENDANT BY SNOWDEN, SR. DEPUTY | |
| 230 | 4/10/1997 | ORDER TO SEAL ENTRY | |
| 110 | 4/11/1997 | WAIVER OF PRESENCE OF DEFENDANT AT ARRAIGNMENT 100,000 | |
|  | 4/11/1997 | COUNSEL ASSIGNED DANIEL F BURKE JR | |
| 159 | 4/24/1997 | ENTRY OF CONTINUANCE 5/7/97 | |
| 40 | 4/25/1997 | ORDER TO SEAL ENTRY | |
|  | 4/30/1997 | WRITTEN REQUEST FOR BILL OF PARTICULARS. | |
|  | 4/30/1997 | DEFENDANT'S DEMAND FOR DISCOVERY. | |
| 52 | 5/07/1997 | ENTRY OF CONTINUANCE 5/15/97 | |
|  | 5/14/1997 | SUBPOENA FOR WITNESS RETURNED AND ENDORSED ERICA PARRISH | |
|  | 5/15/1997 | SUBPOENA FOR WITNESS ISSUED TO ERICA FARRISH | |
| 124 | 5/15/1997 | ENTRY WITHDRAWING PLEA OF NOT GUILTY AND ENTERING PLEA OF GUILTY CT 1 & 2 RAPE F-1 2907.02 DISMISS CT 3 & 4 & SEXUAL PREDATORS SPEC CTS 3 & 4 | |
| 130 | 5/15/1997 | ENTRY ON WAIVER OF TRIAL BY JURY. | |
| 241 | 5/15/1997 | ENTRY ORDERING PROBATION INVESTIGATION AND REPORT. CLINIC EVAL.REPORT ORDERED. REMANDED. SENT SET 6/18/97 | |
| 19 | 5/16/1997 | ENTRY APPOINTING COMMUNITY DIAGNOSTIC AND TREATMENT CENTER FOR EXAMINATION | |
| 65 | 6/18/1997 | ENTRY ADJUDICATING OFFENDER AS A: SEXUAL PREDATOR | |

D-1

HAMILTON COUNTY CLERK OF COURTS

| TODAY'S DATE:11/28/2003 | COMMON PLEAS DIVISION | PAGE 2 |
| CASE:B 9702196 | Criminal Appearance Report | CMSP5155 |

```
--------------------------------------------------------------------------
                    A P P E A R A N C E   D O C K E T
```

