# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO



D57875296

STATE OF OHIO                          APPEAL NO. C-030948
                                       TRIAL NO. B-9702196

      Appellee,

Vs                                     ENTRY GRANTING LEAVE TO
                                       APPEAL AND EXTENDING TIME

LOUIS MERRIWEATHER

      Appellant,

This cause came on to be considered upon the PRO SE motions of the appellant filed herein for leave to appeal and for the appointment of counsel, and

The Court, upon consideration thereof, finds that the motion for leave to appeal is well taken and is granted; however, the motion for the appointment of counsel is not well taken and is overruled.

Wherefore, upon consideration thereof, the appellant shall have until February 27, 2004 to file the docket statement.

**To The Clerk:**

Enter upon the Journal of the Court on ___2/6/04___ per order of the Court.

By: _Rayon Winkler_     (Copies sent to all counsel)
        **Presiding Judge**

```
ENTERED
FEB - 6 2004
IMAGE 36
```

F

IN THE OHIO STATE COURT OF APPEALS
FOR HAMILTON COUNTY, OHIO
FIRST APPELLATE DISTRICT OF OHIO



D59906183

---

CASE NO. C-030948

---

### STATE OF OHIO

Plaintiff-Appellee

vs.

### LOUIS MERRIWEATHER

Defendant-Appellant

---

APPEAL FROM THEE DECISION OF
COMMON PLEAS COURT OF HAMILTON COUNTY
CRIMINAL DIVISON

---

### REVISED BRIEF OF APPELLANT LOUIS MERRIWEATHER

---

LOUIS MERRIWEATHER, #348-451

CHILLICOTHE CORRECTIONAL INSTITUTION

P.O. BOX 5500

CHILLICOTHE, OHIO 45601-0990

Defendant-Appellant In Pro-Se

FILED

2004 JUL 16 P 3:32

GREGORY HARTMANN
CLERK OF COURTS
HAM. CNTY. OH

EXHIBIT
5

FILED
COURT OF APPEALS

JUL 1 6 2004

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY

G

## TABLE OF CONTENTS
## AND
## ASSIGMENT OF ERRORS

STATEMENT OF THE CASE                                                    PAGE

a)Procedural Posture.................................................

b)Statement of Facts................................................

FIRST ASSIGMENT OF ERROR(S)........................................1

(A) Presentence Investigative Report...............................1

(B)Psychiatric Evaluation Report...................................2

Trial counsel was ineffectived when he allowed trial court to sentence defendant without presentence investigative report and psychiatric evaluation report.

ISSUE(S) PRESENTED FOR REVIEW......................................3

(1) When defense counsel's [Prommise(s)]to Appellant are broken,[Appellant's guilty pleas],which were based upon defense counsel's promise(s),were "not" voluntarily, willingly,knowingly and freely.

(2)When defense counsel failed to protect his promise(s),and to defend court ordered clinical evaluation,and PSI,defense counsel denied Appellant fundmental fairness at trial court proceeding,and denied Appellant due process protection,and rendered defense counsel's assistance ineffectived.

**AUTHORITIES**

State v.Dietz,89 O.App.3d.69,623 N.E.2d.613....................................1

U.S.v.Barrett,890 F.2d.855(6th.Cir.1989).......................................1

U.S. v.Stevens,851 F.2d.140-143(6th.Cir.1988)..................................1

U.S. v.Silverman,976 F.2d.1502(6th.Cir.1992)...................................1

U.S. v.Herrera,928 F.2d.769(6th.Cir.1991).....................................1

Alabama v.Smith,490 U.S.794,109 S.Ct.2201;104 L.Ed.2d.865(1989)...............1

Robert,455 U.S.at 556,100 S.Ct.1362...........................................1

U.S.v.Evans,891 F.2d.686-688(8th.Cir.1989),cert.denied,848,U.S.1074,108 S.Ct.1047, ,98 L.Ed.1010(1988),cert.,denied,495 U.S.932,110 S.Ct.2170,109 L.Ed.499(1990)..1

R.C.§2947.25(A)...........................................................2

State v.Lee,56 O.App.2d.57,10 OO3d.64,383 N.E.2d.342......................2

Johnson v.Zerbst,304 U.S.458,468,58 S.Ct.1019,1025,82 L.Ed.1461(1938)..........2

Brady v.U.S.742,758,90 S.Ct.1463,1474,25 L.Ed.2d.747(1970)....................2

Godinez v.Moran,113 S.Ct.at 2694.........................................2

Drope,(1975),420 U.S.at 176,95 S.Ct.at 906..................................3

Jackson v.Indiana,406 U.S.715,739,92 S.Ct.1845,1858;32 L.Ed.435(1972)..........3

Riggins,504 U.S.at 142,112 S.Ct.at 1818-1819(1992)...........................3

Strickland,(1984),466 U.S.at 693-698;104 S.Ct.2052..........................3

Combs v.Coyle,205 F2d.369 (2002)..........................................3

Lockhart v.Fretwell,506 U.S.364,372,113 S.Ct.838,122 L.Ed.2d.180(1993)..........3

**SECOND ASSIGNMENT OF ERROR**...........................................3

Trial counsel was ineffectived,when he failed to protect defendant's appellate
rights.

**ISSUE PRESENTED FOR REVIEW**............................................5

When defense counsel failed to protect Appellant's appellate's rights,defense
counsel's assistance was ineffective and fell well below reasonably standards and
denied Appellant"due process protect",under the 14th Amendment to the U.S.Consti-
tution,and defense counsel's misconduct**"adversely"**affected Appellant's plea(s) and
plea hearing outcome.

**AUTHORITIES**

Criminal Rule 11.........................................................4

State v.Buchanan,43 O App.2d.93,72 OO2 2d.307;344 N.E.2d.503(1974)..............4

State v.Kelly,(1991),57 Ohio St.3d.127,129,566 N.E.2d.658-600...................4

Smith v.Robbins,120 S.Ct.746,772 (2002)....................................4

Criminal Rule 32 (B)(2)....................................................5

R.C.§2953.05.............................................................5

Griffin v.Illinios,(1956),351 U.S.12,76 S.Ct.585,100 L.Ed.891...................5

Burns v.Ohio,(1959),360 U.S.252,79 S.Ct.1164,3 L.Ed.2d.1209....................5

Smith v.McMann,(1969),417 F2d.648,654,certiorani denied,397 U.S.925,90 S.Ct.929,90

S.Ct.929,25 L.Ed.105.....................................................5

ii

LaChance v.Loudemill,470 U.S.532-542 (1985).................................5

Goodwin v.Cardwell,432 F2d.521,522-523(6th.Cir.1970)..........................5

Lovelace v.Haskins,474 F2d.1254-1255,(1973)...................................5

Swenson v.Boslen,(1967),386 U.S.258,at 260;87 S.Ct.at 997,18 L.Ed.2d.33.........5

**THIRD ASSIGNMENT OF ERROR**................................................**6**

Trial counsel was ineffective at sentencing by allowing trial court to impose maximum sentenceing without complying with sentencing guidelines.

