FILED
JAMES BONINI
CLERK

06 MAR 13 PM 3:57

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Louis Merriweather,
    Petitioner

-vs-

Case No.1:02cv369

(Spiegel,S.J.;Hogan,M.J.)

Tim Brunsman,Warden
    Respondent

## MEMORANDUM IN OPPOSITION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Habeas Corpus is,and has been for Centuries been a "bulwark against convictions that violate fundamental fairness!"

[¶1] The Magistrate's decision is in Error when deciding a Petition in favor of the Respondent and denying Petitioner evidentary materials to defend his case.

[A] United States District Court may defer to the State Court's legal conclusion unless they involve an unreasonable application of clearly established federal law.28 U.S.C.§2254(d)(1).

[A] District Court may defer to the States factual conclusion unless they are based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings. 28 U.S.C.§2254(d)(2).

Petitioner's objections here is that he is forced to defend this action (the opposition to Magistrates Report and Recommendation) with <u>no documents from the State Courts,</u> such as;<u>(proper notice of trial Court's judgment;(2) State Mental Health Records;(3) Mental Health Records From Hamilton County Justice Center.</u>

Rule of Civil Procedure and Habeas Rule 5 states:

Except as otherwise provided in these rules,every order required by its terms to be served,every pleading subsequent to the original complaint unless the Court otherwise orders because of numerous defendants,every paper relating to discovery required to be served upon a party unless the court otherwise orders,every written motion,other than one which may be heard exparte and every written motion,appearance,demand offer of judgment,designation of the record on appeal,and similar papers <u>shall be served upon each party.</u>

This Habeas Corpus Petition was intitiated by petitioner in 2002.From 2002 until this filing Respondent has not provided Petitioner all items of discovery including those items listed in the Courts'Show Cause order to wit,proper Court document affirming that petitioner was provided with <u>proper timely notice of trial Courts' final judgment in order for petitioner to prefect a timely notice of appeal</u>;(2) State Mental Health Records as rebuttal to petitioner's claims, of being under "Psychotropic medication during all of trial court proceeding which continue even after receiving petitioner at Department of Corrections;(3) Hamilton County Justice Center Mental Health Records with listed medications and number of days/hours on <u>suicide watch.</u> In petitioner's pervious filing he has stead fast maintained that these Court documents (including the original complaint and sworn affidavit listing <u>all</u> elements of the alleged offends

charged in the original indictment.

[¶2] Petitioner claims that 2+ years of being administered "psychotropic medications"rendered him mentally incapable of challenging his conviction timely and he deserves equitable tolling for lack of notice or constructive knowledge of the one-year filing requirement for habeas corpus petition,and his illness [mental] actually prevented him from pursuing his legal rights before,during and after the limitation period,further Petitioner states that upon arriving at the Department of Corrections on June 30,1997 "he was placed in the Department's institutional"psychariatric care facility"for more then 40+days and that his psychotropic medications continued during this full period.

[¶3] **Illness-mental or physical** tolls a statute of limitation only if it actually prevents the suffer from pursuing his legal rights during the limitation period".Price v.Lewis,119 Fed.Appx.725,726(6th.Cir.Jan.5,2005). Here Petitioner now will raise the issue that "extraordinary circumstances",beyond his control made it impossible for him to file his habeas petition on time,until this claim has been **"settle"**factually with [real evidence] no other decision can be rendered fairly.The Court in Biester v.Midwest Health Services Inc.,77 F.3d.1264,1268(10th.Cir.1996) held ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time".Because AEDPA's one-year statute of limitations is not jurisdictional a petitioner who misses the deadline may still maintain a viable action if the court decides that equitable tolling is appropriate".Allen v.Yukins,366 F.3d 3396,401(6ht.Cir.2004).

[¶4] As perviously stated in Petitioner's filing and <u>petition for renewal the County and State Mental Health Services records</u> would settle this matter, as a prisoner petitioner is prohibit from either possessing or personally viewing these records. The BilBrey court (BilBrey v Dougals, 124 Fed.Appx.971(6th.Cir.2005); was confronted with this same issue of mental health records (which the defendant claims would affirm a indigent petitioner's claims of being mentally incapacity before, during and after the AEDPA's limitations period), the court appointed a counsel to collect and file the records in question. In "fundamental fairness" this court has the power to appoint a counsel to <u>collect and file</u> all discovery materials when they are <u>most</u> favorable to Petitioner."[A] federal habeas Court "<u>must</u>" allow discovery and an "evidentiary hearing" only where a factual dispute, if resolved in the Petitioner's <u>favor</u>, would entitle him to relief and the state "<u>has not</u>" afforded the petitioner a <u>full</u> and <u>fair</u> evidentiary hearing",)Rules Governing §2254 Case, Rule 6(a), 28 U.S.C.toll §2254.

