**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Louis Merriweather,
    Petitioner

vs                                  Case No. 1:02cv369
                                         (Spiegel, S.J.; Hogan, M.J.)

Tim Brunsman,
    Respondent

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

      This habeas corpus action brought *pro se* pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion filed on March 13, 2006 "to correct p[re]vious[ly] filed motion to voluntarily dismiss all claims not asserted in the original petition of May 12, 2002 and as amended on April 28, 2004." (Doc. 45). This motion was filed after the undersigned issued a Report and Recommendation on February 28, 2006 to grant petitioner's motion to voluntarily dismiss all claims not asserted in the original petition as amended and to dismiss the claims alleged in the original petition as amended with prejudice. (*See* Doc. 44).

      Petitioner contends that he only intended to have the claims alleged in "Claims 8 and 9" of his September 16, 2005 petition for renewal be dismissed as "new" grounds for relief. (Doc. 45). He asserts that the remaining claims alleged in his petition for renewal are not "new," and should be considered by this Court as they are submitted in "rebuttal to the uncertified, unwitness[ed] sentencing transcript which was finally provided to Petitioner on or about Aug. 10, 2004." (*Id.*) (emphasis in

original).

In the grounds for relief that petitioner claims he did not intend to voluntarily dismiss from his "petition for renewal," petitioner alleges that (1) the sentencing transcript was uncertified and unwitnessed; (2) the sentencing court imposed the maximum sentence "without substantial compliance with Ohio's statutory requirements;" (3) he was denied a sexual predator hearing; (4) he was denied the right to view the pre-sentence investigation report in a reasonable time before sentencing to correct any misinformation; (5) the trial court improperly accepted his guilty pleas "without question" even though it was brought to the court's attention that he was "heavily medicated;" and (6) defense counsel was ineffective in failing to challenge his improperly-obtained confession. (*See* Doc. 39, pp. 4, 8, 11, 13, 18, 21).

Except for the first allegation of an "uncertified and unwitness[ed]" sentencing transcript, these claims asserted in the "petition for renewal" are based on the same factual allegations underlying Grounds One, Three, Four, Five, Seven and Eight of the original petition. The Court has determined that those grounds for relief are time-barred under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d) or, alternatively, are barred from review due to petitioner's numerous procedural defaults in the state courts. (*See* Doc. 44).[1] Therefore, to the extent the "rebuttal" claims asserted in the "petition for renewal" overlap and are based on the same factual allegations underlying Grounds One, Three, Four, Five, Seven and Eight of the original petition, such claims also are deemed to be time-barred and waived.

The remaining allegation apparently challenging the authenticity of the sentencing transcript was raised for the first time by petitioner in his "petition for renewal." The Court assumes that this claim also is waived due to petitioner's procedural defaults in the state courts. In any event, it fails to state a claim of constitutional dimension that may be remedied in this federal habeas corpus proceeding. 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also*

---

[1]The Court has discovered a clerical error in the Report and Recommendation issued February 28, 2006. At one point in the Report and Recommendation, the Court stated that "any factual allegation underlying petitioner's claims in Grounds One, Two and Three was discoverable in the exercise of due diligence at the time petitioner entered his guilty pleas or, at the latest, when he was sentenced." (Doc. 44, p. 9). It was the intention of the undersigned to also include within that statement the factual allegations underlying petitioner's claims in Grounds Four through Eight and Ten through Twelve of the petition, as amended.

*Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

      Accordingly, even taking into consideration those claims asserted in the "petition for renewal" that petitioner now contends should not have been dismissed upon the granting of his motion for voluntary dismissal of "all claims not asserted in the original petition . . . as amended" (*see* Doc. 45), this Court RECOMMENDS that the petition remain subject to dismissal with prejudice for the reasons stated in the Report and Recommendation issued February 28, 2006 (Doc. 44), as supplemented herein.

Date:  4/11/2006                             s/Timothy S. Hogan
     cbc                                     Timothy S. Hogan
                                                      United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\02-369suppRR.voldism-correct.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Louis Merriweather,
    Petitioner,

             v.

Tim Brunsman,
    Respondent.

Case No. 1:02cv369
(Spiegel, J.; Hogan, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:02cv36a Doc. 47

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Louis Merriweather<br>#348-451<br>Chillicothe Corr. Inst.<br>PO Box 5500<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>   ☒ Certified Mail   ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7001 2510 0008 6348 2269 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540