UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 MAY 19 PM 12: 18

LOUIS MERRIWEATHER
  Petitioner,

-vs-

TIM BRUNSMAN, WARDEN
  Respondent,

Case No.1:02cv369
(Spiegel,Sr.J.;Hogan.M.J.)

## SUPPLEMEMTAL OPPOSITION

1. Procedural Default(s);

In the exhaustion of his state remdies, the last state court to render a judgment against petitioner did not <u>clearly</u> and <u>expressly</u> base its judgment of denial on procedural default, the Ohio Supreme Court only denied the application for appeals.

> "[I]f a petitioner procedurally defaults a claim in state court that procedural default carries over to the federal court and precludes habeas review of that claim in federal court; in order for the doctrine to apply, however, the <u>last</u> state court rendering judgment in the case <u>must</u> have based <u>its</u> judgment on the procedural default." 28 U.S.C.A. §2254. Simpson-v-Jones, 238 F.3d.400 (6th.Cir.2000).

2. Respondent does not make any responsive argument on the claims of procedural defaults which petitioner has raised against Respondent; **(a)** Respondent was in procedural default by submitting a uncertified transcript (sentencing) in violation of App. Proc.Rule 9(B)(8); **(b)** as perviously stated the State and Hamilton County Clerk of Courts failed to timely properly follow the procedural rules set down by the Ohio Supreme Court[to timely and properly provide defendant with final notice of the appealable order]. The Atkinson court set forth 3 rules for all Courts in Ohio to meet the <u>due process requirements</u> contemplated by Mallance-v-Center

-1-

Hanover Bank &Trust Co.(1950),399 U.S.306,70 S.Ct.652,94 L.Ed.865."Procedures as enunicated by the Atkinson Court **must** be **mandatorly**" complied with in order to satisfy the due process requirments of what constitutes proper notice of a final appealable order".Atkison v.Grumman Ohio Corp.,37 Ohio St.3d.80;523 N.E.2d.523(Ohio 1988);Fed.R.Civ.Proc.Rule 77(d),28 U.S.C.A.,Rules App.Proc.Rule 4(a);Ohio Const.Art.1,§16;Right to appeal is property interest that cannot be deprived.U.S.C.A.Const.Amends,5,14;Const:Art.4,3(B),(B1),(f),R.C.§2505.03,Civ.R.5,58(B);Petitioner was not provided timely proper notice of his final appealable order until 5-14-03 (copy signed by Hamilton County Clerk of Courts was provided to this court)Therefore,petitioner's time to appeal did not began to run until 5-14-03.The Respondent would have the court to show favoritism and create a fundamental miscarriage of justice and dismiss pettioner's claims as procedurally defaulted and allow the Respondent's procedural defaults to stand on the records,not only would such a dismissal be prejudicial against petitioner it would deny petitioner due process protection of law under the 5,& 14th Amendments to the U.S.Constitution.Twice the Respondent has failed to respond to their procedural defaults.

Respectfully submitted,

*[signature]*

Certificate of Service

I,hereby certify that a copy of this supplemental opposition was forward to Ohio Att.General Office at 30 E.Broad St,Columbus,Oh. per-paid first class U.S.mail on this ____ day of _____ 2006.

-2-