```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

|   |   |   |
|---|---|---|
| LOUIS MERRIWEATHER, | : | NO. 1:02-CV-00369 |
| Petitioner, | : |  |
| v. | : |  |
|  | : | **OPINION AND ORDER** |
| TIM BRUNSMAN, | : |  |
| Respondent. | : |  |

This matter is before the Court on the Magistrate Judge's February 28, 2006 Report and Recommendation (doc. 44), Petitioner's Memorandum in Opposition to the Magistrate's Report and Recommendation (doc. 46), the Magistrate Judge's April 11, 2006 Supplemental Report and Recommendation (doc. 47), and Petitioner's Memorandum in Opposition to the Magistrate Judge's Supplemental Report and Recommendation (doc. 49).  For the reasons stated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 44), and the Magistrate Judge's Supplemental Report and Recommendation (doc. 47), thus GRANTING Petitioner's Motion to Voluntarily Dismiss Claims (doc. 42), and DISMISSING Petitioner's Petition for Writ of Habeas Corpus with prejudice.

**I.   Background**

Petitioner Louis Merriweather is currently an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio (doc. 44).  On April 2, 1997, Petitioner was indicted on four counts of

rape in Hamilton County, Ohio, with a sexually violent predator specification attached to each count (Id.). On May 15, 1997, Petitioner entered guilty pleas for two of the counts of rape in exchange for dismissal of the remaining two counts (Id.). On June 18, 1997, the state court sentenced Petitioner to concurrent ten year prison terms and found Petitioner to be a "sexual predator" under the specifications (Id.). Petitioner did not appeal his sentence and conviction until some four years later, when on March 29, 2001, he filed a pro se notice of appeal to the Ohio Court of Appeals, First Appellate District (Id.). On May 4, 2001, the Ohio Court of Appeals dismissed the appeal because it was not timely filed (Id.).

On June 14, 2001, Petitioner filed a pro se motion for leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate District (Id.). Petitioner argued that he was not of sound mind when he pled guilty to the two counts of rape, and he was therefore not aware that he had the right to appeal his conviction within thirty days of the entry of judgment in his case (Id.). Petitioner alleged that he was taking "psychotropic medication," which he claims adversely affected his state of mind during the time of his plea and for roughly three years afterward (Id.).

On July 20, 2001, the Ohio Court of Appeals struck Petitioner's motion for leave to appeal for failure to comply with

the Ohio Rules of Appellate Procedure (Id.).  Petitioner again filed a motion for leave to appeal on September 28, 2001, this time in compliance with the Ohio Rules of Appellate Procedure (Id.). The Ohio Court of Appeals denied that motion on the grounds that Petitioner did not state sufficient reasons for not filing a timely appeal of right (Id.).  Petitioner then appealed that decision to the Ohio Supreme Court.  On March 4, 2002, the Ohio Supreme Court denied his motion for leave to appeal finding that it did not involve a substantial constitutional question (Id.).

On May 13, 2002, Petitioner filed this instant federal habeas corpus action, premised on nine grounds for relief (Id.). The Magistrate Judge provided the details of each ground, which the Court will briefly summarize here.  Essentially, Petitioner argues he was under the influence of medication during all trial court proceedings and therefore did not enter his plea voluntarily; that he was not informed by the court or counsel of his right to appeal his sentencing; that he received ineffective assistance of counsel; that he was adjudicated a sexual predator without due process; that the trial court abused its discretion in sentencing; that he should have been granted a psychiatric examination; that he was denied timely access to his presentence report; that his statements given to investigating officers were induced by an intoxicated state of mind, and that his counsel filed an untimely motion for judicial release (doc. 2).  On September 2, 2003, Petitioner filed a motion

to amend his petition to include the additional grounds of relief of ineffective assistance of counsel for failure to pursue discovery and for failure to reasonably investigate alleged eyewitnesses, and a final ground challenging the subject matter jurisdiction of the trial court (doc. 17). The Court granted such motion on April 28, 2004 (doc. 23), but Petitioner subsequently voluntarily withdrew the additional grounds, as they were not previously exhausted in state court (doc. 42).

## II.  The Magistrate Judge's Report and Recommendation

After reviewing Petitioner's Petition for Writ of Habeas Corpus (doc. 2), and Petitioner's Amended Petition for Writ of Habeas Corpus (doc. 23), the Magistrate Judge found that grounds one through eight and ten through twelve of the petition were time-barred under 28 U.S.C. §2244(d)(1) (doc. 44). All of these grounds for relief arise out of alleged errors made prior to and during the plea-taking and sentencing proceedings (Id.).

Ordinarily, these claims would be governed by 28 U.S.C. §2244(d)(1)(A), which requires that any petition for habeas corpus be made within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (28 U.S.C. §2244(d)(1)(A)). It is possible, however, that because Petitioner claims that he was not aware of his right to appeal due to the failure of his attorney and the trial court to inform him of that right, a different statutory

4

limitation may apply.  Under 28 U.S.C. §2244(d)(1)(D), a petition for habeas corpus must be filed within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" (28 U.S.C. §2244(d)(1)(D)).

The Magistrate Judge determined that Petitioner was aware of his right to appeal at the time he entered his guilty plea (doc. 44).  Therefore, 28 U.S.C. §2244(d)(1)(A) applies and the one-year period in which Petitioner could file for writ of habeas corpus began thirty days after judgment was entered against him, which was the deadline to file an appeal in state court (Id.).  The record from the state proceedings clearly demonstrates the state court judge carefully ensured that Petitioner was informed of his right to appeal more than once, and that Petitioner was of clear mind and understood what was happening (Id.).

