No. 06-3941

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LOUIS MERRIWEATHER, )
)
    Petitioner-Appellant, )
)
v. ) O R D E R
)
TIM BRUNSMAN, )
)
    Respondent-Appellee. )
)

F I L E D

NOV 2 2 2006

LEONARD GREEN, Clerk

    Louis Merriweather, an Ohio prisoner proceeding pro se, appeals the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Merriweather has applied for a certificate of appealability under 28 U.S.C. § 2253(c). He has also moved for leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(5).

    Where, as in this case, a district court denies a habeas petition on procedural grounds, a certificate of appealability may not be granted unless (1) reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the district court's ruling that review of Merriweather's claims is barred by procedural default.

    "A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). Merriweather defaulted his claims by failing to file a timely

No. 06-3941
- 2 -

appeal as of right and by failing to file a timely motion for post-conviction relief. As a result, "federal habeas review of the claims is barred unless [Merriweather] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Merriweather has not established cause for his procedural default. The record demonstrates that Merriweather was informed of his right to appeal and that Merriweather's medication did not render him incapable of understanding that right. Merriweather suggests that he could not file an appeal because the trial court clerk did not serve him with notice of the court's judgment. Under Ohio law, however, "[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal" in a criminal case. Ohio R. Civ. P. 58(B); *see* Ohio R. App. P. 4(A).

In addition, Merriweather has not shown that failure to consider his claims will result in a fundamental miscarriage of justice. He has presented no evidence that he is actually innocent of the crimes to which he pled guilty. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For these reasons, the application for a certificate of appealability is denied. The motion for leave to proceed in forma pauperis is denied as moot.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By: _____
Deputy Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

JILL COLYER
(513) 564-7024
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: November 22, 2006

Louis Merriweather
Chillicothe Correctional Institute
#348-451
P.O. Box 5500
Chillicothe, OH  45601

Stuart A. Cole
Office of the Attorney General
Corrections Litigation Section
150 E. Gay Street
16th Floor
Columbus, OH  43215-6001

    RE: 06-3941
        Merriweather vs. Brunsman
        District Court No. 02-00369

Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

Jill Colyer
Case Manager

Enclosure

cc: Honorable S. Arthur Spiegel
    Mr. James Bonini

```
Mr. James Bonini, Clerk
Southern District of Ohio at Cincinnati
100 E. Fifth Street
Suite 103 Potter Stewart U.S. Courthouse
Cincinnati, OH  45202
```