| | | |
|---|---|---|
| 66 | 6/18/1997 | ENTRY ORDERING PROCESSING OF OFFENDER |
| 225 | 6/18/1997 | JUDGMENT ENTRY: INCARCERATION |
| | | DOC 10YRS ON EACH CTS 1 & 2 CONCURR. |
| | | TO EACH OTHER WITH CREDIT FROM 3/23/97 |
| | | THRU 6/18/97. REMANDED. PAY COURT |
| | | COSTS. FOUND TO BE A SEXUAL PREDATOR |
| 564 | 6/28/1997 | ENTRY APPROVING COUNSEL FEES |
| | | $300 |
| | 5/06/1998 | CRIMINAL STATE COSTS SATISFIED |
| | 12/06/2000 | MOTION |
| | | FOR JUDICIAL RELEASE. |
| 209 | 12/21/2000 | ENTRY OVERRULING JUDICIAL RELEASE |
| | 2/14/2001 | AFFIDAVIT OF INDIGENCY |
| | 2/14/2001 | MOTION |
| | | FOR PRODUCTION OF TRANSCRIPTS BY |
| | | INDIGENT DEFENDANT. |
| | 3/08/2001 | MOTION |
| | | FOR APPOINTMENT OF COUNSEL. |
| | 3/08/2001 | AFFIDAVIT OF INDIGENCY |
| | 3/29/2001 | NOTICE OF APPEAL FILED |
| | | NO. C0100232 COPY SENT TO HAMILTON |
| | | COUNTY PROSECUTOR |
| | 3/29/2001 | DOCKET STATEMENT FILED. |
| | | B9702196 |
| | 4/10/2001 | MOTION TO DISMISS |
| | | REQUEST FOR TRANSCRIPTS |
| 135 | 4/26/2001 | ENTRY GRANTING MOTION |
| | | TO DISMISS REQUEST FOR TRANSCRIPTS |
| | 5/04/2001 | ENTRY OF DISMISSAL |
| | | 05/04/01 IMAGE# 3 |
| | | C0100232 |
| | | **COPY SENT TO DOC AND DEFENDANT ON |
| | | 05/21/01 RSR** |
| | 6/14/2001 | DOCKET STATEMENT FILED. |
| | | C-010232 |
| | 9/28/2001 | NOTICE OF APPEAL FILED AND MOTION FOR |
| | | DELAYED APPEAL |
| | | NO.C0100638 COPY SENT TO HAMILTON |
| | | COUNTY PROSECUTOR |
| | 9/28/2001 | DOCKET STATEMENT FILED. |
| | 10/01/2001 | DOCKET STATEMENT FILED. |
| | | C01000638 |
| | 10/02/2001 | DOCKET STATEMENT FILED. |
| | | C-010638 |
| | 11/02/2001 | ENTRY OVERRULING MOTION FOR LEAVE TO |
| | | APPEAL |
| | | C0100638 |
| | | 11/02/01 IMAGE# 4 |
| | | ***COPY SENT TO DOC AND DEFENDANT ON |
| | | 11/19/01 RSR*** |
| | 12/18/2001 | NOTICE OF APPEAL OF APPELLANT L. |
| | | MERRIWEATHER FILED IN THE SUPREME |
| | | COURT OF OHIO ON 12/12/01, SC# 01-2152 |
| | 2/19/2002 | MOTION |
| | | FOR JAIL TIME CREDIT PURSUANT TO |
| | | O.R.C. #2967.191 |
| 252 | 3/04/2002 | ENTRY GRANTING MOTION FOR JAIL TIME |
| | | CREDIT |
| | 3/19/2002 | COPY OF ENTRY DENYING LEAVE TO APPEAL |
| | | AND DISMISSING APPEAL, FILED IN THE |
| | | SUPREME COURT OF OHIO ON 03/04/02, SC |
| | | # 01-2152 |
| | 7/29/2002 | MOTION |
| | | TO SUSPEND INCARCERATION/JUDICIAL |
| | | RELEASE O.R.C. 2929.20 |
| | 8/23/2002 | MOTION |
| | | TO STAY FURTHER PROCEEDING OF #2929.20. |
| | 8/27/2002 | MOTION |
| | | FOR DECLARATORY RELIEF OF SENTENCING. |

D-2

```
TODAY'S DATE:11/28/2003                COMMON PLEAS DIVISION              PAGE   3
       CASE:B 9702196                   Criminal Appearance Report         CMSR5155
---------------------------------------------------------------------------
                        A P P E A R A N C E   D O C K E T
            10/08/2002 MOTION
                       TO STRIKE FROM RECORDS
            11/22/2002 MOTION
                       FOR RECUSAL OF SENTENCING JUDGE
            12/20/2002 MERRIWEATHER'S MOTION FOR
                       POST-SENTENCE WITHDRAWAL OF GUILTY
                       PLEAS.
             1/10/2003 FILING
             1/17/2003 MOTION
                       TO AMEND POST-SENTENCE WITHDRAWAL OF
                       GUILTY PLEAS.
 284         2/13/2003 ENTRY
                       DENYING MOTION FOR POST SENTENCE
                       WITHDRAWAL OF GUILTY PLEA
 285         2/13/2003 ENTRY
                       DENYING MOTION FOR RECUSAL OF
                       SENTENCING JUDGE
             3/04/2003 MOTION
                       TO SUSPEND FURTHER INCARCERATION UNDER
                       JUDICIAL RELEASE O.R.C. #2929.20
 354         3/06/2003 ENTRY OVERRULING
                       MOTION FOR JUDICIAL RELEASE
             4/09/2003 MOTION
                       FOR EMERGENCY DECLARATORY JUDGMENT.
             4/09/2003 MOTION
                       FOR EVIDENTIARY HEARING TO CORRECT
                       MANIFEST INJUSTICE UNDER CRIM. R. 32.1
 234         4/11/2003 ENTRY DENYING:
                       MOTIONS
             5/15/2003 JUDICIAL NOTICE.
             9/09/2003 MOTION
                       FOR EVIDENTIARY HEARING PURSUANT TO
                       R.C. #2953.22
 459         9/29/2003 ENTRY DENYING:
                       MOTION
```



```
TODAY'S DATE: 8/14/2003          COMMON PLEAS DIVISION        PAGE    1
    •    CASE:B 9702196          Criminal Appearance Report       CMSR5155
    --------------------------------------------------------------------------
    •                   A P P E A R A N C E   D O C K E T              •
    •
Attorney - Plaintiff
Attorney - Defendant   JACK C RUBENSTEIN                  6200
Cur Judge -            ROBERT S KRAFT                      15

STATE OF OHIO vs. LOUIS MERRIWEATHER

  Total Deposits            $.00
      Total Costs          $0.00


STATE OF OHIO
    vs.
.OUIS MERRIWEATHER
:13  BOSNICK  AV                    Municipal #: ,,.
:INTI                   OH  45210
```

      ace: B  Age: 49  Sex: M

```
Filed: 4/02/1997  0005 - WARRANT ON INDICTMENT
Count:1   Disposition:3DOC DEPARTMENT OF CORRECTIONS        Date: 6/18/1997
Count:2   Disposition:3DOC DEPARTMENT OF CORRECTIONS        Date: 6/18/1997
Count:3   Disposition:3DOC DEPARTMENT OF CORRECTIONS        Date: 6/18/1997
Count:4   Disposition:3DOC DEPARTMENT OF CORRECTIONS        Date: 6/18/1997

IMAGE      DATE      DESCRIPTION                          AMOUNT
--------------------------------------------------------------------------
           4/02/1997 INDICTMENT REPORTED AND FILED.
                     INDICTMENT FOR
                     RAPE 2907.02A1b R.C. W/ SPEC. (4CNTS)
           4/02/1997 PRECIPE FOR WARRANT FILED AND WARRANT
                     ISSUED.
           4/03/1997 SIMON L. LEIS JR., SHERIFF: I HAVE IN
                     CUSTODY AND HAVE SERVED COPY OF
                     INDICTMENT ON
                     SAID DEFENDANT BY SNOWDEN, SR. DEPUTY
23ᴼ        4/10/1997 ORDER TO SEAL ENTRY
1          4/11/1997 WAIVER OF PRESENCE OF DEFENDANT AT
                     ARRAIGNMENT
                     100,000
           4/11/1997 COUNSEL ASSIGNED
                     DANIEL F BURKE JR
159        4/24/1997 ENTRY OF CONTINUANCE
                     5/7/97
40         4/25/1997 ORDER TO SEAL ENTRY
           4/30/1997 WRITTEN REQUEST FOR BILL OF
                     PARTICULARS.
           4/30/1997 DEFENDANT'S DEMAND FOR DISCOVERY
52 .       5/07/1997 ENTRY OF CONTINUANCE
                     5/15/97
           5/14/1997 SUBPOENA FOR WITNESS RETURNED AND
                     ENDORSED
                     ERICA PARRISH
           5/15/1997 SUBPOENA FOR WITNESS ISSUED TO
                     ERICA PARRISH
124        5/15/1997 ENTRY WITHDRAWING PLEA OF NOT GUILTY
                     AND ENTERING PLEA OF GUILTY
                     CT 1 & 2 RAPE F-1 2907.02 DISMISS CT ?
                     & 4 & SEXUAL PREDATORS SPEC CTS 3 & 4
130        5/15/1997 ENTRY ON WAIVER OF TRIAL BY JURY.
241        5/15/1997 ENTRY ORDERING PROBATION INVESTIGATION
                     AND REPORT.
                     CLINIC EVAL.REPORT ORDERED. REMANDEI.
                     SENT SET 6/18/97
19         5/16/1997 ENTRY APPOINTING COMMUNITY DIAGNOSTIC
                     AND TREATMENT CENTER FOR EXAMINATION
65         6/18/1997 ENTRY ADJUDICATING OFFENDER AS A:
                     SEXUAL PREDATOR
66 ......  6/18/1997 ENTRY ORDERING PROCESSING OF OFFENDER
```

E-1

--------------------------------------------------------------------------
                    A P P E A R A N C E   D O C K E T
225        6/18/1997 JUDGMENT ENTRY: INCARCERATION
                     DOC 10YRS ON EACH CTS 1 & 2 CONCUR.
                     TO EACH OTHER WITH CREDIT FROM 3/23/97
                     THRU 6/18/97. REMANDED. PAY COURT
                     COSTS. FOUND TO BE A SEXUAL PREDATOR
564        6/28/1997 ENTRY APPROVING COUNSEL FEES
                     $300
           5/06/1998 CRIMINAL STATE COSTS SATISFIED
          12/06/2000 MOTION
                     FOR JUDICIAL RELEASE.
209       12/21/2000 ENTRY OVERRULING JUDICIAL RELEASE
           2/14/2001 AFFIDAVIT OF INDIGENCY
           2/14/2001 MOTION
                     FOR PRODUCTION OF TRANSCRIPTS BY
                     INDIGENT DEFENDANT.
           3/08/2001 MOTION
                     FOR APPOINTMENT OF COUNSEL.
           3/08/2001 AFFIDAVIT OF INDIGENCY
           3/29/2001 NOTICE OF APPEAL FILED
                     NO. C0100232 COPY SENT TO HAMILTON
                     COUNTY PROSECUTOR
           3/29/2001 DOCKET STATEMENT FILED.
                     B9702196
           4/10/2001 MOTION TO DISMISS
                     REQUEST FOR TRANSCRIPTS
135        4/26/2001 ENTRY GRANTING MOTION
                     TO DISMISS REQUEST FOR TRANSCRIPTS
           5/04/2001 ENTRY OF DISMISSAL
                     05/04/01 IMAGE# 3
                     C0100232
                     **COPY SENT TO DOC AND DEFENDANT ON
                     05/21/01 RSR**
           6/14/2001 DOCKET STATEMENT FILED.
                     C-010232
           9/28/2001 NOTICE OF APPEAL FILED AND MOTION FOR
                     DELAYED APPEAL
                     NO.C0100638 COPY SENT TO HAMILTON
                     COUNTY PROSECUTOR
           9/28/2001 DOCKET STATEMENT FILED.
          10/01/2001 DOCKET STATEMENT FILED.
                     C01000638
          10/02/2001 DOCKET STATEMENT FILED.
                     C-010638
          11/02/2001 ENTRY OVERRULING MOTION FOR LEAVE TO
                     APPEAL
                     C0100638
                     11/02/01 IMAGE# 4
                     ***COPY SENT TO DOC AND DEFENDANT ON
                     11/19/01 RSR***
          12/18/2001 NOTICE OF APPEAL OF APPELLANT L.
                     MERRIWEATHER FILED IN THE SUPREME
                     COURT OF OHIO ON 12/12/01, SC# 01-2152
           2/19/2002 MOTION
                     FOR JAIL TIME CREDIT PURSUANT TO
                     O.R.C. #2967.191
           3/04/2002 ENTRY GRANTING MOTION FOR JAIL TIME
                     CREDIT
           3/19/2002 COPY OF ENTRY DENYING LEAVE TO APPEAL
                     AND DISMISSING APPEAL, FILED IN THE
                     SUPREME COURT OF OHIO ON 03/04/02, SC
                     # 01-2152
           7/29/2002 MOTION
                     TO SUSPEND INCARCERATION/JUDICIAL
                     RELEASE O.R.C. 2929.20
           8/23/2002 MOTION
                     TO STAY FURTHER PROCEEDING OF #2929.20
           8/27/2002 MOTION
                     FOR DECLARATORY RELIEF OF SENTENCING.
          10/08/2002 MOTION
                     TO STRIKE FROM RECORDS

E-2

```
TODAY'S DATE: 8/14/2003          COMMON PLEAS DIVISION          PAGE    3
       CASE:B 9702196          Criminal Appearance Report          CMSR5155
----------------------------------------------------------------------------
                       A P P E A R A N C E   D O C K E T
            11/22/2002 MOTION
                       FOR RECUSAL OF SENTENCING JUDGE
            12/20/2002 MERRIWEATHER'S MOTION FOR
                       POST-SENTENCE WITHDRAWAL OF GUILTY
                       PLEAS.
             1/10/2003 FILING
             1/17/2003 MOTION
                       TO AMEND POST-SENTENCE WITHDRAWAL OF
                       GUILTY PLEAS.
 284        2/13/2003 ENTRY
                       DENYING MOTION FOR POST SENTENCE
                       WITHDRAWAL OF GUILTY PLEA
 285        2/13/2003 ENTRY
                       DENYING MOTION FOR RECUSAL OF
                       SENTENCING JUDGE
             3/04/2003 MOTION
                       TO SUSPEND FURTHER INCARCERATION UNDER
                       JUDICIAL RELEASE O.R.C. #2929.20
  85        3/06/2003 ENTRY OVERRULING
                       MOTION FOR JUDICIAL RELEASE
             4/09/2003 MOTION
                       FOR EMERGENCY DECLARATORY JUDGMENT.
             4/09/2003 MOTION
                       FOR EVIDENTIARY HEARING TO CORRECT
                       MANIFEST INJUSTICE UNDER CRIM. R. 32.1
 234        4/11/2003 ENTRY DENYING:
                       MOTIONS
             5/15/2003 JUDICIAL NOTICE.
```

E-3