**ISSUE PRESENTED FOR REVIEW**................................................**6**

Defense counsel was ineffective in allowing trial court to impose maximum sentence without complying with sentencing guidelines,his assistance was not reasonably,and his ineffectiveness**"adversely"**affected Appellant's sentenc,and denied Appellant**"due process protect"**.

**AUTHORITIES**

O.R.C. Section(s) §2929.11 through §2929.12(C),§2929.19(B)(2)(e) and §2929.14(C),
with§2951.02(B)................................................................6

State v.Kershaw,132,Ohio App.3d.243(Hamilton Cty.1991),724 N.E.2d.1176..........6

State v.Sheppard,(Hamilton,Cty.1997),124 Ohio App.3d.66;705 N.E.2d.411..........6

State v.Comer,99 Ohio St.3d.463,793 N.E.2d.473..................................6

R.C.§2853.08 (A)(a)............................................................6

**FOURTH ASSIGNMENT OF ERROR**................................................**6**

Trial counsel was ineffective for allowing defendant to be classified a sexual predator without requisite hearing.

**ISSUE PRESENTED FOR REVIEW**................................................**7**

Defense counsel was ineffectived in failing to object,when trial court failed to provide Appellant with a hearing under sexual predator guidelines,defense counsel's assistance was"not"within the bounds of reasonably,and"did not protect"Appellant's due process rights under R.C.§2950.09

**AUTHORITIES**

R.C.§2950.09(B)(1)............................................................7

State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881(2000)........................7

State v.Cook,(1998),83 Ohio St.423-426........................................7

FIFTH ASSIGNMENT OF ERROR.................................................7

Trail court abused its' discretion in sentencing by not formally advising defendant
of his appellate rights.

ISSUE PRESENTED FOR REVIEW................................................8

Trial court abused its'discretion by not orally,directly formally advising
Appellant of his appellate rights,trial court's abuse denied Appellant due process
protection,and this abuse denied Appellant a fair and impartial trial court proceed-
ing,and a right to direct appeal.

AUTHORITIES

Criminal Rule 32(B)(2),[Passim].........................................5&7

State v.Sims,272 N.E.2d.at 88-89(Ohio 1971).............................7

Evitts v.Lucey,469 U.S.387,393 (1985)...................................7

Douglas v.California,372 U.S.353m356-57(1963)...........................7

Griffin v.Illinios,[Passim].............................................5&8

Burkett v.Cunningham,826 F2d.1208,1221 (8th.Cir.1987)...................8

Stephenson,501 F.Supp.840,842 (M.D.N.C.1981)...........................8

SIXTH ASSIGNMENT OF ERROR.................................................8

Trial court abused its'discretion by not formally advising defendant of a hearing
as provided by R.C.¶2950.09 (B)(1).

ISSUE PRESENTED FOR REVIEW................................................9

Trial court abused its'discretion and denied Appellant due process protection,by
not formally providing Appellant a sexual predator hearing,with clear and convinc-
ing evidence before adjudicating Appellant a sexual predator.

AUTHORITIES

R.C.§2950.09 (B)(1),[Paasim]............................................7&8

State v.Eppinger,[Passim]...............................................7&8

R.C.§2050.01 (F)........................................................8

State v.Cook,[Passim]...................................................7&8

State v.Gowdy,(2000),88 Ohio St.3d.387,389,727 N.E.2d.579-589................8

Britt v.North Carolina,(1971),404 U.S.226,227,92 S.Ct.431-433;30 L.Ed.400-403.8

Conclusion....................................................................9-10

Certificate of Service.........................................................10

## PRIOR SUBMIITED EXHIBITS

IMAGE-241[Ordering probation investigtion report]

IMAGE-19 [May 16,1997]appointing CDTC for clinical examination]

IMAGE-130 [entry waiver trial by jury

IMAGE-124 [withdrawing guilty pleas May 15,1991

IMAGE-124-A [the 4"is"altered,May 15,1997

IMAGE-225[judgment entry,June 18,1997,Crim.Rule 32(A)(2) was not applicable at plea
        hearing in 1997.

IMAGE-135,[April,26,1997,entry granting motion to dismiss defendant's request.for
        transcripts.

T.P.(1),March 21,2001,Request for view of presentencing investigation report to
      Hamilton County Probation Department.

T.P.(2),**ORINGIAL**,respond from Hamilton County Prosecuting Office for request to
      view presentence report.

T.P.(3),**ORINGIAL**,motion to dismiss request for transcripts,April 10,2001.

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY,OHIO

STATE OF OHIO

    Plaintiff-Appellee                 No.C-030948

-VS-

LOUIS MERRIWEATHER

    Defendant-Appellant

## REVISED BRIEF OF DEFENDANT-APPELLANT

## STATEMENT OF THE CASE

**a) Procedural Posture**

Defendant-Appellant,Louis Merriweather,was named in a four (4) count indictement returned by a Hamilton County Grand Jury,in April of 1997,alleging Appellant forced a minor girl child into sexual conduct [cunninlingus],in violation of R.C.§2907.02(A)(1).In less then **45 days** from indictment,Appellant's defense counsel induced/coerced Appellant into pleading guilty too two(2) counts of the indictment on [prommise(s)] from defense counsel,a maximum sentence of 10 years on each count,to run current to each other was imposed upon Appellant for his pleas,with sexual predator specifications to each count.

    From the judgment of the trial court,Appellant Merriweather now appeals to this court.

## STATEMENT OF THE FACTS

**b)** This is a classic case of she said,she heard.The state based its' arrest and charges on Kisha Parrish and Erica Parrish Black(Kisha is Erica's Aunt),who in the past

charged Appellant with raping her (kisha) on two difference alleged occasions in two (2) difference states. What the alleged victim does not tell the court and allow it to reflect in their charges is that on the morning of March 23,1997,and two days prior to the alleged offends,Kisha and the Appellant had voluntarily engaged in drugs and aclohol,including sexual acts of oral and intercourse personally with each other,at 1535 Pleasant St.in the county of Hamilton and the city of Cincinnati,prior to Kisha calling the police on the morning in question,and personally orally telling police that Kisha was a living resident of 1535 Pleasant St. There is "no" dispute that the minor child Erica was raped,[it is common knowledge with-in the immediate Black and Parrish family members],that Erica was raped months prior too the alleged complaints against Appellant,but,"not by Appellant".

## FIRST ASSIGMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED,WHEN HE ALLOWED TRIAL COURT TO SENTENCE APPELLANT
WITH-OUT PRESENTENCE INVESTIGATIVE REPORT[PSI] AND PSYCHIATRIC EVALUAION [PE].

### ARGUMENT[|S]

Trial court documentations affirms that defendant [alleged]induced pleas too 2
counts of violation of R.C.§2907.02||A)||1),on the promise||s) from defense
counsel,promise||s) of presentence investigative report,[PSI]and psychiatric
evaluation [PE].[T.p.page 11,lines 10-15.However the PSI did not materialize,if one
infact had,defendant was"not"permitted to personally review PSI in a reasonable
time before sentencing to correct any misinformation,the PSI was court
ordered,(T.p.page 11,lines 10-13).Defendant was entitled to access to PSI report in
a reasonable time before sentencing.State v.Dietz,89 O.App.3d.69,623 N.E.2d.613,to
correct any material misinformation.U.S.Barrett,890.F.2d.855||6th Cir.1989).The
extent of a defendant's constitutional right is not"to be sentenced on the basis of
invalid    information".U.S.v.Stevens,851    F.2d.140-143||6th.Cir.1988);U.S.v
Silverman,976 F2d.1502||6th.Cir.1992).[A]ny information may be considered so long as
it had"[sufficient indicia of reliabliity to support its accuracy"].U.S.v.
Herrera,928 F2d.769||6th.Cir.1991);Alabama v.Smith,490 U.S.794,109 S.Ct.2201,104
L.Ed.2d.865||1989).Sentence imposed on the basis of material misinformation under
some circumstances,however,may violate due process.Robert,455 U.S.at 556,100
S.Ct.1362;U.S.v Evans,891 F2d.686-688||8h.Cir.1989),cert,denied,848 U.S.1074,108
S.Ct.1047,98 L.Ed.2d.1010(1988),cert.,denied,495 U.S.931,110 S.Ct.2170,109
L.Ed.2d.499(1990).See also T.p.Image 241.

-1-

On the same day of May 15,1997,in open court,the promise of psychiatric evaluation
was made to defendant for defendant's induced pleas by defense counsel.[T.p.page
11,lines 10-15;T.p.page 13,lines 2-25;T.p.page 14,lines 1-25;T.p.page 15,lines 1-
25;T.p.page 16,lines 1-5].Defense counsel also gave trial court misinformation on
defendant's suicide watch,T.p.page 13,lines 20-25;T.p.page 14,lines 1-7],and on the
administration simultaneously of several different anti-psychotropic medication
which had an adverse effect on defendant's mental state'his will too knowingly enter
into guilty plea agreement.[T.p.page 13,lines 1-25;T.p.page 14,lines 1-5].This court
ordered PE would have put to rest whether defendant was infact mentally competent to
enter a guilty plea.Defense counsel promise was broken,[there was"no" court ordered
PE as defense counsel promised],and defense counsel was ineffectived.[T.p.page
16,lines 11-22;T.p.Image 19].Defense counsel's promise(s) to defendant was"not"in
good faith",and his ineffectiveness was prejudicial toward defendant and a serious
breach of trust between defense counsel and defendant. The presentence PE mandated
by [fromer R.C.§2947.25[|A)],is part of the sentencing process and"cannot"be waived
by the defendant or his counsel. [A]ny sentence imposed with-out compliance with
fromer    R.C.§2947.25(A),is    void.State    v.Lee,56    O.App.2d.57,10    003d.64,383
N.E.2d.342.Defense counsel should have maded reasonable investigation to assure that
clincial examination was performed as defense counsel promised."[A] criminal
defendant may not waive his constitutional rights,his right to counsel or plead
guilty   unless   he   does   so"competenly"and"intelligently".Johnson   v.Zerbst,304
U.S.458,468,58  S.Ct.1019,1025,82  L.Ed.1461(1938).Brady  v.U.S.,397  U.S.742,758,90
S.Ct.1463,1474,25 L.Ed.2d.747||1970).Godinez v.Moran,113 S.Ct.at 2694.

Drope,420 U.S.at 176,95 S.Ct.at 906.See also Jackson v.Indiana,406

U.S.715,739,92 S.Ct.1845,1858,32 L.Ed.2d.435(1972);Riggins,504

U.S.at 142,112 S.Ct.at 1818-1819(1992). In order to show prejudice,

defendant need only show that there is a reasonable probability

that,but counsel's errors,the fact finder would have had a reasonable

doubt about defendant's guilt.Strickland,466 U.S.at 693-698,104 S.

Ct.2052.Combs v.Coyle,205 F2d.369(6th.Cir.2002);Lockhart v.Fretwell

,506 U.S.364,372,113 S.Ct.838,122 L.Ed.2d.180(1993).

## ISSUE(S) PRESENTED FOR REVIEW

**(1)** WHEN DEFENSE COUNSEL'S PROMISE(S) TO APPELLANT ARE
BROKEN,[APPELLANT'S GUILTY PLEAS],WHICH WERE BASED UPON DEFENSE
COUNSEL'S PROMISE(S),WERE"NOT"VOLUNTARILY,WILLINGLY,KNOWINGLY AND
FREELY.

**(2)** WHEN DEFENSE COUNSEL FAILED TO PROTECT HIS PROMISE(S),AND TO
DEFEND COURT ORDERED CLINICAL EVALUATION,AND PSI,DEFENSE COUNSEL
DENIED APPELLANT FUNDMENTAL FAIRNESS AT TRIAL COURT PROCEEDING,AND
DENIED APPELLANT DUE PROCESS PROTECTION,AND RENDERED DEFENSE
COUNSEL'S ASSISTANCE INEFFECTIVED.

## SECOND ASSIGMENT OF ERROR

Trial counsel was ineffectived,when he failed to protect defendant's
appellate rights.

### ARGUMENT

At plea hearing of May 15,1997,in open court the guilty plea

agreement(s) were presented to defendant,defendant affirms his

signature.[T.p.page 7,lines 14-21],however defendant's personal

-3-

signature"does not"appear on,T.p.Image 124,defendant's signature
appears on T.p.page Image 124A;[T.p.page 8,lines 19-25;T.p.page 9,
lines 1-25;T.p.page 10,lines 1-17]. The court transcript of May
15,1997,is"**silent**"as too trial court or defense counsel
orally,directly adhereing to criminial rule 11;**Criminal Rule 11**,is
concern with a defendant's rights upon entering a plea and also sets
forth the procedure to be followed when such plea is taken.Criminal
Rule 11,includes all of the defendant's constitutional rights as
stated in the fifth and sixth amendments of the U.S.Constitution.In
order for a plea of guilty to be valid in a felony case"**all**"of the
the procedural requirements of Criminal R.11,"**must**" be scrupulously
adhere too,otherwise,the quilty plea is void.State v.Buchanan.43 O.
App.2d.93,72 002 2d.307,344 N.E.2d.503,(1974).It was defense couns-
el's responsibility to assure that defendant was appraised of"all"
his appellate rights and that trial court strictly complied with
criminal rule 11. In reviewing the records on appeal,the appellate
court should inquire as to whether the defendant voluntarily and
knowingly waived his constitutional right(s).This inquiry intails
a review of the records to ensure that criminal rule 11,was followed
by the trial court upon defendant's guilty plea.State v.Kelly,57 Ohio
St.3d.127,129,566 N.E.2d.658,660.Smith v.Robbins,120 S.Ct.746,772
(2000). In adsence of sentencing transcript of June 18,1997,Appellant
maintains that defense counsel nor trial court in a personal oral
manner informed Appellant of his appellate rights,pursuant to

-4-

Criminal Rule ||B)||2),before,after or during sentencing.Defense counsel"did not"make a reasonable effort to protect Appellant's appellate rights either orally,directly and personally during trial court proceeding.[R]ight to appeal from conviction in state court is"not" an absolute right,but where opportunity to appeal is granted,as in Ohio,an indigent conviction defendant"cannot"be deprived of his opportunity to appeal by his impecunious condition,R.C.§2953.05,Griffin v.Illinois,||1956),351 U.S.12,76 S.Ct.585,100 L.Ed.891,Burns v.Ohio,||1959),360 U.S.252,79 S.Ct.1164,3 L.Ed.2d.1209.Smith v.McMann,||1969),417 F2d.648,654,certiorani denied,397 U.S.925,90 S.Ct.929,,90 S.Ct.929,25 L.Ed.2d.105.The Federal Constitution is violated if a convicted defendant is denied an appeal"by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal,with the aid of counsel".LaChance v.Erickson,522 U.S.262,266||1998),City of Cleveland Board of Education v.Loudemill,470 U.S.532-542||1985);Goodwin v.Cardwell,432 F2d.521,522-523||6th.Cir.1970).[T]he indigent defendant need only"show" that he"was not"informed of his right to direct appeal.Lovelace v.Haskins,474 F2d.1254-1255(1973);[T.p..page 8,lines 13-25;T.p.page 9,lines 1-25;T.p.page 10,lines 1-20;T.p.page 16,lines 7-22] Over several years Appellant has attempted to get sentencing transcript of June 18,1997;See also T.P.Image 135;T.p.1;T.p.2;T.p.3.[T]he right to appeal exists even in the absence of a request.Swenson v.Boslen,||1967),386 U.S.258,at 260,87 S.Ct.at 997,18 L.Ed.2d.33.

## ISSUE PRESENTED FOR REVIEW

WHEN DEFENSE COUNSEL FAILED TO PROTECT APPELLANT'S APPELLATE RIGHTS,DEFENSE COUNSEL'S ASSISTANCE WAS INEFFECTIVED AND FELL WELL BELOW REASONABLY STANDARDS,AND DENIED APPELLANT DUE PROCESS PROTECTTION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND DEFENSE COUNSEL'S MISCONDUCT ADVERSELY AFFECTED APPELLANT'S PLEA HEARING OUTCOME.

### THIRD ASSIGMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED AT SENTENCING,BY ALLOWING TRIAL COURT TO IMPOSE
MAXIMUM SENTENCING WITH-OUT STRICTLY COMPLYING WITH SENTENCING GUIDELINES.

#### ARGUMENT

Defense counsel knowingly allowed trial court to impose maximum sentence on

defendant with-out complying with sentencing guidelines.[Ohio]Courts as of 1996,are

required to comply with the sentencing guidelines and procedures set forth under

Ohio's Revised Codes §2929.11 through §2929.14||C) and R.C's §2951.02||B);

§2929.12|C) with §2929.19(B)||2)||e),with trial court making and"specially

enumerating"why this particular alleged offense were the "worst forms"of the offense

and deserving maximum sentence.State v.Kershaw,132,Ohio App.3d.243||Hamilton

Cty.1991),724 N.E.2d.1176;State v.Sheppard,(|Hamilton,Cty.1997),124 Ohio

App.3d.66;705 N.E.2d.411;State v.Comer,99 Ohio St.3d.463,793 N.E.2d.473.Defendant

who received maximum sentence for offense"is entitled"to de novo review of sentence

by court of appeals.R.C.§2953.08(A)(a).

#### ISSUE PRESENTED FOR REVIEW

DEFENSE COUNSEL WAS INEFFECTIVED IN ALLOWING TRIAL COURT TO IMPOSE MAXIMUM SENTENCE
WITH-OUT COMPLYING WITH SENTENCING GUIDELINES,HIS ASSISTANCE WAS"NOT"REASONABLY
,AND COUNSEL'S INEFFECTIVENESS ADVERSLY AFFECTED APPELLANT'S SENTENCE,AND DENIED
APPELLANT DUE PROCESS PROTECTTION.

### FOURTH ASSIGMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED FOR ALLOWING DEFENDANT TO BE CLASSIFIED AS A SEXUAL
PREDATOR WITH-OUT REQUISITE HEARING.

#### ARGUMENT

Defense counsel was ineffective at plea hearing and sentencing of May 15,1997 and

June 18,1997,when he (|counsel) knowingly allowed trial court to classify defendant

-6-

a sexual predator with-out requisite hearing.[T.p.page 7,lines 1-12;T.p.page 7,lines

23-25;T.p.page 8 lines 1-14;T.p.page 10,lines 21-25;T.p.page 11,lines 1-4;T.p.page

17,lines 16-25]. Defendant was adjudicated with-out clear and convincing evidence

and in absence of R.C.§2950.09||B)||1).State v.Eppinger,91 Ohio St.3d.158;743

N.E.2d.881 ||2000);State v.Cook,||1998),83 Ohio St.3d.423-426.

### ISSUE PRESENTED FOR REVIEW

DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT,WHEN TRIAL COURT FAILED TO
PROVIDE APPELLANT WITH A HEARING UNDER SEXUAL PREDATOR GUIDELINES,DEFENSE COUNSEL'S
ASSISTANCE WAS NOT WITHIN THE BOUNDS OF REASONABLY,AND "DID NOT"PROTECT APPELLANT'S
DUE PROCESS RIGHTS UNDER **R.C.§2950.09.**

### FIFTH ASSIGMENT OF ERROR

TRIAL COURT ABUSED ITS' DISCRETION IN SENTENCING BY NOT FORMALLY ADVISING DEFENDANT
OF HIS APPELLANT RIGHTS.

### ARGUMENT

Trial court abused its' discretion by not orally directly and personally informing

defendant of his appellate rights during sentencing in absence of Criminal Rule

32||B)||2).Trial court transcript of May 15,1997 is silent.Trial court "did not"in an

oral dialogue inform defendant of his appellate rights,which should have been

personal and in a reasonably intelligible manner."[I]f one's right to direct appeal

and his right to court-appointed counsel for such appeal are to be viable,it is

imperative that there be such a determination of such rights by the appellate

court".State    v.Sims,272    N.E.2d.at    88-89(Ohio    1971);Evitts    v.Lucey,469

U.S.387,393||1985);Douglas v.California,372 U.S.353,356-57||1963). The purpose of the

first appeal provided as of right by a state is to determine whether the individual

defendant has been "lawfully" incarcerated and to ensure a correct adjudication of

guilt or innocence.

Griffin      v.Illinois,351      U.S.12,18(1956).Burkett      v.Cunningham,826
F2d.1208,1221(8th.Cir.1987);Stephenson,510      F.Supp.840,842|(M.D.N.C.1981).Equal
protection concerns are implicated when the state treats a class of defendants'
differently for purpose of offering them a meaningful appeals.Evitts,469 U.S.at
405.

### ISSUE PRESENTED FOR REVIEW

TRIAL COURT ABUSED ITS' DISCRETION BY NOT ORALLY,DIRECTLY FORMALLY ADVISING
APPELLANT OF HIS APPELLATE RIGHTS,TRIAL COURT'S ABUSE DENIED APPELLANT DUE PROCESS
PROTECTION,AND THIS ABUSE DENIED APPELLANT A FAIR AND IMPARTIAL TRIAL COURT
 PROCEEDING,AND A RIGHT TO DIRECT APPEAL.

### SIXTH ASSIGMENT OF ERROR

TRIAL COURT ABUSED ITS' DISCRETION BY NOT FORMALLY ADVISING DEFENDANT OF A HEARING
AS PROVIDED BY R.C.§2950.09|(B)||1).

### ARGUMENT

Trial court abused its' discretion by adjudicating defendant a sexual predator,in
absence of R.C.§2950.09.|(B)||1),and with evidence which was "not"clear and
convincing.State v.Eppinger,91 Ohio St.3d.158;743 N.E.2d.881."To [earn] the most
severe designation of sexual predator,the defendant"must"have been convicted of or
pleaded guilty to committing a sexually oriented offense and"must"be likely to
engage in the future in one or more sexually oriented
offenses".R.C.§2050.01(F),State v.Cook,83 Ohio St.3d.at 407;700 N.E.2d.at 574.A
sexual offender classification will have a profound impact on a defendant's life,it
must be impartial and fair.State v.Gowdy,|(2000),88 Ohio St.3d.387,389;727
N.E.2d.579–589.The state "must",as a matter of equal protection,provide indigent
prisoners with the basis tools of an adequate defense when those tools are
available for a price to other prisoners".Britt v.North Carolina,|(1971),404
U.S.226,227;92 S.Ct.431,433;30 L.Ed.2d.400,403.

## ISSUE PRESENTED FOR REVIEW

TRIAL COURT ABUSED ITS' DISCRETION AND DENIED APPELLANT DUE PROCESS PROTECTION,BY NOT FORMALLY PROVIDING APPELLANT A SEXUAL PREDATOR HEARING,WITH CLEAR AND CONVINCING EVIIDENCE BEFORE ADJUDICATING APPELLANT A SEXUAL PREDATOR.

T.p.page 5,lines 11-25;T.p.page 6,lines 1-25;T.p.page 7,lines 1-12;T.p.page 7,lines 23-25;T.p.page 8,lines 1-14;T.p.page 17,lines 16-25].

## C O N C L U S I O N

The Sixth and Fourteenth Amendments guarantee a person accused of a crime the right to the aid of a lawyer in preparing and presenting his defense,the right to counsel is the right to effective assistance of counsel with adequate legal assistance.In Strickland v.Washington,[passim] at 2074-2075,Justice Marshall dissented and filed this opinion in part" to tell lawyers and the lower courts that counsel for a criminal defendant "must" behave"reasonably"and must act like"a reasonable competent attorney",.ante,at2065,"is to tell them nothing".It is an unfortunate but undenial fact that a person of means,by selecting a lawyer and paying him enough to ensure he perpares thoroughly,usually can obtain better representation than that available to an indigent defendant,who must rely on appointed counsel,who in turn,has limited time and resources to devote to a given case.[I]s a reasonably competent attorney,a reasonably competent adequately paid retained attorney or a reasonably competent appointed attorney? It is also a fact that the quality of representation avaliable to ordinary defendants in different parts of the country varies significantly.Should the standard of performance mandated by the Sixth Amendment vary by local"? [A]ppellant maintains that in absence of proper procedure and in strict violation of Ohio's and the U.S.Constitutions,Appellant was sold into"involuntary servitude/slavery"to the state of Ohio for 10 years for the tune of $300.00 dollars.

-9-

In 1865,the thirteenth     Amendment was adoped which,["prohibits slavery and involuntary   servitude],the  Fourteenth  Amendment"<u>extended   the   privileges   of citizenship to</u>**"African  Americans"**  and  forbids  the  states  from  "<u>abridging</u>"the privileges or immunities of citizens of the United States,it also forbids the

states from depriving any person of life,liberty,or property without "<u>due process of law</u>",or of denying any person the equal protection of the law. In the instance case at bar **"<u>three</u>"** [3] laws are in conflict,the,laws of Hamilton County,the Ohio and the U.S.Constitution,Hamilton County's laws have illegally kept Appellant in involuntary  servitude  to  the  state  of  Ohio  against  Appellant's  will  and <u>deliberately</u> denied Appellant due process protection.For 7½years Appellant has been imprisoned under infirm conditions,with undue mental and physical pressure imposed against him,without the **<u>benefit</u>** of due process protection and still with the **<u>strong belief in the American justice system which has tho so far failed him</u>"**.Appellant has been delieratley denied the personal privileges of his loved ones',his family **"<u>structure</u>"has  been  broken,his  family  members  have  suffered**  the  personal humiliation with mental and physical pain from Appellant's wrongful incarceration. Delayed justice must not continue to incarcerate Appellant without due process of law.

It is therefore prays that delayed justice be granted Appellant.

### CERTIFICATE OF SERVICE

I hereby certify that a correct copy of this revised appellatte brief was forward to Michael K.Allen,at 230 E.9th.S./Cinti,Ohio 45202; on this 2V day of Aug 2004

by per-paid first class mail.

Louis Meriweather, #348-451
P.O.Box 5500
Chillicothe,Ohio 45601-0990

-10 -

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

ENTERED &
SCANNED
SEP 2 9 2003
469

STATE OF OHIO,

    Plaintiff

vs.

LOUIS MERRIWEATHER,

    Defendant.

Case No. B9702196

Judge Beth A. Myers

**ENTRY DENYING MOTION**

Upon consideration of Defendant's Motion, the Court hereby denies Defendant's Motion and his request for evidentiary hearing. Pursuant to § 2953.21 and 2953.23 of the Ohio Revised Code, Defendant's Motion was not timely filed. Further, the Court finds that no grounds exist for the relief requested.

_Beth A. Myers_
Judge Beth A. Myers

**ENTER**

SEP 2 9 2003

BETH A. MYERS, JUDGE



**COURT OF APPEALS**

**FIRST APPELLATE DISTRICT**

**HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| **STATE OF OHIO** | : | **NO. C-030948** |
| Plaintiff-Appellee | : | Trial Court Case No. B-9702196 |
| vs. | : | |
| **LOUIS MERRIWEATHER** | : | |
| Defendant-Appellant | : | |

## BRIEF OF PLAINTIFF-APPELLEE

Michael K. Allen (0025214P)
Prosecuting Attorney

**Philip R. Cummings (0041497P)**
Assistant Prosecuting Attorney

230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
(513) 946-3012
Fax No. (513) 946-3021

COUNSEL FOR PLAINTIFF-APPELLEE

**FILED**
**COURT OF APPEALS**
SEP 2 1 2004
**GREGORY HARTMANN**
**CLERK OF COURTS**
**HAMILTON COUNTY**

**Louis Merriweather #348-451**
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio 45601-0990

DEFENDANT-APPELLANT, PRO SE

CLERK OF COURTS
SEP 2 2 2004
RECEIVED BY

## TABLE OF CONTENTS

**PAGE**

STATEMENT OF THE CASE

    a)     Procedural Posture: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.
    b)     Statement of Facts: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

FIRST ASSIGNMENT OF ERROR

    TRIAL COUNSEL WAS INEFFECTIVED, WHEN HE ALLOWED TRIAL COURT TO SENTENCE APPELLANT WITH-OUT PRESENTENCE INVESTIGATIVE REPORT (PSI) AND PSYCHIATRIC EVALUATION (PE). . . . . 2.

SECOND ASSIGNMENT OF ERROR

    TRIAL COUNSEL WAS INEFFECTIVED, WHEN HE FAILED TO PROTECT DEFENDANT'S APPELLATE RIGHTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

THIRD ASSIGNMENT OF ERROR

    TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING BY ALLOWING TRIAL COURT TO IMPOSE MAXIMUM SENTENCING WITHOUT COMPLYING WITH SENTENCING GUIDELINES. . . . . . . . . . . . . . . . . . . . . . . 2.

FOURTH ASSIGNMENT OF ERROR

    TRIAL COUNSEL WAS INEFFECTIVED FOR ALLOWING DEFENDANT TO BE CLASSIFIED A SEXUAL PREDATOR WITHOUT REQUISITE HEARING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

FIFTH ASSIGNMENT OF ERROR

    TRIAL COURT ABUSED IT'S DISCRETION IN SENTENCING BY NOT FORMALLY ADVISING DEFENDANT OF HIS APPELLATE RIGHTS. . . . . . . . . 2.

SIXTH ASSIGNMENT OF ERROR

    TRIAL COURT ABUSED IT'S DISCRETION BY NOT FORMALLY ADVISING DEFENDANT OF A HEARING AS PROVIDED BY R.C. 2950.09(B)(1). . . . . . . . . 2.

[ARGUED TOGETHER]

i.

## TABLE OF CONTENTS (Cont'd)

**PAGE**

ISSUE PRESENTED FOR REVIEW AND ARGUMENT

Ohio Rev. Code Ann. § 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy or successive postconviction petition:  the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in Ohio Rev. Code Ann. § 2953.21(A)(2) or since the filing of his last petition; and he must show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted.  Ohio Rev. Code Ann. § 2953.23(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.

AUTHORITIES CITED:

R.C. 2953.21(A)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.
R.C. 2953.23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.
R.C. 2953.23(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.
State v. Sanders, 2002 Ohio 5093, *; 2002 Ohio App. LEXIS 5180, ** . . . . . . . . . . . 4.

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

COURT OF APPEALS

FIRST APPELLATE DISTRICT

HAMILTON COUNTY, OHIO

STATE OF OHIO                          :      NO. C-030948

          Plaintiff-Appellee         :

   vs.                                :        **BRIEF OF PLAINTIFF-APPELLEE**

LOUIS MERRIWEATHER                     :

     Defendant-Appellant        :

## STATEMENT OF THE CASE

**a)**    **Procedural Posture:**

On May 15, 1997, defendant plead guilty to two counts of rape. On June 18, 1997, defendant was sentenced to the Department of Corrections for ten years. Defendant did not timely appeal this judgment. Defendant did not file timely for post-conviction relief.

On September 9, 2003, defendant filed a petition for post-conviction relief. By entry of September 29, 2003, the trial court denied the petition as untimely. This appeal ensued.

**b)**    **Statement of Facts:**

In his September 9, 2003 petition entitled, "Motion for Evidentiary Hearing Pursuant to R.C. 2953.22," defendant made no attempt to explain or justify the tardiness of his petition. The trial court noted the tardiness of the petition and found that no grounds existed to grant defendant the relief requested.

1.

## FIRST ASSIGNMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED, WHEN HE ALLOWED TRIAL COURT TO SENTENCE APPELLANT WITH-OUT PRESENTENCE INVESTIGATIVE REPORT (PSI) AND PSYCHIATRIC EVALUATION (PE).

## SECOND ASSIGNMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED, WHEN HE FAILED TO PROTECT DEFENDANT'S APPELLATE RIGHTS.

## THIRD ASSIGNMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING BY ALLOWING TRIAL COURT TO IMPOSE MAXIMUM SENTENCING WITHOUT COMPLYING WITH SENTENCING GUIDELINES.

## FOURTH ASSIGNMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVED FOR ALLOWING DEFENDANT TO BE CLASSIFIED A SEXUAL PREDATOR WITHOUT REQUISITE HEARING.

## FIFTH ASSIGNMENT OF ERROR

TRIAL COURT ABUSED IT'S DISCRETION IN SENTENCING BY NOT FORMALLY ADVISING DEFENDANT OF HIS APPELLATE RIGHTS.

## SIXTH ASSIGNMENT OF ERROR

TRIAL COURT ABUSED IT'S DISCRETION BY NOT FORMALLY ADVISING DEFENDANT OF A HEARING AS PROVIDED BY R.C. 2950.09(B)(1).

[ARGUED TOGETHER]

2.

## ISSUE PRESENTED FOR REVIEW AND ARGUMENT

Ohio Rev. Code Ann. § 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy or successive postconviction petition: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in Ohio Rev. Code Ann. § 2953.21(A)(2) or since the filing of his last petition; and he must show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. Ohio Rev. Code Ann. § 2953.23(A).

## ARGUMENT

R.C. 2953.21(A)(2) provides:

> (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy or successive postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospecively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2) or since the filing of his last petition; and he must show "by clear and convincing evidence that, but for constitutional

3.

error at trial, no reasonable factfinder would have found (him) guilty of the offense of which (he) was convicted."[1]

Here, the trial court properly declined to entertain defendant's tardy petition because the record does not demonstrate either that he was unavoidably prevented from discovering the facts underlying his claims or that his claims were predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the filing of his first petition.

## CONCLUSION

The judgment of the trial court is properly affirmed.

Respectfully,

Michael K. Allen, 0025214P
Prosecuting Attorney

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
Phone: 946-3012
Attorneys for Plaintiff-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a copy of the foregoing Brief of Plaintiff-Appellee, by United States mail, addressed to Louis Merriweather #348-451, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601-0990, counsel of record, this ___ day of September, 2004.

Philip R. Cummings, 0041497P
Assistant Prosecuting Attorney

---

[1] R.C. 2953.23(A); see also, State v. Sanders, 2002 Ohio 5093, *; 2002 Ohio App. LEXIS 5180, **.

4.



# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO



ENTERED
APR 2 0 2005
IMAGE 27

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-030948 |
| Plaintiff-Appellee, | : | TRIAL NO. B-9702196 |
| vs. | : | *JUDGMENT ENTRY.* |
| LOUIS MERRIWEATHER, | : | |
| Defendant-Appellant. | : | |

This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).

Defendant-appellant, Louis Merriweather, appeals from the trial court's judgment dismissing his petition for postconviction relief. The record shows that the court entered a judgment of conviction in 1997. His petition for postconviction relief was filed on September 9, 2003.

Merriweather raises six assignments of error in which he cites various alleged errors including ineffective assistance of counsel, improper sentencing, and improprieties in a sexual-predator hearing. We need not discuss the merits of these assignments of error. Because Merriweather's petition was not filed within the time limits set forth in R.C. 2953.21(A)(2), the trial court properly dismissed his petition as untimely. See *State v.*



1

## OHIO FIRST DISTRICT COURT OF APPEALS

*Beaver* (1998), 131 Ohio App.3d 458, 722 N.E.2d 1046; *State v. Tatum*, 1st Dist. No. C-040296, 2005-Ohio-903.

Further, Merriweather has not demonstrated that he fell within one of the two exceptions set forth in the statute. He has not shown that he was unavoidably prevented from discovering the facts upon which the petition depended or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a); *Beaver*, supra; *Tatum*

Merriweather raises sentencing issues, and, arguably, *Blakely v. Washington* (2004), ___ U.S. ____, 124 S.Ct. 2531, and *United States v. Booker* (2005), ____ U.S. ____, 125 S.Ct. 738, set forth an applicable federal or state right. Nevertheless, those cases apply to "all cases on direct review or not yet final." *State v. Bruce*, 1st Dist. No. C-040421, 2005-Ohio-373. They do not apply retroactively to cases on collateral review. *Humphress v. United States* (C.A.6, 2005), 398 F.3d 855; *Green v. United States* (C.A.2, 2005), 397 F.3d 101. Consequently, we overrule Merriweather's six assignments of error and affirm the trial court's judgment.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

**DOAN, P.J., GORMAN** and **PAINTER, JJ.**

```
ENTERED
APR 2 0 2005
MArG 28
```

*To the Clerk:*

Enter upon the Journal of the Court on April 20, 2005

per order of the Court _____.
Presiding Judge

2

**ORIGINAL**

**ON COMPUTER - CMM**

## NOTICE OF APPEAL FROM A COURT OF APPEALS

### IN THE SUPREME COURT OF OHIO

Louis Merriweather,

  Appellant,

V.

State of Ohio

  Appellee,

**05-0904**

On Appeal from the Hamilton
County Court of Appeals,
First Appellate District
Appellate District

Court of Appeals

Case No.C-030948

---

### NOTICE OF APPEAL OF APPELLANT LOUIS MERRIWEATHER

---

Louis Merriweather,#348-451
In Pro Se
P.O.Box 5500
Chillicothe,Ohio 45601-0990

Pro Se

Philip R.Cummings,(0041497P)
Assistant Prosecuting Attorney
230 E.9th St,Suite #4000
Cincinnati,Ohio 54202

COUNSEL FOR APPELLEE,HAMILTON
COUNTY,OHIO,CITY OF CINCINNATI

FILED

MAY 16 2005

MARCIA J MENGEL, CLERK
SUPREME COURT OF OH

J

<u>Notice of Appeal of Appellant Louis Merriweather</u>

Appellant Louis Merriweather hereby gives notice of appeal to the Supreme Court of Ohio from the judgment of the Hamilton County Court of Appeals, First Appellate District, entered in the Court of Appeals case No. C-030948 on April 20th, 2005.

This case raises a substantial constitutional question and is one of public or great general interest.

Respectfully submitted:

Louis Merriweather, #348-451

<u>Certificate of Service</u>

I certify that a copy of this Notice of Appeal was sent by ordinary U.S. mail to counsel for appellee, Philip R. Cummings Hamilton County Asst. Prosecutor at 230 E. 9th. St, Suite #400, Cincinnati, Oh. 45202 on this 11 day of May 2005.

Louis Merriweather, In pro se.

Page

EXPLANATION OF WHY THIS CASE IS A CASE OF PUBLIC OR GREAT
GENERAL INTEREST AND INVOLVES A SUBSTANTIAL CONTINUTIONAL
QUESTION........................................................1

STATEMENT OF THE CASE AND FACTS................................1

ARGUMENT IN SUPPORT OF PROPOSITION OF LAW

    Proposition of Law No.1:Complying with statutory sentencing
guidelines R.C.'s §2929.11 through §2929.14(A)(1)I (C)..........2

CONCLUSION.....................................................4

PROOF OF SERVICE..............................................4

APPENDIX......................................................5

OPINION AND JUDGMENT OF HAMILTON COUNTY FIRST DIST.COURT OF
COURT OF APPEALS APRIL 20,2005...............Appx.Pg.............2

QUESTION OF UNCERTIFIED UNWITNESS TRANSCRIPT..................4

### EXPLANATION OF WHY THIS CASE IS A CASE OF PUBLIC OR GREAT GENERAL INTEREST AND INVOLVES A SUBSTANTIAL CONSTITUTIONAL QUESTION

This cause present 3 . very critical issue for the furtuer of public interest on State court's strict compliance with statutory guidelines;(1) whether the Common pleas trial court in felony sentencing <u>must</u> strictly comply with statutory sentencing guidelines;(2)whether a state trial court can increase a sentence beyond the statutory maximum sentence <u>without</u> strict compliance,in violation of the Sixth Amendment?

### STATEMENT OF THE CASE AND FACTS

Appellant was restrained of his liberties on March 23,1997 at 1535 Pleasant St.Cincinnati,Oh.Hamilton County,on an alleged verbal complaint from the alleged victim's cousin.Appellant was interview while under drugs then placed in the Hamilton County Justice Center,there appellant was immediately placed on suicide watch.Appellant was indicted on 4 counts of rape in violation of R.C.§2907.02 (A)(1)(b) <u>without</u> the elements of "force".Appellant was diagnosed with suffering from Post-Traumatic-Syndrome (PTSD) and anti-psychotorpic medication was issued through all of appellant's trial court proceeding.Under these medications defense counsel coerced appellant into pleading guilty to 2 counts of rape on the condition that the state would dismiss counts 3&4.These guilty pleas were without benefit of discovery.

.During trial court sentencing on June 18,1997,the court imposed the maximum sentence of ten years without strictly complying with statutory guidelines.The trial court states on the record "tell your attorney if you want to appeal".Defense counsel failed to file a timely notice of appeal.

ARGUMENT IN SUPPORT OF PROPOSITION OF LAW

**Proposition of Law No.1:Complying With statutory**
Sentencing Guidelines R.C.'s §2929.11 through 2929.14(A)(1)&(C).

In this case at bar appellant,during trial court proceeding was heavily medicated and sentence to maximum term on coerced guilty plea to 2 counts of rape in violation of R.C.§2907.02(A)(1)(b) without the **elements** of "force" and on condition that the court would dismiss counts 3&4 of the indictment.June 18,1997 trial court accepted appellant guilty pleas and imposed maximum sentence of ten years.The sentencing range for 1st degree felony term from 3-10 years.[O]hio Courts as of 1996,are required to strictly comply with statutory sentencing guidelines and procedures set forth under Ohio Revised Codes §2929.11 through §2929.14(A)(1),&(C)plus §2929.14(E).Under Ohio's sentencing guidelines the maximum is reserved for those offenders who had committed the "worst form" of the offenses or pose the greatest likelihood of recidivism.State v.Kershaw,132 Ohio App.3d.343,(Hamilton Cty,1991),724 NE2d.1176;State v.Sheppard,(Hamilton Cty,1997),124 Ohio 66,705 NE2d.411;State v.Comer,99 Ohio St.3d.463,793 NE2d.473;State v.Bell,1st Dist.No.030726-2004-Ohio-3621;State v.Burce,1st Dist.No.040421-2005-Ohio-373.

-2-

In light of recent United States Supreme Court Ruling,the 1st
Dist.Court of appeals should <u>not</u> have overruled appellant issue of
maximum sentencing which became a <u>substantial</u> <u>right</u>,when in State
v.Montgomery-2005-Ohio-1018,the 1st Dist.ruled "As it stand now
trial courts'imposition of maximum sentence of ten years was
<u>**prohibited**</u> by the Sixth Amendment on the imposition of the longest
term of imprisonment,therefore R.C.'s §2929.14(A)(1) and §2929,14(C)
<u>**are**</u> unconstitutional to the extent that they permit a sentencing
court to impose a sentence <u>exceeding</u> the maximum term authorized by
the facts and admitted by the defendant or proven to a jury beyond a
reasonable doubt".The 1st Dist.,with their own ruling still refused
to address appellant's issue of <u>wrongful</u> <u>and</u> <u>unlawful</u> <u>sentence</u>,which
the United States Supreme Court in Brooker,(2005),125 S.CT.738,160
L.Ed.2d.621;Ruled as <u>**"plain error"**</u>.

"[N]ew substantial rules generally apply retroactively,this include
decisions that narrow the scope of a criminal statute by interpret-
ng it terms,as well as constitutional determination that place
particular conduct or persons covered by a statute beyond the
state's power to punish;for retroactivity purpose,a rule is substan-
tive rather then procedural if it alters the range of conduct
of the class of person's that the law punishes,such rules apply
retroactively because they"necessarily carry a significant risk
that a defendant stands <u>convicted</u> of an act that he does not make
criminal"or faces a <u>punishment</u> that the law <u>**cannot**</u> impose upon him.

Bousley v.United States,523 U.S.614,620,198 S.CT.1604,(quoting Davis
v.U.S.333,346,94   S.Ct.2298,41   L.Ed.109,(1974),See   also,Schriro
v.Summerlin,124   S.Ct.2519,(2004);State   v.Parks,494   U.S.484,494-
495,110   S.Ct.1257,108   L.Ed.2d.415(1990);Teague   v.Lane,489
U.S.288,311,109 S.Ct.1060,103 L.Ed.2d.334,(1989).

3.Is it proper for a Appellate court of appeals to accept a **noncertified** and **unwitness** alleged trial court sentencing transcript as accurate in violation of Appellate R.9(B)(8)?

CONCLUSION

For the reasons discussed above,this case involves matters of public and great general interest and substantial constitutional questions.The appellant requests that this court accept jurisdiction in this case so that the important issues presented will be reviewed on the merits.

Respectfully submitted:

Appellant in pro se

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this notice of appeal and memorandum was sent by ordinary U.S.mail to counsel of appellee,Philip R.Cummings,at 230 E.9th. St.,Suite # 400,Cincinnati,Oh.45202,on this 1st day of May,2005.

Louis Merriweather,#348-451





# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-030948
                                            TRIAL NO. B-9702196 ✓
    · Plaintiff-Appellee,         :

                                            *JUDGMENT ENTRY.*

    vs.                           :

LOUIS MERRIWEATHER, 348-451       :

    Defendant-Appellant.          :

This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).

Defendant-appellant, Louis Merriweather, appeals from the trial court's judgment dismissing his petition for postconviction relief. The record shows that the court entered a judgment of conviction in 1997. His petition for postconviction relief was filed on September 9, 2003.

Merriweather raises six assignments of error in which he cites various alleged errors including ineffective assistance of counsel, improper sentencing, and improprieties in a sexual-predator hearing. We need not discuss the merits of these assignments of error. Because Merriweather's petition was not filed within the time limits set forth in R.C. 2953.21(A)(2), the trial court properly dismissed his petition as untimely. See *State v.*

*Chillicothe - A 348451*

## OHIO FIRST DISTRICT COURT OF APPEALS

*Beaver* (1998), 131 Ohio App.3d 458, 722 N.E.2d 1046; *State v. Tatum*, 1st Dist. No. C-040296, 2005-Ohio-903.

Further, Merriweather has not demonstrated that he fell within one of the two exceptions set forth in the statute. He has not shown that he was unavoidably prevented from discovering the facts upon which the petition depended or that his claim was predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2). R.C. 2953.23(A)(1)(a); *Beaver, supra; Tatum*

Merriweather raises sentencing issues, and, arguably, *Blakely v. Washington* (2004), ___ U.S. ___, 124 S.Ct. 2531, and *United States v. Booker* (2005), ___ U.S. ___, 125 S.Ct. 738, set forth an applicable federal or state right. Nevertheless, those cases apply to "all cases on direct review or not yet final." *State v. Bruce*, 1st Dist. No. C-040421, 2005-Ohio-373. They do not apply retroactively to cases on collateral review. *Humphress v. United States* (C.A.6, 2005), 398 F.3d 855; *Green v. United States* (C.A.2, 2005), 397 F.3d 101. Consequently, we overrule Merriweather's six assignments of error and affirm the trial court's judgment.

Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.

DOAN, P.J., GORMAN and PAINTER, JJ.

ENTERED
APR 2 0 2005
IMAGE 28

*To the Clerk:*

Enter upon the Journal of the Court on April 20, 2005

per order of the Court _____

Presiding Judge

2