[¶5] **<u>Psychotropic Medication-Mental Incapacity</u>**...The [A]merican Psychiatric Association as amicus curiae 10-11 ("In extreme cases, the sedation like affect [of anti-psychotice medications] may be severe enough [Akinesia] to affect thought processes").See also brief for National Association of Criminal Defense Lawyers as amicus curiae 42 ("[T]he chemical flattening of a person's **"<u>will</u>" can also lead to the defendants' <u>loss</u> of self-determination undermining the desire for self-preservation** which is necessary to engage the defendant in his <u>own defense</u> in preparation for his trial".In this instance case petitioner was administered simultaneously 2+ different presecription medications before, during and after trial court proceeding for 2+ years.

In Riggins 504 U.S.@142,112 S.Ct.@ 1818-1819 held"[T]he fact he was being administered simultaneously four different presecription medications.It has been recognized that such drugs often "**possess side**" effects that may "compromise the right of a medicated criminal defendant to receive a fair trial..by rendering him unable or unwilling to assist counsel")(Kennedy,J.concurring opined "[T]o try,convict,and punish one so helpless to defend himself contravenes "fundamental principles of fairness" and impugns the intergrity of our criminal justice system".See also Petitioner's petition for Renewal [sixth issue page 18]."Typically,equitable tolling applies only when a litigants' failure to meet a legally-mandated deadline unavoidbly arose from circumstances beyond that litigant's control".Graham-Humphrey v.Memphis Brooks Museum of Art,Inc.,209 F.3d.552,560 @560-61(citations omitted)(6th.Cir.2000).Mental incapacity by"Psychotropic medications" may causes (1) lack of notice of any filing;(2) lack of constructive knowledge of filing requiremnets;(3)non-diligence in pursuing one's rights;(4) One's reasonableness in remaining ignorant of the legal requirements for filing and pursuing his legal rights timely.The United States Supreme Court has explained that"[W]e have allowed equitable tolling in situations where the claimant has actively pursused his judicial remedies by filing a "**defective**"pleading during the statutory period,or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'.Irwin v. Dep't of Veterans affairs,498 U.S.89,96,111 S.Ct.453,112 L.Ed.2d.435(1990).

[¶6] The Magistrate's recommendation to dismiss petitioner's claims 1-8 and ten-twelve as time-barred is based soley on,(1) trial court's date of conviction and judgment;(2) a sentencing transcript which does not bear a"certificate under oath sign by a Court Reporter,as they stand these documents are insufficient in the present case because these documents only reflect the Respondent's points in-order for the court to blindly issue its decision.

[¶A] Under §2244(d)(1)(A) petitioner's conviction and judgment of June 18,1997 would have became "final" on July 18,1997 and or on conclusion of direct review,however in this case according to the Ohio Supreme Court in Atkinson-v-Gruman Ohio Corp.,523 NE2d @ 853;[T]here is a "mandatory" process the Clerk of Courts and the Prosecutor must perform and complete before a conviction and judgment becomes final.The Court ruled that"[T]he right to file an appeal,as it is defined in the Appellate Rules,is a "property interest" and a litigant "may not" be deprived of that interest with-out "due process of law".In Moldavan-v-Guyahoga Cty.Welfare Dept.,(1986),25 Ohio St.3d.393,295,,25 OBR 343,345,496 NE2d 466-467;"That the opportunity to file a timely appeal pursuant to App.4(a) is rendered meanless when "reasonable notice of an appeal order is not given",the court set forth procedures to be "mandatorily" followed in order to comply with Civ.R.5,58(B),and to meet the due process requirements contemplated by Mallance-v-Central Hanover Bank & Trust Co.,(1950),399 U.S.306,70 S.Ct.652,94 L.Ed 865;"these rules are to be applied in "all Courts of this State" in the exercise of civil jurisdiction at law,or in equity,except as stated in Civ.R.1(C);The Rules are,(A) Within 3 days of the entry of any appealable judgment or order,the

-6-

Clerk of Courts "**shall**" serve a notice of the entry in any manner provided in Civ.R.5,upon every party who is not in default for failure to appear;(B) The Clerk **shall** make a notation in the case Docket indicating that the require**d** services has been made;**(C) Once the Clerk has entered the appealable notation in the docket,the notation shall be deemed served.**The failure of any party to receive such notice **shall** not affect the validity of the judgment or the running of the time for appeal.Procedures as enunciated by the Atkinson court **must** be "**mandatorily**" complied with in order to satisfy the due process requirements of what constitutes proper notice of a "**final**" appealable order.Reasonable notice of "final" order is required to be given to parties by deciding Court to protect parties' right to appeal.Fed.R.Civ.Proc.,Rule 77(d),28 U.S.C.,Rules App.Proc.,Rule 4(a);Ohio Const:Art.1,§16;Right to appeal is property interest **that cannot be deprived**" U.S.C.Const.Amends.5,14;Const:Art.4,§3(B),(B)(1),(f),R.C.§2505.03....8+ years later petitioner still has not been properly served notice of the appealable order,thus his conviction and judgment "**has not become final**" and his claims **must not in fundamental fairness** be deemed time-barred.See also Petitioner's "Petition for Renewal [issue ten pages 27-28].

After numerous requests the Department of Corrections finally provided petitioner with a copy of his conviction and judgment entry. This <u>appealable</u> <u>order</u> was not served upon petitioner in according to Civ.5,58(B) nor was it properly timely served by the court. The judgment order is attested and signed by the Hamilton County Clerk of Courts which raises new concerns to wit; (1) It states that the entry date of sentence was **6-8-97 and not 6-18-97**..Image **225**;(2) It confirms that the date served was **5-14-2003** with a stamped number of **03CAA00272** which affirms that petitioner's conviction and judgment <u>**"did not become final"**</u> until <u>5-14-03</u>, this document essentiaily renders Respondent's claims of time-barred moot.(See attached judgment entry Image 225)..

**[¶B] Unsubstantiality of Sentencing Transcript..**-Respondent did not provide petitioner with a certified copy of sentencing transcript in according to App.R.9(B)(8), therefore, petitioner raises serious concerns of this transcripts' <u>"accurateness"</u> Appellate Rule 9(B)(8) provides the following form in part:

[T]he transcript prepared by a reporter under this rule shall be in the following form:

(1) The transcript shall include a front and back cover; the front cover shall bear the title and number of the case and the name of the court in which the proceedings occurred;

(2) The transcript shall be firmly bound on the left side:

(3) The first page inside the front cover shall set forth the nature of the proceedings, the date or dates of the proceedings, and the judge or judges who presided;

(4) The transcript shall be prepared on white paper eight and one-

inches by eleven inches in size with the lines of each page numbered and the pages sequentially numbered;

(6) An index to exhibits,whether admitted or rejected,briefly indtifying each exhibit,shall be included following the index to witnesses reflecting the page and line references where the exhibit was indentified and offered into evidence,was admitted or rejected,and if any objection was interposed:

(7) Exhibits such as papers,maps,photographs,and similar items that were admitted shall be firmly attached,either directly or in an envelope to the inside rear cover,except as to exhibits whose size or bulk makes attachment impractical;documentary exhibits offered at trial whose admission was denied shall be included in a separate envelope with a notation that they were not admitted and also attached to the inside rear cover unless attachment is impractical;

(8) The reporter "shall" certify the transcript as "correct",whether in written or videotape form,and state whether it is a complete or partial transcript,and,if partial,indicate the parts included and the part excluded.

In State-v-Derrick Rogers,2005-Ohio App.1st.Dist.No.C-040493;The Court ruled "(The copies of transcripts have not been certified by the court reporter as required by Appellate Rule 9(B)(8)(;and refused to except a non-certified transcripts,as perviously stated a United States District COURT may defer to the State Court's legal conclusion unless they involve an unreasonable application of clearly established federal law.28 U.S.C.§2254(d)(1),here there is no unreasonable application it is clear that a transcript must be certified before being excepted by the courts.These procedures were in actived to ensure that the accuracy of the transcript not be placed in question.In this present case the Magistrate's recommendations are based soley on a transcript which does not conform to the Appellate Rules,in fundamental fairness and to protect petitioner's due process rights this uncertified transcript must be striken from the records and Respondent ordered to immediately provide the Court and petitioner with a proper certified transcript or a evidentiary hearing to take place.

[¶7] Petitioners' claims of denial of due process of law and denial of State discovery, and uncertified transcript, can never simply rest on whether Petitioner had a full and fair opportunity to litigate his claims in the State Courts, if that be the case then there would simply, be no need for a federal review. Essentially the Magistrate's recommendations are based soley on the Respondent's partial evidence which fails to afford Petitoner a full and fair hearing on all the real evidence.

In Petitioner's argument above, (with attached court document) it show that he is entitled to a full review of his claims because the Respondent's evidence is contray to the Appellate Rules, Federal Courts and U.S. Supreme Court, according **all** Petitoner's claims should be reviewed and any errors should be ruled in Petitoner's favor.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition and motion to Correct was forward to Stuart A. Cole at 30 E. Borad St. 17th. Fl. Columbus, Ohio by per-paid first class U.S. mail on this 8th day of March ,2006

March 8, 2006

-10-