Petitioner's conviction became final on July 19, 1997 when the thirty-day period for filing an appeal as of right from the trial court's final Judgment Entry issued June 18, 1997, expired (Id.).  During that one-year period, Petitioner took no action that would have triggered the tolling provision contained in 28 U.S.C. §2244(d)(2), so his last day to file a petition for writ of habeas corpus was July 19, 1998 (Id.).  Petitioner did not file his Petition for Writ of Habeas Corpus until May 13, 2002, nearly four years after the deadline had passed (Id.).

The Magistrate Judge addressed ground nine of the petition separately and assumed that it was not time-barred by statute, but found that it, as well as all of the other grounds, was barred because Petitioner waived his federal claims due to his procedural defaults in state court (Id.). Under 28 U.S.C. §2254(b)(1), a petitioner for writ of habeas corpus must have exhausted all available state remedies before petitioning a federal court (Id.). If a petitioner fails to present his claims in state court, or is barred from presenting them in state court due to a procedural default, then that petitioner is barred from bringing a habeas petition in federal court. Coleman v. Thompson, 501 U.S. 721, 731-732 (1991). A petitioner could then only petition a federal court for writ of habeas corpus if he could show cause for the procedural default or demonstrate that a federal court's failure to consider the petition would result in a "fundamental miscarriage of justice" (Id. at 750.).

The Magistrate Judge found that Petitioner defaulted his state court right of appeal by not filing in the time required by the Ohio Rules of Appellate Procedure (doc. 44). The Ohio Court of Appeals declined to hear his appeal on adequate and independent state procedural grounds, and therefore, Petitioner cannot petition a federal court for writ of habeas corpus (Id.).

In his Supplemental Report and Recommendation (doc. 47), the Magistrate Judge addressed Petitioner's claims made in his

Petition for Renewal (doc. 39), which were not considered in the Report and Recommendation. The only new argument raised by Petitioner in his Petition for Renewal was that the sentencing transcript was uncertified and unwitnessed (doc. 47). The Magistrate Judge found that this claim was also waived due to Petitioner's procedural defaults in state court (Id.).

The Magistrate Judge recommended that this Court GRANT Petitioner's Motion to Dismiss All Claims Not Asserted In Original Petition of May 12, 2002 and Amended on April 28, 2004, and recommended that this Court DISMISS Petitioner's Petition for Writ of Habeas Corpus.

Petitioner objected to the Magistrate Judge's Report and Recommendation, arguing that Respondent failed to respond to Petitioner's Opposition, and that the issue of an uncertified sentencing transcript should not be taken lightly (doc. 48). Petitioner further argues that equitable tolling is appropriate in this matter, and that his sentence did not become final until 2003 and is not time-barred (Id.). Petitioner also filed a supplemental opposition, arguing among other things that Respondent was in procedural default by filing the uncertified sentencing transcript (doc. 49). Petitioner filed his supplemental opposition on May 19, 2006, when all objections were due no later than May 2, 2006.

**III. Discussion**

This Court has reviewed the Magistrate's Report and Recommendation (doc. 44), the Magistrate Judge's Supplemental Report and Recommendation (doc. 47), and Petitioner's objections to each report (docs. 46, 48, and 49). This Court finds well-taken the Magistrate Judge's conclusion that Petitioner's grounds for relief, other than ground nine, are time-barred by 28 U.S.C. §2244(d)(1)(A). Petitioner waived his right to appeal in state court, meaning that the one-year period in which to file a federal habeas corpus petition started thirty days after the entry of judgment in state court, July 19, 1997. That period ended on July 19, 1998, and Petitioner did not file his Petition for Writ of Habeas Corpus until May 13, 2002. This Court also finds well-taken the Magistrate Judge's conclusion that Petitioner was made aware of his right to appeal at the time he entered his guilty plea. Therefore, 28 U.S.C. §2244(d)(1)(D) does not apply, and the one-year period began thirty days after the entry of judgment in state court.

The Magistrate Judge was correct in concluding that Petitioner waived his right to bring a habeas corpus petition in federal court due to his procedural default in state court. The Supreme Court of the United States has made this point very clear.

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can

> demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner did not file his appeal of right in the state court within the thirty days allowed by the Ohio Rules of Appellate Procedure (doc. 44). The Ohio Court of Appeals did not find a justifiable cause for Petitioner's failure to file a timely appeal and subsequently dismissed Petitioner's state appeal on state procedural grounds (Id.). Therefore, due to Petitioner's procedural default in state court, he has waived his right to petition this Court for writ of habeas corpus even if that petition were not time-barred. The Court does not find that failure to consider the claims would result in a miscarriage of justice. Neither does the Court find any of Petitioner's arguments to the contrary persuasive.

**IV. Conclusion**

For the aforementioned reasons, this Court ADOPTS in ENTIRETY the Magistrate Judge's Report and Recommendation (doc. 44) and Supplemental Report and Recommendation (doc. 47, GRANTS Petitioner's Motion to Dismiss All Claims Not Asserted in Original Petition of May 12, 2002 and Amended on April 28, 2004 (doc. 42), and DISMISSES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (docs. 2,17). This Court also DECLINES to issue a

9

certificate of appealability with respect to this Order because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85, (2000). And finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: June 20, 2006        /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge